|  |  |
|---|---|
| LAZAR MACOVSKI, Individually and On Behalf of All Other Similarly Situated, <br><br>　　　　　Plaintiff, <br>　　v. <br><br> GROUPON, INC., RICH WILLIAMS, and MELISSA THOMAS, <br><br>　　　　　Defendants. | Case No.:  1:20-cv-02581 <br><br> <u>CLASS ACTION</u> <br><br> Honorable Matthew F. Kennelly |

**MEMORANDUM OF LAW IN SUPPORT OF FADI E. RAHAL'S MOTION**
**FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL**
<u>**OF SELECTION OF LEAD COUNSEL**</u>

# TABLE OF CONTENTS

SUMMARY OF ARGUMENT ................................................................................................ 1

FACTUAL BACKGROUND ................................................................................................. 2

PROCEDURAL BACKGROUND .......................................................................................... 3

ARGUMENT ......................................................................................................................... 4

I.      Rahal Should be Appointed Lead Plaintiff............................................................... 4

      A.      Rahal Filed a Timely Motion in Response to a PSLRA Notice............................ 5

      B.      Rahal Has the Largest Financial Interest in the Litigation ................................... 6

      C.      Rahal Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure........................................................................................................ 6

            1.      Rahal's Claims are Typical of the Class .................................................... 7

            2.      Rahal is an Adequate Representative......................................................... 8

II.     The Court Should Approve Rahal's Choice of Counsel ....................................... 9

CONCLUSION ..................................................................................................................... 10

# <u>TABLE OF AUTHORITIES</u>

**Cases**                                                                                                                    **Pages**

*In re Boeing Co. Aircraft Sec. Litig.*,
    No. 19 Civ. 2394, 2019 WL 6052399 (N.D. Ill. Nov., 2019)
    *reconsideration denied*, 2020 WL 476658 (N.D. Ill. Jan. 28, 2020) ................................. 5, 6

*In re Bally Total Fitness Sec. Litig.*,
    No. 04 Civ. 3530, 2005 WL 627960 (N.D. Ill. Mar. 15, 2005) .............................................. 6

*Chandler v. Ulta Beauty*,
    No. 18 Civ. 1577, 2018 WL 3141763 (N.D. Ill.  June 26, 2018) ........................................... 7

*De La Fuente v. Stokely-Van Cap, Inc.*,
    713 F.2d 225 (7th Cir. 1983) ................................................................................................. 7

*Dura Pharmaceuticals Inc. v. Broudo*,
    544 U.S. 336 (2005) ........................................................................................................... 1, 6

*In re Groupon Sec. Litig.*,
    No. 12 Civ. 2450, 2012 WL 3779311 (N.D. Ill. Aug. 28, 2012) ........................................... 7

*Lax v. First Merchants Acceptance Corp.*,
    No. 96 Civ. 2715, 1997 WL 461036 (N.D. Ill. Aug. 11, 1997) ............................................ 7

*Maiden v. Merge Techs.*,
    No. 06 Civ. 349, 2006 WL 3404777 (E.D. Wis. Nov. 21, 2006) ........................................... 5

*Rosario v. Livaditis*,
    963 F.2d 1013 (7th Cir. 1992) ........................................................................................... 7, 8

*Sokolow v. LJM Funds Mgmt., Ltd.*,
    No. 18 Civ. 1039, 2018 WL 3141814 (N.D. Ill. June 26, 2018) ........................................... 8

*Stirman v. Exxon Corp.*,
    280 F.3d 554 (5th Cir. 2002) ................................................................................................ 7

*Takara Trust v. Molex Inc.*,
    229 F.R.D. 577 (N.D. Ill. 2005) ..................................................................................... 6, 7, 8

*Johnson v. Tellabs, Inc.*,
    214 F.R.D. 225 (N.D. Ill. 2002) ........................................................................................... 9

**Rules and Statutes**

15 U.S.C. §78u-4(a), *et seq.* ............................................................................................. 4, 5, 6, 7, 9

Fed. R. Civ. P. 23(a) ............................................................................................................... 7, 8

Lead Plaintiff Fadi E. Rahal ("Rahal" or "Movant") respectfully submits this memorandum of law in support of his motion for: (i) appointment of Movant pursuant to the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, *et seq.* ("PSLRA") as Lead Plaintiff for the proposed class in the above-captioned action; (ii) approval of Movant's selection of the law firms of Kirby McInerney LLP ("Kirby McInerney") and Glancy Prongay & Murray LLP ("GPM") as Co-Lead Counsel for the proposed Class and the law firm of Pomerantz LLP ("Pomerantz") as Liaison Counsel; and (iii) such other and further relief as the Court may deem just and proper.

## SUMMARY OF ARGUMENT

The above-captioned action alleges violations of the Securities Exchange Act of 1934 (the "Exchange Act") by Groupon, Inc. ("Groupon" or the "Company"), Groupon's Chief Financial Officer Melissa Thomas, and Groupon's former Chief Executive Officer Rich Williams. Rahal is a member of the proposed class of persons or entities who purchased or otherwise acquired Groupon securities between November 4, 2019 and February 18, 2020 (the "Class Period"). Rahal purchased 100,000 Groupon shares during the Class Period, with a total expenditure of $294,000. In addition, Rahal suffered total Class Period investment losses of $92,375, when transactions are matched on a last-in, first-out ("LIFO") basis. *See* Exhibit ("Ex.") C to the accompanying Declaration of Jeremy A. Lieberman, dated June 29, 2020 ("Lieberman Decl."). When losses are limited by the principles of *Dura Pharmaceuticals Inc. v. Broudo*, 544 U.S. 336 (2005), Rahal's losses from class period investments are $62,500. *Id.*

Pursuant to the PSLRA, the person with the largest financial interest in the relief sought by the Class who satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure is presumed to be the "most adequate plaintiff" – the plaintiff most capable of adequately representing the interests of Class members. The PSLRA provides that the Court shall appoint the most adequate plaintiff as lead plaintiff. Rahal believes that he is the "most adequate plaintiff" as

defined by the PSLRA and should be appointed lead plaintiff based on his financial losses suffered as a result of defendants' wrongful conduct as alleged in this action. Moreover, Rahal satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure, as his claims are typical of other Class members' claims, and he will fairly and adequately represent the interests of the Class. In addition, Rahal's selection of Kirby McInerney and GPM as Co-Lead Counsel and the law firm of Pomerantz as Liaison Counsel should be approved because the firms have substantial expertise in securities class action litigation and the experience and resources to efficiently prosecute this action.

## FACTUAL BACKGROUND

Groupon offers a marketplace that connects customers to merchants through mobile applications and websites. Groupon shares trades on the NASDAQ under the ticker symbol "GRPN."[1] Historically, Groupon operates in three categories: Local, which comprises subcategories of local experiences, including events and activities, health and beauty, food and drink, home and garden, and automotive; Goods, which includes product revenue from merchandise inventory sold directly to customers and service revenue from third-party merchants who sell products using Groupon marketplaces; and Travel, which offers hotels, airfare and package deals at discounted and market rates.

On February 18, 2020, after the market closed, Groupon reported sales of $612.3 million, a 23% decline year-over-year. The Company's adjusted EBITDA for fiscal 2019 was reported at $227.2 million, a significant miss from its November 2019 forecast of $270 million. In the same press release, Groupon announced a "transformational plan to exit Goods" in North America by the third quarter and globally by the end of the year.

---

[1] These factual allegations are collected from the complaint filed in the above-captioned action.

On February 19, 2020, before the market opened, Groupon held a conference call in connection with these results. During the call, Defendant Thomas stated that "[m]idway through the [fourth] quarter … it became clear that we were not competing well in Goods" which "impacted the overall traffic to our site, and ultimately, performance in all of our categories."

On this news, the Company's share price fell $1.35 per share, or over 44%, to close at $1.70 per share on February 19, 2020, on unusually heavy trading volume.

On March 25, 2020, Groupon abruptly announced that its Chief Executive Officer, Rich Williams, and Chief Operating Officer, Steve Krenzer, are "no longer serving" in their roles, but would continue as employees of the Company.

Throughout the Class Period, Defendants failed to disclose to investors that: (i) the Company was experiencing fewer customer engagements in its Goods category; (ii) Groupon relied on its Goods category to drive its sales, especially during the holiday season; (iii) as a result of the foregoing, the Company was likely to experience reduced sales; and (iv) as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects, were materially misleading and/or lacked a reasonable basis.

## PROCEDURAL BACKGROUND

On April 28, 2020, Plaintiff Lazar Macovski commenced the above-captioned class action against Defendants in the United States District Court of the Northern District of Illinois, *Macovski v. Groupon, Inc. et al.*, No. 1:20-cv-02581. That same day, counsel for Macovski published a notice on *Business Wire*, announcing that a securities class action had been initiated against Defendants, herein, and advising investors of Groupon that they had 60 days from the date of the notice, i.e. until June 29, 2020, to file a motion to be appointed lead plaintiff. *See* Lieberman Decl., Ex. A.

3

## ARGUMENT

### I.     Rahal Should be Appointed Lead Plaintiff

The PSLRA provides the procedure for selecting a lead plaintiff in class actions alleging

violations of the federal securities laws. *See* 15 U.S.C. § 78u-4(a). The PSLRA directs courts to

consider any motion to serve as lead plaintiff filed by class members in response to a published

notice of class action by the later of (i) 90 days after the date of publication of the notice; or (ii) as

soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-

4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" –

*i.e.*, the plaintiff most capable of adequately representing the interests of the Class – is the person

that:

> (aa) has either filed the complaint or made a motion in response to a notice [];
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

The presumption in favor of appointing a movant as lead plaintiff "may be rebutted only

upon proof by a member of the purported plaintiff class" that the presumptively most adequate

plaintiff:

> (aa) will not fairly and adequately protect the interests of the class; or
>
> (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As set forth below, Rahal satisfies all of these criteria. Rahal has complied with all of the

PSLRA's requirements to be appointed lead plaintiff and has, to the best of his knowledge, the

largest financial interest in this litigation. In addition, Rahal meets the relevant requirements of Federal Rule of Civil Procedure 23(a) and is not aware of any unique defenses that Defendants could raise against him that would render him inadequate to represent the Class. Accordingly, Rahal respectfully submits that he should be appointed lead plaintiff. *In re Boeing Co. Aircraft Sec. Litig.*, No. 19 Civ. 2394, 2019 WL 6052399, at \*2 (N.D. Ill. Nov. 15, 2019), *reconsideration denied*, 2020 WL 476658 (N.D. Ill. Jan. 28, 2020); *see also Maiden v. Merge Techs., Inc.*, No. 06 Civ. 349, 2006 WL 3404777, at \*4 (E.D. Wis. Nov. 21, 2006) ("Because it has the largest financial interest in this litigation and meets the adequacy and typicality requirements of Rule 23, [movant] is presumptively entitled to lead plaintiff status.").

### A. Rahal Filed a Timely Motion in Response to a PSLRA Notice

On April 28, 2020, pursuant to 15 U.S.C. § 78u-4(a)(3)(A), counsel for Macovski published a notice of the pendency of plaintiff's case on *Business Wire* – a widely circulated national business-oriented wire service – announcing that a securities class action had been filed against Defendants, herein, and advising purchasers of Groupon securities that they had 60 days from the date of the notice, i.e. until June 29, 2020, to file a motion to be appointed as lead plaintiff. *See* Lieberman Decl., Ex. A.

As a purchaser of Groupon securities during the Class Period, Rahal is a member of the proposed class and has hereby timely filed this motion pursuant to Macovski's April 28, 2020 notice, within the 60-day period following publication of the notice. 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(aa). Additionally, Rahal submits herewith his sworn certification and attests that he is willing to serve as a representative of the Class. *See* Lieberman Decl. Ex. B. Accordingly, Rahal satisfies the first requirement to serve as lead plaintiff for the class.

**B. Rahal Has the Largest Financial Interest in the Litigation**

The PSLRA provides that the most adequate plaintiff is presumed to be the "person" that, among other things, "has the largest financial interest in the relief sought by the class." *See* 15 U.S.C. §78u-4(a)(3)(B)(iii). At the time of this filing, Rahal believes that he has the largest financial interest among Class members who filed timely applications for appointment as lead plaintiff and, accordingly, is presumed to be the "most adequate plaintiff."

Rahal purchased 100,000 shares of Groupon, with a total expenditure of $294,000. Rahal suffered total Class Period investment losses of $92,375 when losses are calculated on a LIFO basis. *See* Lieberman Decl. Ex. C. When losses are limited by the principles of *Dura Pharmaceuticals Inc. v. Broudo,* 544 U.S. 336 (2005), Rahal's losses from class period investments are $ $62,500. *Id.* Thus, Rahal believes his financial interest in the relief sought by the Class to be greater than that of any other qualified movant seeking appointment as Lead Plaintiff. *See In re Boeing*, 2019 WL 6052399, at *4 ("That said, the movants here have not disputed that the phrase 'largest financial interest' is generally understood to mean 'suffered the greatest loss.'") (citing *Takara Trust v. Molex Inc.*, 229 F.R.D. 577, 579 (N.D. Ill. 2005); *In re Bally Total Fitness Sec. Litig.*, No. 04 Civ. 3530, 2005 WL 627960, at *4 (N.D. Ill. Mar. 15, 2005)). Given that Rahal has the largest financial interest in this litigation and, as discussed below, satisfies all of the PSLRA's prerequisites for appointment as lead plaintiff in this action, he should be appointed Lead Plaintiff pursuant to 15 U.S.C. §78u-4(a)(3)(B).

**C. Rahal Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure**

The PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisf[y] the requirements of Rule 23

of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

At this stage of the litigation, however, a movant need only make a "preliminary showing" that they satisfy the typicality and adequacy requirements of Rule 23. *See Chandler v. Ulta Beauty, Inc.*, No. 18 Civ. 1577, 2018 WL 3141763, at *5 (N.D. Ill. June 26, 2018); *In re Groupon Sec. Litig.*, No. 12 Civ. 2450, 2012 WL 3779311, at *3 (N.D. Ill. Aug. 28, 2012) (only a "preliminary showing" of typicality and adequacy is required); *Takara*, 229 F.R.D. at 580; *Lax v. First Merchants Acceptance Corp.*, No. 96 Civ. 2715, 1997 WL 461036, at *6 (N.D. Ill. Aug. 11, 1997).

As detailed below, Rahal plainly satisfies the typicality and adequacy requirements of Rule 23(a). As such, he is qualified to serve as Lead Plaintiff.

### 1.    Rahal's Claims are Typical of the Class

The typicality requirement of Rule 23(a)(3) is met when the claims of the representative plaintiff "arise from a similar course of conduct and share the same legal theory" as those of the class. *Stirman v. Exxon Corp.*, 280 F.3d 554, 562 (5th Cir. 2002) (citation omitted). "A plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory. The typicality requirement may be satisfied even if there are factual distinctions between the claims of the named plaintiffs and those of other class members. Thus, similarity of legal theory may control even in the face of differences of fact." *De La Fuente v. Stokely-Van Cap, Inc.*, 713 F.2d 225, 232 (7th Cir. 1983) (internal citations omitted); *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992); *Ulta Beauty*, 2018 WL 3141763, at *5.

In this case, the typicality requirement is met because Rahal's claims *are* identical to the claims of the other Class members. Rahal and all members of the Class (i) purchased or otherwise acquired Groupon securities during the Class Period (ii) at prices allegedly artificially inflated by Defendants' materially false and misleading statements and/or omissions and (iii) suffered damages thereby. Moreover, the legal and factual bases for the claims of Rahal are typical of the claims of the members of the Class, in that Rahal and other Class members must show: (i) whether the federal securities laws were violated by Defendants' acts; (ii) whether statements made by Defendants to the investing public during the relevant period misrepresented material facts about Groupon's business, finances, and/or operating results; and (iii) to what extent the members of the Class have sustained damages and the proper measure of damages. *See Takara Trust*, 229 F.R.D. at 580. Rahal's claims are therefore typical of the claims of the other Class members. At this stage of the litigation, the typicality requirement has been met.

### 2. Rahal is an Adequate Representative

The adequacy of representation requirement of Rule 23(a)(4) is satisfied where it is established that a representative party "will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4); *see also Sokolow v. LJM Funds Mgmt., Ltd.*, No. 18 Civ. 1039, 2018 WL 3141814, at *6 (N.D. Ill. June 26, 2018). In order to satisfy this requirement, a prospective lead plaintiff must show that they do not have any conflicts of interest with other class members and that the plaintiff and counsel will vigorously prosecute the case. *See Takara Trust*, 229 F.R.D. at 580; *Rosario v. Livaditis*, 963 F.2d at 1018.

Here, Rahal's interests are clearly aligned with the members of the proposed Class and there is no evidence of any antagonism between his interests and the interests of the proposed Class members. His claims are typical of the members of the Class. In addition, Rahal has also adduced evidence demonstrating that he will adequately serve as Class representative. For example, he has

signed a sworn Certification affirming his willingness to serve as, and assume the responsibilities of, Class representative. *See* Lieberman Decl. Ex. B. In addition, Rahal, who resides in Wake County, North Carolina, is a management consultant who holds a Master of Engineering (M. Eng.) degree and has more than two decades of experience investing for my own account. *Id.* Rahal has also demonstrated that he is an adequate representative in this matter by retaining competent and experienced counsel. As shown below, Kirby McInerney and GPM are highly qualified, experienced, and able to conduct this complex litigation in a professional manner as Co-Lead Counsel for the proposed class. *See* Section II, *infra*. Accordingly, Rahal has made a *prima facie* showing that he satisfies all of the requirements of Rule 23 for the purposes of this motion. *See generally Johnson v. Tellabs, Inc.*, 214 F.R.D. 225, 228-29 (N.D. Ill. 2002).

## II. The Court Should Approve Rahal's Choice of Counsel

The PSLRA vests authority in the lead plaintiff to "select and retain [lead] counsel" subject to this Court's approval. 15 U.S.C. §78u-4(a)(3)(B)(v). As such, this Court should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests of the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa).

Here, Rahal has selected the law firms of Kirby McInerney and GPM to represent the Class as Co-Lead Counsel. As reflected by their firm resumes, Kirby McInerney and GPM possess extensive experience and expertise in securities litigation, and the firms have the necessary skills and resources to efficiently and effectively prosecute this action. *See* Lieberman Decl., Exs. D, E. Likewise, Pomerantz is capable of serving as Liaison Counsel based on its extensive experience and expertise in securities litigation. *See id.*, Ex. F. As a result of this extensive experience in litigation involving issues similar to those raised in this action, Movant's counsel has the skill and knowledge that will enable them to prosecute this action effectively and expeditiously. The Court should, therefore, approve Rahal's selection of counsel for the Class.

<u>**CONCLUSION**</u>

For the foregoing reasons, Rahal respectfully asks the Court to grant his motion and enter an Order (i) appointing Rahal as Lead Plaintiff; (ii) approving Rahal's selection of the law firms of Kirby McInerney and GPM as co-Lead Counsel for the Class; and (iii) granting such other relief as the Court may deem just and proper.

Dated: June 29, 2020

POMERANTZ LLP

By /s/ *Jeremy A. Lieberman*
Patrick V. Dahlstrom
Louis C. Ludwig
10 South LaSalle Street, Suite 3505
Chicago, IL 60603
Telephone: (312) 377-1181
Email: pdahlstrom@pomlaw.com
     lcludwig@pomlaw.com

Jeremy A. Lieberman
J. Alexander Hood
600 Third Avenue
New York, NY 10016
Telephone: (212) 661-1100
Email: jlieberman@pomlaw.com
     ahood@pomlaw.com

*Liaison Counsel for Movant Rahal and Proposed Liaison Counsel for the Proposed Class*

KIRBY MCINERNEY LLP
Ira M. Press
Thomas W. Elrod
250 Park Avenue, Suite 820
New York, NY 10177
Telephone: (212) 371-6600
Email: ipress@kmllp.com
     telrod@kmllp.com

GLANCY PRONGAY & MURRAY LLP
Robert V. Prongay
Charles H. Linehan (admitted *pro hac vice*)
1925 Century Park East, Suite 2100
Los Angeles, CA 90067

Telephone: (310) 201-9150
Email:
rprongay@glancylaw.comclinehan@glancylaw.com

*Counsel for Movant Rahal and Proposed Lead Counsel for the Proposed Class*