**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| LAZAR MACOVSKI, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>GROUPON, INC., RICH WILLIAMS, and MELISSA THOMAS,<br><br>Defendants. | Case No. 1:20-cv-02581<br><br>Honorable Matthew F. Kennelly |

**MEMORANDUM OF LAW IN SUPPORT OF**
**LEAD PLAINTIFF'S MOTION FOR LEAVE TO AMEND**

1

**TABLE OF CONTENTS**

STATEMENT OF RELEVANT FACTS ...................................................................................... 1

ARGUMENT .............................................................................................................................. 2

    I.      Applicable Legal Standard ................................................................................... 2

    II.    Lead Plaintiff Satisfies the Standard for Seeking Leave to Amend ............................. 2

          Example One: Defendant Williams' December 11, 2019 Statements ......................... 4

          Example Two: Defendant Williams' November 4, 2019 Statements ......................... 5

CONCLUSION ........................................................................................................................... 7

i

## TABLE OF AUTHORITIES

**CASES**

*Alizadeh v. Tellabs, Inc.*,
   No. 13 Civ. 537 (SLE), 2015 WL 557249 (N.D. Ill. Feb. 9, 2015) ........................................ 3

*Conlee v. WMS Indus., Inc.*,
   No. 11 Civ. 3503 (JBZ), 2013 WL 1767648 (N.D. Ill. Apr. 24, 2013) ................................... 3

*Constr. Workers Pension Fund-Lake Cty. & Vicinity v. Navistar Int'l Corp.*,
   114 F. Supp. 3d 633 (N.D. Ill. 2015) ..................................................................................... 3

*Diersen v. Chicago Car Exch.*,
   110 F.3d 481 (7th Cir.1997) ................................................................................................... 2

*Foman v. Davis*,
   371 U.S. 178 (1962) ............................................................................................................... 2

*Heavy & General Laborers' Local 472 & 172 Pension and Annuity Funds*
   *v. Fifth Third Bancorp*,
   No. 20 Civ. 2176 (SLE), 2021 WL 1648117 (N.D. Ill. Apr. 26, 2021) ................................. 6

*Macovski v. Groupon, Inc.*,
   No. 20 Civ. 2581 (MFK), 2021 WL 1676275 (N.D. Ill. Apr. 28, 2021) .......................... 1, 2, 3

*Stephenson v. Hartford Life & Annuity Ins. Co.*,
   No. 02 Civ. 3917 (JFG), 2006 WL 2349931 (N.D. Ill. Aug. 9, 2006) ................................... 2

*Stern v. U.S. Gypsum, Inc.*,
   547 F.2d 1329 (7th Cir. 1977) ............................................................................................... 2

*United States Sec. & Exch. Comm'n v. Winemaster*,
   No. 19 Civ. 04843 (ARW), 2021 WL 1172773 (N.D. Ill. Mar. 29, 2021) .............................. 3

**RULES**

Fed. R. Civ. P. 15(a)(2) .................................................................................................................. 3

**STATUTES**

15 U.S.C.A. § 78u-4(b)(1) ......................................................................................................... 1, 4

Lead Plaintiff in the above-captioned action, Fadi E. Rahal ("Lead Plaintiff"), respectfully submits this memorandum of law in support of his motion for leave to file a proposed second amended complaint ("PSAC"), pursuant to Federal Rule of Civil Procedure 15(a)(2) and this Court's April 28, 2021 Order.

### STATEMENT OF RELEVANT FACTS

On September 22, 2020, Lead Plaintiff filed the amended class action complaint for violations of the federal securities laws (the "Amended Complaint"). ECF No. 43. On November 23, 2020, Defendants[1] filed their motion to dismiss for failure to state a claim arguing, *inter alia*, that Lead Plaintiff had engaged in "puzzle pleading" because the Amended Complaint did not identify the alleged false statements and the bases for the statements' falsity with sufficient clarity. ECF No. 48.[2] Lead Plaintiff subsequently opposed Defendants' motion. ECF No. 55.

On April 28, 2021, the Court granted Defendants' motion to dismiss the Amended Complaint. *See Macovski v. Groupon, Inc.*, No. 20 Civ. 2581 (MFK), 2021 WL 1676275 (N.D. Ill. Apr. 28, 2021) (ECF No. 64). In so ruling, the Court specifically found, *inter alia*, that the Amended Complaint failed to satisfy the PSLRA's requirement for "a plaintiff to 'specify each statement alleged to have been misleading.'" *See id.* at *6 (citing § 78u-4(b)(1)). The Court provided Lead Plaintiff "until May 19, 2021 to file a motion for leave to amend that includes a proposed second amended complaint that meets the PSLRA's pleading requirements." *Id.* at *6.

---

[1] "Defendants" include Groupon, Inc., Richard Williams, and Melissa Thomas.

[2] Defendants also sought dismissal on the grounds that the Amended Complaint did not properly plead falsity, materiality, scienter or loss causation. The Court's April 28, 2021 order did not address any of those grounds.

1

## ARGUMENT

### I.        Applicable Legal Standard

The Court should "freely give leave [to amend] when justice so requires," Fed. R. Civ. P.

15(a)(2) and "this mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "In the

absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on

the part of the movant, repeated failure to cure deficiencies by amendments previously allowed,

undue prejudice to the opposing party by virtue of allowance of the amendment, futility of

amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Id*. Indeed,

Rule 15(a) embodies a liberal approach to amendments. *Stephenson v. Hartford Life & Annuity*

*Ins. Co.*, No. 02 Civ. 3917 (JFG), 2006 WL 2349931, at *9 (N.D. Ill. Aug. 9, 2006) (citing

*Diersen v. Chicago Car Exch.*, 110 F.3d 481, 489 (7th Cir.1997)). The rule "reflects a policy

that cases should generally be decided on the merits and not on the basis of technicalities." *Id.*

(citing, *inter alia*, *Stern v. U.S. Gypsum, Inc.*, 547 F.2d 1329, 1334 (7th Cir. 1977) (stating that

"this circuit has adopted a liberal policy respecting amendments to pleadings so that cases may

be decided on the merits")).

### II.        Lead Plaintiff Satisfies the Standard for Seeking Leave to Amend

Lead Plaintiff respectfully submits that this motion and accompanying PSAC satisfy the

requirements of Rule 15(a)(2). Lead Plaintiff timely filed this motion in response to the Court's

first dismissal order. The PSAC remedies the deficiencies identified by the Court.[3] In its

dismissal order, the Court determined that the Amended Complaint failed to satisfy the PSLRA's

requirement for "a plaintiff to 'specify each statement alleged to have been misleading.'" *See*

---

[3] A copy of the PSAC is annexed as Exhibit A to the Declaration of Kara M. Wolke filed contemporaneously herewith. For the convenience of the Court, a redline comparing the Amended Complaint and the PSAC is annexed as Exhibit B.

*Macovski*, 2021 WL 1676275, at \*6 (citing § 78u-4(b)(1)).  The PSAC streamlines the factual

allegations and refines the alleged misstatements and omissions in violation of the Securities

Exchange Act of 1934 (the "Exchange Act").  For the reasons set forth in Lead Plaintiff's

memorandum of law in opposition to defendants' motion to dismiss plaintiff's amended class

action complaint (ECF No. 55), Lead Plaintiff respectfully submits that the PSAC pleads an

Exchange Act Claim.[4]

The amended factual allegations of the PSAC heed the Court's dismissal order and

eliminate any burden of having to "piece together exactly which statements [Lead Plaintiff is]

challenging and what allegations contradict those statements."  *See United States Sec. & Exch.*

*Comm'n v. Winemaster*, No. 19 Civ. 04843 (ARW), 2021 WL 1172773, at \*14 (N.D. Ill. Mar.

29, 2021).  Specifically, the PSAC identifies the *exact sentences* from Defendants' Class Period

statements that are allegedly materially misleading.  *See* PSAC Section V.A.  Immediately

following the PSAC's quotation of each precise false statement, the PSAC also explains why

each statement was materially misleading at the time it was made.[5]  Specifically, the PSAC

juxtaposes Defendants' specific Class Period misstatements against Defendants' end-of-Class

Period admissions, and demonstrates with temporal precision that Defendants learned of material

---

[4] In its dismissal order, the Court did not address "the parties' arguments about falsity, Item 303, scienter, or loss causation."  *Macovski*, 2021 WL 1676275, at \*6 n.1.

[5] Courts in this District have repeatedly found similar or lesser efforts to specifically identify false statements sufficient to remedy puzzle pleading.  *See, e.g.*, *Constr. Workers Pension Fund-Lake Cty. & Vicinity v. Navistar Int'l Corp.*, 114 F. Supp. 3d 633, 638, 657 n.13 (N.D. Ill. 2015) (finding falsity adequately alleged as to two statements even though prior complaint was dismissed for puzzle pleading and operative complaint did not "strictly comply with the PSLRA['s]" specificity requirements); *Alizadeh v. Tellabs, Inc.*, No. 13 Civ. 537 (SLE), 2015 WL 557249, at \*7 (N.D. Ill. Feb. 9, 2015) ("given the significant improvement over the First Amended Complaint and the relatively few instances of such puzzle pleading the Court will wade through the SAC to identify any statements attributed to Tellabs during the Class Period which might have been false or misleading."); *Conlee v. WMS Indus., Inc.*, No. 11 Civ. 3503 (JBZ), 2013 WL 1767648, at \*1 (N.D. Ill. Apr. 24, 2013) (finding puzzle pleading that led to prior dismissal adequately addressed in amended complaint).

adverse internal information *before* they made their challenged statements, and therefore knowingly or recklessly misled shareholders.

The following two examples illustrate how the PSAC specifies each statement alleged to have been misleading and the reasons why the statements were misleading when made:

**Example One: Defendant Williams' December 11, 2019 Statements.** On December 11, 2019, Defendant Williams participated in a "fireside chat" with Barclays analyst Deepak Mathivanan for the Barclays Global Technology, Media, and Telecommunications Conference. PSAC ¶¶94-95. Mathivanan asked Defendant Williams about the "unit economics" of Groupon Select and its ability to be "accretive to gross profit," to which Williams misleadingly responded, in part, "we're making money on the units as well as making money on the membership fees as well. So the total economics of the program are really compelling." PSAC ¶98.

In order to provide context for this false statement the PSAC includes a more complete quotation of the relevant portions of Defendant Williams' response, while emphasizing in bold italic text only those portions that Lead Plaintiff alleges to be false and misleading. *Id.*[6] Lead Plaintiff immediately follows this more inclusive quotation with an allegation expressly identifying the portions alleged to be misleading. PSAC ¶99 ("Defendant Williams' statements . . . claiming that 'we're making money on the units as well as making money on the membership fees as well. So total economics of the program are really compelling,' were materially misleading.").

The PSAC then immediately proceeds to describe, without resort to cross-references, the precise reasons why these statements by Defendant Williams were knowingly or recklessly misleading when made, stating:

---

[6] The only circumstance in which the PSAC uses such bold italic emphasis is to identify specific false statements.

at the time he made them, he knew that: (i) Groupon could no longer effectively compete in Goods and would have to abandon that business segment, and (ii) the Select program was a failure because it over-indexed to Groupon's soon-to-be-abandoned Goods market. Indeed, at the end of the Class Period, Defendant Williams admitted that, by midway through the fourth quarter, *i.e.*, November 2019, he knew Groupon was not competing effectively in the Goods business, which was indisputably prior to his December 11, 2019 comments, which were made late in the 4th Quarter (*i.e.*, 72 days into the 92 day quarter). Moreover, Defendants similarly admitted that Select's over-indexing to Goods became apparent during the second half of 2019, and therefore that information was well known to Defendant Williams when he spoke with only 20 days left in the second half of 2019. Additionally, and as such, Williams was well aware at the time he spoke that Select was not meaningfully increasing customer frequency in a profitable segment of Groupon's business or increasing profits per customer.

*Id.*

Therefore, the PSAC clearly identifies the specific statements made by Defendant Williams on December 11, 2019 that Lead Plaintiff alleges to be misleading, and the reasons why.

**Example Two: Defendant Williams' November 4, 2019 Statements.** On November 4, 2019, Groupon published a letter to its shareholders from Defendant Williams. PSAC ¶76. In that letter Defendant Williams misleadingly stated, in part, "we love how Select members continue to behave. . . . we're seeing a 60 percent increase in purchase frequency and a 20 percent jump in average order value." PSAC ¶78.

In order to provide context for this false statement the PSAC includes a more complete quotation of the relevant portions of Defendant Williams' letter, while emphasizing in bold italic text only those portions that Lead Plaintiff alleges to be false and misleading. *Id*. Lead Plaintiff immediately follows this more inclusive quotation with an allegation expressly identifying the portions alleged to be misleading. PSAC ¶79 ("Defendant Williams' statements . . . touting Select's performance on the ground by stating that 'we love how Select members continue to

behave. . . we're seeing a 60 percent increase in purchase frequency and a 20 percent jump in average order value,' . . . were materially misleading.").

The PSAC then immediately proceeds to describe, without resort to cross-references, the precise reasons why these statements by Defendant Williams were knowingly or recklessly misleading when made, stating:

> he was in possession of, but concealed and failed to disclose, material adverse information. Specifically, Defendants admitted that, starting in the second half of 2019, they knew that Select was over-indexing to Goods, meaning that at the time Defendant Williams spoke on November 4, 2019, which was well into Q4 2019, he knew of the over-indexing trend and therefore that Select was failing to meaningfully boost purchase frequency in the important Local category. Defendant Williams' statements were further knowingly misleading because Defendants later admitted that "midway through the fourth quarter it became abundantly clear" that Groupon's Goods business was unsustainable, and that this fact "was particularly notable in November," *i.e.*, when he spoke. This call took place midway through the 4th quarter. And even if the call occurred a few days before it "became abundantly clear" to Defendants that they could no longer compete in, and would therefore have to exit, a business that accounted for more than half of Groupon's revenue, a strong inference arises that this fact was at least "clear" to Defendants by November 4, 2019. By knowingly omitting that Select was over-indexing to a foundering business line that Groupon was on the verge of exiting, Defendant Williams misled investors by portraying Select's performance and prospects as more positive than they in fact were. Finally, Defendant Williams knowingly misled investors because he knew, but failed to disclose, that Groupon was exacerbating Select's over-indexing problem by enacting a 15% discount on all Select members' Goods purchases starting in August 2019.

*Id.*

Therefore, the PSAC clearly identifies the specific statements made by Defendant Williams on November 4, 2019 that Lead Plaintiff alleges to be misleading, and the reasons why.

\*       \*       \*

6

Based on the foregoing, Lead Plaintiff respectfully submits the PSAC does not constitute an impermissible "puzzle pleading."[7]

## CONCLUSION

Lead Plaintiff respectfully requests that the Court grant the motion in its entirety and grant Lead Plaintiff leave to file the PSAC.

Dated: May 19, 2021

GLANCY PRONGAY & MURRAY LLP

*/s/ Kara M. Wolke*
Robert V. Prongay (admitted *pro hac vice*)
Kara M. Wolke (admitted *pro hac vice*)
Christopher Fallon (*pro hac vice* pending)
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Email: rprongay@glancylaw.com
       kwolke@glancylaw.com
       cfallon@glancylaw.com

KIRBY MCINERNEY LLP
Ira M. Press (admitted *pro hac vice*)
Andrew M. McNeela (admitted *pro hac vice*)
Thomas W. Elrod (admitted *pro hac vice*)
250 Park Avenue, Suite 820
New York, NY 10177
Telephone: (212) 371-6600
Email: ipress@kmllp.com
       amcneela@kmllp.com
       telrod@kmllp.com

*Counsel for Lead Plaintiff and Lead Counsel*
*for the Proposed Class*

---

[7] *See also Heavy & General Laborers' Local 472 & 172 Pension and Annuity Funds v. Fifth Third Bancorp*, No. 20 Civ. 2176 (SLE), 2021 WL 1648117, at \*13 (N.D. Ill. Apr. 26, 2021) (rejecting "puzzle pleading" argument and finding "the Court can identify the alleged false statements giving rise to the claims at issue and the factual allegations Lead Plaintiff claims demonstrates their falsity.").

7

POMERANTZ LLP
Patrick V. Dahlstrom
Louis C. Ludwig
10 South LaSalle Street, Suite 3505
Chicago, IL 60603
Telephone: (312) 377-1181
Email: pdahlstrom@pomlaw.com
       lcludwig@pomlaw.com

*Liaison Counsel for Lead Plaintiff and the Proposed Class*

8

**PROOF OF SERVICE**

I, the undersigned say:

I am not a party to the above case and am over eighteen years old.

On May 19, 2021, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Northern District of Illinois, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on May 19, 2021.

*s/ Kara M. Wolke*

Kara M. Wolke