# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

LAZAR MACOVSKI, Individually and On Behalf of All Others Similarly Situated,

                    Plaintiff,

        v.

GROUPON, INC., RICH WILLIAMS, and MELISSA THOMAS,

                  Defendants.

Case No. 1:20-cv-02581

Honorable Matthew F. Kennelly

## LEAD PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE A REPLY BRIEF IN SUPPORT OF HIS MOTION FOR LEAVE TO AMEND

**PRELIMINARY STATEMENT**

Fadi E. Rahal, Lead Plaintiff ("Lead Plaintiff" or "Plaintiff"), in the above-captioned putative class action, respectfully submits this memorandum of law in support of his motion to file a reply brief in support of his May 19, 2021 motion to amend, *see* ECF Nos. 66-68, pursuant to the Court's instruction at the May 26, 2021 status conference. Prior to filing this motion, counsel for Lead Plaintiff conferred with Defendants, who take no position regarding the motion.

In challenging Plaintiff's motion to amend on futility grounds, Defendants raise legal and factual arguments regarding falsity, causation and scienter that are either new or materially recast arguments that they first raised in support of their motion to dismiss. For example, Defendants argue for the first time that Plaintiff's scienter allegations are insufficient because he does not rely on confidential witness accounts or insider stock sales. *See* Defendants' Memorandum of Law in Opposition to Lead Plaintiff's Motion for Leave to Amend ("Def. Opp. Br."), ECF No. 70, at 12-13 & n.4. Putting aside that neither motive nor confidential witness allegations are required to plead scienter – especially where, as here, scienter is based on Defendants' admission that they knowingly omitted material information – Plaintiff should have the opportunity to address such arguments, as well as Defendants' other new, recast, or misleading factual arguments, in full.

Accordingly, fundamental fairness weighs heavily in favor of permitting Plaintiff to file a reply brief in support of his motion to amend.[1]

---

[1] Because the Court has already stated that it intends to rule on Plaintiff's motion to amend at the conference it scheduled for July 14, 2021, *see* ECF No. 69, Plaintiff respectfully requests that, if this motion is granted, he be permitted to file his reply brief on or before July 9, 2021. Additionally, given the breadth of Defendants' new or materially altered arguments, Plaintiff respectfully requests a page limit of up to 15 pages for his reply brief. *See* Proposed Order annexed hereto as Exhibit A.

## PROCEDURAL HISTORY AND RELEVANT FACTUAL BACKGROUND

This action was commenced on April 28, 2020. ECF No. 1. By Order dated August 1, 2020, the Court appointed Mr. Rahal as Lead Plaintiff and set a deadline of September 22, 2020, for Plaintiff to file an amended complaint (the "Amended Complaint"). ECF Nos. 38, 41. On November 23, 2020, Defendants moved to dismiss the Amended Complaint. ECF Nos. 48, 49.

By Memorandum and Order dated April 28, 2021, the Court dismissed the Amended Complaint for failure to identify the Defendants' false and misleading statements with sufficient specificity. ECF No. 64. In so ruling, the Court did not pass on the Defendants' fact-intensive, substantive arguments, including, *inter alia*, whether: (i) the alleged misstatements and omissions were in fact false, and, if so, whether they were material; (ii) whether the Amended Complaint's allegations give rise to a strong inference of scienter; and (iii) whether the Class's injuries were caused by Defendants' misconduct. ECF Nos. 49, 64.

At that time, the Court also granted Plaintiff permission to file a motion seeking leave to file a proposed second amended complaint by May 19, 2021. ECF No. 64. Plaintiff timely filed his motion and submitted a proposed SAC, which not only addressed the concerns raised by the Court, but also strengthened Plaintiff's other allegations. *See* ECF Nos. 66-68.[2] Among other amendments, the proposed SAC: (i) precisely identifies Defendants' specific false and misleading statements and immediately explains why those statements were knowingly false or misleading at the time Defendants made them (*see* ECF No. 68 Ex. A; ¶¶ 71, 79, 82, 84, 97, 99); (ii) more fully explains why Defendants' statements regarding Select's over-indexing to Goods "in the second half of 2019," means that they were aware of that trend in the third quarter of 2019 (including at the time they spoke on July 30, 2019) (¶¶ 54, 73); (iii) more fully explains

---

[2] All references to "¶" are to the [Proposed] Second Amended Class Action Complaint for Violations of the Federal Securities Laws [ECF No. 68-1] (the "SAC").

why the Defendants would have seen the over-indexing trend as a negative development no later than the start of the third quarter of 2019 (¶¶ 56-57); (iv) provides greater detail about why the Select program was material to Groupon as well as investors (¶¶ 147-55); and (v) provides additional support for corporate scienter (¶¶ 130-31).

On May 26, 2016, the Court held a status conference concerning Plaintiff's motion to amend, at which time, the Court directed Defendants to file their opposition brief by June 23, 2021. *See* ECF No. 69. The Court, however, did not set a date for Plaintiff to file a reply brief in support of his motion to amend as a matter of right. *See id.* Instead, the Court instructed Plaintiff to file a motion for leave to file a reply brief in the event Defendants raised arguments or facts that were new or materially modified the arguments they had previously made in support of their motion to dismiss. Lastly, the Court scheduled at status conference for July 14, 2021, to, *inter alia*, "rul[e] on the motion." *Id.*

Defendants timely filed their opposition brief on June 23, arguing that leave to amend should be denied because the proposed amendments are futile with respect to the issues of falsity, scienter, and loss causation. *See* Def Opp. Br., ECF No. 70. Several of these arguments either are raised for the first time in Defendants' opposition brief, or materially recast/revamp arguments that Defendants previously raised in support of their motion dismiss. *Compare generally* ECF No. 49 (Def. MTD Br.) and ECF No. 56 (Def. MTD Reply Br.), *with* Def. Opp. Br.

**ARGUMENT**
**PLAINTIFF SHOULD BE PERMITTED TO FILE A REPLY BRIEF**

**I.      Applicable Legal Standard**

It is within the Court's discretion to permit a moving party to file a reply brief. Typically, courts will allow a reply brief "if the party opposing a motion introduced new and

3

unexpected issues in his response to the motion, and the Court finds that a reply from the moving party would be helpful to its disposition of the motion[.]" *Shefts v. Petrakis*, No. 10 Civ. 1104, 2011 WL 5930469, at *8 (C.D. Ill. Nov. 29, 2011); *Wolotka v. Sch. Town of Munster*, 399 F. Supp. 2d 885, 901 (N.D. Ind. 2005) (same). Courts may also permit reply briefs "in the interest of completeness" or when a response has "made incorrect representations of law which were not addressed in [movants'] initial memorandum." *Heidelberg v. Manias*, No. 18 Civ. 01161, 2020 WL 7034315, at *4 (C.D. Ill. Nov. 30, 2020).

Courts in the Seventh Circuit routinely allow a moving party to file a reply brief for these reasons.[3] In fact, Illinois federal courts have found these reasons sufficiently compelling to warrant even *surreply* briefs, in recognition of the fact that, as a matter of fundamental fairness, a court should not decide a motion on an issue or argument that one of the parties has not had the opportunity to meaningfully address.[4]

---

[3] *See, e.g.*, *Conley v. Nestle USA, Inc.*, No. 09 Civ. 5996, 2012 WL 1021802, at *1 n.1 (N.D. Ill. Mar. 26, 2012) (granting the motion for leave to file the reply brief instanter "in the interest of a complete consideration of the merits of the claims"); *Georgeson v. DuPage Surgical Consultants, Ltd.*, No. 05 Civ. 1653, 2008 WL 11513265, at *1 (N.D. Ill. Apr. 30, 2008) (granting plaintiff's motion for leave to file reply brief that argued that defendant cited overturned law, misstated legal authority, and raised a new argument for the first time in its response); *Harvey v. Waste Mgmt. of Ill., Inc.*, No. 08 Civ. 6828, 2010 WL 1741742, at *6 (N.D. Ill. Apr. 29, 2010) (ordering a reply brief to be filed because further briefing was warranted to address an issue).

[4] *See, e.g.*, *Cummins, Inc. v. TAS Distrib. Co.*, 676 F. Supp. 2d 701, 706 (C.D. Ill. 2009), *aff'd*, 700 F.3d 1329 (Fed. Cir. 2012) ("Typically, a surreply is allowed when the moving party raises new factual or legal issues in its reply brief, in order to ensure that the non-moving party *has an adequate chance to respond to the new issues*.") (emphasis added); *In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 320, 329 (N.D. Ill. 2005) (noting that the a surreply "vouchsafes the aggrieved party's right to be heard and provides the court with the information necessary to make an informed decision"); *Aircraft Gear Corp. v. Marsh*, No. 02 Civ. 50338, 2004 WL 2222262, at *2 (N.D. Ill. Sept. 30, 2004) ("[w]hen an issue is raised for the first time on reply, the adverse party typically has no opportunity to respond and the record on that issue therefore is developed insufficiently for consideration.").

II.     **Plaintiff Is Entitled to File a Reply to Address Defendants' New and Revamped Arguments, and to Combat Their Repeated Mischaracterization of Plaintiff's Allegations**

As a preliminary matter, although the setting of a briefing schedule is a matter committed to the Court's discretion, the Local Rules of the United States District Court, Northern District of Illinois ("Local Rules"), envision that a moving party ordinarily will be permitted to file a reply brief. *See* Local Rule 78.3 Motions: Briefing Schedules, Oral Arguments, Failure to File Brief ("Failure to file a reply memorandum within the requisite time shall be deemed a waiver *of the right* to file.") (emphasis added).

In any event, and as discussed more fully below, Plaintiff should be permitted to file a reply brief because Defendants' opposition brief: (i) raises new arguments or materially revamps arguments it previously raised, which Plaintiff, to date, has not had the opportunity to address; (ii) mischaracterizes Plaintiff's arguments as well as the factual record; and (iii) cites new authorities, which Plaintiff has not yet had the opportunity to refute or distinguish.

*First*, Defendants do not argue that the SAC is a "puzzle pleading", *see* ECF No. 70, thereby conceding that the SAC cures the pleading deficiencies the Court identified in its April 28, 2021 Order. ECF No. 64. Instead, Defendants oppose the SAC entirely on futility grounds; arguing that Plaintiff failed to allege falsity or causation (two remarkably fact-intensive inquiries that are ill-suited for resolution on a motion to dismiss), as well as scienter. But those arguments – despite ignoring the bulk of SAC's new factual allegations[5] – materially revamp the arguments Defendants previously raised in their dismissal papers, thereby entitling Plaintiff to reply. *See*

_____

[5] For example, Defendants do not address how research analysts considered Select to be material to Groupon's performance. ¶ 39 (describing analyst report describing Select's performance as "not immaterial" and noting that "[m]anagement notes that Select is materially impacting behavior at every cohort level."). Nor do Defendants address new allegations about the materiality of Select that strengthen the inference that challenged statements concerning Select's performance were materially misleading to investors. *See, e.g.*, ¶¶ 147-154.

5

*Georgeson*, 2008 WL 11513265, at *1 (plaintiff entitled to file reply brief where defendant raised a new argument for the first time in its opposition papers); *see also Aircraft Gear Corp. v. Marsh*, No. 02 Civ. 50338, 2004 WL 2222262, at *2 (N.D. Ill. Sept. 30, 2004) ("[w]hen an issue is raised for the first time on reply, the adverse party typically has no opportunity to respond and the record on that issue therefore is developed insufficiently for consideration.").

For example, Defendants argue for the first time that the lack of allegations based on confidential witness accounts or concerning insider stock sales defeats scienter. *See* Def. Opp. Br. 13-14 & n.4. Plaintiff should have the opportunity to respond in full insofar as neither motive nor confidential witness allegations are required to sufficiently plead scienter.[6] Similarly, Defendants argue anew that "Plaintiff alleges no facts that Groupon decided in 2019 to exit Goods." Def. Opp. Br. at 3.[7] Putting aside that the falsity of Defendants' statements is not dependent on establishing that fact,[8] the SAC alleges that when Defendants discussed their decision to exit Goods, they specifically admitted that they knew *as of November 2019* that Groupon could no longer compete in the Goods marketplace. ¶¶ 105-06. Defendants'

---

[6] *See Ross v. Career Educ. Corp.*, No. 12 C 276, 2012 WL 5363431, at *11 (N.D. Ill. Oct. 30, 2012) (motive allegations unnecessary); *Schleicher v. Wendt*, 529 F. Supp. 2d 959, 971 (S.D. Ind. 2007) (same); *Oklahoma Firefighters v. Lexmark*, 367 F. Supp. 3d 16, 38 (S.D.N.Y. 2019) ("None of Defendants' arguments are availing. Plaintiffs do not rely on any confidential witnesses, but this Court is aware of no authority requiring confidential witness allegations" to plead scienter.); *Tomaszewski v. Trevena, Inc.*, 482 F. Supp. 3d 317, 333-34 (E.D. Pa. 2020) (similar).

[7] Defendants raised similar arguments for the first time in their reply brief in support of their motion to dismiss. *See* ECF No. 56. That fact, however, augers in favor of granting Plaintiff leave to file a reply brief here, since he previously did not have the opportunity to respond to that substantive argument. *See Univ. Healthsystem Consortium v. UnitedHealth Grp., Inc.*, 68 F. Supp. 3d 917, 922 (N.D. Ill. 2014) (granting surreply "to address the new arguments made and new relief requested by [defendant] in its reply memorandum").

[8] Defendants' statements and omissions regarding Goods are false and misleading, regardless of whether Defendants formally made the decision to exit Goods in 2019, because they nonetheless omitted the true extent of Goods' foundering performance. *See* ¶¶ 68-99.

admission, especially in the context in which it was made, provides powerful evidence that they knew of, and were required to disclose the trend or uncertainty that Goods could no longer effectively compete. ¶¶ 105-06. Despite the anemic nature of Defendants' argument, Plaintiff nonetheless should have the right to respond in full.[9]

*Second*, Defendants mischaracterize the SAC's factual allegations, thereby warranting a reply brief. *See Univ. Healthsystem Consortium*, 68 F. Supp. 3d at 922 (granting surreply "to correct the mischaracterizations of [plaintiff's] arguments advanced by [defendant]."); *LaSalle Business Credit, Inc., v. Morton M. Lapides, Sr.*, No. 00 Civ. 8145, 2002 WL 32453170 (N.D. Ill. Dec. 16, 2002) (permitting plaintiff to file a reply brief to address the defendant's "distortions and misrepresentations"). For example, Defendants argue that their statements in late Q4 2019 are not indicative of fraud because: (i) Defendants merely omitted that "Goods struggled" as of November 2019, which (ii) supports the inference "that Defendant preferred not to disclose half-formed stories before the earnings call" several months later. Def. Opp. Br. at 12 (internal quotation marks omitted). This mischaracterizes the SAC's allegations: Goods did not merely "struggle" as of November 2019, rather Defendants admitted that they knew *at that time* that Groupon *could no longer effectively compete* in Goods. ¶¶ 105-06.[10]

---

[9] In yet another example, Defendants argue for the first time that their admission that Select was over-indexing to Goods in the "Second Half of 2019" cannot possibly mean that they were aware of this trend when they spoke about Select and Goods on July 30, 2019, despite it being a full month into Q3 2019. *See* Def. Opp. Br at 3. Again, putting aside that Defendants confuse a disagreement as to how facts should be interpreted with a proper argument at the dismissal phase, Plaintiff should be permitted to refute his assertion in a reply.

[10] Similarly, Defendants misleadingly argue that "based on the facts alleged in the PSAC, Groupon's *earnings miss could not possibly have been caused by the performance of Select*." Def. Opp. Br. at 1 (emphasis added). That mischaracterizes the causal relationship alleged in the SAC. Namely, Plaintiff alleged a causal relationship between (i) Defendants' misrepresentations concerning Select (most notably their omission that the highly touted Select program was over-indexing to a failing business segment), and (ii) the drop in Groupon's share price when that

*Third*, and finally, Defendants cite new authorities that they did not raise in their dismissal papers and that Plaintiff should be permitted to address. *See, e.g., In re Glenn*, No. 02 Civ. 4081, 2006 WL 2252529, at *3 (N.D. Ill. Aug. 3, 2006) (permitting a reply brief that addressed the authorities and arguments raised by the opposing party).[11]

## CONCLUSION

The Court should grant Plaintiff's motion and permit him to file a reply brief up to 15 pages in length on or before July 9, 2021.

Dated:  June 28, 2021                                  **GLANCY PRONGAY & MURRAY LLP**

                                                        */s/ Kara M. Wolke*
                                                        Robert V. Prongay (admitted *pro hac vice*)
                                                        Kara M. Wolke (admitted *pro hac vice*)
                                                        Christopher Fallon (*pro hac vice* pending)
                                                        1925 Century Park East, Suite 2100
                                                        Los Angeles, CA 90067
                                                        Telephone: (310) 201-9150
                                                        Email: rprongay@glancylaw.com
                                                               kwolke@glancylaw.com
                                                               cfallon@glancylaw.com

---

information was finally disclosed.  ¶¶ 100-13; 132-34.  That is all that Plaintiff is required to allege at the pleading stage.

[11] Defendants' newly cited authorities include:  *Garden City Employees' Ret. Sys. v. Anixter Int'l, Inc.*, No 09 Civ. 5641, 2012 WL 1068761 (N.D. Ill. Mar. 29, 2012); *In re Baxter Int'l Inc. Sec. Litig.*, No. 19 Civ. 7786, 2021 WL 100457 (N.D. Ill. Jan. 12, 2021); *In re Guidant Corp. Sec. Litig.*, 536 F. Supp. 2d 913 (S.D. Ind. 2008); and *Born v. Quad/Graphics, Inc.*, No. 19 Civ. 10376, 2021 WL 736839 (S.D.N.Y. Feb. 25, 2021) (previously submitted as supplemental authority).

**KIRBY MCINERNEY LLP**
Ira M. Press (admitted *pro hac vice*)
Andrew M. McNeela (admitted *pro hac vice*)
Thomas W. Elrod (admitted *pro hac vice*)
250 Park Avenue, Suite 820
New York, NY 10177
Telephone: (212) 371-6600
Email: ipress@kmllp.com
      amcneela@kmllp.com
      telrod@kmllp.com

*Counsel for Lead Plaintiff and Lead Counsel for the Proposed Class*

**POMERANTZ LLP**
Patrick V. Dahlstrom
Louis C. Ludwig
10 South LaSalle Street, Suite 3505
Chicago, IL 60603
Telephone: (312) 377-1181
Email: pdahlstrom@pomlaw.com
      lcludwig@pomlaw.com

*Liaison Counsel for Lead Plaintiff and the Proposed Class*

9

**PROOF OF SERVICE**

I, the undersigned say:

I am not a party to the above case and am over eighteen years old.

On June 28, 2021, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Northern District of Illinois, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on June 28, 2021.


*s/ Kara M. Wolke*
Kara M. Wolke