**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| LAZAR MACOVSKI, Individually and On Behalf of All Others Similarly Situated,<br><br>           Plaintiff,<br><br>           v.<br><br>GROUPON, INC., RICH WILLIAMS, and MELISSA THOMAS,<br><br>           Defendants. | No. 1:20-cv-02581<br><br>Hon. Matthew F. Kennelly |

**DEFENDANTS' MEMORANDUM IN RESPONSE TO**
**LEAD PLAINTIFF'S MOTION FOR LEAVE TO FILE A REPLY BRIEF**

Defendants take no position on Plaintiff's motion for leave to file a reply brief. (Dkt. No. 71.) The Proposed Second Amended Complaint ("PSAC") fails to state a claim, and its filing would be futile. (*See* Dkt. No. 70.) No reply brief can fix its deficiencies. In seeking leave to file a reply brief, however, Plaintiff reverses course and characterizes Defendants' opposition in a manner that, respectfully, warrants a response.

In his memorandum in support of his motion for leave to amend, Plaintiff stated that the PSAC simply "remedies the deficiencies identified by the Court" relating to puzzle pleading. (Dkt. No. 67 at 2.) Beyond that, Plaintiff stated that he was relying solely on the arguments from his December 23, 2020, opposition to Defendants' motion to dismiss to support the argument that the PSAC states an Exchange Act claim. (*Id.* at 3.)

At the hearing on May 26, 2021, the Court stated its understanding that nothing substantively had changed between the Amended Complaint ("AC") and the PSAC. Plaintiff did not object. Accordingly, the Court instructed Defendants to file an opposition to Plaintiff's motion

for leave to amend but stated that it did not see the need for a reply brief unless Defendants raised new arguments in their opposition. Plaintiff did not object to this briefing sequence, nor did Plaintiff state that he needed a reply because the PSAC contains new factual allegations that Defendants would have to address in their opposition.

Now, however, Plaintiff reverses course. He argues that there are, in fact, "new factual allegations" that warrant the Court's attention. (Dkt. No. 72 at 5 n.5.) Plaintiff moreover faults Defendants for not addressing these "new allegations" in their opposition, then in the same breath asserts that Defendants "materially revamp[ed]" the arguments they made before. (*Id.* at 5 & n.5.) That is not true.

In their opposition to Plaintiff's motion for leave to amend, Defendants address the PSAC's allegations and, at each turn, cite the relevant paragraphs of the AC and PSAC. (*See generally* Dkt. No. 70.) All of Defendants' arguments are therefore tied to the facts that Plaintiff has alleged, whether directly or by incorporation. *Defendants* revamped nothing.

Defendants also link the arguments they made in support of dismissal to the same arguments they make in opposition to Plaintiff's motion for leave to amend. Defendants argued in both their opening and reply briefs in support of their motion to dismiss that: (1) purportedly false or misleading Class Period statements were either true, too vague to be material, or forward-looking and accompanied by meaningful cautionary language (Dkt. No. 49 at 10-14, 16-19; Dkt. No. 56 at 3-11); (2) Plaintiff had not pleaded facts supporting motive, including any facts showing the pursuit of a concrete benefit (which would include stock sales) (Dkt. No. 49 at 26-27; Dkt. No. 56 at 13-14); and (3) Plaintiff's theory of loss causation was illogical (Dkt. No. 49 at 27-30; Dkt. No. 56 at 14-15). Defendants, citing their opening and reply briefs, reiterate these three identical arguments in their opposition to Plaintiff's motion for leave to amend. (Dkt. No. 70 at 5-7, 12-13.)

Plaintiff could have addressed any of these arguments—failure to plead falsity, a strong inference of scienter, or loss causation—in his memorandum in support of his motion for leave to amend. Plaintiff hardly can claim that Defendants' reiteration of arguments previously made, with a few additional cases and a footnote mentioning that not even a confidential witness supports Plaintiff's scienter allegations, blindsided him.

Therefore, although Defendants do not take a position on Plaintiff's motion for leave to file a reply brief, Defendants submit this Memorandum to respond to Plaintiff's unfounded assertions for why a reply is necessary.

Dated: June 29, 2021                                                    Respectfully submitted,


                                                                       /s/ Matthew R. Kipp
                                                                       Matthew R. Kipp
                                                                       William E. Ridgway
                                                                       Andrew J. Fuchs
                                                                       Jennifer H. Berman
                                                                       Laura Bernescu
                                                                       SKADDEN, ARPS, SLATE,
                                                                       MEAGHER & FLOM LLP
                                                                       155 North Wacker Drive
                                                                       Chicago, Illinois 60606
                                                                       (312) 407-0700
                                                                       matthew.kipp@skadden.com
                                                                       william.ridgway@skadden.com
                                                                       andrew.fuchs@skadden.com
                                                                       jennifer.berman@skadden.com
                                                                       laura.bernescu@skadden.com

                                                                       *Counsel for Defendants*