**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

LAZAR MACOVSKI, Individually and On Behalf of All Others Similarly Situated,

Plaintiff,

v.

GROUPON, INC., RICH WILLIAMS, and MELISSA THOMAS,

Defendants

Case No. 1:20-cv-02581

Honorable Matthew F. Kennelly

**[PROPOSED] ORDER AWARDING ATTORNEYS' FEES
AND REIMBURSEMENT OF LITIGATION EXPENSES**

This matter came on for hearing on October 13, 2022 (the "Settlement Hearing") on Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses. The Court having considered all matters submitted to it at the Settlement Hearing and otherwise; and it appearing that notice of the Settlement Hearing substantially in the form approved by the Court was provided to all Settlement Class Members who or which could be identified with reasonable effort; and that a summary notice of the hearing substantially in the form approved by the Court was published in *Investor's Business Daily* and was transmitted over the *PR Newswire* pursuant to the specifications of the Court; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and Litigation Expenses requested,

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.      This Order incorporates by reference the definitions in the Stipulation and Agreement of Settlement dated June 24, 2022 (ECF No. 110-1) (the "Stipulation") and all capitalized terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation.

2.      The Court has jurisdiction to enter this Order and over the subject matter of the action and all Parties to this Action, including all Settlement Class Members.

3.      Notice of Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses was given to all Settlement Class Members who could be identified with reasonable effort.  The form and method of notifying the Settlement Class of the motion for an award of attorneys' fees and expenses satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Private Securities Litigation Reform Act of 1995 (15 U.S.C. §78u-4(a)(7)), due process, and all other applicable law and rules, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

4.      Lead Counsel is hereby awarded attorneys' fees in the amount of _____% of the Settlement Fund (including interest earned thereon at the same rate as the Settlement Fund) and $_____ in reimbursement of counsel's out-of-pocket litigation expenses (which fees and expenses shall be paid from the Settlement Fund), which sums the Court finds to be fair and reasonable.

5.      In making this award of attorneys' fees and reimbursement of expenses to be paid from the Settlement Fund, the Court has considered and found that:

a.  The Settlement has created a fund of $13,500,000 in cash that has been funded into escrow pursuant to the terms of the Stipulation, and that numerous Settlement Class Members who submit acceptable Claim Forms will benefit from the Settlement that occurred because of the efforts of Plaintiff's Counsel;

b.  At least 8,647 copies of the Notice were mailed to potential Settlement Class Members and nominees stating that Lead Counsel would apply for attorneys' fees in an amount not to exceed 33⅓% of the Settlement Fund and reimbursement of Litigation Expenses in an amount not to exceed $350,000, which may include $5,000 for reimbursement of the reasonable costs and expenses incurred by Lead

2

Plaintiff. There were no objections to the requested attorneys' fees and reimbursement of Litigation Expenses;

c. Plaintiff's Counsel undertook the Action on a fully contingent basis, and have received no compensation during the Action, and any fee and expense award has been contingent on the result achieved;

d. The percentage fee award is consistent with the market rate in similarly complex actions litigation on a wholly contingent basis;

e. The fee sought by Lead Counsel has been reviewed and approved as reasonable by the Lead Plaintiff, who oversaw the prosecution and resolution of the Action;

f. The stakes in the Action were extremely high given, among other things, the amount of money at issue, and the large size of the Settlement Class;

g. Plaintiff's Counsel conducted the litigation and achieved the Settlement with skill, perseverance and diligent advocacy, and they are highly experienced in the field of securities class action litigation;

h. The Action involves complex factual and legal issues and, in the absence of settlement, would involve lengthy proceedings whose resolution would be uncertain;

i. Had Plaintiff's Counsel not achieved the Settlement there would remain a significant risk that Plaintiff and the other members of the Settlement Class may have recovered less or nothing from Defendants;

j. Plaintiff's Counsel devoted over 4,623.15 hours with a lodestar value of approximately $2,925,315.75, to achieve the Settlement; and

k. The amount of attorneys' fees awarded from the Settlement Fund is fair and reasonable and consistent with fee awards approved in similarly complex cases within the Seventh Circuit.

6. Lead Plaintiff Fadi E. Rahal is hereby awarded $_____ from the

Settlement Fund as reimbursement for his reasonable costs and expenses directly related to his representation of the Settlement Class.

7.      Any appeal or any challenge affecting this Court's approval regarding any attorneys' fees and expense application shall in no way disturb or affect the finality of the Judgment.

8.      Exclusive jurisdiction is hereby retained over the Parties and the Settlement Class Members for all matters relating to this Action, including the administration, interpretation, effectuation or enforcement of the Stipulation and this Order.

9.      In the event that the Settlement is terminated or the Effective Date of the Settlement otherwise fails to occur, this Order shall be rendered null and void to the extent provided by the Settlement.

10.     There is no just reason for delay in the entry of this Order, and immediate entry by the Clerk of the Court is expressly directed.

SO ORDERED this _____ day of _____, 2022.

_____
The Honorable Matthew F. Kennelly
United States District Judge