Case: 1:20-cv-02581 Document #: 121-1 Filed: 09/08/22 Page 1 of 41 PageID #:1639

# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

|  |  |
|---|---|
| LAZAR MACOVSKI, Individually and On Behalf of All Others Similarly Situated, | Case No. 1:20-cv-02581 |
| Plaintiff, | Honorable Matthew F. Kennelly |
| v. | |
| GROUPON, INC., RICH WILLIAMS, and MELISSA THOMAS, | |
| Defendants. | |

**DECLARATION OF JESSIE MAHN REGARDING: (I) MAILING OF NOTICE AND PROOF OF CLAIM FORM; (II) PUBLICATION OF SUMMARY NOTICE; (III) CALL CENTER SERVICES; (IV) THE SETTLEMENT WEBSITE; AND (V) REQUESTS FOR EXCLUSION AND OBJECTIONS RECEIVED TO DATE**

I, Jessie Mahn, declare and state as follows:

1.      I am a Project Manager employed by Epiq Class Action & Claims Solutions, Inc. ("Epiq"). Pursuant to the Court's Order Preliminarily Approving Settlement and Providing for Notice dated July 6, 2022 (ECF No. 113, the "Preliminary Approval Order"), Epiq was retained to act as the Claims Administrator for the Settlement in the above-captioned action (the "Action").[1]

2.      The following statements are based on my personal knowledge and information provided by Epiq employees working under my supervision, and if called on to do so, I could and would testify competently thereto.

3.      I submit this Declaration to provide the Court and the Parties with information regarding, among other things, the mailing of the Court-approved Notice of (I) Pendency of Class Action, Certification of Settlement Class, and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees Reimbursement of Litigation Expenses (the "Notice") and the Proof of Claim and Release Form (the "Claim Form" together with the Notice, the "Notice Packet"), as well as the publication and transmission of the Summary Notice, and establishment of the website and toll-free number dedicated to this Action, in accordance with the Preliminary Approval Order.

I.      **MAILING OF THE NOTICE AND CLAIM FORM**

4.      Pursuant to the Preliminary Approval Order, Epiq was responsible for disseminating the Notice Packet to potential Settlement Class members at the mailing addresses set forth in the records provided by Groupon Inc. ("Groupon"). By definition, Settlement Class members are all persons and entities who or that, between July 30, 2019, and February 18, 2020,

---

[1] Unless otherwise defined herein, all capitalized terms shall have the meaning ascribed to them in the Stipulation and Agreement of Settlement, dated June 24, 2022 (ECF No. 110-1, the "Stipulation").

inclusive, (the "Settlement Class Period") purchased or otherwise acquired Groupon common stock and were damaged thereby. Excluded from the Settlement Class are: (i) Defendants; (ii) any person who served as a control person, executive officer and/or director of Groupon during the Settlement Class Period, and members of his or her Immediate Family; (iii) present and former parents, subsidiaries, assigns, successors, affiliates, and predecessors of Groupon; (iv) any entity in which Defendants have or had a controlling interest during the Settlement Class Period; (v) any trust of which any Individual Defendant is the settlor or that is for the benefit of any Individual Defendant and/or member(s) of his or her Immediate Family; and (vi) the legal representatives, heirs, successors, and assigns of any person or entity excluded under provisions (i) through (v) hereof. Also excluded from the Settlement Class are any persons and entities who or that validly exclude themselves by submitting a request for exclusion that is accepted by the Court.

5. On July 5, 2022, Epiq received from Groupon the names and addresses of potential members of the Settlement Class (as required by Paragraph 7(a) of the Preliminary Approval Order), identifying its shareholders of record for Groupon common stock during the Settlement Class Period. The data received resulted in 129 unique mailing records. On August 3, 2022, Epiq caused Notice Packets to be mailed via first class U.S. mail, postage pre-paid to the 129 unique mailing records contained in the data provided by Groupon.

6. As in most class actions of this nature, the large majority of potential Settlement Class Members are expected to be beneficial purchasers whose securities are held in "street name" – *i.e.*, the securities are purchased by brokerage firms, banks, institutions, and other third-party nominees in the name of the nominee, on behalf of the beneficial purchasers. Epiq maintains and updates a proprietary internal list of the largest and most common banks, brokers, and other nominees. At the time of the Initial Mailing, Epiq's internal broker list contained 1,061 mailing

records. On August 3, 2022, Epiq caused Notice Packets to be mailed to the 1,061 mailing records contained in its internal broker list.

7.    In total, Epiq mailed 1,190 copies of the Notice Packet as part of its initial mailing notice program (the "Initial Mailing"). A copy of the Notice Packet is attached hereto as Exhibit A.

8.    The Notice directed those who purchased Groupon common stock during the Settlement Class Period for the beneficial interest of a person or organization other than themselves to, within seven (7) calendar days of receipt of the Notice, either: (a) provide to Epiq a list(s) of shareholders of record (consisting of names and addresses) for Groupon common stock during the Settlement Class Period; or (b) request additional copies of the Notice Packet from Epiq to forward to such beneficial owners within seven (7) calendar days of receipt of the Notice Packets.

9.    Through September 6, 2022, Epiq mailed an additional 2,642 Notice Packets to potential Settlement Class Members whose names and addresses were received from individuals or brokerage firms, banks, institutions, and other nominees requesting that Notice Packets be mailed to such persons or entities. Epiq also mailed another 4,815 Notice Packets to brokers and other nominee holders who requested Notice Packets to forward to their customers. All such requests have been, and will continue to be, complied with, and addressed in a timely manner.

10.   As of September 6, 2022, a total of 8,647 Notice Packets have been disseminated to potential Settlement Class Members and nominees by first-class mail.

11.   In addition, Epiq has been prompted to re-mail 18 Notice Packets to persons whose original mailings were returned by the U.S. Postal Service ("USPS") and for whom updated addresses were provided to Epiq by the USPS. As of September 6, 2022 a total of 54 Notice Packets remain undeliverable.

3

## II.     PUBLICATION OF THE SUMMARY NOTICE

12.     In accordance with Paragraph 7(d) of the Preliminary Approval Order, Epiq caused the Summary Notice to be published in *Investor's Business Daily* and transmitted once over *PR Newswire* on August 15, 2022. Copies of proof of publication of the Summary Notice in *Investor's Business Daily* and over *PR Newswire* are attached hereto as Exhibit B.

## III.    CALL CENTER SERVICES

13.     Epiq reserved a toll-free phone number for the Settlement, (866) 991-0893, and published that toll-free number in the Notice Packet and on the website dedicated to the Settlement, www.GrouponSecuritiesLitigation.com, (the "Settlement Website").

14.     The toll-free number became operational on August 2, 2022. The toll-free number connects callers with an Interactive Voice Recording ("IVR"). The IVR provides potential Settlement Class Members and others who call the toll-free telephone number access to additional information that has been pre-recorded. The toll-free telephone line with pre-recorded information is available 24 hours-a-day, 7 days-a-week. Specifically, the pre-recorded message provides callers with a brief summary of the Settlement and the option to select one of several more detailed recorded messages addressing frequently asked questions. The IVR also allows callers to request a copy of the Notice Packet be mailed to them, or the caller may opt to speak live with a trained operator. Callers are able to speak to a live operator regarding the status of the Settlement and/or obtain answers to questions they may have, Monday through Friday from 9:00 a.m. to 9:00 p.m. Eastern Time (excluding official holidays).

15.     As of September 6, 2022, Epiq has received a total of 25 calls to the toll-free number dedicated to the Settlement, including, eight that were handled by a live operator. Epiq has

promptly responded to each telephone inquiry and will continue to address potential Settlement Class Members' inquiries.

## IV.    <u>THE SETTLEMENT WEBSITE</u>

16.    In accordance with Paragraph 7 (c) of the Preliminary Approval Order, Epiq, in coordination with Lead Counsel, designed, implemented, and currently maintains a Settlement Website dedicated to the Action, www.GrouponSecuritiesLitigation.com. The address for the Settlement Website is set forth in the Notice, Claim Form, and Summary Notice.

17.    The Settlement Website became operational on August 2, 2022, and is accessible 24 hours-a-day, 7 days-a-week. Among other things, the Settlement Website includes information regarding the proposed Settlement, including the exclusion, objection, and claim-filing deadlines and the date and time of the Court's Settlement Hearing as well as instructions on how to attend the Settlement Hearing via teleconference. The Settlement Website also includes a link to an online claim filing module through which Settlement Class Members can submit their claims. In addition, copies of the Notice, Claim Form, Settlement Agreement, Preliminary Approval Order, and other documents related to the Action are posted on the Settlement Website and are available for download. Epiq will continue operating, maintaining and, as appropriate, updating the Settlement Website until the conclusion of this administration.

18.    As of September 6, 2022, there have been 323 unique visitors to the Settlement Website and 1,126 pageviews.

## V.    <u>REQUESTS FOR EXCLUSION AND OBJECTIONS</u>

19.    The Notice, Summary Notice, and Settlement Website inform Settlement Class Members that requests for exclusion from the Settlement Class must be received by September 22, 2022. The Notice directs Settlement Class Members who wish to request exclusion to mail their

request to Macovski v. Groupon Inc., EXCLUSIONS. c/o Epiq. P.O. Box 2648. Portland, OR 87208-2648. The Notice also sets forth the information that must be included in each request for exclusion. Epiq monitors all mail delivered to this P.O. Box.

20.     As of September 6, 2022, Epiq has received no requests for exclusion. Epiq has monitored and will continue to monitor all mail delivered to this address. Epiq will submit a supplemental declaration after the September 22, 2022 deadline addressing any further requests for exclusion received.

21.     The Notice, Summary Notice, and Settlement Website also inform Settlement Class Members that they may object to the Settlement, the proposed Plan of Allocation or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses; the objection must be in writing, and filed with the Court and delivered to Lead Counsel and Defendants' Counsel such that they are received on or before September 22, 2022.

22.     Through September 6, 2022, Epiq has not been informed of any objections to the Settlement, the Plan of Allocation, or Lead Counsel's application for attorneys' fees, reimbursement of Litigation Expenses, which includes reimbursement awards to Plaintiffs.

## VI.     CLAIMS ADMINSTRATION COSTS

23.     Assuming a maximum of 100,000 Notice Packets mailed in total with a maximum of 25,000 claims and 15,000 payments, Epiq estimates that it's fees will range between $225,000 and $275,000. Based on these same assumptions, Epiq has capped its fees to a maximum amount of $275,000 for the administration through and including the initial distribution. This estimate excludes any fees charged and invoiced to the Settlement Fund by brokers, nominees, and other

third-party party filers to mail the Notice Packet to their clients pursuant to the eligible reimbursements rates listed in the Notice.

I declare under penalty of perjury that the foregoing is true and correct. Executed on September 7, 2022, in Seattle, WA.

_____
Jessie Mahn

# EXHIBIT A

**Exhibit A-1**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

---

LAZAR MACOVSKI, Individually and On Behalf of All Others Similarly Situated,

Plaintiff,

v.

GROUPON, INC., RICH WILLIAMS, and MELISSA THOMAS,

Defendants

---

Case No. 1:20-cv-02581

Honorable Matthew F. Kennelly

---

**NOTICE OF (I) PENDENCY OF CLASS ACTION, CERTIFICATION OF SETTLEMENT CLASS, AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES**

*A Federal Court authorized this Notice. This is not a solicitation from a lawyer.*

**NOTICE OF PENDENCY OF CLASS ACTION:** Please be advised that your rights may be affected by the above-captioned securities class action (the "Action") pending in the United States District Court for the Northern District of Illinois (the "Court"), if, during the period between July 30, 2019 and February 18, 2020, inclusive (the "Settlement Class Period"), you purchased or otherwise acquired the common stock of Groupon Inc. ("Groupon" or the "Company").[1]

**NOTICE OF SETTLEMENT:** Please also be advised that the Court-appointed Lead Plaintiff, Fadi E. Rahal ("Lead Plaintiff"), on behalf of himself and the Settlement Class (as defined in ¶ 24 below), have reached a proposed settlement of the Action for $13,500,000 in cash that, if approved, will resolve all claims in the Action (the "Settlement").

**PLEASE READ THIS NOTICE CAREFULLY. This Notice explains important rights you may have, including the possible receipt of cash from the Settlement. If you are a member of the Settlement Class, your legal rights will be affected whether or not you act.**

**If you have any questions about this Notice, the proposed Settlement, or your eligibility to participate in the Settlement, please DO NOT contact Groupon, any other Defendants in the Action, or their counsel. All questions should be directed to Lead Counsel or the Claims Administrator (*see* ¶ 85 below).**

1.      <u>**Description of the Action and the Settlement Class:**</u> This Notice relates to a proposed Settlement of claims in a pending securities class action brought by investors alleging, among other things, that defendants Groupon, Rich Williams ("Williams") and Melissa Thomas ("Thomas") (collectively, "Defendants")[2] violated the federal securities laws by making false and misleading statements and omissions regarding Groupon. A more detailed description of the Action is set forth in paragraphs 11-23 below. The proposed Settlement, if approved by the Court, will settle claims of the Settlement Class, as defined in paragraph 24 below.

2.      <u>**Statement of the Settlement Class's Recovery:**</u> Subject to Court approval, Lead Plaintiff, on behalf of himself and the Settlement Class, has agreed to settle the Action in exchange for a settlement payment of $13,500,000 in cash (the "Settlement Amount") to be deposited into an escrow account. The Net Settlement Fund (*i.e.*, the Settlement Amount plus any and all interest earned thereon (the "Settlement Fund") less (a) any Taxes, (b) any Notice and Administration Costs, (c) any Litigation Expenses awarded by the Court, and (d) any attorneys' fees awarded

---

[1] All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation and Agreement of Settlement dated June 24, 2022 (the "Stipulation"), which is available at www.GrouponSecuritiesSettlement.com.

[2] Defendants Williams and Thomas are collectively referred to herein as "Individual Defendants."

1

by the Court) will be distributed in accordance with a plan of allocation that is approved by the Court, which will determine how the Net Settlement Fund shall be allocated among members of the Settlement Class. The proposed plan of allocation (the "Plan of Allocation") is set forth in paragraphs 50-68 below.

3.      **Estimate of Average Amount of Recovery Per Share:** Based on Lead Plaintiff's damages expert's estimates of the number of shares of Groupon common stock purchased during the Settlement Class Period that may have been affected by the conduct at issue in the Action and assuming that all Settlement Class Members elect to participate in the Settlement, the estimated average recovery (before the deduction of any Court-approved fees, expenses and costs as described herein) per eligible share is $0.14. Settlement Class Members should note, however, that the foregoing average recovery per share is only an estimate. Some Settlement Class Members may recover more or less than this estimated amount depending on, among other factors, when and at what prices they purchased/acquired or sold their shares of Groupon common stock, and the total number of valid Claim Forms submitted. Distributions to Settlement Class Members will be made based on the Plan of Allocation set forth herein (*see* paragraphs 50-68 below) or such other plan of allocation as may be ordered by the Court.

4.      **Average Amount of Damages Per Share:** The Parties do not agree on the average amount of damages per share that would be recoverable if Lead Plaintiff were to prevail in the Action. Among other things, Defendants do not agree with the assertion that they violated the federal securities laws or that any damages were suffered by any members of the Settlement Class as a result of Defendants' conduct.

5.      **Attorneys' Fees and Expenses Sought:** Plaintiff's Counsel, which have been prosecuting the Action on a wholly contingent basis since its inception in 2020, have not received any payment of attorneys' fees for their representation of the Settlement Class and have advanced the funds to pay expenses necessarily incurred to prosecute this Action. Court-appointed Lead Counsel, Kirby McInerney LLP and Glancy Prongay & Murray LLP, will apply to the Court for an award of attorneys' fees for all Plaintiff's Counsel in an amount not to exceed 33⅓% of the Settlement Fund. In addition, Lead Counsel will apply for reimbursement of Litigation Expenses paid or incurred in connection with the institution, prosecution, and resolution of the claims against the Defendants, in an amount not to exceed $350,000, which may include an application for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiff directly related to his representation of the Settlement Class in an amount not to exceed $5,000. Any fees and expenses awarded by the Court will be paid from the Settlement Fund. Settlement Class Members are not personally liable for any such fees or expenses. Estimates of the average cost per affected share of Groupon common stock, if the Court approves Lead Counsel's fee and expense application, is $0.05 per eligible share.

6.      **Identification of Attorneys' Representatives:** Lead Plaintiff and the Settlement Class are represented by Thomas W. Elrod, Esq. of Kirby McInerney LLP, 250 Park Avenue, Suite 820, New York, NY 10177, (212) 371-6600, telrod@kmllp.com and Leanne H. Solish, Esq. of Glancy Prongay & Murray LLP, 1925 Century Park East, Suite 2100, Los Angeles, CA 90067, (888) 773-9224, settlements@glancylaw.com.

7.      **Reasons for the Settlement:** Lead Plaintiff's principal reason for entering into the Settlement is the substantial immediate cash benefit for the Settlement Class without the risk or the delays inherent in further litigation. Moreover, the substantial cash benefit provided under the Settlement must be considered against the significant risk that a smaller recovery – or indeed no recovery at all – might be achieved after contested motions, a trial of the Action, and the likely appeals that would follow a trial. This process could be expected to last several years. Defendants, who deny all allegations of wrongdoing or liability whatsoever, are entering into the Settlement solely to eliminate the uncertainty, burden, and expense of further protracted litigation.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM FORM ONLINE OR POSTMARKED NO LATER THAN DECEMBER 1, 2022.** | This is the only way to be eligible to receive a payment from the Settlement Fund. If you are a Settlement Class Member and you remain in the Settlement Class, you will be bound by the Settlement as approved by the Court and you will give up any Released Plaintiff's Claims (defined in ¶ 33 below) that you have against Defendants' Releasees (defined in ¶ 34 below), so it is in your interest to submit a Claim Form. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION SO THAT IT IS *RECEIVED* NO LATER THAN SEPTEMBER 22, 2022.** | If you exclude yourself from the Settlement Class, you will not be eligible to receive any payment from the Settlement Fund. Excluding yourself from the Settlement Class is the only option that allows you ever to be part of any other lawsuit against any of the Defendants' Releasees concerning the Released Plaintiff's Claims. |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS *RECEIVED* NO LATER THAN SEPTEMBER 22, 2022.** | If you do not like the proposed Settlement, the proposed Plan of Allocation, or the request for attorneys' fees and reimbursement of Litigation Expenses, you may write to the Court and explain why you do not like one or more of them. You cannot object to the Settlement, the Plan of Allocation, or the fee and expense request unless you are a Settlement Class Member and do not exclude yourself from the Settlement Class. |
| **ATTEND A HEARING ON OCTOBER 13, 2022 AT 9:00 A.M., AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS *RECEIVED* NO LATER THAN SEPTEMBER 22, 2022.** | Filing a written objection and notice of intention to appear by September 22, 2022 allows you to speak in Court, at the discretion of the Court, about the fairness of the proposed Settlement, the Plan of Allocation, and/or the request for attorneys' fees and reimbursement of Litigation Expenses. If you submit a written objection, you may (but you do not have to) attend the hearing and, at the discretion of the Court, speak to the Court about your objection. |
| **DO NOTHING.** | If you are a member of the Settlement Class and you do not submit a valid Claim Form, you will not be eligible to receive any payment from the Settlement Fund. You will, however, remain a member of the Settlement Class, which means that you give up your right to sue about the claims that are resolved by the Settlement and you will be bound by any judgments or orders entered by the Court in the Action. |

## WHAT THIS NOTICE CONTAINS

WHY DID I GET THIS NOTICE?.................................................................................................PAGE 4

WHAT IS THIS CASE ABOUT? ...............................................................................................PAGE 4

HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT?
WHO IS INCLUDED IN THE SETTLEMENT CLASS? ...........................................................PAGE 5

WHAT ARE LEAD PLAINTIFF'S REASONS FOR THE SETTLEMENT?...............................PAGE 6

WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT?............................................PAGE 6

HOW ARE SETTLEMENT CLASS MEMBERS AFFECTED BY THE ACTION AND THE SETTLEMENT?
....................................................................................................................................................PAGE 6

HOW DO I PARTICIPATE IN THE SETTLEMENT? WHAT DO I NEED TO DO?................PAGE 8

HOW MUCH WILL MY PAYMENT BE? .................................................................................PAGE 8

WHAT PAYMENT ARE THE ATTORNEYS FOR THE SETTLEMENT CLASS SEEKING?
HOW WILL THE LAWYERS BE PAID? ..................................................................................PAGE 12

3

**WHAT IF I DO NOT WANT TO BE A MEMBER OF THE SETTLEMENT CLASS?**
**HOW DO I EXCLUDE MYSELF?**.................................................................................. PAGE 13

**WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?**
**DO I HAVE TO COME TO THE HEARING? MAY I SPEAK AT THE HEARING IF I**
**DON'T LIKE THE SETTLEMENT?**.................................................................................. PAGE 13

**WHAT IF I BOUGHT SHARES ON SOMEONE ELSE'S BEHALF?**................................................. PAGE 15

**CAN I SEE THE COURT FILE? WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?**............................ PAGE 15

---

## WHY DID I GET THIS NOTICE?

8.      The Court directed that this Notice be mailed to you because you or someone in your family or an investment account for which you serve as a custodian may have purchased or otherwise acquired Groupon common stock during the Settlement Class Period. The Court has directed us to send you this Notice because, as a potential Settlement Class Member, you have a right to know about your options before the Court rules on the proposed Settlement. Additionally, you have the right to understand how this class action lawsuit may generally affect your legal rights. If the Court approves the Settlement, and the Plan of Allocation (or some other plan of allocation), the claims administrator selected by Lead Plaintiff and approved by the Court will make payments pursuant to the Settlement after any objections and appeals are resolved.

9.      The purpose of this Notice is to inform you of the existence of this case, that it is a class action, how you might be affected, and how to exclude yourself from the Settlement Class if you wish to do so. It is also being sent to inform you of the terms of the proposed Settlement, and of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation and the motion by Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses (the "Settlement Hearing"). *See* paragraphs 74-75 below for details about the Settlement Hearing, including the date and location of the hearing.

10.     The issuance of this Notice is not an expression of any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the Settlement. If the Court approves the Settlement and a plan of allocation, then payments to Authorized Claimants will be made after any appeals are resolved and after the completion of all claims processing. Please be patient, as this process can take some time to complete.

---

## WHAT IS THIS CASE ABOUT?

11.     A class action complaint was filed in the Court on April 28, 2020, styled *Macovski v. Groupon Inc. et al.*, No. 1:20-cv-02581.

12.     By Order dated August 1, 2020, Fadi E. Rahal was appointed lead plaintiff, and his selection of the law firms of Kirby McInerney LLP and Glancy Prongay & Murray LLP to serve as Lead Counsel and Pomerantz LLP to serve as Liaison Counsel were approved by the Court.

13.     On September 22, 2020, Lead Plaintiff filed and served his Amended Class Action Complaint for Violation of the Federal Securities Laws (the "First Amended Complaint") asserting claims against all Defendants under Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder, and against the Individual Defendants under Section 20(a) of the Exchange Act. Among other things, the First Amended Complaint alleged that Defendants made statements that omitted material adverse information concerning (i) Groupon's Goods division, (ii) Groupon's Select loyalty program, and (iii) Groupon's overall financial performance. The First Amended Complaint further alleged that the prices of Groupon's publicly-traded securities were artificially inflated as a result of Defendants' allegedly false and misleading statements, and declined when the truth was revealed.

14.     On November 23, 2020, Defendants moved to dismiss the First Amended Complaint. On April 28, 2021, the Court granted Defendants' motion to dismiss, and permitted Lead Plaintiff to file a motion for leave to amend that includes a proposed second amended complaint that meets the PSLRA's pleading requirements.

15.     On May 19, 2021, Lead Plaintiff filed and served a motion for leave to amend the First Amended Complaint along with a [Proposed] Second Amended Class Action Complaint for Violation of the Federal Securities Laws. On June 23, 2021, Defendants filed and served an opposition to Lead Plaintiff's motion for leave to amend.

4

16. On August 11, 2021, the Court granted Lead Plaintiff's motion for leave to file the [Proposed] Second Amended Class Action Complaint for Violation of the Federal Securities Laws. On August 12, 2021, Lead Plaintiff filed and served the Second Amended Class Action Complaint for Violation of the Federal Securities Laws (the "Second Amended Complaint"), again asserting claims under the Exchange Act against Defendants based upon a similar set of allegations as the First Amended Complaint.

17. On September 24, 2021, Defendants filed and served an answer to the Complaint. In addition to denying the allegations in the Complaint, the answer asserted that Defendants would expect to raise multiple defenses, including, but not limited to, the truthfulness of the alleged misstatements, the immateriality of the alleged misrepresentations and omissions, the nonexistence of allegedly omitted information, the reasonable basis upon which forward-looking statements were made, the lack of requisite scienter, and the lack of a legal duty to disclose allegedly withheld, later-discovered information. Moreover, to the extent Plaintiff's case rests primarily on allegations related to Select, Defendants would expect to show that Select was an early-stage loyalty program with a membership of well less than 1% of Groupon's customer base.

18. The Parties exchanged their initial disclosures on October 1, 2021. From October 2021 through April 2022, counsel for Lead Plaintiff and Defendants began to engage in fact discovery. Over the course of discovery, Lead Counsel reviewed and analyzed more than 90,000 pages of documents produced by Defendants and third parties. In addition to responding to discovery, Defendants propounded Requests for Production of Documents and written Interrogatories upon Lead Plaintiff, to which Lead Plaintiff responded and produced documents.

19. While discovery was ongoing, the Parties agreed to participate in private mediation. The Parties selected Jed D. Melnick, Esq. of JAMS to serve as mediator. The Parties exchanged extensive mediation statements and exhibits that addressed, among other things, issues related to liability and damages. On March 15, 2022, the Parties participated in a virtual, full-day mediation session. The session ended without an agreement to settle and the Parties continued with discovery.

20. Mr. Melnick conducted further discussions with the Parties, which culminated in a mediator's recommendation to resolve the Action for $13,500,000 for the benefit of the Settlement Class, which the Parties accepted.

21. Based on the investigation and mediation of the case and Lead Plaintiff's direct oversight of the prosecution of this matter and with the advice of their counsel, Lead Plaintiff has agreed to settle and release the claims raised in the Action pursuant to the terms and provisions of the Stipulation after considering, among other things: (a) the substantial financial benefit that Lead Plaintiff and the other members of the Settlement Class will receive under the proposed Settlement; and (b) the significant risks and costs of continued litigation and trial.

22. Defendants are entering into the Stipulation solely to eliminate the uncertainty, burden, and expense of further protracted litigation. Each of the Defendants denies any wrongdoing, and the Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any of the Defendants, or any other of the Defendants' Releasees (defined in ¶ 34 below), with respect to any claim or allegation of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that Defendants have, or could have, asserted. Similarly, the Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of Lead Plaintiff of any infirmity in any of the claims asserted in the Action, or an admission or concession that any of the Defendants' defenses to liability had any merit.

23. On July 6, 2022, the Court preliminarily approved the Settlement, authorized this Notice to be disseminated to potential Settlement Class Members, and scheduled the Settlement Hearing to consider whether to grant final approval to the Settlement.

| **HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT?** |
|:---:|
| **WHO IS INCLUDED IN THE SETTLEMENT CLASS?** |

24. If you are a member of the Settlement Class, you are subject to the Settlement, unless you timely request to be excluded. The Settlement Class consists of:

> all persons and entities who or that, between July 30, 2019, and February 18, 2020, inclusive, purchased or otherwise acquired Groupon common stock and were damaged thereby.

Excluded from the Settlement Class are: (i) Defendants; (ii) any person who served as a control person, executive officer, and/or director of Groupon during the Settlement Class Period, and members of his or her Immediate Family; (iii) present and former parents, subsidiaries, assigns, successors, affiliates, and predecessors of Groupon; (iv) any entity in which Defendants have or had a controlling interest during the Settlement Class Period; (v) any trust of

which any Individual Defendant is the settlor or that is for the benefit of any Individual Defendant and/or member(s) of his or her Immediate Family; and (vi) the legal representatives, heirs, successors, and assigns of any person or entity excluded under provisions (i) through (v) hereof. Also excluded from the Settlement Class are any persons or entities who or that exclude themselves by submitting a request for exclusion in accordance with the requirements set forth in this Notice. *See* "What If I Do Not Want To Be A Member Of The Settlement Class? How Do I Exclude Myself," on page 6 below.

**PLEASE NOTE:  RECEIPT OF THIS NOTICE DOES NOT MEAN THAT YOU ARE A SETTLEMENT CLASS MEMBER OR THAT YOU WILL BE ENTITLED TO RECEIVE PROCEEDS FROM THE SETTLEMENT. IF YOU ARE A SETTLEMENT CLASS MEMBER AND YOU WISH TO BE ELIGIBLE TO PARTICIPATE IN THE DISTRIBUTION OF PROCEEDS FROM THE SETTLEMENT, YOU ARE REQUIRED TO SUBMIT THE CLAIM FORM THAT IS BEING DISTRIBUTED WITH THIS NOTICE AND THE REQUIRED SUPPORTING DOCUMENTATION AS SET FORTH THEREIN ONLINE OR POSTMARKED NO LATER THAN DECEMBER 1, 2022.**

| WHAT ARE LEAD PLAINTIFF'S REASONS FOR THE SETTLEMENT? |
|:---:|

25.      Lead Plaintiff and Lead Counsel believe that the claims asserted against Defendants have merit. They recognize, however, the expense and length of continued proceedings necessary to pursue their claims against the remaining Defendants through trial and appeals, as well as the very substantial risks they would face in establishing liability and damages. For example, Defendants argued and would have continued to argue that the Select loyalty program was not over-indexing to Goods as of the start of the Settlement Class Period, the Select loyalty program was in any event not material to Groupon investors, and that Defendants had not yet decided to exit Groupon's Goods business at the time of the challenged statements, contrary to Lead Plaintiff's allegations. Defendants have also argued that any investor losses were not caused by any of the alleged misrepresentations. Additionally, Lead Plaintiff would have to prevail at several stages – class certification, motions for summary judgment, trial, and if he prevailed on those, on the appeals that would likely follow. Thus, there were very significant risks attendant to the continued prosecution of the Action.

26.      In light of these risks, the amount of the Settlement and the immediacy of recovery to the Settlement Class, Lead Plaintiff and Lead Counsel believe that the proposed Settlement is fair, reasonable, and adequate, and in the best interests of the Settlement Class. Lead Plaintiff and Lead Counsel believe that the Settlement provides a substantial benefit to the Settlement Class, namely $13,500,000 in cash (less the various deductions described in this Notice), as compared to the risk that the claims in the Action would produce a smaller, or no recovery after summary judgment, trial, and appeals, possibly years in the future.

27.      Defendants have denied the claims asserted against them in the Action and deny having engaged in any wrongdoing or violation of law of any kind whatsoever. Defendants have agreed to the Settlement solely to eliminate the burden and expense of continued litigation. Accordingly, the Settlement may not be construed as an admission of any wrongdoing by Defendants.

| WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT? |
|:---:|

28.      If there were no Settlement and Lead Plaintiff failed to establish any essential legal or factual element of the claims asserted against Defendants, neither Lead Plaintiff nor the other members of the Settlement Class would recover anything from Defendants. Also, if Defendants were successful in proving any of their defenses, either at summary judgment, at trial, or on appeal, the Settlement Class could recover substantially less than the amount provided in the Settlement, or nothing at all.

| HOW ARE SETTLEMENT CLASS MEMBERS AFFECTED BY THE ACTION AND THE SETTLEMENT? |
|:---:|

29.      As a Settlement Class Member, you are represented by Lead Plaintiff and Lead Counsel, unless you enter an appearance through counsel of your own choice at your own expense. You are not required to retain your own counsel, but if you choose to do so, such counsel must file a notice of appearance on your behalf and must serve copies of his or her appearance on the attorneys listed in the section below entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?".

30.     If you are a Settlement Class Member and do not wish to remain a Settlement Class Member, you may exclude yourself from the Settlement Class by following the instructions in the section below entitled, "What If I Do Not Want To Be A Member Of The Settlement Class?  How Do I Exclude Myself?".

31.     If you are a Settlement Class Member and you wish to object to the Settlement, the Plan of Allocation, or Lead Counsel's application for attorneys' fees and reimbursement of Litigation Expenses, and if you do not exclude yourself from the Settlement Class, you may present your objections by following the instructions in the section below entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?".

32.     If you are a Settlement Class Member and you do not exclude yourself from the Settlement Class, you will be bound by any orders issued by the Court. If the Settlement is approved, the Court will enter a judgment (the "Judgment"). The Judgment will dismiss with prejudice the claims against Defendants and will provide that, upon the Effective Date of the Settlement, Lead Plaintiff and each of the other Settlement Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, will have fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiff's Claim (as defined in ¶ 33 below) against Defendants' Releasees (as defined in ¶ 34 below), and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiff's Claims against any of the Defendants' Releasees.

33.     "Released Plaintiff's Claims" means all claims and causes of action of every nature and description, whether known claims or Unknown Claims, whether arising under federal, state, common, or foreign law, that Lead Plaintiff or any other member of the Settlement Class: (i) asserted in the Complaint; or (ii) could have asserted in any forum that arise out of or are based upon the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the Complaint and that relate to the purchase or acquisition of Groupon common stock during the Settlement Class Period. However, Released Plaintiff's Claims do not include: (i) any claims relating to the enforcement of the Settlement; (ii) any claims asserted in *Frankel v. Thomas*, 1:21-cv-01281-RGA (D. Del.), *Estreen v. Lefkofsky*, C.A. No. 2022-0057-PAF (Del. Ch.), *Khoury v. Williams*, C.A. No. 2022-0077-PAF (Del. Ch.), and/or *Anders v. Angelakis*, C.A. No. 2022-0407-MTZ (Del. Ch.); and (iii) any claims of any person or entity who or that submits a request for exclusion that is accepted by the Court.

34.     "Defendants' Releasees" means Defendants and their current and former officers, directors, agents, parents, affiliates, subsidiaries, successors, predecessors, assigns, assignees, insurers, reinsurers, employees, and attorneys, in their capacities as such.

35.     "Unknown Claims" means any Released Plaintiffs' Claims that Lead Plaintiff or any other Settlement Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, and any Released Defendants' Claims that any Defendant or any other Defendants' Releasee does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, that, if known by him, her, or it, might have affected his, her, or its decision(s) with respect to this Settlement. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Lead Plaintiffs and Defendants shall expressly waive, and each of the other Settlement Class Members and each of the other Defendants' Releasees shall be deemed to have waived, and by operation of the Judgment or the Alternate Judgment, if applicable, shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, that is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Lead Plaintiff and Defendants acknowledge, and each of the other Settlement Class Members and each of the other Defendants' Releasees shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

36.     The Judgment will also provide that, upon the Effective Date of the Settlement, Defendants and each of the other Defendants' Releasees, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, will have fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Defendants' Claim (as defined in ¶ 37 below) against Lead Plaintiff and other Plaintiff's Releasees (as defined in ¶ 38 below), and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Plaintiff's Releasees.

37.    "Released Defendants' Claims" means all claims and causes of action of every nature and description, whether known claims or Unknown Claims, whether arising under federal, state, common, or foreign law, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims asserted in the Action against Defendants. Released Defendants' Claims do not include any claims relating to the enforcement of the Settlement or any claims against any person or entity who or that submits a request for exclusion from the Settlement Class that is accepted by the Court.

38.    "Plaintiff's Releasees" means Lead Plaintiff, all other plaintiffs in the Action, their respective attorneys, and all other Settlement Class Members, and their respective current and former officers, directors, agents, parents, affiliates, subsidiaries, successors, predecessors, assigns, assignees, employees, and attorneys, in their capacities as such.

## HOW DO I PARTICIPATE IN THE SETTLEMENT?  WHAT DO I NEED TO DO?

39.    To be eligible for a payment from the proceeds of the Settlement, you must be a member of the Settlement Class and you must timely complete and return the Claim Form with adequate supporting documentation **online or postmarked no later than December 1, 2022**. A Claim Form is included with this Notice, or you may obtain one from the website maintained by the Claims Administrator for the Settlement, www.GrouponSecuritiesSettlement.com, or you may request that a Claim Form be mailed to you by calling the Claims Administrator toll-free at 1-866-991-0893. Please retain all records of your ownership of and transactions in Groupon common stock, as they may be needed to document your Claim. If you request exclusion from the Settlement Class or do not submit a timely and valid Claim Form, you will not be eligible to share in the Net Settlement Fund.

## HOW MUCH WILL MY PAYMENT BE?

40.    At this time, it is not possible to make any determination as to how much any individual Settlement Class Member may receive from the Settlement.

41.    Pursuant to the Settlement, Defendants have agreed to pay or caused to be paid thirteen million five hundred thousand dollars ($13,500,000) in cash. The Settlement Amount will be deposited into an escrow account. The Settlement Amount plus any interest earned thereon is referred to as the "Settlement Fund."  If the Settlement is approved by the Court and the Effective Date occurs, the "Net Settlement Fund" (that is, the Settlement Fund less (a) all federal, state and/or local taxes on any income earned by the Settlement Fund and the reasonable costs incurred in connection with determining the amount of and paying taxes owed by the Settlement Fund (including reasonable expenses of tax attorneys and accountants); (b) the costs and expenses incurred in connection with providing notice to Settlement Class Members and administering the Settlement on behalf of Settlement Class Members; and (c) any attorneys' fees and Litigation Expenses awarded by the Court) will be distributed to Settlement Class Members who submit valid Claim Forms, in accordance with the proposed Plan of Allocation or such other plan of allocation as the Court may approve.

42.    The Net Settlement Fund will not be distributed unless and until the Court has approved the Settlement and a plan of allocation, and the time for any petition for rehearing, appeal, or review, whether by certiorari or otherwise, has expired.

43.    Neither Defendants nor any other person or entity that paid any portion of the Settlement Amount on their behalf are entitled to get back any portion of the Settlement Fund once the Court's order or judgment approving the Settlement becomes Final. Defendants shall not have any liability, obligation, or responsibility for the administration of the Settlement, the disbursement of the Net Settlement Fund, or the plan of allocation.

44.    Approval of the Settlement is independent from approval of a plan of allocation. Any determination with respect to a plan of allocation will not affect the Settlement, if approved.

45.    Unless the Court otherwise orders, any Settlement Class Member who fails to submit a Claim Form online or postmarked on or before December 1, 2022 shall be fully and forever barred from receiving payments pursuant to the Settlement but will in all other respects remain a Settlement Class Member and be subject to the provisions of the Stipulation, including the terms of any Judgment entered and the releases given. This means that each Settlement Class Member releases the Released Plaintiff's Claims (as defined in ¶ 33 above) against Defendants' Releasees (as defined in ¶ 34 above) and will be enjoined and prohibited from filing, prosecuting, or pursuing any of the Released Plaintiff's Claims against any of Defendants' Releasees whether or not such Settlement Class Member submits a Claim Form.

8

46.     Participants in and beneficiaries of a plan covered by ERISA ("ERISA Plan") should NOT include any information relating to their transactions in Groupon common stock held through the ERISA Plan in any Claim Form that they may submit in this Action. They should include ONLY those shares that they purchased or acquired outside of the ERISA Plan. Claims based on any ERISA Plan's purchases or acquisitions of Groupon common stock during the Settlement Class Period may be made by the plan's trustees. To the extent any of the Defendants or any of the other persons or entities excluded from the Settlement Class are participants in the ERISA Plan, such persons or entities shall not receive, either directly or indirectly, any portion of the recovery that may be obtained from the Settlement by the ERISA Plan.

47.     The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the Claim of any Settlement Class Member.

48.     Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Claim Form.

49.     Only Settlement Class Members, *i.e.*, persons and entities who purchased or otherwise acquired Groupon common stock during the Settlement Class Period will be eligible to share in the distribution of the Net Settlement Fund. Persons and entities that are excluded from the Settlement Class by definition or that exclude themselves from the Settlement Class pursuant to request will not be eligible to receive a distribution from the Net Settlement Fund and should not submit Claim Forms. The only securities that are included in the Settlement are shares of Groupon common stock.

## PROPOSED PLAN OF ALLOCATION

50.     The objective of the Plan of Allocation is to equitably distribute the Settlement proceeds to those Settlement Class Members who suffered economic losses as a proximate result of the alleged wrongdoing. The calculations made pursuant to the Plan of Allocation are not intended to be estimates of, nor indicative of, the amounts that Settlement Class Members might have been able to recover after a trial. Nor are the calculations pursuant to the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants pursuant to the Settlement. The computations under the Plan of Allocation are only a method to weigh the claims of Authorized Claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Fund.

51.     The Plan of Allocation generally measures the amount of loss that a Settlement Class Member can claim for purposes of making *pro rata* allocations of the cash in the Net Settlement Fund to Authorized Claimants. The Plan of Allocation is not a formal damage analysis. Recognized Loss Amounts are based primarily on the price declines observed over the period which Plaintiffs allege corrective information was entering the market place. In this case, Lead Plaintiff alleges that Defendants made false statements and omitted material facts between July 30, 2019 through and including February 18, 2020, which had the effect of artificially inflating the price of Groupon common stock. The estimated alleged artificial inflation in the price of Groupon common stock during the Settlement Class Period is reflected in Table 1 below. The computation of the estimated alleged artificial inflation in the price of Groupon common stock during the Settlement Class Period is based on certain misrepresentations alleged by Lead Plaintiff and the price change in the stock in reaction to the public announcements that allegedly corrected the misrepresentations alleged by Lead Plaintiff.

52.     In order to have recoverable damages, disclosures correcting the alleged misrepresentations must be the cause of the decline in the price of the Groupon common stock. In this matter, information disclosed after the market closed on February 18, 2020 allegedly corrected the misrepresentations alleged by Lead Plaintiff, thereby removing the alleged artificial inflation from the price of Groupon common stock on February 19, 2020. Accordingly, in order to have a Recognized Loss Amount, Groupon common stock must have been purchased or acquired during the Settlement Class Period and still held through market close on February 18, 2020.

53.     To the extent a Claimant's transactions in Groupon common stock do not satisfy the conditions set forth in the preceding paragraph, his, her or its Recognized Loss Amount for those transactions will be zero. [2]

| Table 1 Artificial Inflation in Groupon Common Stock[3] | | |
|---|---|---|
| **From** | **To** | **Per-Share Price Inflation** |
| July 30, 2019 | February 18, 2020 | $1.35 |
| February 19, 2020 | Thereafter | $0.00 |

---

[3] After the Settlement Class Period, on June 11, 2020, Groupon stock underwent a 1-for-20 reverse stock split. Groupon common stock prices and quantities reported herein are *not* adjusted for this stock split.

54.     The "90-day look back" provision of the Private Securities Litigation Reform Act of 1995 ("PSLRA") is incorporated into the calculation of the Recognized Loss Amount for Groupon common stock. The limitations on the calculation of the Recognized Loss Amount imposed by the PSLRA are applied such that losses on Groupon common stock purchased during the Settlement Class Period and held as of the close of the 90-day period subsequent to the Settlement Class Period (the "90-Day Lookback Period") cannot exceed the difference between the purchase price paid for such stock and its average price during the 90-Day Lookback Period. The Recognized Loss Amount on Groupon common stock purchased during the Settlement Class Period and sold during the 90-Day Lookback Period cannot exceed the difference between the purchase price paid for such stock and its rolling average price during the portion of the 90-Day Lookback Period elapsed as of the date of sale.

55.     In the calculations below, all purchase and sale prices shall exclude any fees, taxes and commissions. If a Recognized Loss Amount is calculated to be a negative number, that Recognized Loss Amount shall be set to zero. Any transactions in Groupon common stock executed outside of regular trading hours for the U.S. financial markets shall be deemed to have occurred during the next regular trading session.

## CALCULATION OF RECOGNIZED LOSS AMOUNTS

56.     Based on the formula set forth below, a "Recognized Loss Amount" shall be calculated for each purchase or acquisition of Groupon common stock during the Settlement Class Period that is listed in the Claim Form and for which adequate documentation is provided.

I.     For each share purchased during the Settlement Class Period that was sold prior to February 19, 2020, the Recognized Loss Amount is $0.00.

II.     For each share purchased during the Settlement Class Period that was subsequently sold during the period February 19, 2020 through May 18, 2020, inclusive (*i.e.*, the 90-Day Lookback Period), the Recognized Loss Amount is *the least of*:

a.     $1.35; or

b.     the purchase price *minus* the "90-Day Lookback Value" on the date of sale as appears in Table 2 below; or

c.     the purchase price *minus* the sale price.

III.     For each share purchased during the Settlement Class Period and still held as of the close of trading on May 18, 2020, the Recognized Loss Amount is *the lesser of*:

a.     $1.35; or

b.     the purchase price minus the average closing price for Groupon stock during the 90-Day Lookback Period, which is $1.05.

| Table 2 | | | | | |
| --- | --- | --- | --- | --- | --- |
| Sale/ Disposition Date | 90-Day Lookback Value | Sale/ Disposition Date | 90-Day Lookback Value | Sale/ Disposition Date | 90-Day Lookback Value |
| 2/19/2020 | $1.70 | 3/19/2020 | $1.13 | 4/20/2020 | $1.00 |
| 2/20/2020 | $1.70 | 3/20/2020 | $1.11 | 4/21/2020 | $1.00 |
| 2/21/2020 | $1.68 | 3/23/2020 | $1.09 | 4/22/2020 | $1.00 |
| 2/24/2020 | $1.65 | 3/24/2020 | $1.08 | 4/23/2020 | $1.00 |
| 2/25/2020 | $1.62 | 3/25/2020 | $1.07 | 4/24/2020 | $1.01 |
| 2/26/2020 | $1.58 | 3/26/2020 | $1.07 | 4/27/2020 | $1.01 |
| 2/27/2020 | $1.55 | 3/27/2020 | $1.07 | 4/28/2020 | $1.02 |
| 2/28/2020 | $1.52 | 3/30/2020 | $1.07 | 4/29/2020 | $1.02 |
| 3/2/2020 | $1.50 | 3/31/2020 | $1.07 | 4/30/2020 | $1.03 |
| 3/3/2020 | $1.47 | 4/1/2020 | $1.06 | 5/1/2020 | $1.03 |

| 3/4/2020 | $1.45 | 4/2/2020 | $1.05 | 5/4/2020 | $1.03 |
|---|---|---|---|---|---|
| 3/5/2020 | $1.42 | 4/3/2020 | $1.04 | 5/5/2020 | $1.04 |
| 3/6/2020 | $1.40 | 4/6/2020 | $1.04 | 5/6/2020 | $1.04 |
| 3/9/2020 | $1.37 | 4/7/2020 | $1.03 | 5/7/2020 | $1.04 |
| 3/10/2020 | $1.34 | 4/8/2020 | $1.03 | 5/8/2020 | $1.04 |
| 3/11/2020 | $1.31 | 4/9/2020 | $1.02 | 5/11/2020 | $1.04 |
| 3/12/2020 | $1.28 | 4/13/2020 | $1.02 | 5/12/2020 | $1.04 |
| 3/13/2020 | $1.25 | 4/14/2020 | $1.02 | 5/13/2020 | $1.04 |
| 3/16/2020 | $1.22 | 4/15/2020 | $1.01 | 5/14/2020 | $1.04 |
| 3/17/2020 | $1.19 | 4/16/2020 | $1.01 | 5/15/2020 | $1.05 |
| 3/18/2020 | $1.16 | 4/17/2020 | $1.00 | 5/18/2020 | $1.05 |

## ADDITIONAL PROVISIONS

57.     The Net Settlement Fund will be allocated among all Authorized Claimants whose Distribution Amount (defined in paragraph 60 below) is $10.00 or greater.

58.     **FIFO Matching:** If a Settlement Class Member has more than one purchase/acquisition or sale of Groupon common stock, all purchases/acquisitions and sales shall be matched on a First In, First Out ("FIFO") basis. Settlement Class Period sales will be matched first against any holdings at the beginning of the Settlement Class Period, and then against purchases/acquisitions in chronological order, beginning with the earliest purchase/acquisition made during the Settlement Class Period.

59.     **Calculation of Claimant's "Recognized Claim":** A Claimant's "Recognized Claim" under the Plan of Allocation shall be the sum of his, her or its Recognized Loss Amounts for all shares of the Groupon common stock.

60.     **Determination of Distribution Amount:** The Net Settlement Fund will be distributed to Authorized Claimants on a *pro rata* basis based on the relative size of their Recognized Claims. Specifically, a "Distribution Amount" will be calculated for each Authorized Claimant, which shall be the Authorized Claimant's Recognized Claim divided by the total Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund. If any Authorized Claimant's Distribution Amount calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to such Authorized Claimant.

61.     **"Purchase/Sale" Dates:** Purchases or acquisitions and sales of Groupon common stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. The receipt or grant by gift, inheritance or operation of law of Groupon common stock during the Settlement Class Period shall not be deemed a purchase, acquisition or sale of Groupon common stock for the calculation of an Authorized Claimant's Recognized Loss Amount, nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition of any Groupon common stock unless (i) the donor or decedent purchased or otherwise acquired such Groupon common stock during the Settlement Class Period; (ii) no Claim Form was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such Groupon common stock; and (iii) it is specifically so provided in the instrument of gift or assignment.

62.     **Short Sales:** The date of covering a "short sale" is deemed to be the date of purchase or acquisition of the Groupon common stock. The date of a "short sale" is deemed to be the date of sale of Groupon common stock. Under the Plan of Allocation, however, the Recognized Loss Amount on "short sales" is zero. In the event that a Claimant has an opening short position in Groupon common stock, the earliest Settlement Class Period purchases or acquisitions shall be matched against such opening short position, and not be entitled to a recovery, until that short position is fully covered.

63.     **Option Contracts:** Option contracts are not securities eligible to participate in the Settlement. With respect to Groupon common stock purchased through the exercise of an option, the purchase date of the Groupon common stock shall be the exercise date of the option, and the purchase price of the Groupon common stock shall be the strike price of Groupon common stock on the date of exercise. Any Recognized Loss Amount arising from purchases of Groupon common stock acquired during the Settlement Class Period through the exercise of an option on Groupon common stock shall be computed as provided for other purchases of Groupon common stock in the Plan of Allocation.

11

64.     **Market Gains and Losses:** To the extent a Claimant had a market gain with respect to his, her, or its overall transactions in Groupon common stock during the Settlement Class Period, the value of the Claimant's Recognized Claim shall be zero. To the extent that a Claimant suffered an overall market loss with respect to his, her, or its overall transactions in Groupon common stock during the Settlement Class Period, but that market loss was less than the total Recognized Claim calculated above, then the Claimant's Recognized Claim shall be limited to the amount of the actual market loss.

65.     For purposes of determining whether a Claimant had a market gain with respect to his, her, or its overall transactions in Groupon common stock during the Settlement Class Period or suffered a market loss, the Claims Administrator shall determine the difference between (i) the Total Purchase Amount[4] and (ii) the sum of the Total Sales Proceeds[5] and the Holding Value[6]. If the Claimant's Total Purchase Amount _minus_ the sum of the Total Sales Proceeds and the Holding Value is a positive number, that number will be the Claimant's market loss on such securities; if the number is a negative number or zero, that number will be the Claimant's market gain on such securities.

66.     After the initial distribution of the Net Settlement Fund, the Claims Administrator shall make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks. To the extent any monies remain in the fund nine (9) months after the initial distribution, if Lead Counsel, in consultation with the Claims Administrator, determines that it is cost-effective to do so, the Claims Administrator shall conduct a re-distribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such re-distribution, to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from such re-distribution. Additional re-distributions to Authorized Claimants who have cashed their prior checks and who would receive at least $10.00 on such additional re-distributions may occur thereafter if Lead Counsel, in consultation with the Claims Administrator, determines that additional re-distributions, after the deduction of any additional fees and expenses incurred in administering the Settlement, including for such re-distributions, would be cost-effective. At such time as it is determined that the re-distribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance shall be contributed to non-sectarian, not-for-profit organization(s), to be recommended by Lead Counsel and approved by the Court.

67.     Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, shall be conclusive against all Authorized Claimants. No person shall have any claim against Lead Plaintiff, Plaintiff's Counsel, Lead Plaintiff's damages expert, Defendants, Defendants' Counsel, or any of the other Releasees, or the Claims Administrator or other agent designated by Lead Counsel arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or further Orders of the Court. Lead Plaintiff, Defendants and their respective counsel, and all other Defendants' Releasees, shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund, the Net Settlement Fund, the plan of allocation, or the determination, administration, calculation, or payment of any Claim Form or nonperformance of the Claims Administrator, the payment or withholding of taxes owed by the Settlement Fund, or any losses incurred in connection therewith.

68.     The Plan of Allocation set forth herein is the plan that is being proposed to the Court for its approval by Lead Plaintiff after consultation with his damages expert. The Court may approve this plan as proposed or it may modify the Plan of Allocation without further notice to the Settlement Class. Any Orders regarding any modification of the Plan of Allocation will be posted on the settlement website, www.GrouponSecuritiesSettlement.com.

| WHAT PAYMENT ARE THE ATTORNEYS FOR THE SETTLEMENT CLASS SEEKING? HOW WILL THE LAWYERS BE PAID? |
|---|

69.     Plaintiff's Counsel have not received any payment for their services in pursuing claims against the Defendants on behalf of the Settlement Class, nor have Plaintiff's Counsel been reimbursed for their out-of-pocket expenses. Before final approval of the Settlement, Lead Counsel will apply to the Court for an award of attorneys' fees for all Plaintiff's Counsel in an amount not to exceed 33⅓% of the Settlement Fund. At the same time, Lead Counsel also intends to apply for reimbursement of Litigation Expenses in an amount not to exceed $350,000, which may include

---

[4] The "Total Purchase Amount" is the total amount the Claimant paid (excluding commissions and other charges) for all Groupon common stock purchased or acquired during the Class Period.

[5] The Claims Administrator shall match any sales of Groupon common stock during the Class Period, first against the Claimant's opening position in Groupon common stock (the proceeds of those sales will not be considered for purposes of calculating market gains or losses). The total amount received (excluding commissions and other charges) for the remaining sales of Groupon common stock sold during the Settlement Class Period shall be the "Total Sales Proceeds."

[6] The Claims Administrator shall ascribe a "Holding Value" to shares of Groupon common stock purchased or acquired during the Settlement Class Period and still held as of the close of trading on February 18, 2020, which shall be $1.05. The total calculated holding values for all Groupon common stock shall be the Claimant's "Total Holding Value."

12

an application for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiff directly related to his representation of the Settlement Class in an amount not to exceed $5,000. The Court will determine the amount of any award of attorneys' fees or reimbursement of Litigation Expenses. Such sums as may be approved by the Court will be paid from the Settlement Fund. Settlement Class Members are not personally liable for any such fees or expenses.

| **WHAT IF I DO NOT WANT TO BE A MEMBER OF THE SETTLEMENT CLASS? HOW DO I EXCLUDE MYSELF?** |
|---|

70.    Each Settlement Class Member will be bound by all determinations and judgments in this lawsuit, whether favorable or unfavorable, unless such person or entity mails or delivers a written Request for Exclusion from the Settlement Class, addressed to *Macovski v. Groupon Inc.*, EXCLUSIONS, c/o Epiq, P.O. Box 2648, Portland, OR 97208-2648. The exclusion request must be *received* no later than September 22, 2022. You will not be able to exclude yourself from the Settlement Class after that date. Each Request for Exclusion must (a) state the name, address and telephone number of the person or entity requesting exclusion, and in the case of entities the name and telephone number of the appropriate contact person; (b) state that such person or entity "requests exclusion from the Settlement Class in *Macovski v. Groupon, Inc.*, No. 1:20-cv-02581"; (c) identify and state the number of shares of Groupon common stock that the person or entity requesting exclusion purchased/acquired and/or sold during the Settlement Class Period (*i.e.*, between July 30, 2019 and February 18, 2020, inclusive), as well as the dates and prices of each such purchase/acquisition and sale; and (d) be signed by the person or entity requesting exclusion or an authorized representative. A Request for Exclusion shall not be valid and effective unless it provides all the information called for in this paragraph and is received within the time stated above, or is otherwise accepted by the Court.

71.    If you do not want to be part of the Settlement Class, you must follow these instructions for exclusion even if you have pending, or later file, another lawsuit, arbitration, or other proceeding relating to any Released Plaintiff's Claim against any of the Defendants' Releasees.

72.    If you ask to be excluded from the Settlement Class, you will not be eligible to receive any payment out of the Net Settlement Fund.

73.    Defendants have the right to terminate the Settlement if valid requests for exclusion are received from persons and entities entitled to be members of the Settlement Class in an amount that exceeds a threshold agreed to by Lead Plaintiff and Defendants.

| **WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT? DO I HAVE TO COME TO THE HEARING? MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?** |
|---|

74.    **Settlement Class Members do not need to attend the Settlement Hearing. The Court will consider any submission made in accordance with the provisions below even if a Settlement Class Member does not attend the hearing. You can participate in the Settlement without attending the Settlement Hearing**.

75.    The Settlement Hearing will be held on October 13, 2022 at 9:00 a.m., before the Honorable Matthew F. Kennelly **via teleconference, call-in number: 888-684-8852, access code: 746-1053.** The Court reserves the right to approve the Settlement, the Plan of Allocation, Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, and/or any other matter related to the Settlement at or after the Settlement Hearing without further notice to the members of the Settlement Class. The Court also reserves the right to hold the Settlement Hearing telephonically or via videoconference.

76.    Any Settlement Class Member who or that does not request exclusion may object to the Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses. Objections must be in writing. You must file any written objection, together with copies of all other papers and briefs supporting the objection, with the Clerk's Office at the United States District Court for the Northern District of Illinois at the address set forth below on or before September 22, 2022. You must also serve the papers on Lead Counsel and on Defendants' Counsel at the addresses set forth below so that the papers are *received* **on or before September 22, 2022**.

13

| **Clerk's Office** | **Lead Counsel** | **Defendants' Counsel** |
|---|---|---|
| United States District Court<br>Northern District of Illinois<br>Clerk of the Court<br>United States Courthouse<br>219 S. Dearborn Street,<br>Chicago, IL 60604 | **Kirby McInerney LLP**<br>Thomas W. Elrod, Esq.<br>250 Park Avenue, Suite 820<br>New York, NY 10177<br><br>-and-<br><br>**Glancy Prongay & Murray LLP**<br>Leanne H. Solish, Esq.<br>1925 Century Park East,<br>Suite 2100<br>Los Angeles, CA 90067 | **Skadden, Arps, Slate, Meagher & Flom LLP**<br>Matthew R. Kipp, Esq.<br>155 N. Wacker Drive<br>Chicago, IL 60606 |

77.     Any objection (a) must state the name, address, and telephone number of the person or entity objecting and must be signed by the objector; (b) must contain a statement of the Settlement Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention; and (c) must include documents sufficient to prove membership in the Settlement Class, including the number of shares of Groupon common stock that the objecting Settlement Class Member purchased/acquired and/or sold during the Settlement Class Period (*i.e.*, between July 30, 2019 and February 18, 2020 inclusive), as well as the dates and prices of each such purchase/acquisition and sale. You may not object to the Settlement, the Plan of Allocation, or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses if you exclude yourself from the Settlement Class or if you are not a member of the Settlement Class.

78.     You may file a written objection without having to appear at the Settlement Hearing. You may not, however, appear at the Settlement Hearing to present your objection unless you first file and serve a written objection in accordance with the procedures described above, unless the Court orders otherwise.

79.     If you wish to be heard orally at the hearing in opposition to the approval of the Settlement, the Plan of Allocation, or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, and if you timely file and serve a written objection as described above, you must also file a notice of appearance with the Clerk's Office and serve it on Lead Counsel and Defendants' Counsel at the addresses set forth above so that it is *received* **on or before September 22, 2022**. Persons who intend to object and desire to present evidence at the Settlement Hearing must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing. Such persons may be heard orally at the discretion of the Court.

80.     You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Hearing. However, if you decide to hire an attorney, it will be at your own expense, and that attorney must file a notice of appearance with the Court and serve it on Lead Counsel and Defendants' Counsel at the addresses set forth in ¶ 76 above so that the notice is *received* **on or before September 22, 2022.**

81.     The Settlement Hearing may be adjourned by the Court, or held telephonically or via videoconference, without further written notice to the Settlement Class. If you intend to attend the Settlement Hearing, you should confirm the date, time, and location on the settlement website www.GrouponSecuritiesSettlement.com, or with Lead Counsel, given potential changes as a result of the COVID-19 pandemic.

82.     **Unless the Court orders otherwise, any Settlement Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses. Settlement Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.**

## WHAT IF I BOUGHT SHARES ON SOMEONE ELSE'S BEHALF?

83.     If you purchased or otherwise acquired Groupon common stock between July 30, 2019 and February 18, 2020 inclusive, for the beneficial interest of persons or organizations other than yourself, you must either (a) within seven (7) calendar days of receipt of this Notice, request from the Claims Administrator sufficient copies of the Notice and Claim Form (the "Notice Packet") to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Notice Packets forward them to all such beneficial owners; or (b) within seven (7) calendar days of receipt of this Notice, provide a list of the names and addresses of all such beneficial owners to *Macovski v. Groupon, Inc.*, c/o Epiq, P.O. Box 2648, Portland, OR 97208-2648. If you choose the second option, the Claims Administrator will send a copy of the Notice and the Claim Form to the beneficial owners. Upon full compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred—up to a maximum of $0.50 per Notice Packet mailed; $0.05 per Notice Packet transmitted by email; or $0.10 per name, mailing address, and email address (to the extent available) provided to the Claims Administrator—by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Any dispute concerning the reasonableness of reimbursement costs shall be resolved by the Court. Copies of this Notice and the Claim Form may also be obtained from the website maintained by the Claims Administrator, www.GrouponSecuritiesSettlement.com, or by calling the Claims Administrator toll-free at 1-866-991-0893.

## CAN I SEE THE COURT FILE? WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?

84.     This Notice contains only a summary of the terms of the proposed Settlement. For more detailed information about the matters involved in this Action, you are referred to the papers on file in the Action, including the Stipulation, which may be inspected during regular office hours at the Office of the Clerk, United States District Court for the Northern District of Illinois, Everett McKinley Dirksen United States Courthouse, 219 S. Dearborn Street, Chicago, IL 60604. Additionally, copies of the Stipulation and any related orders entered by the Court will be posted on the website maintained by the Claims Administrator, www.GrouponSecuritiesSettlement.com.

85.     All inquiries concerning this Notice and the Claim Form should be directed to:

<table>
<tr><td><em>Macovski v. Groupon Inc.</em><br>c/o Epiq<br>P.O. Box 2648<br>Portland, OR 97208-2648<br>1-866-991-0893<br>www.GrouponSecuritiesSettlement.com</td><td>and/or</td><td>Thomas W. Elrod, Esq.<br>KIRBY MCINERNEY LLP<br>250 Park Avenue, Suite 820<br>New York, NY 10177<br>(212) 371-6600<br>telrod@kmllp.com</td></tr>
</table>

-and-

Leanne H. Solish, Esq.
GLANCY PRONGAY & MURRAY LLP
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
(888) 773-9224
settlements@glancylaw.com

**DO NOT CALL OR WRITE THE COURT, THE OFFICE OF THE CLERK OF THE COURT, DEFENDANTS OR THEIR COUNSEL REGARDING THIS NOTICE.**

Dated: August 3, 2022

By Order of the Court
United States District Court
Northern District of Illinois

15

**Exhibit A-2**

*Macovski v. Groupon, Inc.*
c/o Epiq
P.O. Box 2648
Portland, OR 97208-2648
Toll-Free Number: (866) 991-0893
Settlement Website: www.GrouponSecuritiesSettlement.com
Email: info@GrouponSecuritiesSettlement.com

## PROOF OF CLAIM AND RELEASE FORM

To be eligible to receive a share of the Net Settlement Fund in connection with the Settlement of this Action, you must be a Settlement Class Member and complete and sign this Proof of Claim and Release Form ("Claim Form") and submit it online at www.GrouponSecuritiesSettlement.com or mail it by First-Class Mail to the above address, **submitted online or postmarked no later than December 1, 2022.**

Failure to submit your Claim Form by the date specified will subject your claim to rejection and may preclude you from being eligible to recover any money in connection with the Settlement.

**Do not mail or deliver your Claim Form to the Court, the settling parties or their counsel. Submit your Claim Form only to the Claims Administrator at the address set forth above.**

| TABLE OF CONTENTS | PAGE # |
|---|---|
| PART I – CLAIMANT INFORMATION | 2 |
| PART II – GENERAL INSTRUCTIONS | 3 |
| PART III – SCHEDULE OF TRANSACTIONS IN GROUPON COMMON STOCK | 6 |
| PART IV – RELEASE OF CLAIMS AND SIGNATURE | 7-8 |

1

019-CA40058566

## PART I - CLAIMANT INFORMATION

(Please read General Instructions below before completing this page.)

The Claims Administrator will use this information for all communications regarding this Claim Form. If this information changes, you MUST notify the Claims Administrator in writing at the address above.

Beneficial Owner's First Name          MI          Beneficial Owner's Last Name

Co-Beneficial Owner's First Name          MI          Co-Beneficial Owner's Last Name

Entity Name (if Beneficial Owner is not an individual)

Representative or Custodian Name (if different from Beneficial Owner[s] listed above)

Address 1 (street name and number)

Address 2 (apartment, unit or box number)

City          State          ZIP Code

Foreign Country (only if not USA)

Last four digits of Social Security Number or Taxpayer Identification Number

Telephone Number (work)          Telephone Number (home)

Email address (Email address is not required, but if you provide it you authorize the Claims Administrator to use it in providing you with information relevant to this claim.)

Account Number (account(s) through which the securities were traded)[1]

Claimant Account Type (check appropriate box)

☐ Individual          ☐ IRA/401K          ☐ Estate

☐ Joint          ☐ Pension Plan          ☐ Trust

☐ Corporation          ☐ Other _____ (please specify)

[1] If the account number is unknown, you may leave blank.  If the same legal entity traded through more than one account you may write "multiple."  Please see paragraph 11 of the General Instructions for more information on when to file separate Claim Forms for multiple accounts, i.e., when you are filing on behalf of distinct legal entities.

2

**PART II – GENERAL INSTRUCTIONS**

1.        It is important that you completely read and understand the Notice of (I) Pendency of Class Action, Certification of Settlement Class, and Proposed Settlement; (II) Settlement Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (the "Settlement Notice") that accompanies this Claim Form, including the Plan of Allocation of the Net Settlement Fund set forth in the Settlement Notice. The Settlement Notice describes the proposed Settlement, how Settlement Class Members are affected by the Settlement, and the manner in which the Net Settlement Fund will be distributed if the Settlement and Plan of Allocation are approved by the Court. The Settlement Notice also contains the definitions of many of the defined terms (which are indicated by initial capital letters) used in this Claim Form. By signing and submitting this Claim Form, you will be certifying that you have read and that you understand the Settlement Notice, including the terms of the releases described therein and provided for herein.

2.        This Claim Form is directed to all persons or entities who or that, between July 30, 2019, and February 18, 2020, inclusive (the "Settlement Class Period"), purchased or otherwise acquired Groupon, Inc. ("Groupon") common stock ("Groupon Stock") and were damaged thereby (the "Settlement Class"). All persons and entities that are members of the Settlement Class are referred to as "Settlement Class Members."

3.        Excluded from the Settlement Class are: (i) Defendants; (ii) any person who served as a control person, executive officer and/or director of Groupon during the Settlement Class Period, and members of his or her Immediate Family; (iii) present and former parents, subsidiaries, assigns, successors, affiliates, and predecessors of Groupon; (iv) any entity in which Defendants have or had a controlling interest during the Settlement Class Period; (v) any trust of which any Individual Defendant is the settlor or that is for the benefit of any Individual Defendant and/or member(s) of his or her Immediate Family; and (vi) the legal representatives, heirs, successors, and assigns of any person or entity excluded under provisions (i) through (v) hereof. Also excluded from the Settlement Class are any persons and entities who or that validly exclude themselves by submitting a request for exclusion in accordance with the requirements set forth in the Settlement Notice that is accepted by the Court.

4.        If you are not a Settlement Class Member do not submit a Claim Form. YOU MAY NOT, DIRECTLY OR INDIRECTLY, PARTICIPATE IN THE SETTLEMENT IF YOU ARE NOT A SETTLEMENT CLASS MEMBER. THUS, IF YOU ARE EXCLUDED FROM THE CLASS (AS SET FORTH IN PARAGRAPH 3 ABOVE), ANY CLAIM FORM THAT YOU SUBMIT, OR THAT MAY BE SUBMITTED ON YOUR BEHALF, WILL NOT BE ACCEPTED.

5.        If you are a Settlement Class Member, you will be bound by the terms of any judgments or orders entered in the Action WHETHER OR NOT YOU SUBMIT A CLAIM FORM, unless you submit a request for exclusion from the Settlement Class. Thus, if you are a Class Member, the Judgment will release, and you will be barred and enjoined from commencing, instituting, prosecuting or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal or administrative forum, asserting each and every Released Plaintiffs' Claims (including Unknown Claims) against Defendants' Releasees.

6.        You are eligible to participate in the distribution of the Net Settlement Fund only if you are a member of the Settlement Class and if you complete and return this form as specified below. If you fail to submit a timely, properly addressed, and completed Claim Form with the required documentation, your claim may be rejected and you may be precluded from receiving any distribution from the Net Settlement Fund.

7.        Submission of this Claim Form does not guarantee that you will share in the proceeds of the Settlement. The distribution of the Net Settlement Fund will be governed by the Plan of Allocation set forth in the Settlement Notice, if it is approved by the Court, or by such other plan of allocation approved by the Court.

8.        Use the Schedules of Transactions in Part III of this Claim Form to supply all required details of your transaction(s) (including free transfers) in and holdings of the applicable Groupon Stock. On the Schedules of Transactions, please provide all of the requested information with respect to your holdings, purchases, acquisitions and sales of the applicable Groupon Stock, whether such transactions resulted in a profit or a loss. Failure to report all transaction and holding information during the requested time periods may result in the rejection of your claim.

9.        Please note:  Only Groupon Stock purchased or otherwise acquired during the Settlement Class Period (i.e., from July 30, 2019 and February 18, 2020, inclusive) are eligible under the Settlement. However, because the PSLRA provides for a "90 day look-back period" (described in the Plan of Allocation set forth in the Settlement Notice), you must provide documentation related to your purchases and sales of Groupon Stock during the period from

021-CA40058566

February 19, 2020, through and including May 18, 2020 (*i.e.*, the 90-day look-back period) in order for the Claims Administrator to calculate your Recognized Loss Amount under the Plan of Allocation and process your claim. After the Settlement Class Period, on June 11, 2020, Groupon common stock underwent a 1-for-20 reverse stock split. Groupon common stock prices and quantities reported in the Plan of Allocation are *not* adjusted for this stock split. Please submit your data claimed on a pre-split basis.

10. You are required to submit genuine and sufficient documentation for all of your transactions and holdings of the applicable Groupon Stock set forth in the Schedules of Transactions in Part III of this Claim Form. Documentation may consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from your broker containing the transactional and holding information found in a broker confirmation slip or account statement. The Parties and the Claims Administrator do not independently have information about your investments in Groupon Stock. IF SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN COPIES OR EQUIVALENT CONTEMPORANEOUS DOCUMENTS FROM YOUR BROKER. FAILURE TO SUPPLY THIS DOCUMENTATION MAY RESULT IN THE REJECTION OF YOUR CLAIM. DO NOT SEND ORIGINAL DOCUMENTS. **Please keep a copy of all documents that you send to the Claims Administrator. Also, please do not highlight any portion of the Claim Form or any supporting documents.**

11. Separate Claim Forms should be submitted for each separate legal entity (*e.g.*, a claim from joint owners should not include separate transactions through an account that is in the name of just one of the joint owners, and an individual should not combine his or her IRA transactions with transactions made through an account in the individual's name). Conversely, a single Claim Form should be submitted on behalf of one legal entity including all transactions made by that entity on one Claim Form, no matter how many separate accounts that entity has (*e.g.*, a corporation with multiple brokerage accounts should include all transactions made in all accounts on one Claim Form).

12. All joint beneficial owners must sign this Claim Form. If you purchased or otherwise acquired Groupon Stock during the Settlement Class Period and held the securities in your name, you are the beneficial owner as well as the record owner and you must sign this Claim Form to participate in the Settlement. If, however, you purchased or otherwise acquired Groupon Stock during the Settlement Class Period and the securities were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial owner of these securities, but the third party is the record owner. The beneficial owner, not the record owner, must sign this Claim Form.

13. Agents, executors, administrators, guardians, and trustees must complete and sign the Claim Form on behalf of persons represented by them, and they must:

    (a) expressly state the capacity in which they are acting;

    (b) identify the name, account number, Social Security Number (or taxpayer identification number), address and telephone number of the beneficial owner of (or other person or entity on whose behalf they are acting with respect to) the Groupon Stock; and

    (c) furnish herewith evidence of their authority to bind to the Claim Form the person or entity on whose behalf they are acting. (Authority to complete and sign a Claim Form cannot be established by stockbrokers demonstrating only that they have discretionary authority to trade stock in another person's accounts.)

14. By submitting a signed Claim Form, you will be swearing that you:

    (a) own(ed) the Groupon Stock you have listed in the Claim Form; or

    (b) are expressly authorized to act on behalf of the owner thereof.

15. By submitting a signed Claim Form, you will be swearing to the truth of the statements contained therein and the genuineness of the documents attached thereto, subject to penalties of perjury under the laws of the United States of America. The making of false statements, or the submission of forged or fraudulent documentation, will result in the rejection of your claim and may subject you to civil liability or criminal prosecution.

16. If the Court approves the Settlement, payments to eligible Authorized Claimants pursuant to the Plan of Allocation (or such other plan of allocation as the Court approves) will be made after the completion of all claims processing. This could take substantial time. Please be patient.

022-CA40058566

17.     PLEASE NOTE:  As set forth in the Plan of Allocation, each Authorized Claimant shall receive his, her or its pro rata share of the Net Settlement Fund. If the prorated payment to any Authorized Claimant, however, calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

18.     If you have questions concerning the Claim Form, or need additional copies of the Claim Form or the Settlement Notice, you may contact the Claims Administrator, Epiq  at *Macovski v. Groupon, Inc.* P.O. Box 2648, Portland, OR 97208-2648, by email at info@GrouponSecuritiesSettlement.com, or by toll-free phone at (866) 991-0893 or you may download the documents from the Settlement website, www.GrouponSecuritiesSettlement.com.

19.     NOTICE REGARDING ELECTRONIC FILES:  Certain Claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files. To obtain the mandatory electronic filing requirements and file layout, you may visit the Settlement website at www.GrouponSecuritiesSettlement.com or you may email the Claims Administrator's electronic filing department at info@GrouponSecuritiesSettlement.com. Any file not in accordance with the required electronic filing format will be subject to rejection. No electronic files will be considered to have been properly submitted unless the Claims Administrator issues an email to that effect after processing your file with your claim numbers and respective account information. Do not assume that your file has been received or processed until you receive this email. If you do not receive such an email within 10 days of your submission, you should contact the electronic filing department at info@ GrouponSecuritiesSettlement.com to inquire about your file and confirm it was received and acceptable.

20.     NOTICE REGARDING ONLINE FILING: Claimants who are not Representative Filers may submit their claims online using the electronic version of the Claim Form hosted at www.GrouponSecuritiesSettlement.com. If you are not acting as a Representative Filer, you do not need to contact the Claims Administrator prior to filing; you will receive an automated email confirming receipt once your Claim Form has been submitted. If you are unsure if you should submit your claim as a Representative Filer, please contact the Claims Administrator at info@GrouponSecuritiesSettlement.com or by toll-free phone at (866) 991-0893. If you are not a Representative Filer, but your claim contains a large number of transactions, the Claims Administrator may request that you also submit an electronic spreadsheet showing your transactions to accompany your Claim Form.

## IMPORTANT: PLEASE NOTE

**YOUR CLAIM IS NOT DEEMED FILED UNTIL YOU RECEIVE AN ACKNOWLEDGEMENT POSTCARD. THE CLAIMS ADMINISTRATOR WILL ACKNOWLEDGE RECEIPT OF YOUR CLAIM FORM BY MAIL WITHIN 60 DAYS. IF YOU DO NOT RECEIVE AN ACKNOWLEDGEMENT POSTCARD WITHIN 60 DAYS, PLEASE CALL THE CLAIMS ADMINISTRATOR TOLL FREE AT (866) 991-0893**.

023-CA40058566

**PART III – SCHEDULE OF TRANSACTIONS IN GROUPON COMMON STOCK**

Complete this Part III if and only if you purchased/acquired Groupon Stock during the period from July 30, 2019 and February 18, 2020, inclusive. Please include proper documentation with your Claim Form as described in detail in Part II – General Instructions, Paragraph 10, above. Do not include information in this section regarding securities other than Groupon Stock. Please submit your data claimed on a pre-split basis.

**1. BEGINNING HOLDINGS** – State the total number of shares of Groupon Stock held as of the close of trading on July 29, 2019. (Must be documented.) If none, write "zero" or "0."

**2. PURCHASES/ACQUISITIONS DURING THE SETTLEMENT CLASS PERIOD THROUGH MAY 18, 2020–** Separately list each and every purchase/acquisition (including free receipts) of Groupon Stock from after the opening of trading on July 30, 2019, through and including the close of trading on May 18, 2020. (Must be documented.)

| Date of Purchase/Acquisition (List Chronologically) (Month/Day/Year) | Number of Shares Purchased/ Acquired | Purchase/Acquisition Price Per Share | Total Purchase/Acquisition Price (excluding taxes, commissions, and fees) |
|---|---|---|---|
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

**3. SALES DURING THE SETTLEMENT CLASS PERIOD THROUGH MAY 18, 2020**– Separately list each and every sale/disposition (including free deliveries) of Groupon Stock from after the opening of trading on July 30, 2019, through and including the close of trading on May 18, 2020. (Must be documented.)

**IF NONE, CHECK HERE** ☐

| Date of Sale/Delivery (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Sale Price Per Share | Total Sale Price (excluding taxes, commissions, and fees) |
|---|---|---|---|
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

**4. ENDING HOLDINGS** – State the total number of shares of Groupon Stock held as of the close of trading on May 18, 2020. (Must be documented.) If none, write "zero" or "0."

**IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS YOU MUST PHOTOCOPY THIS PAGE AND CHECK THIS BOX** ☐

**IF YOU DO NOT CHECK THIS BOX THESE ADDITIONAL PAGES WILL NOT BE REVIEWED.**

6

024-CA40058566

## PART IV – RELEASE OF CLAIMS AND SIGNATURE

### *YOU MUST ALSO READ THE RELEASE AND CERTIFICATION BELOW AND SIGN ON PAGE 8 OF THIS CLAIM FORM.*

I (we) hereby acknowledge that as of the Effective Date of the Settlement, pursuant to the terms set forth in the Stipulation, I (we), on behalf of myself (ourselves) and my (our) successors and assigns, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally and forever waived, released, discharged, and dismissed each and every Released Plaintiffs' Claim (as defined in the Stipulation and in the Settlement Notice) against Defendants' Releasees (as defined in the Stipulation and in the Settlement Notice) and shall forever be barred and enjoined from commencing, instituting, prosecuting or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal or administrative forum asserting any or all of the Released Plaintiffs' Claims against any Defendants' Releasee.

### CERTIFICATION

By signing and submitting this Claim Form, the Claimant(s) or the person(s) who represent(s) the Claimant(s) certifies (certify), as follows:

1.      that I (we) have read and understand the contents of the Settlement Notice and this Claim Form, including the releases provided for in the Settlement and the terms of the Plan of Allocation;

2.      that the Claimant(s) is a (are) Settlement Class Member(s), as defined in the Settlement Notice and in paragraph 2 on page 3 of this Claim Form, and is (are) not excluded from the Class by definition or pursuant to request as set forth in the Settlement Notice and in paragraph 3 on page 3 of this Claim Form;

3.      that I (we) own(ed) the Groupon Stock identified in the Claim Form and have not assigned the claim against the Defendants' Releasees to another, or that, in signing and submitting this Claim Form, I (we) have the authority to act on behalf of the owner(s) thereof;

4.      that the Claimant(s) has (have) not submitted any other claim covering the same purchases/acquisitions of Groupon Stock and knows (know) of no other person having done so on the Claimant's (Claimants') behalf;

5.      that the Claimant(s) submit(s) to the jurisdiction of the Court with respect to Claimant's (Claimants') claim and for purposes of enforcing the releases set forth herein;

6.      that I (we) agree to furnish such additional information with respect to this Claim Form as Lead Counsel, the Claims Administrator or the Court may require;

7.      that the Claimant(s) waive(s) the right to trial by jury, to the extent it exists, and agree(s) to the Court's summary disposition of the determination of the validity or amount of the claim made by this Claim Form;

8.      that I (we) acknowledge that the Claimant(s) will be bound by and subject to the terms of any judgment(s) that may be entered in the Action; and

9.      that the Claimant(s) is (are) NOT subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code because (a) the Claimant(s) is (are) exempt from backup withholding or (b) the Claimant(s) has (have) not been notified by the IRS that he/she/it is subject to backup withholding as a result of a failure to report all interest or dividends or (c) the IRS has notified the Claimant(s) that he/she/it is no longer subject to backup withholding. **If the IRS has notified the Claimant(s) that he, she or it is subject to backup withholding, please strike out the language in the preceding sentence indicating that the claim is not subject to backup withholding in the certification above.**

7

025-CA40058566

UNDER THE PENALTIES OF PERJURY, I (WE) CERTIFY THAT ALL OF THE INFORMATION PROVIDED BY ME (US) ON THIS CLAIM FORM IS TRUE, CORRECT, AND COMPLETE, AND THAT THE DOCUMENTS SUBMITTED HEREWITH ARE TRUE AND CORRECT COPIES OF WHAT THEY PURPORT TO BE.

Date: ⬚⬚ – ⬚⬚ – ⬚⬚⬚⬚
　　　MM　　DD　　YYYY

Signature of Claimant

Print your name here

Date: ⬚⬚ – ⬚⬚ – ⬚⬚⬚⬚
　　　MM　　DD　　YYYY

Signature of joint Claimant, if any

Print your name here

***If the Claimant is other than an individual, or is not the person completing this form, the following also must be provided:***

Date: ⬚⬚ – ⬚⬚ – ⬚⬚⬚⬚
　　　MM　　DD　　YYYY

Signature of person signing on behalf of Claimant

Print your name here

CAPACITY OF PERSON SIGNING ON BEHALF OF CLAIMANT, IF OTHER THAN AN INDIVIDUAL, *E.G.*, EXECUTOR, PRESIDENT, TRUSTEE, CUSTODIAN, *ETC*. (MUST PROVIDE EVIDENCE OF AUTHORITY TO ACT ON BEHALF OF CLAIMANT – SEE PARAGRAPH 14 ON PAGE 4 OF THIS CLAIM FORM.)

026-CA40058566

**<u>REMINDER CHECKLIST:</u>**

1.  Please sign the above release and certification. If this Claim Form is being made on behalf of joint Claimants, then both must sign.

2.  Remember to attach only **copies** of acceptable supporting documentation as these documents will not be returned to you.

3.  Please do not highlight any portion of the Claim Form or any supporting documents.

4.  Do not send original security certificates or documentation. These items cannot be returned to you by the Claims Administrator.

5.  Keep copies of the completed Claim Form and documentation for your own records.

6.  The Claims Administrator will acknowledge receipt of your Claim Form by mail, within 60 days. Your claim is not deemed filed until you receive an acknowledgement postcard. **If you do not receive an acknowledgement postcard within 60 days, please call the Claims Administrator toll free at (866) 991-0893**.

7.  If your address changes in the future, or if this Claim Form was sent to an old or incorrect address, please send the Claims Administrator written notification of your new address. If you change your name, please inform the Claims Administrator.

8.  If you have any questions or concerns regarding your claim, please contact the Claims Administrator at the address below, by email at info@GrouponSecuritiesSettlment.com, or toll-free at (866) 991-0893 or visit www.GrouponSecuritiesSettlement.com. Please DO NOT call Groupon or any of the other Defendants or their counsel with questions regarding your claim.

THIS CLAIM FORM MUST BE MAILED TO THE CLAIMS ADMINISTRATOR BY FIRST-CLASS MAIL, **POSTMARKED NO LATER THAN <u>DECEMBER 1, 2022</u>**, ADDRESSED AS FOLLOWS:

*Macovski v. Groupon, Inc*.
c/o Epiq
P.O. Box 2648
Portland, OR 97208-2648

OR SUBMITTED ONLINE AT WWW.GROUPONSECURITIESSETTLEMENT.COM **ON OR BEFORE DECEMBER 1, 2022**.

A Claim Form received by the Claims Administrator shall be deemed to have been submitted when posted, if a postmark date on or before December 1, 2022 is indicated on the envelope and it is mailed First-Class, and addressed in accordance with the above instructions. In all other cases, a Claim Form shall be deemed to have been submitted when actually received by the Claims Administrator.

You should be aware that it will take a significant amount of time to fully process all of the Claim Forms. Please be patient and notify the Claims Administrator of any change of address.

027-CA40058566

# EXHIBIT B

Case: 1:20-cv-02581 Document #: 121-1 Filed: 09/08/22 Page 36 of 41 PageID #:1674

## BIG CAP GROWTH ETF (SPYG) VS SMALL CAP GROWTH ETF (SLYG)

| | | | |
|---|---|---|---|
| Apple Inc (AAPL) | 12.63% | NeoGenomics Inc (NEO) | 1.35% |
| Microsoft Corp (MSFT) | 10.02% | Cleveland-Cliffs Inc (CLF) | 1.31% |
| Amazon.com Inc (AMZN) | 8.27% | Yeti Holdings Inc (YETI) | 1.16% |
| Facebook Inc Cl A (FB) | 3.91% | Omnicell Inc (OMCL) | 1.14% |
| Tesla Inc (TSLA) | 3.19% | Brooks Automation (BRKS) | 1.13% |

When the line is heading up, big cap growth funds are outperforming small cap growth funds

## GROWTH ETF (IUSG) VS VALUE ETF (IUSV)

| | | | |
|---|---|---|---|
| Apple Inc (AAPL) | 11.88% | Berkshire Hathaway (BRKB) | 2.84% |
| Microsoft Corp (MSFT) | 9.42% | J P Morgan Chase (JPM) | 2.43% |
| Amazon.com Inc (AMZN) | 7.78% | Walt Disney Company (DIS) | 2.06% |
| Facebook Inc Cl A (FB) | 3.68% | Johnson & Johnson (JNJ) | 1.56% |
| Tesla Inc (TSLA) | 3.00% | Verizon Communications (VZ) | 1.53% |

When the line is heading up, growth funds are outperforming value funds

# Top Industry & Sector Funds

Best % change in last 4, 8 & 12 weeks on a total return basis. ★ indicates fund is on 3 different weeks' lists.

| Mutual Fund | | % Change | $ Net Assets |
|---|---|---|---|
| **Best % Change Last 4 Weeks** | | | |
| PriceFds GlobTech | ★ | +22 | 4.5 bil |
| Berkshire Focus | | +22 | 313 mil |
| PgimInvest NatlRsrc | | +21 | 777 mil |
| Emerald Funds Fin&BkingA | | +20 | 205 mil |
| Fidelity Sel ConsmrDisc | ★ | +19 | 441 mil |
| Fidelity Adv A ConsmrDisc | | +18 | 441 mil |
| **Best % Change Last 8 Weeks** | | | |
| Berkshire Focus | | +33 | 313 mil |
| Fidelity Sel BioTech | ★ | +32 | 5 bil |
| PriceFds GlobTech | ★ | +30 | 4.5 bil |
| Fidelity Sel ConsmrDisc | ★ | +24 | 441 mil |
| Fidelity Adv A ConsmrDisc | ★ | +24 | 441 mil |
| FidelityConsmrDis | | +24 | 441 mil |
| **Best % Change Last 12 Weeks** | | | |
| Fidelity Sel BioTech | ★ | +24 | 5 bil |
| PriceFds GlobTech | ★ | +19 | 4.5 bil |
| Fidelity Sel ConsmrDisc | ★ | +17 | 441 mil |
| Fidelity Adv A ConsmrDisc | ★ | +17 | 441 mil |
| FidelityConsmrDis | | +16 | 441 mil |
| PriceFds ScienceTech | | +16 | 6.5 bil |

# Top Industry & Sector Funds

Best % change in last 16 & 39 weeks on a total return basis. ★ indicates fund is on 3 different weeks' lists.

| Mutual Fund | | % Change | $ Net Assets |
|---|---|---|---|
| **Best % Change Last 16 Weeks** | | | |
| Vanguard EnrgIndAdmr | | +39 | 7 bil |
| BlackRock Instl OppInstl | | +30 | 311 mil |
| FidelityMgmt NatResFund | | +22 | 690 mil |
| Hennessy GasUtyInv | | +19 | 601 mil |
| PgimInvest NatlRsrc | | +12 | 777 mil |
| BlackRock A NatResInvA | | +10 | 233 mil |
| PgimInvest UtilityA | | +9 | 3.6 bil |
| Fidelity Adv A CnsmrStpl | | +4 | 1.6 bil |
| PriceFds NewEra | | +4 | 3 bil |
| Vanguard Admiral ConsStpIdx | | +3 | 6.9 bil |
| Schwab HealthCare | | -2 | 844 mil |
| Vanguard HlthCareInv | | -3 | 45.5 bil |
| **Best % Change Last 39 Weeks** | | | |
| Fidelity Sel BioTech | ★ | +10 | 5 bil |
| PriceFds ScienceTech | | +6 | 6.5 bil |
| Rydex Dyn BiotechInv | | +2 | 153 mil |
| Vanguard EnrgIndAdmr | | +1 | 7 bil |
| PriceFds HealthSci | | | 16.6 bil |
| BlackRock Instl OppInstl | | | 311 mil |
| PgimInvest UtilityA | | -1 | 3.6 bil |
| J Hancock A RegionlBnk | | -1 | 1.2 bil |
| Janus Henderson GlbLifeSci | | -1 | 4.1 bil |
| Columbia A SelGlbTch | | -2 | 1.8 bil |
| Franklin Temp BiotchDscA | | -2 | 833 mil |
| Vanguard HlthCareInv | | -2 | 45.5 bil |

## U.S. Stock Fund Cash Position    High (11/00) 6.2%    Low (12/21) 1.5%

| | | | | | |
|---|---|---|---|---|---|
| 21-Jan | 1.7% | 21-Jul | 1.7% | 22-Jan | 1.8% |
| 21-Feb | 1.7% | 21-Aug | 1.7% | 22-Feb | 1.9% |
| 21-Mar | 1.7% | 21-Sep | 1.7% | 22-Mar | 2.0% |
| 21-Apr | 1.7% | 21-Oct | 1.7% | 22-Apr | 2.1% |
| 21-May | 1.7% | 21-Nov | 1.7% | 22-May | 2.2% |
| 21-Jun | 1.6% | 21-Dec | 1.5% | 22-Jun | 2.4% |

## A WEEKLY PODCAST

# INVESTING with IBD®

Listen and subscribe wherever you get your podcasts!

For more info, go to:
investors.com/ibdpodcast

Presented by:
INVESTOR'S BUSINESS DAILY

CMG Partners

*This announcement is neither an offer to buy nor a solicitation of an offer to sell Shares. The Offer is being made solely by the Summary Offer and Transmittal Letter delivered to Stockholders of record and the complete Offer to Purchase referenced therein, and any amendments thereto, and is not being made to, and tenders will not be accepted from or on behalf of, Stockholders residing in any state in which making or accepting the Offer would violate that jurisdiction's laws. In those jurisdictions where the securities or other laws require the offer to be made by a licensed broker or dealer, the offer shall be deemed to be made on behalf of purchasers only by one or more registered dealers licensed under the laws of such jurisdiction.*

**NOTICE OF OFFER TO PURCHASE FOR CASH:**
Up to 450,000 Common Shares of
**KBS REAL ESTATE INVESTMENT TRUST III, INC. (the "REIT") at a price of
$5.05 per Share**
**by: CMG INCOME FUND II, LLC AND CMG LIQUIDITY FUND, LLC, AND CMG PARTNERS, LLC, AND BLUE RIVER CAPITAL, LLC (collectively, the "Purchasers")**

Purchasers are offering to purchase for cash up to 450,000 common shares ("Shares") of the REIT, at a price of $5.05 per Share, without interest, upon the terms and subject to the conditions set forth in Purchasers' Offer to Purchase and in the related Agreement of Assignment and Transfer for the Offer (which together constitute the "Offer" and the "Tender Offer Documents"). The REIT's most recently published estimated net asset value per share was $10.78, as of November 1, 2021, representing the REIT's estimated net asset value per share as of September 30, 2021, with the exception of certain adjustments after that date.

**THE OFFER AND WITHDRAWAL RIGHTS EXPIRE AT 11:59 P.M., PACIFIC TIME, ON SEPTEMBER 21, 2022, UNLESS THE OFFER IS EXTENDED.**

The Offer is not conditioned on any minimum number of Shares being tendered or the availability of any financing. Funding for the purchase of the Shares will be provided through Purchasers' existing working capital and binding capital commitments. The Offer is not made for the purpose of acquiring or influencing control of the business of the REIT. The Offer will expire at 11:59 p.m., Pacific Time on September 21, 2022, unless and until Purchasers, in their sole discretion, shall have extended the period of time for which the Offer is open to another date and time by written notice of extension published or delivered to Shareholders (the "Expiration Date"). Purchasers will not provide a subsequent offering period following the Expiration Date. If Purchasers make a material change in the terms of the Offer, or if they waive a material condition to the Offer, Purchasers will extend the Offer and disseminate additional tender offer materials to the extent required by Rules 14d-4(d) and 14d-6(c) under the Securities Exchange Act of 1934, as amended (the "Exchange Act").

To withdraw Shares previously tendered, Shareholders must deliver, on a timely basis prior to the Expiration Date, written notice of their withdrawal to the depositary at the address appearing on the back cover page of the Agreement of Assignment and Transfer, with the Shareholder's name, number of Shares to be withdrawn and the name of the registered holder. Upon the terms and subject to the conditions of the Offer (including any extension or amendment), Purchasers will accept for payment, and will pay for, Shares validly tendered and not withdrawn, promptly following the Expiration Date and upon receipt of written confirmation from the REIT that the Shares have been transferred. The sale of Shares for cash in the Offer will be a taxable transaction for U.S. federal income tax purposes. Shareholders should consult their own tax advisors to determine the particular tax consequences to them of the Offer, including the applicability and effect of any state, local or non-U.S. tax laws.

In all cases payment for the Shares purchased pursuant to the Offer will be made only after timely receipt of the Agreement of Assignment and Transfer (or facsimiles thereof), properly completed and duly executed, with any required signature guarantees, and any other documents required by such Agreement of Assignment and Transfer.

Tenders of Shares made pursuant to the Offer are irrevocable, except that Shareholders who tender their Shares in response to the Offer will have the right to withdraw their tendered Shares at any time prior to the Expiration Date. In addition, if Purchasers have not accepted for payment any tendered Shares by 12:00 Midnight, Pacific Time, on October 13, 2022, Shareholders may also withdraw their Shares prior to acceptance. If more than 450,000 Shares are properly tendered and not properly withdrawn, Shares will be purchased from all Shareholders from those properly tender Shares and who have not written "All or None" in their Agreement and Assignment of Shares, on a pro rata basis.

The Summary Offer and Transmittal Letter, the Agreement of Assignment and Transfer and the complete Offer to Purchase can be accessed by following the link on the Purchaser's website (www.cmginvestments.com/kbs3.pdf) and copies will be provided upon request, free of charge, by CMG Partners, LLC (425) 376-0693.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

LAZAR MACOVSKI, Individually and On Behalf of All Others Similarly Situated,
Plaintiff,
v.
GROUPON, INC., RICH WILLIAMS, and MELISSA THOMAS,
Defendants

Case No. 1:20-cv-02581
Honorable Matthew F. Kennelly

**SUMMARY NOTICE OF (I) PENDENCY OF CLASS ACTION, CERTIFICATION OF SETTLEMENT CLASS, AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES**

**TO: All persons and entities who, during the period between July 30, 2019 through February 18, 2020 inclusive, purchased or otherwise acquired the common stock of Groupon, Inc. ("Groupon") and were damaged thereby (the "Settlement Class"):**

**PLEASE READ THIS NOTICE CAREFULLY, YOUR RIGHTS WILL BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Northern District of Illinois, that the above-captioned litigation (the "Action") has been certified as a class action on behalf of the Settlement Class, except for certain persons and entities who are excluded from the Settlement Class by definition as set forth in the full printed Notice of (I) Pendency of Class Action, Certification of Settlement Class, and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (the "Notice").

YOU ARE ALSO NOTIFIED that Lead Plaintiff in the Action has reached a proposed settlement of the Action for $13,500,000 in cash (the "Settlement") that, if approved, will resolve all claims in the Action.

A hearing will be held on October 13, 2022 at 9:00 a.m., before the Honorable Matthew F. Kennelly via teleconference, call-in number: 888-684-8852, access code: 746-1053, to determine (i) whether the proposed Settlement should be approved as fair, reasonable, and adequate; (ii) whether the Action should be dismissed with prejudice against Defendants, and the Releases specified and described in the Stipulation and Agreement of Settlement dated June 24, 2022 (and in the Notice) should be granted; (iii) whether the proposed Plan of Allocation should be approved as fair and reasonable; and (iv) whether Lead Counsel's application for an award of attorneys' fees and reimbursement of expenses should be approved. **If you are a member of the Settlement Class, your rights will be affected by the pending Action and the Settlement, and you may be entitled to share in the Settlement Fund.** If you have not yet received the Notice and Claim Form, you may obtain copies of these documents by contacting the Claims Administrator at *Macovski v. Groupon Inc.*, c/o Epiq, P.O. Box 2648, Portland, OR 97208-2648, 1-866-991-0893. Copies of the Notice and Claim Form can also be downloaded from the website maintained by the Claims Administrator, www.GrouponSecuritiesSettlement.com.

If you are a member of the Settlement Class, in order to be eligible to receive a payment under the proposed Settlement, you must submit a Claim Form *online or postmarked* **no later than December 1, 2022.** If you are a Settlement Class Member and do not submit a proper Claim Form, you will not be eligible to share in the distribution of the net proceeds of the Settlement but you will nevertheless be bound by any judgments or orders entered by the Court in the Action.

If you are a member of the Settlement Class and wish to exclude yourself from the Settlement Class, you must submit a request for exclusion such that it is *received* **no later than September 22, 2022**, in accordance with the instructions set forth in the Notice. If you properly exclude yourself from the Settlement Class, you will not be bound by any judgments or orders entered by the Court in the Action and you will not be eligible to share in the proceeds of the Settlement.

Any objections to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for attorneys' fees and reimbursement of expenses, must be filed with the Court and delivered to Lead Counsel and Defendants' Counsel such that they are *received* **no later than September 22, 2022**, in accordance with the instructions set forth in the Notice. **Please do not contact the Court, the Clerk's office, Groupon, or its counsel regarding this notice. All questions about this notice, the proposed Settlement, or your eligibility to participate in the Settlement should be directed to Lead Counsel or the Claims Administrator.**

Requests for the Notice and Claim Form should be made to:

*Macovski v. Groupon Inc.*
c/o Epiq
P.O. Box 2648
Portland, OR 97208-2648
1-866-991-0893
www.GrouponSecuritiesSettlement.com

Inquiries, other than requests for the Notice and Claim Form, should be made to Lead Counsel:

KIRBY MCINERNEY LLP
Thomas W. Elrod, Esq.
250 Park Avenue, Suite 820
New York, NY 10177
(212) 371-6600
telrod@kmllp.com

-and-

GLANCY PRONGAY & MURRAY LLP
Leanne H. Solish, Esq.
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
(888) 773-9224
settlements@glancylaw.com

By Order of the Court

*[Additional mutual fund performance tables appear across the page with columns: 36 Mo Performance Rating | Fund | YTD % Chg | 12Wk % Chg | 5 Yr After Tax Rtn | Net Asset Value | NAV Chg — spanning fund families including American Funds, BlackRock, Calvert, Columbia, DWS Funds, Eaton Vance, Federated Hermes, Fidelity, and others.]*

# INVESTOR'S BUSINESS DAILY

## Affidavit of Publication

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

| | |
|---|---|
| Name of Publication: | IBD Weekly |
| Address: | 12655 Beatrice Street |
| City, State, Zip: | Los Angeles, CA 90066 |
| Phone #: | 310.448.6700 |
| State of: | California |
| County of: | Los Angeles |

I, _Shaun Shen_ for the publisher of _IBD Weekly_ , published in the city of _Los Angeles_ , state of _California_ , county of _Los Angeles_ hereby certify that the attached notice(s) for GROUPON, INC. was printed in said publication on the following date(s):

**AUGUST 15, 2022**

State of California

County of _Los Angeles_

Subscribed and sworn to (or affirmed) before me on this _15th_ day of _August_ , _2022_ , by

_____ , proved to me on the basis of satisfactory evidence to be the person(s) who

appeared before me.

Signature _____ (Seal)

RICHARD CHARLES BRAND II
Notary Public - California
Los Angeles County
Commission # 2276190
My Comm. Expires Feb 25, 2023

# Kirby McInerney LLP and Glancy Prongay & Murray LLP Announce Settlement of Class Action Involving Purchasers of the common stock of Groupon, Inc.

NEWS PROVIDED BY
**Kirby McInerney LLP and Glancy Prongay & Murray LLP ➙**
Aug 15, 2022, 09:00 ET

CHICAGO, Aug. 15, 2022 /PRNewswire/ --

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF ILLINOIS**

**EASTERN DIVISION**

| | |
|---|---|
| LAZAR MACOVSKI, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> GROUPON, INC., RICH WILLIAMS, and MELISSA THOMAS, <br><br> Defendants | Case No. 1:20-cv-02581 <br> Honorable Matthew F. Kennelly |

**SUMMARY NOTICE OF (I) PENDENCY OF CLASS ACTION,**

**CERTIFICATION OF SETTLEMENT CLASS, AND**

**PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING;**

**AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES**

**AND REIMBURSEMENT OF LITIGATION EXPENSES**

**TO: All persons and entities who, during the period between July 30, 2019 through February 18, 2020 inclusive, purchased or otherwise acquired the common stock of Groupon, Inc. ("Groupon") and were damaged thereby (the "Settlement Class"):**

**PLEASE READ THIS NOTICE CAREFULLY, YOUR RIGHTS WILL BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Northern District of Illinois, that the above-captioned litigation (the "Action") has been certified as a class action on behalf of the Settlement Class, except for certain persons and entities who are excluded from the Settlement Class by definition as set forth in the full printed Notice of (I) Pendency of Class Action, Certification of Settlement Class, and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (the "Notice").

YOU ARE ALSO NOTIFIED that Lead Plaintiff in the Action has reached a proposed settlement of the Action for $13,500,000 in cash (the "Settlement") that, if approved, will resolve all claims in the Action.

A hearing will be held on October 13, 2022 at 9:00 a.m., before the Honorable Matthew F. Kennelly via teleconference, call-in number: 888-684-8852, access code: 746-1053, to determine (i) whether the proposed Settlement should be approved as fair, reasonable, and adequate; (ii) whether the Action should be dismissed with prejudice against Defendants, and the Releases specified and described in the Stipulation and Agreement of Settlement dated June 24, 2022 (and in the Notice) should be granted; (iii) whether the proposed Plan of Allocation should be approved as fair and reasonable; and (iv) whether Lead Counsel's application for an award of attorneys' fees and reimbursement of expenses should be approved.

**If you are a member of the Settlement Class, your rights will be affected by the pending Action and the Settlement, and you may be entitled to share in the Settlement Fund**. If you have not yet received the Notice and Claim Form, you may obtain copies of these documents by contacting the Claims Administrator at *Macovski v. Groupon Inc.*, c/o Epiq, P.O. Box 2648, Portland, OR 97208-2648, 1-866-991-0893. Copies of the Notice and Claim Form can also be downloaded from the website maintained by the Claims Administrator, www.GrouponSecuritiesSettlement.com.

If you are a member of the Settlement Class, in order to be eligible to receive a payment under the proposed Settlement, you must submit a Claim Form *online or postmarked* **no later than December 1, 2022**. If you are a Settlement Class Member and do not submit a proper Claim Form, you will not be eligible to share in the distribution of the net proceeds of the Settlement but you will nevertheless be bound by any judgments or orders entered by the Court in the Action.

If you are a member of the Settlement Class and wish to exclude yourself from the Settlement Class, you must submit a request for exclusion such that it is *received* **no later than September 22, 2022**, in accordance with the instructions set forth in the Notice. If you properly exclude yourself from the Settlement Class, you will not be bound by any judgments or orders entered by the Court in the Action and you will not be eligible to share in the proceeds of the Settlement.

Any objections to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for attorneys' fees and reimbursement of expenses, must be filed with the Court and delivered to Lead Counsel and Defendants' Counsel such that they are *received* **no later than September 22, 2022**, in accordance with the instructions set forth in the Notice.

**Please do not contact the Court, the Clerk's office, Groupon, or its counsel regarding this notice. All questions about this notice, the proposed Settlement, or your eligibility to participate in the Settlement should be directed to Lead Counsel or the Claims Administrator.**

Requests for the Notice and Claim Form should be made to:

*Macovski v. Groupon Inc.*

c/o Epiq

P.O. Box 2648

Portland, OR 97208-2648

1-866-991-0893

www.GrouponSecuritiesSettlement.com

Inquiries, other than requests for the Notice and Claim Form, should be made to Lead Counsel:

KIRBY MCINERNEY LLP

Thomas W. Elrod, Esq.

250 Park Avenue, Suite 820

New York, NY 10177

(212) 371-6600

telrod@kmllp.com

-and-

GLANCY PRONGAY & MURRAY LLP

Leanne H. Solish, Esq.

1925 Century Park East, Suite 2100

Los Angeles, CA 90067

(888) 773-9224

settlements@glancylaw.com

By Order of the Court

SOURCE Kirby McInerney LLP and Glancy Prongay & Murray LLP
URL: www.GrouponSecuritiesSettlement.com

SOURCE Kirby McInerney LLP and Glancy Prongay & Murray LLP