# EXHIBIT 4

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| LAZAR MACOVSKI, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>GROUPON, INC., RICH WILLIAMS, and MELISSA THOMAS,<br><br>Defendants. | Case No. 1:20-cv-02581<br><br>Honorable Matthew F. Kennelly |

**DECLARATION OF THOMAS W. ELROD, ESQ. IN SUPPORT OF LEAD COUNSEL'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF <u>LITIGATION EXPENSES FILED ON BEHALF OF KIRBY MCINERNEY LLP</u>**

I, Thomas W. Elrod, declare as follows, pursuant to 28 U.S.C. § 1746:

1.  I am a partner at the law firm Kirby McInerney LLP ("KM").[1]  KM is one of the Court-appointed Lead Counsel in the above-captioned action (the "Action").  *See* ECF No. 41.  I submit this declaration in support of Lead Counsel's application for an award of attorneys' fees in connection with services rendered in the Action, as well as for reimbursement of litigation expenses incurred in connection with the Action.  I have personal knowledge of the facts set forth herein and, if called upon, could and would testify thereto.

2.  KM, as Lead Counsel, was involved in all aspects of the Action and its settlement, as set forth in the Joint Declaration of Leanne H Solish and Thomas W. Elrod in Support of: (I) Lead Plaintiff's Motion for Final Approval of Class Action Settlement and Plan of Allocation; and (II) Lead Counsel's Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses.

3.  The schedule attached hereto as Exhibit A is a detailed summary indicating the amount of time spent by attorneys and professional support staff of my firm who, from inception of the Action through and including September 6, 2022, and billed ten or more hours to this Action, and the lodestar calculation for those individuals based on my firm's current billing rates. For personnel who are no longer employed by my firm, the lodestar calculation is based upon the billing rates for such personnel in their final year of employment by my firm.  The billing rate for document review work performed by attorneys has been capped at the reduced rate of $400 per hour.  The schedule was prepared from contemporaneous daily time records regularly prepared and maintained by my firm.

---

[1] Unless otherwise defined, all capitalized terms herein have the same meanings as set forth in the Stipulation and Agreement of Settlement dated June 24, 2022.  ECF No. 110-1.

4.   I am the partner who oversaw or conducted the day-to-day activities in the Action and I reviewed these daily time records in connection with the preparation of this declaration. The purpose of this review was to confirm both the accuracy of the records as well as the necessity for, and reasonableness of, the time committed to the litigation. As a result of this review, I made reductions to certain of my firm's time entries such that the time included in Exhibit A reflects that exercise of billing judgment. Based on this review and the adjustments made, I believe that the time of the KM attorneys and staff reflected in Exhibit A was reasonable and necessary for the effective and efficient prosecution and resolution of the Action. No time expended on the application for fees and reimbursement of expenses has been included.

5.   The hourly rates for the attorneys and professional support staff in my firm included in Exhibit A are consistent with the rates approved by courts in other securities or shareholder litigation when conducting a lodestar cross-check.

6.   The total number of hours reflected in Exhibit A is 2,099.40 hours. The total lodestar reflected in Exhibit A is $1,340,694.50, consisting of $1,240,642.00 for attorneys' time and $100,052.50 for professional support staff time.

7.   My firm's lodestar figures are based upon the firm's billing rates, which rates do not include charges for expense items. Expense items are billed separately and such charges are not duplicated in my firm's billing rates.

8.   As detailed in Exhibit B, my firm is seeking reimbursement of a total of $120,143.04 in expenses incurred in connection with the prosecution of this Action.

9.   The litigation expenses incurred in the Action are reflected on the books and records of my firm. These books and records are prepared from expense vouchers, check records, and other source materials and are an accurate record of the expenses incurred. The

2

expenses reflected in Exhibit B are the expenses actually incurred by my firm in connection with the prosecution of this Action.

10.     Attached hereto as Exhibit C is a brief biography of KM, including the attorneys who were involved in the Action.

I declare, under penalty of perjury, that the foregoing is true and correct.  Executed on September 7, 2022, in New York, New York.

/s/ *Thomas W. Elrod*

Thomas W. Elrod

3

**EXHIBIT A**

*Macovski v. Groupon Inc. et al.,*
**Case No. 1:20-cv-02581**

**Kirby McInerney LLP**

**LODESTAR REPORT**
**FROM INCEPTION THROUGH SEPTEMBER 6, 2022**

| NAME | TITLE | HOURS | RATE | LODESTAR |
|------|-------|-------|------|----------|
| **ATTORNEYS** | | | | |
| Thomas Elrod | Partner | 406.1 | $800 | $324,880.00 |
| Daniel Hume | Partner | 16.0 | $995 | $15,920.00 |
| Andrew McNeela | Partner | 190.7 | $950 | $181,165.00 |
| Ira Press | Of Counsel | 376.6 | $995 | $374,717.00 |
| Henry Telias | Of Counsel | 10.5 | $950 | $9,975.00 |
| Sarah Flohr | Associate | 30.5 | $525 | $16,012.50 |
| Cecilia Kim* | Associate | 223.1 | $350 | $78,085.00 |
| Anthony Maneiro | Associate | 33.1 | $525 | $17,377.50 |
| Belden Nago** | Associate | 283.8 | $575 | $120,030.00 |
| Cristelle Rabban | Associate | 292.8 | $350 | $102,480.00 |
| **TOTAL ATTORNEY:** | | **1,863.20** | | **$1,240,642.00** |
| | | | | |
| **PROFESSIONAL STAFF** | | | | |
| Ori Braun | Senior Analyst | 170.1 | $475 | $80,797.50 |
| Jesse Claflin* | Paralegal | 27.9 | $300 | $8,370.00 |
| Julia Clementi* | Paralegal | 15.2 | $300 | $4,560.00 |
| Michelle Lu* | Paralegal | 23.0 | $275 | $6,325.00 |
| **TOTAL PROFESSIONAL STAFF:** | | **236.20** | | **$100,052.50** |
| | | | | |
| **TOTAL LODESTAR:** | | **2,099.40** | | **$1,340,694.50** |

\* The time for former employees was recorded prior to their departures and reflect billing rates in those employees' final year of employment.

\*\* Mr. Nago's lodestar is less than the product of his hours and his normal billing rate because his rate was capped at $400 for 246.6 hours of document review work that he performed.

4

**EXHIBIT B**

*Macovski v. Groupon Inc. et al.,*
**Case No. 1:20-cv-02581**

**Kirby McInerney LLP**

**EXPENSE REPORT**

**FROM INCEPTION THROUGH SEPTEMBER 6, 2022**

| ITEM | AMOUNT |
|---|---|
| COURT FILING FEES | $460.00 |
| DOCUMENT MANAGEMENT | $13,733.52 |
| EXPERTS ACCOUNTING | $7,695.00 |
| EXPERTS DAMAGES | $450.00 |
| EXPERTS MARKET EFFICIENCY AND PLAN OF ALLOCATION | $57,810.50 |
| INVESTIGATIONS | $16,916.73 |
| MEDIATORS | $17,260.28 |
| ONLINE RESEARCH | $3,298.57 |
| TRAVEL – AIR | $961.40 |
| TRAVEL – AUTO | $363.08 |
| TRAVEL – HOTEL | $1,193.96 |
| **GRAND TOTAL** | **$120,143.04** |

5

**EXHIBIT C**

**Kirby McInerney LLP**

**FIRM RESUME**



**Kirby McInerney LLP** is a specialist plaintiffs' litigation firm with expertise in securities, antitrust, commodities, structured finance, whistleblower, health care, consumer, and other fraud litigation.

KM brings experience, intelligence, creativity and dedication to bear in defending our clients' interests against losses, generally in cases of corporate malfeasance. We utilize cutting edge strategies that bring high – and have even brought unprecedented – recoveries for our clients: institutional and other types of investors. We have achieved and are pursuing landmark results in the fields of securities fraud, corporate governance, commodities fraud, consumer, antitrust, health care and ERISA litigation, representing our clients in class actions or, if appropriate, individual litigation.

KM has been a pioneer in securities class action law, and is one of the oldest firms in the field, with over 70 years of experience. Throughout the history of our firm, we have procured ground-breaking victories for our clients. From our victory in *Schneider v. Lazard Freres*, No. 38899, M-6679 (N.Y. App. Div. 1st Dept. 1990), which set the precedent that investment banks have direct duties to the shareholders of the companies they advise, to our procurement of the first-ever appellate reversal of a lower court's dismissal of a class action suit pursuant to the PSLRA in *In re GT Interactive Securities Litigation*, No. 98-cv-0095 (S.D.N.Y. 2000), to our recovery of an unprecedented 100 cents on the dollar for our clients in *In re Cendant Corp. PRIDES Litigation*, No. 98-cv-2819 (D. N.J. 2000), KM has helped to chart the nuances of the U.S. securities laws, and has procured superior results in the process. KM has recovered billions of dollars for our clients, and the average recoveries that we procure in each individual case are among the very best in the field.

Today, our attorneys are leading some of the largest and most significant securities litigations related to the subprime fallout of 2008 on behalf of investors such as the New York State Common Retirement Fund and the New York City Pension Funds. The firm settled one of the largest of all of the subprime cases – *In re Citigroup Inc. Securities Litigation*, No. 07-cv-9901 (S.D.N.Y.) – for $590 million. We also obtained a $168 million recovery for the class in *In re National City Corporation Securities, Derivative & ERISA Litigation*, No. 08-cv-70004 (N.D.Oh), a case related to the alleged misrepresentation of the nature and quality of many of National City's loans, the company's designation of unsellable loans as "held for sale," and their alleged understatement of the loan loss reserves, amongst other offenses. Finally, we also procured a $75 million settlement for the class in *In re Wachovia Equity Securities Litigation*, No. 08-cv-6171 (S.D.N.Y.), a similar subprime-related lawsuit.

Some of our other notable securities work includes:

- *In re BISYS Securities Litigation*, No. 04-cv-3480 (S.D.N.Y. 2007). We were co-lead counsel to the Police and Fire Retirement System for the City of Detroit and to a class of investors in connection with securities class action litigation against BISYS and Dennis Sheehan, BISYS President and Chief Operating Officer. The claim alleged that BISYS and Sheehan violated 10(b) of the Securities Exchange

Act of 1934 and Rule 10-5 thereunder by disseminating false and misleading information in press releases and SEC filings throughout the class period. Plaintiffs alleged that as a result of the misleading statements including inaccurate financial reporting, the price of BISYS common stock was inflated and investors who purchased stock at this time were damaged. Our work in this case included: drafting and oversight of pleadings and briefs; motions for *inter alia,* lead plaintiff appointment, dismissal, class certification; propounding and responding to discovery requests; review of document production; taking and defending of depositions; and filing and taking of appeals. This securities class action resulted in a total recovery of $66 million for the class.

- *In re Adelphia Communications Corp. Securities & Derivative Litigation*, No. 03 MDL 1529 (S.D.N.Y. 2007). We were co-lead counsel to Argent Classic Convertible Arbitrage Fund L.P., Argent Classic Convertible Arbitrage Fund, Ltd., Argent Lowlev Convertible Arbitrage Fund, Ltd., and a class of investors in *In re Adelphia Communications Corp. Securities & Deriv. Litig.,* one of the largest cases of improper self-dealing by insiders in corporate history. Our work on this case included drafting and oversight of pleadings and briefs relating to lead plaintiff appointment, motions to dismiss, and collateral litigation concerning, *inter alia*, the issuer's bankruptcy. Our work also included review of document production, consultation with experts, negotiations in settlement mediation, settlement, and advocacy of the proposed settlement in district court and on appeal. This securities class action resulted in a total recovery of $478 million for the class.

- *In re AT&T Wireless Tracking Stock Securities Litigation*, No. 00-cv-8754 (S.D.N.Y. 2006). We acted as sole lead counsel to the Soft Drink & Brewery Workers Local 812 Retirement Fund, a Taft-Hartley pension fund, and a class of investors in connection with *In re AT&T Corp. Securities Litigation*. The class was comprised of investors who purchased AT&T Wireless tracking stock in an April 26, 2000 initial public offering and through May 1, 2000 on the open market. The action asserted that the prospectus and registration statement used for the IPO misled investors about AT&T's prospects and recent results. Our work in this case included: drafting and oversight of pleadings and briefs; arguing motions for *inter alia,* lead plaintiff appointment, dismissal, class certification, expert and evidence disqualifications, and assorted motions relating to discovery disputes; propounding and responding to discovery requests; review of document production; and taking and defending of over one hundred depositions. KM succeeded in procuring a settlement of $150 million for the class on the eve of trial, following extensive trial preparation.

- *Rite Aid Corp.* (E.D. Pa. 2005). We represented a group of investment funds that lost more than $10 million in Rite Aid common stock and debt transactions in connection with an individual action, *Argent Classic v. Rite Aid*. Although an investor class action was already underway, KM filed the individual action on the belief that our clients could realize greater *pro rata* recovery on their multi-million dollar losses through an individual action than through a class action, where classwide damages were in the billions of dollars (and likely exceeded the ability of Rite Aid to pay). KM's clients were able to assert claims under Section 18 of the 1934 Act, which many courts hold cannot be asserted on a classwide basis. The class action eventually settled for less than 10¢ on the dollar. Thereafter, with the stay lifted, KM defeated defendants' motion to dismiss the individual action, and the parties agreed to mediate the claims. KM ultimately settled the claims of their institutional clients. Although confidentiality agreements entered in connection with the settlement prevent disclosure of terms, the settlement provided our clients with a percentage recovery which the clients found very satisfactory and which vindicated the decision to pursue an individual claim.



**Daniel Hume** is a managing partner based in our New York office. He leverages more than 25 years of experience to help institutional investors, financial institutions, and individuals recover losses and achieve favorable outcomes in class action and direct securities litigation. Additionally, he has prosecuted antitrust class actions and obtained significant monetary relief for consumers. Mr. Hume is a partner in our New York office and a member of the firm's management committee.

Some of Mr. Hume's relevant securities work includes:

- Counsel in *Maverick Neutral Levered Fund, Ltd. v. Valeant Pharmaceuticals International, Inc.*, alleging that Valeant materially misrepresented its business model, touting artificial and unsustainable growth that was enabled by the company's deceptive and illegal conduct.
- Representation in a shareholder derivative lawsuit against officers and directors of HSBC Holdings and its subsidiaries, alleging that HSBC ran money laundering operations out of New York City. The litigation settled for $72.5 million, the then largest foreign derivatives settlement ever reached and one of the largest insurer-funded cash payments achieved in a U.S. derivatives lawsuit.
- Lead counsel for the investor class in *In re AT&T Wireless Tracking Stock Securities Litigation*, a securities class action which resulted in recovery of $150 million for the class.
- Lead counsel for a group of Singapore-based investors in a securities class action, *Dandong v. Pinnacle Performance Ltd*, against Morgan Stanley pertaining to notes issued by Cayman Islands-registered Pinnacle Performance Ltd. This litigation resulted in a $20 million recovery.
- Lead counsel for the investor class in *In re MOL Global, Inc. Securities Litigation*, a securities class action lawsuit alleging that e-payment enabler MOL Global misled shareholders prior to its initial public offering. This litigation resulted in a $8.5 million recovery.
- Representation of foreign financial institutions in individual lawsuits against Morgan Stanley, Credit Agricole Corporate and Investment Bank, UBS, Deutsche Bank, Credit Suisse, Goldman Sachs, JP Morgan, and Barclays pertaining to a number of fraudulent structured investment vehicles and asset-backed collateralized debt obligations.

Some of Mr. Hume's relevant antitrust work includes:

- Lead counsel for consumer classes in connection with antitrust proceedings against Microsoft in the United States and consulting and advisory counsel to Canadian lead counsel in Canada. These litigations have resulted in settlements totaling over $1 billion for consumers in Canada, Florida, New York, Tennessee, West Virginia and Minnesota, where the litigation proceeded to trial.

- Representation of a class of retailers in *In re Visa Check/Master Money Antitrust Litigation*, an antitrust case which resulted in a settlement of over $3 billion for the class.
- Special fiduciary representation for the exchange-based class in *In re Foreign Exchange Benchmark Rates Antitrust Litigation* for a putative class of participants who traded futures and options in the FX market. The case has already resulted in partial settlements of more than $2.3 billion.

Mr. Hume is admitted to the New York State Bar, U.S. District Courts for the Southern and Eastern Districts of New York, U.S. Courts of Appeals for the Second, Third, Fourth, Fifth, Eighth, and Ninth Circuits, The Appellate Division of the Supreme Court of the State of New York, First Judicial Department, and The United States Supreme Court. He graduated from State University of New York at Albany (B.A., *magna cum laude*, 1988) and Columbia Law School (J.D., 1991).

***



**David E. Kovel** is a managing partner based in our New York office focusing on commodities, antitrust, whistleblower, securities and corporate governance matters. Recently, Mr. Kovel represented a whistleblower client who was awarded nearly $200 million by the whistleblower program of the Commodity Futures Trading Commission ("CFTC"). This landmark CFTC whistleblower award is the largest, publicly-announced single whistleblower award arising under the Dodd-Frank whistleblower reward programs (the CFTC and U.S. Securities and Exchange Commission ("SEC")) as well as under other whistleblower programs including the IRS and the federal and state false claims acts. Additionally, Mr. Kovel has been recognized as an expert on antitrust and commodities litigation and is a frequent commentator on these matters. He has an active appellate practice having argued significant commodities, antitrust and whistleblower matters before various appeals courts. Mr. Kovel also has an active pro bono practice. His work is more fully described below.

Mr. Kovel is admitted to the New York State Bar, the Connecticut State Bar, the U.S. District Courts for the Southern, Eastern, and Western Districts of New York, the U.S. Court of Appeals for the First Circuit, Second Circuit, and D.C. Circuit. He has been a member of the New York City Bar Association Committee on Futures and Derivatives Regulation, and is a former member of the New York City Bar Association Antitrust Committee. He graduated from Yale University (B.A.), Columbia University School of Law (J.D.) and Columbia University Graduate School of Business (M.B.A.).

Mr. Kovel traded commodities for several years before attending business and law school. Prior to joining KM, Mr. Kovel practiced at Simpson Thacher & Bartlett LLP. He is fluent in Spanish and at one time played professional soccer in Nicaragua.

Appellate Experience

- *Wacker v. JP Morgan Chase & Co.*, No. 16-2482 (2d Circuit) (achieved reversal under antitrust pleading standards and on behalf of traders of silver futures, alleged victims of market manipulation)
- *Doe v. United States Securities and Exchange Commission*, No. 17-4161 (2d Circuit) (Appeal of a whistleblower award under the Dodd Frank whistleblowers provisions of the Securities Exchange Act)
- *Anonymous v. Anonymous, et al.*, No. 103997/2012 (First Department, N.Y. County) (responded to Moody's appeal in seminal tax case under the New York False Claims Act)
- *In re Libor-Based Financial Instruments Antitrust Litigation* including *Gelboim v. Credit Suisse Group AG*, No. 17-1989 (2d Circuit) (involved in various appeals on pleading standards, jurisdiction, class certification and other matters stemming from this complex class action)
- *In re North Sea Brent Crude Oil Futures Litig.*, No. 17-2233 (2d Circuit) (engaged in appeal on first impression issues related to extraterritoriality under the Commodity Exchange Act)
- *United States of America Ex Rel. Lawton v. Takeda Pharmaceutical Company, et al.*, No. 16-1382 (1st Circuit) (argued appeal of whistleblower alleging violations of federal and state False Claims Acts for off-labeling marketing)
- *Anastasio v. Total Gas & Power North America*, No. 17-1199 (2d Circuit) (argued appeal on behalf of natural gas futures traders alleging market manipulation)

Commodities Cases

- *In re Credit Default Swaps Auctions Litigation*, No. 21-cv-00606 (D.N.M.). Co-lead counsel in a class action brought by the firm and the Office of the Attorney General for the State of New Mexico alleging antitrust violations and market manipulation in the credit default swaps market. The case is ongoing.
- *Shak et al. v. JP Morgan Chase & Co. et al.*, No. 15-cv-922 (S.D.N.Y.) (and related cases). Representation of exchange-based investors alleging monopolization and manipulation of the silver futures market in violation of federal antitrust and commodity exchange laws. The parties successfully reached a private settlement. The case preceded a related Department of Justice criminal investigation into JPMorgan that remains ongoing.
- *In re Libor-Based Financial Instruments Antitrust Litigation*, No. 11-md-02262; *FTC Capital GMBH et al. v. Credit Suisse Group AG et al.,* No. 11-cv-02613 (S.D.N.Y.) Court appointed co-liaison counsel for all class actions in the multi-district litigation and co-lead counsel for exchange-based class alleging the fixing of prices of a benchmark interest rate. This litigation has already resulted in a partial settlement of over $180 million.
- *Dennis v. The Andersons, Inc. et al.*, No. 20-cv- 04090 (N.D. of Ill.) Representation of a putative class of exchange-based investors alleging monopolization and manipulation of the wheat futures market in violation of federal antitrust and commodity exchange laws.
- *In re Deutsche Bank Spoofing Litigation,* No. 20-cv-03638 (N.D. of Ill.) Counsel on behalf of a putative class of investors alleging that defendants manipulated U.S. Treasury futures traded on

the Chicago Board of Trade and Eurodollar futures traded on the Chicago Mercantile Exchange.

- *In re Bank of Nova Scotia Spoofing Litigation*, No. 20-cv-11059 (D.N.J.). Court appointed to the Executive Committee and class counsel, alleging that defendants manipulated precious metals futures traded on the New York Mercantile Exchange and the Commodity Exchange, Inc.

- Selected by the Court as co-lead counsel in *In re JPMorgan Treasury Futures Spoofing Litigation*, No. 20-cv-03515 (S.D.N.Y.), alleging that defendants manipulated U.S. Treasury futures for more than a decade and that this conduct contributed to the bank's recent $920 million settlement with the DOJ, CFTC, and SEC. The case resulted in a $15.7 million settlement that has received preliminary approval.

- *In re Cattle Antitrust Litigation*, No. 19-cv-1222 (D. Minn. 2019). Court appointed Executive committee member and class counsel, representing ranchers and live cattle traders alleging a conspiracy among the "Big 4" meatpacking firms to suppress prices for fed cattle and commodities manipulated of live cattle futures traded on the Chicago Mercantile Exchange.

- *In re North Sea Brent Crude Oil Futures Litig.*, No. 13-md-02475 (S.D.N.Y.). Sole lead counsel on behalf of a proposed class of Brent crude oil futures traders alleging benchmark manipulation.

- *In re Reformulated Gasoline (RFG) Antitrust and Patent Litigation and Related Actions*, No. 05-cv-01671 (C.D. Cal) (2005). Co-lead counsel in an antitrust class action pertaining to Unocal's alleged manipulation of the standard-setting process for low-emissions reformulated gasoline in California, which plaintiffs claim caused inflated retail prices. Obtained a $48 million settlement for indirect purchasers.

- *In re BP Propane Indirect Purchaser Antitrust Litigation*, No. 06-cv-3541 (N.D.Ill. 2010). Co-lead counsel for propane purchaser class. Secured a $15 million settlement.

- *In re Potash Antitrust Litigation*, No. 08-cv-06910 (N.D.Ill. 2008). In leadership group which secured a $13 million settlement for a class of potash purchasers.

- *CFTC v. Shak*, No. 14-cv-01632-EGS (D.D.C.). Represented defendant in case brought by the CFTC under the Commodity Exchange Act's newest provisions for violations of an administrative order in the gold futures market.

- *Supreme Auto Transport LLC v. Arcelor Mittal et al.*, No. 08-cv-05468 (N.D. Ill. 2008). In the leadership group on behalf of a proposed class of steel purchaser alleging price fixing.

- *In re Commodity Exchange, Inc., Gold Futures and Options Trading Litigation*, No. 14-md-02548 (S.D.N.Y.). Counsel for plaintiff on behalf of gold purchasers in a market manipulation case.

- *In re Exide Technologies*, No. 13-11482 (KJC) (Bankr. D. Del.). Expert for bankrupt debtor, a purchaser of metals, opining on the dynamics of plaintiffs' side representation in antitrust and commodities market cases.

Other Antitrust Cases

- *In re Ductile Iron Pipe Fittings Antitrust Litigation*, MDL No. 2347 (D. NJ. 2012). Co-lead counsel on behalf of a proposed class of purchasers of iron pipe fittings for water projects. Class representatives include Wayne County, Michigan. Secured a $4 million settlement.
- *Microsoft antitrust cases*: Lead counsel for consumer classes in connection with antitrust proceedings against Microsoft in the United States and consulting and advisory counsel to Canadian lead counsel in Canada. These litigations have resulted in settlements totaling over $1 billion for consumers in Canada, Florida, New York, Tennessee, West Virginia and Minnesota, where the litigation proceeded to trial.
- *The City of New York v. GlaxoSmithKline PLC and SmithKline Beecham Corporation*, No. 04-cv-2134-JP (D.Pa. 2004). Represented City of New York in pharmaceutical drug monopolization case. Private settlement.

Corporate Governance

- *In re Pfizer Inc. Shareholder Derivative Litigation,* No. 09-cv-7822 (S.D.N.Y.). Counsel for lead plaintiff in a shareholder derivative action. Obtained a $75 million award and groundbreaking changes to the Board of Director's oversight of regulatory matters

Public Whistleblower Cases

- *Anonymous, Et Ano v. Moody's Corporation, et al.*, No. 103997/2012 (Supreme Court, N.Y. County)
- *The State of New York Ex Rel. Vinod Khurana et al v. Spherion Corp.*, No. 15-cv-06605-JFK-AJP (S.D.N.Y.)
- *United States of America Ex Rel. Lawton v. Takeda Pharmaceutical Company, et al.* (D. Mass.)
- *Doe v. United States Securities and Exchange Commission*, No. 17-4161 (D.C. Circuit)

Confidential Whistleblower Cases Ongoing and Resolved

- Commodities.
- Securities.
- Procurement fraud.
- Medical Device/Pharmaceutical fraud.

*Pro Bono*

- Mr. Kovel also has an active pro bono practice, having represented, among others, clients in need of housing referred through the office of *pro se* litigation in the Southern District of New York, whistleblowers various governmental settings, clients in foreclosure matters, and a Latino soccer association in its efforts organize and obtain a fair proportion of field time from a municipality.

Frequent commentator on commodities, finance and whistleblower matters

- *Bloomberg* (television and print), *New York Times*, *Wall Street Journal*, *Reuters*, *Financial Times*, *Forbes*

- Representative comments include the following articles:
    - "Market fixing inquiry gathers pace," http://www.ft.com/intl/cms/s/0/0a589512-4589-11e4-9b71-00144feabdc0.html#axzz3MebHU1a2
    - "Brent Crude Traders Claim Proof BFOE Boys Rigged Market," http://www.bloomberg.com/news/2013-11-06/brent-crude-traders-claim-proof-bfoe-boys-rigged-market.html
    - "Haunted by Inflation, He Snapped Up Silver at $2, Made a Fortune and Lost It," http://www.bloomberg.com/news/2014-10-23/hunt-s-death-revives-memory-of-fortune-lost-on-silver-bet.html
    - "Regulators Try to Beat Clock in Rate Probe". http://www.wsj.com/news/articles/SB10000872396390443890304578006573853603846?mod=_newsreel_3
    - "The Coming New Age Of Whistleblower Lawsuits". http://www.forbes.com/2010/11/05/whistleblower-dodd-frank-fraud-leadership-managing-corruption.html
    - "Proposed IRS Whistleblower Rules Could Undermine FATCA, Critics Argue". http://blogs.wsj.com/corruption-currents/2013/02/12/proposed-irs-whistleblower-rules-could-undermine-fatca-critics-argue/
    - "Arrests Mount In Libor Manipulation Probe". http://www.bloomberg.com/video/arrests-mount-in-libor-manipulation-probe-TPKf_kj6QE2OCkwfJgyqbQ.html

***



**David A. Bishop** is a partner practicing out of our New York office, where he coordinates domestic client and government relations. Mr. Bishop joined the firm in 2006 following a distinguished career in local government. Mr. Bishop was elected to the Suffolk County Legislature in 1993 while still attending Fordham Law School. He served in several leadership capacities, including Democratic Party Leader, Chairman of Public Safety and Chairman of Environment. His legislative record earned him recognition from the Nature Conservancy, the Child Care Council and the Long Island Federation of Labor.

As an attorney in private practice, Mr. Bishop has litigated numerous NASD arbitrations on behalf of claimants.

Some of Mr. Bishop's relevant experience includes:

- Representation of exchange-based investors in *Shak v. JPMorgan Chase & Co.*, alleging monopolization and manipulation of the silver futures market in violation of federal antitrust and

commodity exchange laws. The parties successfully reached a private settlement. The case preceded a related Department of Justice criminal investigation into JPMorgan that remains ongoing.

- Representation in a shareholder derivative lawsuit against officers and directors of HSBC Holdings and its subsidiaries, alleging that HSBC ran money laundering operations out of New York City. The litigation settled for $72.5 million, the then largest foreign derivatives settlement ever reached and one of the largest insurer-funded cash payments achieved in a U.S. derivatives lawsuit.

- Representation in a class action on behalf of homeowners in minority neighborhoods in Nassau County concerning the County's unfair assessment practices.

- Representation of the NY State Common Retirement Fund as lead plaintiff in *In re National City Corporation Securities, Derivative & ERISA Litigation*, a securities class action arising from National City's alleged misrepresentations regarding exposure to subprime mortgage-related losses. During the class period, the company's stock fell from approximately $37 to $6. This case resulted in a settlement of $168 million.

- Lead counsel for classes of consumers harmed by price fixing in the LCD flat panel and SRAM markets.

- Co-lead counsel for a class of investors in Goldman Sachs common stock in a securities class action, *Lapin v. Goldman Sachs Group, Inc.*, pertaining to Goldman's alleged instruction to their research analysts to favor procurement of investment banking deals over accuracy in their research. This litigation resulted in a recovery of $29 million for the class.

Mr. Bishop is admitted to the New York State Bar and U.S. District Court for the Southern and Eastern Districts of New York. He graduated from American University (B.A., 1987) and Fordham University Law School (J.D., 1993).

***

**Thomas W. Elrod** is a partner based in our New York office focusing on securities, commodities, and antitrust litigation. From 2015-2020, Mr. Elrod was named a Top Rated Securities Litigation "Rising Star" Attorney by Super Lawyers. Mr. Elrod joined the firm in 2011.

Some of Mr. Elrod's relevant securities experience includes:

- Co-lead counsel in *Kokareva v. Bristow Group Inc.*, a securities class action alleging that an aviation services provider focused on the oil and gas sector, made materially false and misleading statements about its internal controls relating to covenants in the company's secured financing agreements. The case resulted in a $6.25 million settlement.

- Lead counsel in *In re Citigroup Inc Securities Litigation*, a class action arising out of Citigroup's alleged misrepresentations regarding their exposure to losses associated with numerous collateralized debt obligations. This case settled for $590 million.
- Class counsel in *Shah v. Zimmer Biomet Holdings*, a securities class action alleging that a medical device company did not disclose systemic quality issues at its manufacturing facility. The case resulted in a $50 million settlement.
- Lead counsel in *In re Hi-Crush Partners L.P. Securities Litigation*, a class action alleging that fracking sand producer Hi-Crush Partners misled shareholders regarding a major customer relationship. This case resulted in a $3.8 million settlement.
- Lead counsel in *Barfuss v. DGSE Companies, Inc.*, a securities class action alleging that a company that sold precious metals to wholesale and retail customers filed materially misleading financial statements. The case resulted in a $1.7 million settlement.
- Co-lead counsel in *In re Resonant Inc. Securities Litigation*, a securities class action alleging that a mobile phone component company misled investors concerning its ability to meet the terms of a development agreement. The case resulted in a $2.75 million settlement.
- Representation of municipal issuers, including governmental entities and hospital systems, in FINRA arbitrations alleging misrepresentations by underwriters in connection with Auction Rate Securities issuances.

Some of Mr. Elrod's relevant antitrust and commodities experience includes:

- Selected by the Court as co-lead counsel in *In re JPMorgan Treasury Futures Spoofing Litigation*, No. 20-cv-03515 (S.D.N.Y.), alleging that defendants manipulated U.S. Treasury futures for more than a decade and that this conduct contributed to the bank's recent $920 million settlement with the DOJ, CFTC, and SEC. The case resulted in a $15.7 million settlement that has received preliminary approval.
- Representation of the exchange-based class in *In re LIBOR-Based Financial Instruments Antitrust Litigation*, an antitrust case alleging that defendant banks colluded to misreport and manipulate LIBOR. This litigation has resulted in partial settlements totaling approximately $187 million, which collectively represent the largest historical class-wide recovery for a "futures only" settlement class.
- Special fiduciary representation for the exchange-based class in *In re Foreign Exchange Benchmark Rates Antitrust Litigation* for a putative class of participants who traded futures and options in the FX market. The case has already resulted in partial settlements of more than $2.3 billion.
- Court appointed Executive committee member and class counsel in *In re Cattle Antitrust Litigation*, representing ranchers and live cattle traders alleging a conspiracy among the "Big 4" meatpacking firms to suppress prices for fed cattle and commodities manipulation of live cattle futures traded on the Chicago Mercantile Exchange.

- Lead counsel on behalf of a proposed class of Brent crude oil futures traders alleging benchmark manipulation in *In re North Sea Brent Crude Oil Futures Litigation*.
- Representation of exchange-based investors in *Shak v. JPMorgan Chase & Co.*, alleging monopolization and manipulation of the silver futures market in violation of federal antitrust and commodity exchange laws. The parties successfully reached a private settlement. The case preceded a related Department of Justice criminal investigation into JPMorgan that remains ongoing.

Some of Mr. Elrod's other relevant experience includes:

- Representation of a nationwide class of residential mortgage loan borrowers in *Rothstein v. GMAC Mortgage LLC*, a class action alleging violations of the Racketeer Influence and Corrupt Organizations Act. This litigation resulted in a $13 million settlement against GMAC Mortgage.
- Representation of SEC, CFTC, and FCA whistleblowers who claim that their companies have violated federal law or defrauded the United States Government.

Mr. Elrod is admitted to the New York State Bar, New Jersey State Bar, U.S. District Courts for the Southern and Eastern Districts of New York, U.S. District Court for the District of New Jersey, and U.S. Courts of Appeals for the 2nd, 3rd, 7th, and 9th Circuits. He graduated from the University of Chicago (B.A., 2005) and Boston University School of Law (J.D., 2009).

***



**Randall M. Fox** is a partner in our New York office, focusing on whistleblower and qui tam matters. He represents whistleblowers in state and federal False Claims Act cases and before the IRS, SEC and CFTC Whistleblower Offices. Mr. Fox was named the Whistleblower Lawyer of the Year for 2021 by Taxpayers Against Fraud Education Fund, which is the leading public advocacy group for whistleblowers. Recently, Mr. Fox was the lead counsel representing the whistleblower in the historic $105 million settlement of a tax whistleblower case under the New York False Claims Act. The firm helped its client win a $22.05 million whistleblower award (21% of the government's recovery) in a case against a hedge fund billionaire alleged to have evaded New York State and New York City taxes. The settlement is the largest income tax recovery under the New York False Claims Act, and one of the largest state recoveries in a False Claims Act case. Mr. Fox's cases generally concern claims of tax, healthcare, procurement, and investment fraud.. Mr. Fox writes and speaks frequently about whistleblower issues and has been an advocate for states and localities to incentivize whistleblowers to protect taxpayer funds and promote tax fairness.

Mr. Fox joined KM in 2014 after having served as the founding Bureau Chief of New York Attorney

General's Taxpayer Protection Bureau. While at the Bureau, Mr. Fox handled claims about frauds committed against the government and taxpayer funds. Prior to being promoted to Bureau Chief at the Attorney General's office, Mr. Fox was a Special Assistant Attorney General in the New York Attorney General's Medicaid Fraud Control Unit, where he handled cases involving healthcare fraud.

Mr. Fox's cases focus on a wide range of industries and services, and have included matters involving banking organizations, hedge funds, medical providers, large pharmaceutical companies, telecommunications companies, technology companies, various government contractors and large-scale taxpayers.

Some of Mr. Fox's recent whistleblower work includes:

- *New York ex rel Tooley LLC v. Sandell* (N.Y. Supreme Court, N.Y. County). New York False Claims Act qui tam case against a hedge fund owner for evading New York taxes on about $475 million in deferred compensation, resulting in a $105 million settlement with a 21% whistleblower award.
- *United States ex rel. Doe v. FPR Specialty Pharmacy* (S.D.N.Y.). federal False Claims Act qui tam case against compounding pharmacy and its owners alleging kickbacks to doctors, independent sales representatives, and patients in the sale of pain creams, resulting in an ability-to-pay settlement for $426,000 with a 21% whistleblower award.
- *New York ex. rel. Raw Data Analytics, LLC v. JPMorgan Chase* (N.Y. Supreme Court, N.Y. County). New York False Claims Act qui tam case alleging that a large bank kept government money for itself by submitting false reports that hid its obligation to pay millions of dollars in interest when it was late in turning unclaimed properties over to the state; defeated the defendants' motion to dismiss, and the case is ongoing.
- *New York ex rel. Choe v. Spa Castle, Inc.* (N.Y. Supreme Court, N.Y. County). New York False Claims Act case alleging that spa business in Queens underpaid taxes due to fraudulent schemes to manipulate its revenues and to pay employees in cash and off the books, resulting in a settlement of $2.5 million, with a 23% whistleblower award, and also resulting in criminal tax fraud convictions.

While working for the Office of the Attorney General, Mr. Fox handled or supervised several ground-breaking False Claims Act cases, including the state's investigation and intervention into a tax whistleblower case against cell phone giant Sprint Corporation, which later settled for $330 million.

Before joining the New York Attorney General's Office in 2007, Mr. Fox was a partner at the law firm of LeBoeuf, Lamb, Greene & MacRae, LLP, where his practice focused on defending clients in class actions, commercial disputes, and securities and consumer fraud actions.

Mr. Fox is admitted to the New York State Bar, all U.S. District Courts for the State of New York, U.S. Court of Appeals for the Second, Third, Eighth, and Ninth Circuits, and U.S. Tax Court. He graduated from Williams College (B.A., 1988) and New York University (J.D., 1991).

***



**Robert J. Gralewski, Jr.** is a partner based in San Diego and manages our California office.

Mr. Gralewski has dedicated his entire 23-year legal career to obtaining economic justice for businesses and consumers victimized by price fixing, monopolistic practices, consumer fraud, privacy violations, and unfair employment practices. Mr. Gralewski has successfully prosecuted a wide variety of federal and state court class actions against multinational conglomerates and Fortune 500 companies in industries including technology, food, automotive, consumer services, and healthcare.

Mr. Gralewski has significant experience deposing CEOs, presidents, and other senior executives in high-stakes litigation. For example, Mr. Gralewski has first-chaired apex depositions of Samsung, StarKist, and Foster Farms executives in the *In re Cathode Ray Tube (CRT) Antitrust Litigation*, the *In re Packaged Seafood Products Antitrust Litigation*, and the *In re Broiler Chicken Antitrust Litigation* matters, respectively.

In addition to overseeing discovery against specific defendants in multi-defendant cases, Mr. Gralewski is often called upon to supervise or consult on other aspects of class cases including defending class representative depositions, handling all aspects of third-party discovery, and assisting with complex economic and pass-through issues.

In the ongoing *CRT* case, Mr. Gralewski was one of the principal lawyers who helped achieve settlements exceeding $500 million in cash. The Special Master handling the matter observed that, "Kirby played an integral role in this case and assumed significant risk . . . Kirby's work was at a very high level [and] Kirby's work greatly benefited the class."

Notably, Mr. Gralewski also has actual antitrust class action trial experience. For over a decade, he represented classes of businesses and consumers in monopoly cases against Microsoft Corporation in several states and served as consulting and advisory counsel to Canadian lead counsel in a similar Canadian class action. Mr. Gralewski was an integral member of the trial teams in the Minnesota and Iowa Microsoft class actions which both settled for more than $350 million after months of hard-fought jury trials. During both trials, Mr. Gralewski was responsible for the evidence and argued evidentiary issues before the trial judges daily. Ultimately, Mr. Gralewski helped recover more than $2 billion in the aggregate for businesses and consumers alleged to be overcharged as a result of Microsoft's practices.

Most recently, Mr. Gralewski first-chaired numerous arbitration hearings over Zoom on behalf of employees of a nationwide fast casual chain who were subject to a mandatory arbitration provision. Relying upon JAMS' Employment Arbitration Minimum Standards, he convinced many arbitrators to order broad e-discovery concerning the respondent's practices despite the relatively low-dollar value of the individual proceedings.

In addition to his class cases, Mr. Gralewski maintains an active pro bono practice. Working with Casa Cornelia since 2018, he has succeeded in helping four separate refugees obtain asylum after direct examinations in contested administrative proceedings. In recognition of his dedication and accomplishments, Casa Cornelia awarded Mr. Gralewski its Pro Bono Publico Award in 2019. Mr. Gralewski is also an active member of COSAL (The Committee to Support the Antitrust Laws) and recently helped establish its Diversity and Inclusion Committee on which he serves.

Mr. Gralewski is admitted to the California State Bar, all of the U.S. District Courts for the State of California, and U.S. District Court for the District of Colorado. He graduated from Princeton University (B.A., 1991) and California Western School of Law (J.D., cum laude, 1997). Mr. Gralewski was drafted by the Cincinnati Reds after his senior year in high school but elected to attend college instead.

***



**Karen M. Lerner** is a partner in our New York office focused on antitrust, commodities and healthcare litigation. Ms. Lerner joined the firm in 2015.

Some of Ms. Lerner's recent work includes:

- Co-lead counsel in *In re Credit Default Swaps Auctions Litigation*, No. 21-cv-00606 (D.N.M.), a class action brought by the firm and the Office of the Attorney General for the State of New Mexico alleging antitrust violations and market manipulation in the credit default swaps market. The case is ongoing.

- Representation of the exchange-based class in *In re LIBOR-Based Financial Instruments Antitrust Litigation*, an antitrust case alleging that defendant banks colluded to misreport and manipulate LIBOR. This litigation has already resulted in partial settlements of over $180 million.

- Special fiduciary representation for the exchange-based class in *In re Foreign Exchange Benchmark Rates Antitrust Litigation* for a putative class of participants who traded futures and options in the FX market. The case has already resulted in partial settlements of more than $2.3 billion.

- Counsel in the benchmark rate antitrust litigation *Sullivan v. Barclays PLC* on behalf of a putative class of investors who traded futures and options contracts on the NYSE LIFFE

exchange against global financial institutions responsible for setting the Euro Interbank Offered Rate ("Euribor"). The case has already resulted in partial settlements of more than $300 million.

- Representation as counsel for plaintiff on behalf of gold purchasers in *In re Commodity Exchange, Inc., Gold Futures and Options Trading Litigation*, No. 14-md-02548 (S.D.N.Y.), a market manipulation case.

- Selected by the Court as co-lead counsel in *In re JPMorgan Treasury Futures Spoofing Litigation*, No. 20-cv-03515 (S.D.N.Y.), alleging that defendants manipulated U.S. Treasury futures for more than a decade and that this conduct contributed to the bank's recent $920 million settlement with the DOJ, CFTC, and SEC. The case resulted in a $15.7 million settlement that has received preliminary approval.

- Court appointed Executive committee member and class counsel in *In re Cattle Antitrust Litigation*, representing ranchers and live cattle traders alleging a conspiracy among the "Big 4: meatpacking firms to suppress prices for fed cattle and commodities manipulation of live cattle futures traded on the Chicago Mercantile Exchange.

- Representation of exchange-based investors in *Shak v. JPMorgan Chase & Co.,* alleging monopolization and manipulation of the silver futures market in violation of federal antitrust and commodity exchange laws. The parties successfully reached a private settlement. The case preceded a related Department of Justice criminal investigation into JPMorgan that remains ongoing.

- Counsel in *In re Deutsche Bank Spoofing Litigation* on behalf of a putative class of investors alleging that defendants manipulated U.S. Treasury futures traded on the Chicago Board of Trade and Eurodollar futures traded on the Chicago Mercantile Exchange.

- Court appointed to the Executive Committee and class counsel in *In re Bank of Nova Scotia Spoofing Litigation*, alleging that defendants manipulated precious metals futures traded on the New York Mercantile Exchange and the Commodity Exchange, Inc.

- Representation of a putative class of exchange-based investors in *Dennis v. The Andersons, Inc. et al.*, alleging monopolization and manipulation of the wheat futures market in violation of federal antitrust and commodity exchange laws.

- Court appointed Discovery Committee Co-Chair in *In re Effexor XR Antitrust Litigation* for a putative class of direct purchasers of brand name and generic equivalents of extended release venlafaxine hydrochloride capsules against drug manufacturers. Among the claims, Defendants are alleged to have delayed market entry of generic versions and entered into reverse payment settlements.

- Representation of a whistleblower in *State of New York v. Moody's Corp.*, alleging millions of dollars of tax fraud using a sham captive insurance company for over a decade regarding domestic and international transactions.

Some of Ms. Lerner's other relevant experience includes:

KM KIRBY McINERNEY

15

- Representation of a whistleblower in *State of New York v. Moody's Corp.*, alleging millions of dollars of tax fraud using a sham captive insurance company for over a decade regarding domestic and international transactions.
- *Maverick Neutral Levered Fund, Ltd. v. Valeant Pharmaceuticals International, Inc.,* alleging that Valeant materially misrepresented its business model, touting artificial and unsustainable growth that was enabled by the company's deceptive and illegal conduct.

Prior to joining KM, Ms. Lerner was of counsel at McDonough, Korn & Eichhorn, where she handled cases involving professional liability, negligence, insurance coverage, and products liability. Ms. Lerner also advises individuals, corporations and non-profits regarding business practices and governance, and has served as a member of the Board of Directors for several charitable organizations.

Ms. Lerner is a frequent commentator on commodities, finance, and whistleblower matters. Representative articles include:

- "Market manipulation lawsuit against Bitfinex, Tether has been revised and refiled," https://www.theblockcrypto.com/post/52634/market-manipulation-lawsuit-against-bitfinex-tether-has-been-revised-and-refiled
- "Kirby McInerney, Radice Law Vie For Co-Lead In Bitfinex Case," https://www.law360.com/fintech/articles/1234251/kirby-mcinerney-radice-law-vie-for-co-lead-in-bitfinex-case
- "The Race to Lead 3 Class-Action Suits Against Bitfinex Over 2017 BTC Bull Run Is On," https://cointelegraph.com/news/the-race-to-lead-3-class-action-suits-against-ifinex-over-2017-btc-bull-run-is-on
- "Moody's settles captive fraud case," https://www.captiveinternational.com/news/moody-s-settles-captive-fraud-case-3242

Ms. Lerner is admitted to the New York State Bar, New Jersey State Bar, District of Columbia Bar, United States Supreme Court, U.S. Court of Appeals for the Second and Third Circuits, U.S. Court of Appeals for the District of Columbia, U.S. District Court for the Southern and Eastern Districts of New York, and U.S. District Court for the District of New Jersey. She graduated from University of Albany SUNY (B.A., 1988, *summa cum laude, Phi Beta Kappa*) and University of Pennsylvania School of Law (J.D., 1991).

***

 **Andrew M. McNeela** is a partner in our New York office focusing on securities, antitrust, commodities, and structured finance litigation. Mr. McNeela joined the firm in 2008.

Prior to joining KM, Mr. McNeela served as an Assistant United States Attorney in the Civil Division of the United States Attorney's Office for the Southern District of New York. In this capacity, he represented the United States in a wide array of civil litigation. Mr. McNeela has argued over twenty cases before the United States Court of Appeals for the Second Circuit. In 2013, he was named one of the top attorneys under 40 by Law360's Rising Stars.

Some of Mr. McNeela's relevant work includes:

- Representation of exchange-based investors in *Shak v. JPMorgan Chase & Co.*, alleging monopolization and manipulation of the silver futures market in violation of federal antitrust and commodity exchange laws. The parties successfully reached a private settlement. The case preceded a related Department of Justice criminal investigation into JPMorgan that remains ongoing.
- Lead counsel in a seven-day bench trial in the United States District Court for the Southern District of New York, representing mutual fund investors who alleged that their advisor, Calamos Advisors LLC, charged excessive fees (decision under submission). At the conclusion of trial, the judge praised counsel for "an extraordinarily well-tried case."
- Representation of a Japanese bank that asserted fraud in connection with its purchase of synthetic CDOs from several prominent New York City-based financial institutions, which resulted in favorable confidential settlements.
- Representation of the New York City Pension Funds as lead plaintiff in a class action against Wachovia Corporation arising from Wachovia's alleged misrepresentations of their exposure to the subprime market. This case resulted in a settlement of $75 million.
- Representation of the NY State Common Retirement Fund as lead plaintiff in *In re National City Corporation Securities, Derivative & ERISA Litigation*, a securities class action arising from National City's alleged misrepresentations regarding exposure to subprime mortgage related losses. This case resulted in a settlement of $168 million.
- Lead counsel in *Dandong v. Pinnacle Performance Limited*, a class action lawsuit against Morgan Stanley pertaining to $154.7 million of notes issued by Pinnacle Performance Ltd. Plaintiffs allege that Morgan Stanley engineered the Pinnacle notes, which it marketed as a safe investment, to fail, investing money into collateralized debt obligations linked to risky companies, while actively shorting the same assets and betting against their clients. This case settled for $20 million.
- Representation of the exchange-based class in *In re LIBOR-Based Financial Instruments Antitrust Litigation*, an antitrust case alleging that defendant banks colluded to misreport and

manipulate LIBOR. This litigation has already resulted in a partial settlement of over $180 million.

- Lead counsel on behalf of a proposed class of Brent crude oil futures traders alleging benchmark manipulation in *In re North Sea Brent Crude Oil Futures Litigation*.
- Lead counsel in the securities class action *In re Herley Industries Inc. Securities Litigation* on behalf of investors. This litigation resulted in a recovery of $10 million for the class.
- Co-lead counsel for a class of investors in Goldman Sachs common stock in a securities class action, *Lapin v. Goldman Sachs Group, Inc.*, pertaining to Goldman's alleged instruction to their research analysts to favor procurement of investment banking deals over accuracy in their research. This litigation resulted in a recovery of $29 million for the class.

Mr. McNeela is admitted to the New York State Bar, U.S. District Courts for the Southern and Eastern Districts of New York, and U.S. Court of Appeals for the Second Circuit. He graduated from Washington University (B.A., 1995) and Hofstra University School of Law (J.D., *cum laude*, 1998), where he was a member of the Law Review.

***



**Meghan Summers** is a partner based in our New York office focusing on securities, structured finance, and antitrust litigation. In 2019, she was named a Top Rated Securities & Corporate Finance "Rising Star" attorney by SuperLawyers. Ms. Summers began working at the firm in 2008 as a paralegal and law clerk before becoming an associate in 2012.

Ms. Summers' relevant securities and structured finance work includes:

- Counsel in *Maverick Neutral Levered Fund, Ltd. v. Valeant Pharmaceuticals International, Inc.*, alleging that Valeant materially misrepresented its business model, touting artificial and unsustainable growth that was enabled by the company's deceptive and illegal conduct.
- Lead counsel in *Dandong v. Pinnacle Performance Limited*, a class action lawsuit against Morgan Stanley pertaining to $154.7 million of notes issued by Pinnacle Performance Ltd. Plaintiffs alleged that Morgan Stanley engineered the Pinnacle notes, which it marketed as a safe investment, to fail, investing money into collateralized debt obligations linked to risky companies, while actively shorting the same assets and betting against their clients. This litigation resulted in a $20 million settlement.
- Representation of foreign financial institutions in individual lawsuits against Morgan Stanley, Credit Agricole Corporate and Investment Bank, UBS, Deutsche Bank, Credit Suisse, Goldman Sachs, JP Morgan, and Barclays pertaining to a number of fraudulent structured investment vehicles and asset-backed collateralized debt obligations.

- Lead counsel in *In re MOL Global, Inc. Securities Litigation*, a class action lawsuit alleging that e-payment enabler MOL Global misled shareholders prior to its initial public offering. This litigation resulted in a $8.5 million settlement.
- Lead counsel in *Rudman v. CHC Group, Ltd.*, a securities class action alleging that CHC Group had misled investors by failing to disclose that one of its two largest customers had stopped making payments on its contracts prior to the company's initial public offering. This litigation resulted in a $3.85 million settlement.
- Representation in individual securities fraud actions against Merck and Schering-Plough related to the commercial viability of the companies' anti-cholesterol medication, Vytorin, and the subsequent drop in Merck's and Schering-Plough's share price.
- Representation in individual securities fraud actions against Merck related to the safety and commercial viability of its medication, Vioxx, and the subsequent drop in Merck's share price.
- Representation in an individual securities fraud action against BP plc related to the Deepwater Horizon explosion on April 20, 2010, and the subsequent drop in BP's share price.
- Representation in an individual securities fraud action alleging that, in marketing their auto-loan ABS securitizations to investors, TCF Bank and Gateway One materially misrepresented the key metric used by investors to evaluate and price the securitizations' certificates.
- Representation in a shareholder derivative lawsuit against officers and directors of HSBC Holdings and its subsidiaries, alleging that HSBC ran money laundering operations out of New York City. The litigation settled for $72.5 million, the then largest foreign derivatives settlement ever reached and one of the largest insurer-funded cash payments achieved in a U.S. derivatives lawsuit.

Ms. Summers' relevant antitrust work includes:

- Representation of the exchange-based class in *In re LIBOR-Based Financial Instruments Antitrust Litigation*, an antitrust case alleging that defendant banks colluded to misreport and manipulate LIBOR. This litigation has already resulted in a partial settlement of over $180 million.
- Special fiduciary representation for the exchange-based class in *In re Foreign Exchange Benchmark Rates Antitrust Litigation* for a putative class of participants who traded futures and options in the foreign exchange market. This litigation has already resulted in partial settlements of more than $2.3 billion.
- Representation in individual lawsuits against Citibank, JPMorgan, Goldman Sachs, and Barclays, alleging that the banks colluded to prevent a patented method for structuring airline special facility revenue bonds from entering the airline municipal bond market in violation of New York's Donnelly Act.
- Consulting and advisory counsel to Canadian lead counsel in an antitrust case against Microsoft. This litigation resulted in a settlement of $395 million.

As a law clerk, Ms. Summers worked on a variety of matters, including *In re Citigroup Inc. Securities Litigation, In re Wachovia Corporation, In re Libor-Based Financial Instruments Antitrust Litigation, In re AT&T Wireless Tracking Stock Securities Litigation, Dandong v. Pinnacle Performance Limited*, and private antitrust proceedings against Microsoft in the United States and Canada.

- Ms. Summers is admitted to the New York State Bar, U.S. District Court for the Southern and Eastern Districts of New York, U.S. District Court for the District of Colorado, U.S. Court of Appeals for the Second and Third Circuits. She graduated from Cornell University (B.S., *summa cum laude*, 2008), where she was ranked first in her major, Pace University School of Law (J.D., *summa cum laude*, 2012), where she was Salutatorian and Articles Editor for the *Pace Law Review*, and King's College, London (Postgraduate Diploma with Merit, EU Competition Law, 2019).

*** 



**Karina Kosharskyy** is Of Counsel to the firm. She is based in our New York office and focuses on securities and antitrust litigation. Ms. Kosharskyy joined the firm in 2005.

Some of Ms. Kosharskyy's relevant work includes:

- Lead counsel for consumer classes in connection with antitrust proceedings against Microsoft in the United States and consulting and advisory counsel to Canadian lead counsel in Canada. These litigations have resulted in settlements totaling over $1 billion for consumers in Canada, Florida, New York, Tennessee, West Virginia and Minnesota, where the litigation proceeded to trial.
- Special fiduciary representation for the exchange-based class in *In re Foreign Exchange Benchmark Rates Antitrust Litigation* for a putative class of participants who traded futures and options in the FX market. The case has already resulted in partial settlements of more than $2.3 billion.
- Representation of the exchange-based class in *In re LIBOR-Based Financial Instruments Antitrust Litigation*, an antitrust case alleging that defendant banks colluded to misreport and manipulate LIBOR. This litigation has already resulted in a partial settlement of over $180 million.
- Representation of indirect purchasers in *In re Cathode Ray Tube (CRT) Antitrust Litigation*, a price fixing antitrust case alleging that defendant entities conspired to control prices of television and monitor components. This litigation has resulted in a settlement of $576 million.

Ms. Kosharskyy is fluent in Russian. She is admitted to the New York and New Jersey State Bars, the U.S. District Courts for the Southern and Eastern Districts of New York, and the U.S. District Court for

the District of New Jersey. Ms. Kosharskyy graduated from Boston University (B.A., 2000) and the New York Law School (J.D., 2007).

*** 



**John Low-Beer** is Of Counsel to the firm and focuses on whistleblower litigation. Mr. Low-Beer formerly was Assistant Corporation Counsel, Affirmative Litigation with the NYC Law Department (1987-2000, 2003-2013), and was the lead attorney on complex and highly publicized matters, including:

- Litigation against BNY Mellon concerning FX trading for City pension funds.
- Litigation concerning City taxation of consular and U.N. mission staff housing.
- A successful challenge to New York State's misallocation of $750 million in federal stimulus funding.
- A lawsuit forcing the Governor to implement State takeover of $2.5 billion in City debt.
- Cases against more than 40 pharmaceutical companies recovering $240 million (with Kirby McInerney).

Some of Mr. Low-Beer's recent work with KM includes:

- *Anonymous v. Anonymous*, Index No. 103997/2012 (Sup. Ct. N.Y. Cty. and First Dept.) (responded to Moody's appeal in seminal tax case under the New York False Claims Act).
- *United States of America Ex Rel. Lawton v. Takeda Pharmaceutical Company,* No. 16-1382 (1st Circuit) (argued appeal of whistleblower alleging violations of federal and state False Claims Acts for off-labeling marketing).

In addition, Mr. Low-Beer has a robust pro bono and low bono practice, representing plaintiffs in immigration, urban land use, guardianship, and whistleblower cases. Recent wins include *Peyton v. New York City Board of Standards and Appeals*, 2018 N.Y. Slip Op. 06870 (1st Dept. 2018) (holding that the rooftop garden of a luxury building in Manhattan could not be counted as "open space" within the meaning of the Zoning Resolution), *Avella v. City of New York*, 29 N.Y.3d 967 (2017) (invalidating a plan to build a shopping mall on parkland in Queens), and *Matter of Daniel B.*, 22 N.Y.S.3d 553 (2d Dept. 2015) (upholding a judgment in a guardianship/turnover proceeding).

Prior to joining the NYC Law Department, Mr. Low-Beer was law clerk to Hon. Leonard Garth, U.S. Court of Appeals for the Third Circuit, and Associate Professor at York College, CUNY, and Assistant Professor at Yale School of Management and Department of Sociology. He is the author of a book, Protest and Participation (Cambridge U.P. 1978) and a prize-winning note in the Yale L.J., "The Constitutional Imperative of Proportional Representation," among other publications.

Mr. Low-Beer is admitted to the New York State Bar, the U.S. Supreme Court, and the U.S. District Court for the Southern District of New York. He graduated from Brown University (B.A., *magna cum laude*, 1966), Harvard University (Ph.D. in Sociology), and Yale Law School, (J.D., 1985), where he was a Senior Editor at the Yale Law Journal.

***



**Alice McInerney** is Of Counsel to the firm and practices out of our New York office.

She concentrates on antitrust and consumer matters, and also handles securities class actions. Ms. McInerney joined the firm in 1995 and has over 30 years of experience as an attorney.

Prior to joining KM, Ms. McInerney was Chief of the Investor Protection Bureau and Deputy Chief of the Antitrust Bureau of the New York Attorney General's office. While there, she chaired the Enforcement Section of the North American Securities Administrators Association and also chaired the Multi-State Task Force on Investigations for the National Association of Attorneys General. Alice is also a member of the National Association of Public Pension Attorneys (NAPPA).

Some of Ms. McInerney's relevant work includes:

- Lead counsel for consumer classes in antitrust cases against Microsoft. These litigations resulted in settlements totaling over $1 billion dollars for consumers in Florida, New York, Tennessee, West Virginia and Minnesota.
- Representation of a class of retailers in *In re Visa Check/MasterMoney Antitrust Litigation*, an antitrust case which resulted in a settlement of over $3 billion for the class.
- Representation of public entities in connection with ongoing Medicaid fraud and False Claims Act litigations arising from health expenditures of these state and local governmental entities.
- Representation of California homeowners in litigation arising from mortgage repayment irregularities. This litigation resulted in settlements that afforded millions of California homeowners clear title to their property. The cases resulted in the notable decision *Bartold v. Glendale Federal Bank.*

Ms. McInerney is admitted to the New York State Bar, the U.S. Supreme Court, the U.S. Court of Appeals for the Second Circuit, and the U.S. District Courts for the Eastern, Northern, Southern, and Western Districts of New York. She graduated from Smith College (B.A., 1970) and Hofstra School of Law (J.D., 1976).

***



**Beverly Mirza** is Of Counsel to the firm and practices out of our New York office, concentrating on antitrust and securities litigation. Ms. Mirza joined the firm in 2004.

Ms. Mirza's relevant experience includes:

- Representation of a class of consumers in connection with *In re Reformulated Gasoline (RFG) Antitrust and Patent Litigation and Related Actions*. This case involves Unocal's manipulation of the standard-setting process for low-emissions reformulated gasoline in California, which increased retail prices of reformulated gasoline. This litigation resulted in a $48 million recovery for the class.
- Representation of the exchange-based class in *In re LIBOR-Based Financial Instruments Antitrust Litigation*, an antitrust case alleging that defendant banks colluded to misreport and manipulate LIBOR. This litigation has already resulted in a partial settlement of over $180 million.
- Representation, as one of the firms with primary responsibility for the case, of a class of purchasers of computers containing Intel's microprocessor chips in Coordination *Proceedings Special Title, Intel x86 Microprocessor Cases*.
- Representation, as executive committee member, of a class of retailers in *In re Chocolate Confectionary Antitrust Litigation*, alleging price fixing claims against a group of chocolate manufacturers in the United States and abroad.
- Representation of a class of sellers in *In re Ebay Seller Antitrust Litigation*, alleging monopolization claims against Ebay.
- Representation of an objector to the settlement in *Reynolds v. Beneficial National Bank* in the United States Northern District Court for the District of Illinois. Ms. Mirza and KM were lauded by the presiding judge for their "intelligence and hard work," and for obtaining "an excellent result for the class."

Ms. Mirza is admitted to the California State Bar and the U.S. District Courts for the Northern and Central Districts of California. She graduated from California State University of Los Angeles (B.S., *magna cum laude*, 2000) and California Western School of Law (J.D., 2004).

***



**Ira M. Press** is Of Counsel to the firm and practices out of our New York office. Mr. Press's practice focuses on securities and consumer litigation. He joined the firm in 1993, and currently leads the firm's institutional investor monitoring program. In this capacity, he has provided advisory services to numerous government pension funds and other institutional investors. He has authored articles on securities law topics and has lectured to audiences of attorneys, experts and institutional investor fiduciaries.

Mr. Press's advocacy has resulted in several landmark appellate decisions, including *Rothman v. Gregor*, the first ever appellate reversal of a lower court's dismissal of a securities class action suit pursuant to the 1995 Private Securities Litigation Reform Act.

Some of Mr. Press's relevant experience includes:

- Co-lead counsel in *Kokareva v. Bristow Group Inc.*, a securities class action alleging that an aviation services provider focused on the oil and gas sector, made materially false and misleading statements about its internal controls relating to covenants in the company's secured financing agreements. The case resulted in a $6.25 million settlement.
- Counsel in *Maverick Neutral Levered Fund, Ltd. v. Valeant Pharmaceuticals International, Inc.,* alleging that Valeant materially misrepresented its business model, touting artificial and unsustainable growth that was enabled by the company's deceptive and illegal conduct.
- Representation of the NY State Common Retirement Fund as lead plaintiff in *In re National City Corporation Securities, Derivative & ERISA Litigation*, a securities class action arising from National City's alleged misrepresentations regarding exposure to subprime mortgage related losses. During the class period, the company's stock fell from approximately $37 to $6. This case resulted in a settlement of $168 million.
- Representation of the New York City Pension Funds as lead plaintiff in a class action against Wachovia Corporation arising from Wachovia's alleged misrepresentations of their exposure to the subprime market. This case resulted in a settlement of $75 million.
- Lead counsel in *In re Citigroup Inc Securities Litigation*, a class action arising out of Citigroup's alleged misrepresentations regarding their exposure to losses associated with numerous collateralized debt obligations. This case settled for $590 million.

Prior to joining KM, Mr. Press practiced at Warshaw Burstein Cohen Schlesinger & Kuh, LLP, where he focused on commercial litigation. Mr. Press is admitted to the New York State Bar, U.S. District Courts for the Eastern, Northern and Southern Districts of New York, U.S. District Court for the District of Colorado, and the U.S. Courts of Appeals for the Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, and Tenth Circuits. He graduated from Yeshiva University (B.A., *magna cum laude*, 1986) and New York University Law School (J.D., 1989).

***

**Sawa Nagano** is Of Counsel to the firm. She focuses on the representation of clients in relation to price-fixing litigation under the Sherman Antitrust Act and other federal and state laws to recover overcharges caused by international price-fixing cartels. Ms. Nagano joined the firm in 2013.

Recent cases on which Ms. Nagano has worked include:

- Representation of indirect purchasers in *In re Cathode Ray Tube (CRT) Antitrust Litigation*, a price fixing antitrust case alleging that defendant entities conspired to control prices of television and monitor components. This litigation resulted in a settlement of $576 million.

Prior to joining KM, Ms. Nagano worked with the law firms of both Orrick, Herrington, and Sutcliffe LLP and Crowell and Morning LLP, where she assisted in the investigation of conspiracies to engage in price-fixing and anticompetitive practices by manufacturers and multinational conglomerates, and she represented cable operators on matters arising before the Federal Communications Commission as well as in their relations with local and state franchising authorities. She also worked for the New York bureau of a major Japanese television network. Additionally, she interned with the Office of Commissioner Furchtgott-Roth at the Federal Communications Commission and worked as a student counsel at the Art, Sports and Entertainment Law Clinic of the Dickinson School of Law of the Pennsylvania State University.

Ms. Nagano is fluent in Japanese. She is admitted to the New York and New Jersey State Bars, the Bar for the District of Columbia, the U.S. District Court for the Southern District of New York, and the U.S. District Court for the District of New Jersey. Ms. Nagano graduated from Sophia University, Tokyo, Japan (B.A., 1989), New York University (M.A., 1992), and The Dickinson School of Law of the Pennsylvania State University (J.D., 2000).

***

**TL Popejoy** is Of Counsel to the firm and practices out of our New York office. Mr. Popejoy has been named a "Rising Star" attorney by Super Lawyers for 2021. Mr. Popejoy joined the firm in 2020. He focuses on antitrust, whistleblower, derivative, and securities litigation involving complex financial products.

Mr. Popejoy has taken a leading role in *In re Credit Default Swaps Auctions Litigation*, No. 21-cv-00606 (D.N.M.), a class action brought by the firm and the Office of the Attorney General for the State of New Mexico alleging antitrust violations and market manipulation in the credit default swaps market. KM

and Mr. Popejoy represent the New Mexico State Investment Council and the putative class of nationwide investors in the action.

Prior to joining KM, Mr. Popejoy practiced as an attorney at Quinn Emanuel Urquhart & Sullivan, LLP and a startup litigation boutique, where he worked on high-profile cases involving complex financial products in large antitrust class actions, contract disputes, and numerous FINRA and SEC investigations. Some of Mr. Popejoy's past case experience includes: *In re European Government Bonds Antitrust Litigation*; *In re Chicago Board Options Exchange Volatility Index Manipulation Antitrust Litigation*, a class action concerning settlement of the VIX "fear index;" *Iowa Public Employees' Retirement System v. Bank of America Corporation*, a class action concerning collusive behavior in the stock loan industry; *In re Interest Rate Swaps Antitrust Litigation*; *Alaska Electrical Pension Fund v. Bank Of America Corporation*, a class action concerning price manipulation of the ISDAfix benchmark; *In re Treasury Securities Auction Antitrust Litigation*; *Scott v. AT&T Inc.*, involving the sale of customer "geolocation" information; and *Williams v. AT&T Mobility LLC*, representing a victim of "SIM swapping" in a case involving cryptocurrency. Mr. Popejoy has also represented *pro bono* low-income tenants in New York City, as well as New York City public school students in suspension hearings.

Before law school, Mr. Popejoy was a Director in algorithmic trading at Credit Suisse and RBC Capital Markets. He is co-inventor of a patent with the founders of the IEX stock exchange that protects institutional investors from high frequency trading arbitrage, and he has argued successfully before the U.S. Patent and Trademark Office.

Mr. Popejoy is a member of the International Air & Transportation Safety Bar Association, the Lawyer-Pilots Bar Association, New York City Bar Aeronautics Committee, and is an instrument-rated pilot. His cybersecurity background includes a CISSP certification (Certified Information Systems Security Professional) and computer security architecture.

Mr. Popejoy is the author of *The Invention of Potential Life: The Police Power over Women in Reproductive Rights Jurisprudence*, a law review article accepted during Mr. Popejoy's time in law school by the Women's Rights Law Reporter, a review founded by the late U.S. Supreme Court Justice Ruth Bader Ginsburg. *See* 37 Women's Rights Law Reporter 83 (Fall 2015).

Mr. Popejoy has also been the recipient of the following awards:

- Individual plaque for *Outstanding Antitrust Litigation Achievement in Private Law Practice*, American Antitrust Institute
- The Legal Aid Society's *Pro Bono Publico* award for outstanding service to The Legal Aid Society and its clients

Mr. Popejoy is admitted to the New York State Bar and the U.S. District Court for the Southern and Eastern Districts of New York. He graduated from Amherst College (B.A., *summa cum laude*), Johns Hopkins University (M.A., Ph.D.), and City University of New York School of Law (J.D.).

*** 



**Henry Telias** is Of Counsel to the firm and practices out of our New York office, specializing in accountants' liability and securities litigation. Mr. Telias joined the firm in 1997.

In addition to his legal work, Mr. Telias is also the firm's chief forensic accountant. He holds the CFF credential (Certified in Financial Forensics) and the PFS credential (Personal Financial Specialist) from the American Institute of Certified Public Accountants. He received his CPA license from New York State in 1982. Prior to practicing as an attorney, he practiced exclusively as a certified public accountant from 1982 to 1989, including 3 years in the audit and tax departments of Deloitte Haskins & Sells' New York office.

Some of Mr. Telias's relevant experience includes:

- Lead counsel in *In re Citigroup Inc. Securities Litigation*, a class action arising out of Citigroup's alleged misrepresentations regarding their exposure to losses associated with numerous collateralized debt obligations. This case recently settled for $590 million.
- Representation of the NY State Common Retirement Fund as lead plaintiff in *In re National City Corporation Securities, Derivative & ERISA Litigation*, a securities class action arising from National City's alleged misrepresentations regarding exposure to subprime mortgage related losses. This case resulted in a settlement of $168 million.
- Representation of the New York City Pension Funds as lead plaintiff in a class action against Wachovia Corporation arising from Wachovia's alleged misrepresentations of their exposure to the subprime market. This case resulted in a settlement of $75 million.
- Lead counsel for a certified class of purchasers of PRIDES securities in connection with the Cendant Corporation accounting fraud in *In re Cendant Corporation PRIDES Litigation*. This litigation resulted in an approximate $350 million settlement for the certified class – an unprecedented 100 percent recovery.

Mr. Telias is admitted to the New York State Bar and the U.S. District Court for the Southern District of New York. He graduated from Brooklyn College (B.S., *cum laude*, 1980) and Hofstra University School of Law (J.D., 1989).

***



**Edward M. Varga, III** is Of Counsel to the firm and practices out of our New York office. Mr. Varga joined the firm in 2006 and concentrates on securities and antitrust litigation.

Mr. Varga's relevant experience includes:

- Lead counsel in *In re Citigroup Inc Securities Litigation*, a class action arising out of Citigroup's alleged misrepresentations regarding their exposure to losses associated with numerous collateralized debt obligations. This case settled for $590 million.
- Representation, as counsel for lead plaintiff and other shareholders, in a derivative action brought against members of the Board of Directors and senior executives of Pfizer, Inc. Plaintiffs made a breach of fiduciary duty claim because defendants allegedly allowed unlawful promotion of drugs to continue even after receiving numerous "red flags" that the improper drug marketing was systemic. Pfizer agreed to pay a proposed settlement of $75 million and to make groundbreaking changes to the Board's oversight of regulatory matters.
- Representation of companies that offered IPO securities in antitrust litigation against the 27 largest investment banks in the United States. Plaintiffs allege that the banks conspired to price fix underwriting fees in the mid-sized IPO market.
- Representation of the NY State Common Retirement Fund as lead plaintiff in *In re National City Corporation Securities, Derivative & ERISA Litigation*, a securities class action arising from National City's alleged misrepresentations regarding exposure to subprime mortgage related losses. This case resulted in a settlement of $168 million.

Mr. Varga is admitted to the New York State Bar. He graduated from Cornell University (B.S., 2000) and New York University Law School (J.D. 2006).

***



**Sarah Flohr** is an associate practicing out of our New York office. Ms. Flohr has been named a "Rising Star" attorney by Super Lawyers for 2019, 2020, 2021, and 2022. She focuses on antitrust, consumer fraud, and securities fraud litigation.

Ms. Flohr has extensive experience in all stages of litigation, including drafting motions and pleadings, discovery requests, arguing motions, conducting trials, negotiating settlements, and taking fact and expert depositions. Prior to joining KM, she worked as an associate in Chicago practicing in mass tort litigation. During this time, she played an integral role on numerous teams representing Fortune 500 companies throughout the country. Ms. Flohr drafted and won two motions to exclude experts, resulting in summary judgment being granted on

all counts brought against her firm's client in a multi-million dollar product liability and breach of contract case, which was upheld on appeal by the United States Circuit Court of Appeals for the Second Circuit.

Ms. Flohr is admitted to the New York State Bar, Illinois State Bar, Missouri State Bar, and the U.S. District Court for the Northern District of Illinois.

***



**Cecilia Kim** was an associate practicing out of our New York office concentrating on securities matters. She left the firm in June 2022.

Ms. Kim received her J.D. from Cardozo Law School in 2020, where she was the Managing Editor of the International Comparative Policy & Ethics Law Review and the President of the Asian Pacific American Law Student Association. She has also received the following awards:

- Cardozo Service and Achievement Faculty Award (2020)
- Korean American Lawyers of Greater New York Law Student Award (2018)

During her last year of law school, Ms. Kim worked in her school's Securities Arbitration Clinic as student counsel, advising and representing clients on securities fraud cases.

Ms. Kim is currently serving as co-chair of the Student Outreach Committee in the Asian American Bar Association of New York. She is admitted to the New York State Bar.

***



**Anthony E. Maneiro** is an associate based in our New York office who concentrates on securities, commodities, and antitrust matters. Mr. Maneiro has been named a "Rising Star" attorney by Super Lawyers for 2019 and 2020. Mr. Maneiro joined the firm in 2016.

Some of Mr. Maneiro's recent antitrust and Commodities Exchange Act work includes:

- Co-lead counsel in *In re Credit Default Swaps Auctions Litigation*, No. 21-cv-00606 (D.N.M.), a class action brought by the firm and the Office of the Attorney General for the State of New Mexico alleging antitrust violations and market manipulation in the credit default swaps market. The case is ongoing.

- Representation of the exchange-based class in *In re LIBOR-Based Financial Instruments Antitrust Litigation*, an antitrust case alleging that defendant banks colluded to misreport and manipulate LIBOR. This litigation has already resulted in partial settlements totaling approximately $187 million, which collectively represent the largest historical class-wide recovery for a "futures only" settlement class.

- Special fiduciary representation for the exchange-based class in *In re Foreign Exchange Benchmark Rates Antitrust Litigation* for a putative class of participants who traded futures and options in the FX market. The case has already resulted in partial settlements of more than $2.3 billion.

- Representation as counsel for plaintiff on behalf of gold purchasers in *In re Commodity Exchange, Inc., Gold Futures and Options Trading Litigation*, No. 14-md-02548 (S.D.N.Y.), a market manipulation case.

- Selected by the Court as co-lead counsel in *In re JPMorgan Treasury Futures Spoofing Litigation*, No. 20-cv-03515 (S.D.N.Y.), alleging that defendants manipulated U.S. Treasury futures for more than a decade and that this conduct contributed to the bank's recent $920 million settlement with the DOJ, CFTC, and SEC. The case resulted in a $15.7 million settlement that has received preliminary approval.

- Representation of exchange-based investors in *Shak v. JPMorgan Chase & Co.,* alleging monopolization and manipulation of the silver futures market in violation of federal antitrust and commodity exchange laws. The parties successfully reached a private settlement. The case preceded a related Department of Justice criminal investigation into JPMorgan that remains ongoing.

- Court appointed Discovery Committee Co-Chair in *In re Effexor XR Antitrust Litigation* for a putative class of direct purchasers of brand name and generic equivalents of extended release venlafaxine hydrochloride capsules against drug manufacturers. Among the claims, Defendants are alleged to have delayed market entry of generic versions and entered into reverse payment settlements.

- Court appointed Executive commmittee member and class counsel in *In re Cattle Antitrust Litigation*, representing ranchers and live cattle traders alleging a conspiracy among the "Big 4" meatpacking firms to supress prices for fed cattle and commodities manipulation of live cattle futures traded on the Chicago Mercantile Exchange.

- Representation of a putative class of exchange-based investors in *Dennis v. The Andersons, Inc. et al.,* alleging monopolization and manipulation of the wheat futures market in violation of federal antitrust and commodity exchange laws.

- Counsel in *In re Deutsche Bank Spoofing Litigation* on behalf of a putative class of investors alleging that defendants manipulated U.S. Treasury futures traded on the Chicago Board of Trade and Eurodollar futures traded on the Chicago Mercantile Exchange.

- Court appointed to the Executive Committee and class counsel in *In re Bank of Nova Scotia Spoofing Litigation*, alleging that defendants manipulated precious metals futures traded on the New York Mercantile Exchange and the Commodity Exchange, Inc.

- Representation of exchange-based investors in *Anastasio v. Total Gas & Power North America, Inc.*, alleging price manipulation of physical natural gas as well as price manipulation of natural gas futures and other derivative natural gas contracts.

Some of Mr. Maneiro's other relevant experience includes:

- Representation in a shareholder derivative lawsuit against officers and directors of HSBC Holdings and its subsidiaries, alleging that HSBC ran money laundering operations out of New York City. The litigation settled for $72.5 million, the then largest foreign derivatives settlement ever reached and one of the largest insurer-funded cash payments achieved in a U.S. derivatives lawsuit.
- Representation in an individual securities fraud action alleging that in marketing their auto-loan ABS securitizations to investors, TCF Bank and Gateway One materially misrepresented the key metric used by investors to evaluate and price the securitizations' certificates.
- Representation of a whistleblower in *State of New York v. Moody's Corp.*, alleging millions of dollars of tax fraud using a sham captive insurance company for over a decade regarding domestic and international transactions.

Mr. Maneiro assists senior attorneys with drafting briefs and motions, legal memoranda and research. In addition, Mr. Maneiro is a member of the Hispanic National Bar Association and the New York City Bar Association, where he serves on the Antitrust and Trade Regulation Committee. He is admitted to the Massachusetts, Illinois and New York State Bars, the U.S. District Court for the District of Massachusetts, the U.S. District Courts for the Eastern and Southern Districts of New York, and the U.S. District Court for the Northern District of Illinois. Mr. Maneiro graduated from Grove City College (B.A. 2010, *magna cum laude*), the London School of Economics and Political Science (M.Sc. 2011), and the Boston University School of Law (J.D. LL.M. 2016).

***



**Belden Nago** is an associate based in our New York office. Mr. Nago joined the firm in 2011 and focuses on securities litigation.

Some of Mr. Nago's relevant experience includes:

- Representation of municipal issuers, including governmental entities and hospital systems, in FINRA arbitrations alleging misrepresentations by underwriters in connection with Auction Rate Securities issuances.

- Representation of the exchange-based class in *In re LIBOR-Based Financial Instruments Antitrust Litigation*, an antitrust case alleging that defendant banks colluded to misreport and

manipulate LIBOR. This litigation has already resulted in a partial settlement of over $180 million.

- Representation of a whistleblower in *State of New York v. Moody's Corp.*, alleging millions of dollars of tax fraud using a sham captive insurance company for over a decade regarding domestic and international transactions.

- Representation of the proposed class of investors in *Shah v. Zimmer Biomet Holdings*, a securities class action alleging that a medical device company did not disclose systemic quality issues at its manufacturing facility.

Prior to joining KM, Mr. Nago was an associate in the Structured Finance department at Orrick, Herrington & Sutcliffe LLP. He is admitted to the New York State Bar and the U.S. Patent and Trademark Office. Mr. Nago graduated from Northwestern University (B.S., 1997), the Massachusetts Institute of Technology (M.Eng., 1998), and Columbia Law School (J.D., 2003).

*** 

**Cristelle Rabban** is an associate practicing out of our New York office focusing on securities, structured finance, and antitrust litigation. Ms. Rabban joined the firm in 2019 as a summer associate and law clerk.

Ms. Rabban's relevant securities and structured finance work includes:

- Representation in a shareholder derivative lawsuit against officers and directors of HSBC Holdings and its subsidiaries, alleging that HSBC ran money laundering operations out of New York City. The litigation settled for $72.5 million, the then largest foreign derivatives settlement ever reached and one of the largest insurer-funded cash payments achieved in a U.S. derivatives lawsuit.

- Representation in individual securities fraud actions against Merck and Schering-Plough related to the commercial viability of the companies' anti-cholesterol medication, Vytorin, and the subsequent drop in Merck's and Schering-Plough's share price.

Ms. Rabban's relevant antitrust work includes:

- Representation in individual lawsuits against Citibank, JPMorgan, Goldman Sachs, and Barclays, alleging that the banks colluded to prevent a patented method for structuring airline special facility revenue bonds from entering the airline municipal bond market in violation of New York's Donnelly Act.

In addition, Ms. Rabban assists partners with drafting briefs and motions, legal memoranda and research. She is admitted to the New York State Bar.

***



**Marko Radisavljevic** is an associate practicing out of our California office. Mr. Radisavljevic joined the firm in 2016 and concentrates on class action and antitrust matters.

Some of Mr. Radisavljevic's recent work includes:

- First-chaired numerous arbitration hearings on behalf of employees of a nationwide fast casual chain who were subject to a mandatory arbitration provision. Relying upon JAMS Employment Arbitration Minimum Standards, Mr. Radisavljevic convinced many arbitrators to order broad e-discovery concerning the respondent's practices despite the relatively low-dollar value of the individual proceedings.
- Representation of the exchange-based class in *In re LIBOR-Based Financial Instruments Antitrust Litigation*, an antitrust case alleging that defendant banks colluded to misreport and manipulate LIBOR. This litigation has already resulted in a partial settlement of over $180 million.
- Special fiduciary representation for the exchange-based class in *In re Foreign Exchange Benchmark Rates Antitrust Litigation* for a putative class of participants who traded futures and options in the FX market. The case has already resulted in partial settlements of more than $2.3 billion.
- *In re Effexor XR Antitrust Litigation* for a putative class of direct purchasers of brand name and generic equivalents of extended release venlafaxine hydrochloride capsules against drug manufacturers. Among the claims, defendants are alleged to have delayed market entry of generic versions and entered into reverse payment settlements.

In addition, Mr. Radisavljevic assists senior attorneys with drafting briefs and motions, legal memoranda and research. He is admitted to the California State Bar. He graduated from the University of San Diego (B.A. *Biology with minors in Chemistry and Philosophy*, 2005) and the California Western School of Law (J.D. 2015).

***



**Emily Rice** is an associate practicing out of our New York office. She focuses on antitrust, whistleblower, consumer fraud, and securities fraud litigation.

Ms. Rice's recent antitrust and Commodities Exchange Act work includes:

- Co-lead counsel in *In re Credit Default Swaps Auctions Litigation*, No. 21-cv-00606 (D.N.M.), a class action brought by the firm and the Office of the Attorney General for the State of New Mexico alleging antitrust violations and market manipulation in the credit default swaps market. The case is ongoing.

Ms. Rice received her J.D. from Baylor Law School in 2019, where she was the Student Coordinator of the Intellectual Property Law and Entrepreneurship Clinic. Most recently, Ms. Rice was a law clerk for the Honorable Douglas E. Arpert, U.S. Magistrate Judge for the District of New Jersey.

Ms. Rice is admitted to the Texas State bar and the New Jersey State bar, and her admission to the New York State bar is pending.

***



**Nicole Veno** is an associate practicing out of our New York office. Ms. Veno joined the firm in 2019 and focuses on antitrust, consumer fraud, and whistleblower litigation.

Some of Ms. Veno's relevant experience includes:

- Representation of a whistleblower in a *qui tam* action, *State of New York v. Covanta Hempstead Company*, alleging that a waste-energy company used improper ash disposal techniques, violative of environmental law.

Ms. Veno began her career as an attorney at Izard Nobel LLP (now Izard Kindall & Raabe LLP) where she focused on class action consumer protection, antitrust, and ERISA matters. Prior to joining KM, she had her own practice focusing on commercial and consumer collection litigation and related probate and bankruptcy proceedings. Her prior work in the consumer class action field focused on cosmetics products that were falsely advertised as being "natural," and resulted in two favorable appellate-level court decisions and a number of class action settlements: *Langan v. Johnson & Johnson Consumer Cos. Inc.*, 897 F.3d 88 (2d Cir. 2018) (holding that a class action plaintiff has Article III standing to represent out of state consumers); *Balser v. Hain Celestial Grp., Inc.*, 640 F. App'x 694, 695 (9th Cir. 2016) (clarifying pleading standards in a consumer fraud case); *Morales v. Conopco*, *Inc. dba Unilever*, No. 13-cv-02213 (E.D. Cal.) ($3.25 million settlement); *Langan v. Johnson & Johnson Consumer Cos.*

*Inc.*, No. 13-cv-01471 (D. Conn.) ($2.4 million settlement); and *Stephenson v. Neutrogena Corp.*, No. 12-cv-00426 (C.D. Cal.) ($1.8 million settlement).

Ms. Veno is a member of the American Bar Association, Antitrust Law Section and the New York Junior League. She is also the author of *Class Action Securities Lawsuits Should Survive the Death of a Named Defendant: Why* Baillargeon v. Sewell *Was Wrongly Decided,* 25 Quinnipiac Prob. L.J. 408 (2012). She is admitted to the New York, New Jersey and Connecticut State Bars, the U.S. Court of Appeals for the Second and Ninth Districts, the U.S. District Court for the District of Connecticut, the U.S. District Court for the District of New Jersey, and the U.S. District Courts for the Eastern and Southern Districts of New York. Ms. Veno graduated from Southern Methodist University (B.A., 2009) and Quinnipiac University School of Law (J.D., 2012), where she was an Associate Editor for the Quinnipiac Probate Law Journal.

***

**Client & Adversary Recognition**

KM received the highest available commendations from the City of New York four years in a row for its work on the AWP Litigation. In each of those four years, KM's efforts on the City's behalf received the overall rating of "excellent". The City elaborated, "*Kirby did a truly excellent job and the results reflect that*".

**Plaintiff / client,**
**In re Pharmaceutical Industry Average Wholesale Price Litigation**

*"The case has been in front of the Supreme Court of the United States once, and in front of the Ninth Circuit no fewer than three times. Throughout, [KM] has . . . brought a considerable degree of success . . . and thwarted attempts by other counsel who sought to settle . . . and destroy a potential billion dollars of class rights."*

**Plaintiff / client,**
**Epstein v. MCA, Inc.**

*"[KM] represented us diligently and successfully. Throughout [KM's] representation of our firm, [KM's] commitment and attention to client concerns were unimpeachable."*

**European institutional defendant /client**
**involved in a multi-million dollar NASD arbitration**

*"Against long odds, [KM] was able to obtain a jury verdict against one of the larger, more prestigious New York law firms."*

**Plaintiff / client,**
**Vladimir v. U.S. Banknote Corporation**

*"[KM] represented our investors with probity, skill, and diligence. There is too much money involved in these situations to leave selection of class counsel to strangers or even to other institutions whose interests may not coincide."*

**Plaintiff / institutional client,**
**In re Cendant Corporation PRIDES Litigation**

**Notables**

The firm has repeatedly demonstrated its ability in the field of securities, antitrust, commodities, structured finance, whistleblower, health care, consumer, and other fraud litigation, and our success has been widely recognized. For example:

CFTC Whistleblower Program award of nearly $200 million to whistleblower client in connection with recoveries from global banks that manipulated benchmark rates.

*State of NY ex rel. Tooley, LLC v. Sandell, et al.*, No. 101494/2018. Whistleblower client received award of 21% of $105 million recovery.

*Michael Mason-Mahon v. Douglas J. Flint et al.*, Index No. 602052/2014 (Sup. Ct. Nassau Cty.). Representation in a shareholder derivative lawsuit against officers and directors of HSBC Holdings and its subsidiaries. $72.5 million settlement.

*In re Bristow Group Inc. Securities Litigation*, No. 19-cv-00509 (S.D.Tex.2019). Co-lead counsel. $6.25 million settlement.

*Anonymous v. Anonymous*, Index No. 103997/2012 (Sup. Ct., N.Y. Cty. 2019). Representation of whistleblower. Client received award of 30% of $8.5 million recovery.

*Sullivan v. Barclays PLC*, No. 13-cv-02811 (S.D.N.Y.). Class counsel. This case has already resulted in partial settlements of more than $300 million.

*In re Foreign Exchange Benchmark Rates Antitrust Litigation*, No. 13-cv-07789 (S.D.N.Y.). Special fiduciary representation for the exchange-based class. This case has already resulted in partial settlements of over $2.3 billion.

*In re Cathode Ray Tube (CRT) Antitrust Litigation*, No. MDL No. 1917 (N.D. Cal. 2019). Representation of indirect purchasers. $576 million settlement.

*State of New York ex rel. Choe v. Spa Castle, Inc.*, No. 101243/2014 (N.Y. Sup. Ct. 2018). Representation of whistleblower. Client received award of 23% of $2.5 million recovery.

*Esposito v. American Renal Assocs. Holdings, Inc.*, No. 16-cv-11797 (D. Mass. 2018). Lead counsel. $4 million settlement.

*In re Resonant Inc. Securities Litigation*, No. 15-cv-01970 (C.D. Cal. 2017). Co-lead counsel. $2.75 million settlement.

*In re Molycorp, Inc. Securities Litigation*, No. 13-cv-05697 (S.D.N.Y. 2017). Lead counsel. $1.25 million settlement.

*In re AudioEye, Inc. Securities Litigation*, No. 15-cv-00163 (D. Ariz. 2017). Lead counsel. $1.525 million settlement.

*In re Bio-Rad Laboratories, Inc. Stockholder Litigation*, C.A. No. 11387 (Del. Ch. Ct.). Co-lead counsel in a shareholder derivative action. The case settled with a parallel action in California state court. As a result of this settlement, Bio-Rad to adopt industry leading, state-of-the-art corporate governance and compliance measures to provide for greater effectiveness of the Board of Directors in responding to potential violations of the Foreign Corrupt Practices Act (FCPA) and similar anti-corruption laws.

*Rothstein v. GMAC Mortgage LLC*, No. 12-cv-3412 (S.D.N.Y.). Lead counsel. $13 million settlement against GMAC Mortgage LLC in *In re Residential Capital, LLC, et al*., No. 12-12020 (Bankr. S.D.N.Y. 2016).

*U.S. ex rel. Dickhudt v. Winds Enterprises*, No. 13-cv-01142 (W.D. Wa.). Representation of whistleblower. Client received award of 20% of $1.5 million settlement.

*In re MOL Global, Inc. Securities Litigation*, No. 14-cv-09357 (S.D.N.Y. 2016). Lead counsel. $8.5 million settlement.

*Globis Capital Partners, L.P., et al. v. The Cash Store Financial Services Inc., et al.*, No. 13-cv-3385 (S.D.N.Y. 2015): Co-lead counsel. CAD $13,779,167 cash settlement, representing roughly 50% of total class-wide stock losses.

*Dandong v. Pinnacle Performance Ltd*., No. 10-cv-08086 (S.D.N.Y. 2015). Lead counsel. $20 million settlement.

*In re Hi-Crush Partners L.P. Securities Litigation*, No. 12-cv-8557 (S.D.N.Y. 2015). Lead counsel. $3.8 million settlement while class certification was pending.

*In re Citigroup Inc. Securities Litigation*, No. 07-cv-9901 (S.D.N.Y. 2013). Lead counsel. $590 million settlement.

*Barfuss v. DGSE Companies, Inc.*, No. 12-cv-3664 (N.D. Tex. 2013). Lead Counsel. $1.7 million settlement.

*In re National City Corporation Securities, Derivative & ERISA Litigation*, No. 08-cv-70004 (N.D. Ohio 2012). Lead counsel. $168 million settlement.

*In re Wachovia Equity Securities Litigation*, No. 08-cv-6171 (S.D.N.Y. 2012). Lead counsel. $75 million settlement.

*In re BP Propane Indirect Purchaser Antitrust Litigation*, No. 06-cv-3541 (N.D.Ill. 2010). Co-lead counsel. $15 million settlement on behalf of propane purchasers.

*In re J.P. Morgan Chase Cash Balance Litigation*, No. 06-cv-732 (S.D.N.Y. 2010). Co-lead counsel.

> "Plaintiff's counsel operated with a strong, genuine belief that they were litigating on behalf of a group of employees who had been injured and who needed representation and a voice, and, at great expense to [themselves], made Herculean efforts on behalf of the class over years…they're to be commended for their fight on behalf of people that they believed had been victimized."

*In re Pfizer Inc. Shareholder Derivative Litigation*, No. 09-cv-7822 (S.D.N.Y.). Pfizer agreed to pay a proposed settlement of $75 million and to make groundbreaking changes to the Board's oversight of regulatory matters.

*In re Pharmaceutical Industry Average Wholesale Price Litigation*, MDL No. 1456; *City of New York, et al. v. Abbott Laboratories, et al.*, No. 01 Civ. 12257 (D. Mass). KM represented the State of Iowa, the City of New York, and forty-two New York State counties in a lawsuit against forty defendant drug manufacturers asserting that they manipulated their average wholesale price data to inflate prices charged to government drug benefits payers. Recovery of over $225 million for the plaintiffs.

*In re Reformulated Gasoline (RFG) Antitrust and Patent Litigation and Related Actions*, No. 05-cv-01671 (C.D. Cal). Lead counsel. $48 million settlement for indirect purchasers.

*In re BISYS Securities Litigation*, No. 04-cv-3840 (S.D.N.Y. 2007). Co-lead counsel. $66 million settlement.

> "In this Court's experience, relatively few cases have involved as high level of risk, as extensive discovery, and, most importantly, as positive a final result for the class members as that obtained in this case."

*Cox v. Microsoft Corporation*, Index No. 105193/00, Part 3 (N.Y. Sup. Ct.). Lead counsel. $350 million settlement.

*In re AT&T Corp. Securities Litigation*, No. 00-cv-8754 (S.D.N.Y. 2006). Lead counsel. $150 million settlement.

*In re Adelphia Communications, Inc. Securities Litigation*, No. 04-cv-05759 (S.D.N.Y. 2006). Co-lead counsel. $478 million settlement.

> "[T]hat the settlements were obtained from defendants represented by 'formidable opposing counsel from some of the best defense firms in the country' also evidences the high quality of lead counsels' work."

*Lapin v. Goldman Sachs & Co.*, No. 04-cv-2236 (S.D.N.Y.). Co-lead counsel. $29 million settlement.

*Montoya v. Herley Industries, Inc.*, No. 06-cv-2596 (E.D. Pa). Lead counsel. $10 million settlement.

*Carnegie v. Household International Inc., et al.*, No. 98-cv-2178 (N.D.Ill. 2006). Co-lead counsel. $39 million settlement.

> "Since counsel took over the representation of this case . . ., they have pursued this case, conducting discovery, hiring experts, preparing for trial, filing motions where necessary, opposing many motions, and representing the class with intelligence and hard work. They have obtained an excellent result for the class."

*Dutton v. Harris Stratex Networks Inc. et al.*, No. 08-cv-00755 (D.Del). Lead counsel. $8.9 million settlement.

*In re Isologen Inc. Securities Litigation*, No. 05-cv-4983 (E.D. Pa.). Lead counsel. $4.4 million settlement.

*In re Textron, Inc. Securities Litigation*, No. 02-cv-0190 (D.R.I.). Co-lead counsel. $7 million settlement.

*Argent Convertible Classic Arbitrage Fund, L.P. v. Amazon.com, Inc. et al.*, No. 01-cv-0640L (W.D. Wash. 2005). Lead counsel. $20 million settlement for class of convertible euro-denominated bond purchasers.

*Muzinich & Co., Inc. et al. v. Raytheon Company et al.*, No. 01-cv-0284 (D. Idaho 2005). Co-lead counsel. $39 million settlement.

*Gordon v. Microsoft Corporation*, No. 00-cv-5994 (Minn. Dist. Ct., Henn. Cnty. 2004). Co-lead counsel. $175 million settlement following two months of trial.

*In re Visa Check/MasterMoney Antitrust Litigation*, No. 96-cv-5238 (E.D.N.Y. 2003). $3 billion monetary settlement and injunctive relief.

*In re Florida Microsoft Antitrust Litigation*, No. 99-cv-27340 (Fl. Cir. Ct. 11th Cir., Miami/Dade Cnty. 2003). Co-lead counsel. $200 million settlement of antitrust claims.

*In re Churchill Securities, Inc.* (SIPA Proceeding), No. 99 B 5346A (Bankr. S.D.N.Y. 2003). Lead counsel. Over $9 million recovery for 500+ victims of pyramid scheme perpetrated by defunct brokerage firm.

*In re Laidlaw Bondholder Securities Litigation*, No. 00-cv-2518-17 (D. S.C. 2002). Lead counsel. $42.8 million settlement.

*Cromer Finance v. Berger et al.* (*In re Manhattan Fund Securities Litigatio*n), No. 00-cv-2284 (S.D.N.Y. 2002). Co-lead counsel. $65 million settlement in total.

*In re Boeing Securities Litigation*, No. 97-cv-715 (W.D. Wash. 2001). $92.5 million settlement.

*In re MCI Non-Subscriber Telephone Rates Litigation*, MDL No. 1275 (S.D. Ill. 2001). Chairman of steering committee. $88 million settlement.

*In re General Instrument Corp. Securities Litigation*, No. 01-cv-1351 (E.D. Pa. 2001). Co-lead counsel. $48 million settlement.

*In re Bergen Brunswig/Bergen Capital Trust Securities Litigation*, 99-cv-1305 and 99-cv-1462 (C.D. Cal. 2001). Co-lead counsel. $42 million settlement.

*Steiner v. Aurora Foods*, No. 00-cv-602 (N.D. Cal. 2000). Co-lead counsel. $36 million settlement.

*Gerber v. Computer Associates International, Inc.*, No. 91-cv-3610 (E.D.N.Y. 2000). Multi-million dollar jury verdict in securities class action.

*Rothman v. Gregor*, 220 F.3d 81 (2d Cir. 2000). Principal counsel of record in appeal that resulted in first ever appellate reversal of the dismissal of a securities fraud class action under the Securities Reform Act of 1995.

*Bartold v. Glendale Federal Bank*, 81 Cal.App.4th 816 (2000). Ruling on behalf of hundreds of thousands of California homeowners establishing banks' duties regarding title reconveyance.

*In re Cendant Corporation PRIDES Litigation*, 51 F. Supp. 2d 537, 542 (D. N.J. 1999). Lead counsel. $340 million settlement.

> "[R]esolution of this matter was greatly accelerated by the creative dynamism of counsel." * * * "We have seen the gifted execution of responsibilities by a lead counsel."

*In re Waste Management, Inc. Securities Litigation*, No. 97C 7709 (N.D. Ill. 1999). Co-lead counsel. $220 million settlement.

> "...[Y]ou have acted the way lawyers at their best ought to act. And I have had a lot of cases... in 15 years now as a judge and I cannot recall a significant case where I felt people were better represented than they are here... I would say this has been the best representation that I have seen."

*In re Bennett Funding Group, Inc. Securities Litigation*, No. 96-cv-2583 (S.D.N.Y. 1999). Co-lead counsel. $140 million settlement ($125 million recovered from Generali U.S. Branch, insurer of Ponzi scheme instruments issued by Bennett Funding Group; $14 million settlement with Mahoney Cohen, Bennett's auditor).

*In re MedPartners Securities Litigation*, No. 98-cv-06364 (Ala. June 1999). Co-lead counsel. $56 million settlement.

*In re MTC Electronic Technologies Shareholder Litigation*, No. 93-cv-0876 (E.D.N.Y. 1998). Co-lead counsel. Settlement in excess of $70 million.

*Skouras v. Creditanstalt International Advisers, Inc., et al.*, NASD Arb., No. 96-05847 (1998). Following an approximately one month hearing, successfully defeated multi-million dollar claim against major European institution.

*In re Woolworth Corp. Securities Class Action Litigation*, No. 94-cv-2217 (S.D.N.Y. 1997). Co-lead counsel. $20 million settlement.

*In re Archer Daniels Midland Inc. Securities Litigation*, No. 95-cv-2877 (C.D. Ill. 1997). Co-lead counsel. $30 million settlement.

*Vladimir v. U.S. Banknote Corp.*, No. 94-cv-0255 (S.D.N.Y. 1997). Multi-million dollar jury verdict in § 10(b) action.

*In re Archer Daniels Midland Inc. Securities Litigation*, No. 95-cv-2877 (C. D. Ill. 1997). Co-lead counsel. $30 million settlement.

*Epstein et al. v. MCA, Inc., et al.*, 50 F.3d 644 (9th Cir. 1995), *rev'd and remanded on other grounds, Matsushita Electric Industrial Co., Ltd. et al. v. Epstein et al.,* No. 94-1809, 116 S. Ct. 873 (February 27, 1996). Lead counsel. Appeal resulted in landmark decision concerning liability of tender offeror under section 14(d)(7) of the Williams Act, SEC Rule 14d-10 and preclusive effect of a release in a state

court proceeding. In its decision granting partial summary judgment to plaintiffs, the court of appeals for the Ninth Circuit stated:

> "The record shows that the performance of the Epstein plaintiffs and their counsel in pursuing this litigation has been exemplary."

*In re Abbott Laboratories Shareholder Litigation*, No. 92-cv-3869 (N.D. Ill. 1995). Co-lead counsel. $32.5 million settlement.

> "The record here amply demonstrates the superior quality of plaintiffs' counsel's preparation, work product, and general ability before the court."

*In re Morrison Knudsen Securities Litigation*, No. 94-cv-334 (D. Id. 1995). Co-lead counsel. $68 million settlement.

*In re T2 Medical Inc. Securities Litigation*, No. 94-cv-744 (N.D. Ga. 1995). Co-lead counsel. $50 million settlement.

*Gelb v. AT&T*, No. 90-cv-7212 (S.D.N.Y. 1994). Landmark decision regarding filed rate doctrine leading to injunctive relief.

*In re International Technology Corporation Securities Litigation*, No. 88-cv-40 (C.D. Cal. 1993). Co-lead counsel. $13 million settlement.

*Colaprico v. Sun Microsystems*, No. 90-cv-20710 (N.D. Cal. 1993). Co-lead counsel. $5 million settlement.

*Steinfink v. Pitney Bowes, Inc.*, No. B90-340 (JAC) (D. Conn. 1993). Lead counsel. $4 million settlement.

*In re Jackpot Securities Enterprises, Inc. Securities Litigation*, No. CV-S-89-05-LDG (D. Nev. 1993). Lead counsel. $3 million settlement.

*In re Nordstrom Inc. Securities Litigation*, No. C90-295C (W.D. Wa. 1991). Co-lead counsel. $7.5 million settlement.

*United Artists Litigation*, No. CA 980 (Sup. Ct., L.A., Cal.). Trial counsel. $35 million settlement.

*In re A.L. Williams Corp. Shareholders Litigation*, C.A. No. 10881 (Delaware Ch. 1990). Lead counsel. Benefits in excess of $11 million.

*In re Triangle Inds., Inc., Shareholders' Litigation*, C.A. No. 10466 (Delaware Ch. 1990). Co-lead counsel. Recovery in excess of $70 million.

*Schneider v. Lazard Freres*, No. 38899, M-6679 (N.Y. App. Div. 1st Dept. 1990). Co-lead counsel. Landmark decision concerning liability of investment bankers in corporate buyouts. $55 million settlement.

*Rothenberg v. A.L. Williams*, C.A. No. 10060 (Delaware. Ch. 1989). Lead counsel. Benefits of at least $25 million to the class.

*Kantor v. Zondervan Corporation*, No. 88-cv-C5425 (W.D. Mich. 1989). Lead counsel. Recovery of $3.75 million.

*King v. Advanced Systems, Inc.*, No. 84-cv-C10917 (N.D. Ill. E.D. 1988). Lead counsel. Recovery of $3.9 million (representing 90% of damages).

*Straetz v. Cordis*, No. 85-cv-343 (S.D. Fla. 1988). Lead counsel.

> "I want to commend counsel and each one of you for the diligence with which you've pursued the case and for the results that have been produced on both sides. I think that you have displayed the absolute optimum in the method and manner by which you have represented your respective clients, and you are indeed a credit to the legal profession, and I'm very proud to have had the opportunity to have you appear before the Court in this matter."

*In re Flexi-Van Corporation, Inc. Shareholders Litigation,* C.A. No. 9672 (Delaware. Ch. 1988). Co-lead counsel. $18.4 million settlement.

*Entezed, Inc. v. Republic of Nigeria*, I.C.C. Arb. (London 1987). Multi-million dollar award for client.

*In re Carnation Company Securities Litigation*, No. 84-cv-6913 (C.D. Cal. 1987). Co-lead counsel. $13 million settlement.

*In re Data Switch Securities Litigation*, B84 585 (RCZ) (D. Conn. 1985). Co-lead counsel. $7.5 million settlement.

*Stern v. Steans*, No. 80-cv-3903. The court characterized the result for the class obtained during trial to jury as "unusually successful" and "incredible" (Jun 1, 1984).

*In re Datapoint Securities Litigation*, No. 82-cv-338 (W.D. Tex.). Lead counsel for a Sub-Class. $22.5 million aggregate settlement.

*Malchman, et al. v. Davis, et al.*, No. 77-cv-5151 (S.D.N.Y. 1984):

"It is difficult to overstate the far-reaching results of this litigation and the settlement. Few class actions have ever succeeded in altering commercial relationships of such magnitude. Few class action settlements have even approached the results achieved herein.... In the present case, the attorneys representing the class have acted with outstanding vigor and dedication . . . Although the lawyers in this litigation have appeared considerably more in the state courts than in the federal court, they have appeared in the federal court sufficiently for me to attest as to the high professional character of their work. Every issue which has come to this court has been presented by both sides with a thoroughness and zeal which is outstanding .... In sum, plaintiffs and their attorneys undertook a very large and difficult litigation in both the state and federal courts, where the stakes were enormous. This litigation was hard fought over a period of four years. Plaintiffs achieved a settlement which altered commercial relationships involving literally hundreds of millions of dollars."