# EXHIBIT 11

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| LAZAR MACOVSKI, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>GROUPON, INC., RICH WILLIAMS, and MELISSA THOMAS,<br><br>Defendants. | Case No. 1:20-cv-02581<br><br>Honorable Matthew F. Kennelly |

**COMPENDIUM OF UNPUBLISHED CASES AND DOCUMENTS CITED IN (I) LEAD PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND PLAN OF ALLOCATION; AND (II) LEAD COUNSEL'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF <u>LITIGATION EXPENSES</u>**

**Cases**

*In re AudioEye, Inc. Sec. Litig.*,
   No. 15 Civ. 00163 (D. Ariz. Apr. 3, 2017) (ECF No. 96-2) [Excerpted] ........................... Tab 1

*In re AudioEye, Inc. Sec. Litig.*,
   No. 15 Civ. 00163 (D. Ariz. May 8, 2017) (ECF No. 100) ............................................... Tab 2

*Bristol Cnty. Ret. Sys. v. Allscripts Healthcare Sols., Inc.*,
   No. 12 Civ. 03297 (N.D. Ill. July 22, 2015) (ECF No. 130) ............................................. Tab 3

*Esposito v. American Renal Assocs. Holdings, Inc.*,
   No. 16 Civ. 11797 (D. Mass. May 10, 2018) (ECF No. 103-3) [Excerpted] ...................... Tab 4

*Esposito v. American Renal Assocs. Holdings, Inc.*,
   No. 16 Civ. 11797 (D. Mass. June 15, 2018) (ECF No. 106).............................................. Tab 5

*In re Extreme Networks, Inc. Sec. Litig.*,
   No. 15 Civ. 04883 (N.D. Cal. May 9, 2019) (ECF No. 174-4) [Excerpted] ....................... Tab 6

*Glock v. FTS Int'l, Inc.*,
   No. 20 Civ. 03928 (S.D. Tex. Feb. 17, 2021) (ECF No. 23-1) [Excerpted] ........................ Tab 7

*Lazan v. Quantum Corp.*,
   No. 18 Civ. 00923 (N.D. Cal. Oct. 10, 2019) (ECF No. 63-8) [Excerpted] ........................ Tab 8

*Lazan v. Quantum Corp.*,
   No. 18 Civ. 00923 (N.D. Cal. Nov. 27, 2019) (ECF No. 69) .............................................. Tab 9

*Lowry v. RTI Surgical Holdings, Inc.*,
   No. 20 Civ. 01939 (N.D. Ill. Jan. 26, 2022) (ECF No. 115)............................................. Tab 10

*Pension Tr. Fund for Operating Eng'rs v. Devry Educ. Grp.*,
   No. 16 Civ. 05198 (N.D. Ill. Dec. 6, 2019) (ECF No. 162) ............................................. Tab 11

*Rougier v. Applied Optoelectronics, Inc.*,
   No. 17 Civ. 02399 (S.D. Tex. Oct. 10, 2020) (ECF No. 150-5) [Excerpted] .................... Tab 12

*Rougier v. Applied Optoelectronics, Inc.*,
   No. 17 Civ. 02399 (S.D. Tex. Nov. 24, 2020) (ECF No. 156) ......................................... Tab 13

*In re SCANA Corp. Sec. Litig.*,
   No. 17 Civ. 02616 (D. S.C. Apr. 23, 2020) (ECF No. 229-6) [Excerpted] ....................... Tab 14

*In re SCANA Corp. Sec. Litig.*,
   No. 17 Civ. 02616 (D. S.C. July 23, 2020) (ECF No. 240)............................................. Tab 15

*Woburn Ret. Sys. v. Salix Pharm., Ltd.*,
    No. 14 Civ. 08925 (S.D.N.Y. June 19, 2017) (ECF No. 225-4) [Excerpted] .................... Tab 16

# TAB 1

Case 4:15-cv-00103-DCB Document 96-2 Filed 04/03/17 Page 196 of 2

# EXHIBIT B

KIRBY MCINERNEY LLP
1002.01 AUDIOEYE LODESTAR
FROM INCEPTION THROUGH MARCH 31, 2017

| Attorney | Hours | Rate | Total |
|---|---|---|---|
| Ira Press (Partner) | 309.00 | $985.00 | $ 304,365.00 |
| Mark Strauss (Partner) | 257.50 | $850.00 | 218,875.00 |
| Henry Telias (Of Counsel) | 84.25 | $800.00 | 67,400.00 |
| Karina Kosharskyy (Associate) | 54.75 | $575.00 | 31,481.25 |
| Beverly Tse Mirza (Associate) | 47.00 | $650.00 | 30,550.00 |
| Anna Linetskaya (Associate) | 91.75 | $325.00 | 29,818.75 |
| Robert Gralewski (Partner) | 3.00 | $810.00 | 2,430.00 |
| Thomas Elrod (Associate) | 2.50 | $625.00 | 1,562.50 |
| | 849.75 | | $ 686,482.50 |
| **Senior Analysts** | | | |
| Elaine Mui | 69.25 | $400.00 | $ 27,700.00 |
| Jing Yin | 20.00 | $325.00 | 6,500.00 |
| Natasha Mighell | 11.75 | $275.00 | 3,231.25 |
| Wilona Karnadi | 1.00 | $250.00 | 250.00 |
| **Paralegals/Clerks** | | | |
| Paralegals - 1st Year | 87.25 | $250.00 | $ 21,812.50 |
| Paralegals 2nd Year | 55.25 | $300.00 | 16,575.00 |
| Clerks | 8.25 | $125.00 | 1,031.25 |
| TOTAL LODESTAR | 1102.50 | | $ 763,582.50 |

# TAB 2

WO

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

--------------------------------------------------

IN RE AUDIOEYE, INC., SECURITIES
LITIGATION

--------------------------------------------------

CV-15-00163-TUC-DCB

**ORDER AND FINAL JUDGMENT**

On the 8th day of May, 2017, a hearing having been held before this Court to determine: (1) whether the terms and conditions of the Stipulation of Settlement dated December 13, 2016 (the "Stipulation") are fair, reasonable and adequate for the settlement of all claims asserted by (i) Plaintiffs against (ii) Defendants AudioEye, Inc. ("AudioEye"), Nathaniel Bradley and Edward O'Donnell (collectively, "Defendants"), and (2) whether to approve the proposed Plan of Allocation as a fair and reasonable method to allocate the Net Settlement Fund among Settlement Class Members; and,

The Court having considered all matters submitted to it at the hearing and otherwise; and,

It appearing that the Notice substantially in the form approved by the Court in the Court's Order Preliminarily Approving Settlement and Providing For Notice

("Preliminary Approval Order") was mailed to all reasonably identifiable Settlement Class Members and otherwise made available on the Claims Administrator's website; and,

It appearing that the Summary Notice substantially in the form approved by the Court in the Preliminary Approval Order was published in accordance with that Order and the specifications of the Court;

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. Capitalized terms used herein have the meanings defined in the Stipulation.

2. The Court has jurisdiction over the subject matter of the Litigation, Lead Plaintiffs, all Settlement Class Members and the Settling Defendants.

3. For purposes of this Settlement, this is a class action on behalf of all persons who purchased or otherwise acquired any common stock of AudioEye during the period from May 14, 2014 through and including April 1, 2015, and who were allegedly damaged thereby (the "Settlement Class"). Excluded from the Settlement Class are Defendants, the officers and directors of AudioEye during the Class Period, members of their immediate families and their legal representatives, heirs, successors, or assigns, any entity in which Defendants have or had a controlling interest, and any persons who separately file an action against one or more of Defendants, based in whole or in part on any claim arising out of or relating to any of the alleged acts, omissions, misrepresentations, facts, events, matters, transactions, or occurrences referred to in the Litigation or otherwise alleged, asserted, or contended in the Litigation. Also excluded from the Settlement Class are those persons who filed valid and timely requests for exclusion in accordance with the Preliminary Approval Order.

Case 4:15-cv-00163-DCB Document 100 Filed 09/08/17 Page 3 of 5

4.      With respect to the Class, and for purposes of this Settlement only, the Court finds and concludes that the requirements of Federal Rules of Civil Procedure 23(a) and 23(b)(3) are satisfied as: (a) the Members of the Class are so numerous that joinder of all Class Members in the Litigation is impracticable; (b) there are questions of law and fact common to the Class that predominate over any individual questions; (c) the claims of the Lead Plaintiffs are typical of the claims of the Class; (d) the Lead Plaintiffs and Lead Plaintiffs' Counsel have fairly and adequately represented and protected the interests of all the Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the Members of the Class in individually controlling the prosecution of the separate actions, (ii) the extent and nature of any litigation concerning the controversy already commenced by Members of the Class, (iii) the desirability or undesirability of continuing the litigation of these claims in this particular forum, and (iv) the difficulties likely to be encountered in the management of the Litigation. Accordingly, for settlement purposes only, the Class is certified, Lead Plaintiffs are appointed Class Representatives, and Lead Plaintiffs' Counsel are appointed Class Counsel

5.      The Court hereby finds that the forms and methods of notifying the Settlement Class of the Settlement and its terms and conditions met the requirements of due process and Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Exchange Act, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995; the Constitution of the United States (including the Due Process Clause); and any other applicable law, constituted the best notice practicable under the circumstances; and constituted due and sufficient notice to all persons and entities entitled thereto of these proceedings and the matters set forth herein, including the Settlement and Plan of Allocation, to all persons entitled to such notice. No Settlement Class Member is relieved from

the terms of the Settlement, including the releases provided for therein, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice. A full opportunity has been offered to the Settlement Class Members to object to the proposed Settlement and to participate in the hearing thereon. The Court further finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. § 1715, were fully discharged. Thus, it is hereby determined that all members of the Settlement Class are bound by this Order and Final Judgment [except those persons listed on Exhibit A to this Order and Final Judgment].

6. The Settlement is approved as fair, reasonable and adequate, and in the best interests of the Plaintiffs. Lead Plaintiffs and Settling Defendants are directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation.

7. The Litigation and the operative Consolidated Amended Complaint are hereby dismissed in their entirety, with prejudice, and without costs.

8. Upon the Effective Date, and as provided in the Stipulation, Lead Plaintiffs and each of the Settlement Class Members, on behalf of themselves, and each of their current, past and future trusts, estates, beneficiaries, heirs, joint tenants, tenants in common, executors, administrators, trustees, predecessors, successors, partners, spouses, parents, subsidiaries, affiliates, attorneys, consultants, experts, brokers, creditors, insurers, agents, representatives, and assigns, and any Person that any of them represents, shall and by operation of this Order and Final Judgment are hereby deemed to have fully, finally, and forever released, relinquished and discharged, and are forever enjoined from prosecuting, any and all of the Settled Claims and all claims arising out of, relating to, or in connection with the Settlement, the Litigation, and/or the resolution of the Litigation against the Released Parties, whether or not such Settlement Class

Member executes and delivers the Proof of Claim and Release form or shares in the Net Settlement Fund.

9. Upon the Effective Date, Defendants shall release and forever discharge each and every one of the Defendants' Claims, and by operation of this Order and Final Judgment shall be forever enjoined from prosecuting Defendants' Claims as against any of the Lead Plaintiffs, Settlement Class Members, or their attorneys, including but not limited to claims for malicious prosecution or sanctions.

10. The Plan of Allocation is approved as fair and reasonable, and Lead Plaintiffs' Counsel and the Claims Administrator are directed to administer the Stipulation and Plan of Allocation in accordance with its terms and provisions. Any modification or change in the Plan of Allocation that may hereafter be approved shall in no way disturb, affect or delay the finality of this Order and Final Judgment or the Releases provided thereunder, shall not disturb, affect or delay the Effective Date of the Settlement, and shall be considered separate from this Order and Final Judgment.

11. In accordance with 15 U.S.C. § 78u-4(f)(7) and all other applicable laws and regulations, any and all claims by any Person against any of the Settling Defendants and/or other Released Persons for contribution or indemnification arising out of or relating in any way to any Settled Claim, or where the alleged damage to the claimant is measured by reference to the claimant's liability to any of the Lead Plaintiffs and/or Settlement Class Members, are hereby permanently barred and discharged. Further:

    a. All claims for contribution and indemnification, however denominated, based upon or arising under the federal securities laws, state law, foreign law or common law, in favor of any Person(s), against any of the Defendants and/or other Released Parties, with

respect to, arising out of, or relating in any way to the claims, allegations, transactions, and/or events that are the subject of the Litigation, and/or based upon liability for, or arising out of or relating in any way to the Settled Claims, are extinguished, discharged, barred, satisfied and/or otherwise unenforceable.

b. All Persons are hereby barred and permanently enjoined, to the fullest extent allowed by law, from asserting, instituting or prosecuting in any capacity, any claim, action or proceeding against any of the Defendants and/or other Released Parties for equitable, partial, comparative, or complete contribution, subrogation or indemnity, however denominated, based upon liability for, and/or arising out of or relating in any way to the Settled Claims, and the Court finds that all such claims are extinguished, discharged, satisfied and made unenforceable.

c. Notwithstanding the foregoing, nothing in the Stipulation or this Order and Final Judgment shall apply to, bar, release or otherwise affect any claim or right to indemnification by any present or former employee, officer or director of AudioEye, based on contractual indemnity, corporate by-laws, or Arizona law governing indemnification of employees, directors and officers (including a claimed right for advancement of fees and costs), or any claim by any present or former employee, officer or director of AudioEye for indemnity or contribution arising in or from any proceeding other than this Litigation, that the Person asserting such claim would otherwise be entitled to assert in the absence of the Stipulation and Settlement and the Court's Order and Final Judgment. Nor shall any of the foregoing apply to, bar, release or otherwise affect any rights or

claims by any of the Released Parties under any relevant insurance policies.

12. The Court finds that all parties and their counsel have complied with each requirement of Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.

13. Neither this Order and Final Judgment, the Stipulation, nor any of the negotiations, documents or proceedings connected with them shall be:

    a. described as, construed as, offered or received against any Defendant or any of the Released Parties as evidence of and/or construed as or deemed to be evidence of any presumption, concession or admission by any of them of the truth of any fact alleged by Plaintiffs in the Litigation, of the validity of any claim that was or could have been asserted in the Litigation, or of the deficiency of any defense that was or could have been asserted in the Litigation or in any other litigation, or of any liability, loss, damage, negligence, fault or wrongdoing whatsoever;

    b. described as, construed as, offered or received against any Defendant or any of the Released Parties as evidence of and/or construed as or deemed to be evidence of any presumption, concession or admission by any of them that the consideration to be provided hereunder, or the proposed Plan of Allocation, represents the amount that could be or would have been awarded to Lead Plaintiffs or the Settlement Class Members after trial.

14. Exclusive and specific jurisdiction is hereby retained over Defendants, the Lead Plaintiffs, and the Settlement Class Members for all matters relating to the Settlement, including the administration, interpretation, effectuation or enforcement of the Stipulation or Settlement and this Order and Final Judgment,

and including any application for fees and expenses incurred in connection with administering and distributing the settlement proceeds to the Settlement Class Members.

15.     Without further order of the Court, Settling Defendants and Lead Plaintiffs may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

16.     There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

17.     Lead Plaintiffs' Counsel are **HEREBY AWARDED** 33 1/3% (thirty-three and one-third percent) of the Gross Settlement Fund for their attorneys' fees, plus accrued interest, which sum the Court finds to be fair and reasonable.  Lead Plaintiffs' Counsel are hereby **AWARDED $507, 825.00**, plus accrued interest, in reimbursement of litigation expenses of **$26,250.47**, which expenses the Courts finds to be have been reasonably incurred.  The foregoing amounts shall be paid to Lead Plaintiffs' Counsel from the Gross Settlement Fund, **$1,525,000.00** in cash, subject to the terms, conditions, and obligations of the Stipulation, which terms, conditions, and obligations are incorporated herein.  Lead Plaintiffs' Counsel may make payments of fees and expenses to counsel for other plaintiffs as Lead Plaintiffs' Counsel deems appropriate based on their relative contribution to the prosecution and resolution of the Action.  Neither the Plan of Allocation submitted by Lead Plaintiffs' Counsel nor the portion of this Order and Final Judgment regarding the attorneys' fee and litigation expenses application including any modification or change in the award of attorneys' fees and litigation expenses that may hereafter be approved, shall in any way disturb or affect this Order and Final Judgment or the Releases provided hereunder and shall be considered separate from this Order and Final Judgment.

18. In the event that the Settlement does not become final and effective in accordance with the terms and conditions set forth in the Stipulation, then this Order and Final Judgment shall be rendered null and void and be vacated and the Settlement and all orders entered in connection therewith shall be rendered null and void (except as provided in paragraphs E.1-3., G, L.4-7., and M.14. in the Stipulation), and the parties shall be deemed to have reverted to their respective status prior to the execution of the Stipulation, and they shall proceed in all respects as if the Stipulation had not been executed and the related orders had not been entered, preserving in that event all of their respective claims and defenses in the Litigation, and shall revert to their respective positions in the Litigation.

19. The Escrow Agent shall maintain the Net Settlement Fund in accordance with the requirements set forth in the Stipulation. No Defendant, or any other Released Party, shall have any liability, obligation, or responsibility whatsoever for the administration of the Settlement or disbursement of the Net Settlement Fund. Lead Plaintiffs' Counsel, Lead Plaintiffs, the Escrow Agent, and the Claims Administrator shall have no liability to any Class Member with respect to any aspect of the administration of the Settlement Fund, including, but not limited to, the processing of Claim Forms and the distribution of the Net Settlement Fund to Class Members.

**IT IS FURTHER ORDERED** that the Motion for an Award of Attorneys' Fees and Reimbursement of Expenses (Doc. 95) and the Motion for Final Approval of the Settlement, Class Certification and Plan of Allocation (Doc. 94) are **GRANTED**. This is the Final Judgment of the Court. This action is closed.

Dated this 8th day of May, 2017.

Honorable David C. Bury
United States District Judge

# TAB 3

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | | |
|---|---|---|
| BRISTOL COUNTY RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | No. 1:12-cv-03297 |
| | ) | <u>CLASS ACTION</u> |
| Plaintiff, | ) ) | Judge Jorge L. Alonso |
| | ) | Magistrate Judge Young B. Kim |
| vs. | ) | |
| | ) | |
| ALLSCRIPTS HEALTHCARE SOLUTIONS, INC., et al., | ) ) | |
| | ) | |
| Defendants. | ) ) | |
| | ) | |

<u>ORDER AWARDING ATTORNEYS' FEES AND EXPENSES</u>

1050433_1

THIS MATTER having come before the Court on the motion of Lead Plaintiffs for an award of attorneys' fees and expenses; the Court, having considered all papers filed and proceedings conducted herein, having found the Settlement of the Action to be fair, reasonable and adequate, and otherwise being fully informed in the premises and good cause appearing therefore;

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. All of the capitalized terms used herein shall have the same meanings as set forth in the Settlement Agreement dated April 1, 2015 (the "Settlement Agreement").

2. The Court has jurisdiction over the subject matter of this application and all matters relating thereto, including all members of the Class who have not timely and validly requested exclusion.

3. Pursuant to and in full compliance with Rule 23 of the Federal Rules of Civil Procedure, the Court finds and concludes that due and adequate notice of Lead Plaintiffs' motion for an award of attorneys' fees and expenses was directed to all Persons and entities who are Class Members, including individual notice to those who could be identified with reasonable effort, advising them of the application for fees and expenses and of their right to object thereto, and a full and fair opportunity was accorded to all Persons and entities who are members of the Class to be heard with respect to the motion for fees and expenses.

4. The Court hereby awards Lead Counsel attorneys' fees of 33% of the Settlement Amount and expenses of $119,060.10, together with the interest earned thereon for the same time period and at the same rate as that earned on the Settlement Fund until paid. Said fees shall be allocated among other Plaintiffs' Counsel by Lead Counsel in a manner which, in their good-faith judgment, reflects each counsel's contribution to the institution, prosecution, and resolution of the Action. The Court finds that the amount of fees awarded is fair and reasonable under the "percentage-of-recovery" method considering, among other things that:

- 1 -

1050433_1

Case: 1:12-cv-03297 Document #: 130 Filed: 07/22/15 Page 3 of 3 PageID #:3118

      (a)     the requested fee is consistent with percentage fees negotiated *ex ante* in the private market for legal services;

      (b)     the contingent nature of the Action favors a fee award of 33%;

      (c)     the Settlement Fund of $9.75 million was not likely at the outset of the Action;

      (d)     the awarded fee is in accord with Seventh Circuit authority and consistent with empirical data regarding fee awards in cases of this size;

      (e)     the quality legal services provided by Lead Counsel produced the Settlement;

      (f)     the Lead Plaintiffs appointed by the Court to represent the Class reviewed and approved the requested fee;

      (g)     the stakes of the litigation favor the fee awarded; and

      (h)     the reaction of the Class to the fee request supports the fee awarded.

5.     The awarded attorneys' fees and expenses, and interest earned thereon, shall be paid to Lead Counsel from the Settlement Fund immediately after the date this Order is executed subject to the terms, conditions, and obligations of the Settlement Agreement, which terms, conditions, and obligations are incorporated herein.

     IT IS SO ORDERED.

7/22/15                        _____

                               JORGE L. ALONSO
                               UNITED STATES DISTRICT JUDGE

- 2 -

1050433_1

# TAB 4

# EXHIBIT C

**KIRBY MCINERNEY LLP**

**American Renal Associates - Lodestar Report**
**From Inception through May 9, 2018**

| Attorneys | Hours | Rate | Total |
|---|---|---|---|
| Andrew McNeela (P) | 408.50 | $900 | $367,650.00 |
| Ira Press (P) | 211.00 | $985 | $207,835.00 |
| Beverly Tse-Mirza (OC) | 48.25 | $650 | $31,362.50 |
| Angela Farren (A) | 17.00 | $350 | $5,950.00 |
| | | | |
| **Total Attorney** | **684.75** | | **$612,797.50** |

**Analyst**

| | | | |
|---|---|---|---|
| Elaine Mui (SAN) | 76.75 | $450 | $34,537.50 |
| Natasha Mighell (AN) | 36.00 | $275 | $9,900.00 |
| Nicholas Topousis (AN) | 1.00 | $275 | $275.00 |

**Paralegals/Admin Clerk**

| | | | |
|---|---|---|---|
| Justin Somelofske (SPL) | 3.00 | $300 | $900.00 |
| Malavika Krishnan (PL) | 96.25 | $250 | $24,062.50 |
| Chloe Chung (PL) | 34.50 | $250 | $8,625.00 |
| Miriam Bial (PL) | 15.75 | $250 | $3,937.50 |
| Sarah Lynch (PL) | 11.00 | $250 | $2,750.00 |
| Wendy Li (PL) | 8.25 | $250 | $2,062.50 |
| Ricardo Wright (AC) | 22.00 | $125 | $2,750.00 |
| | | | |
| **TOTAL LODESTAR** | **989.25** | | **$702,597.50** |

(P) - Partner
(OC) - Of Counsel
(A) - Associate
(SAN) - Senior Analyst
(AN) - Analyst
(SPL) - Senior Paralegal
(PL) - Paralegal
(AC)  Admin Clerk

**KIRBY MCINERNEY LLP**

**American Renal Associates - Expenses**
**From Inception through May 9, 2018**

| Description | Amount |
|---|---|
| Investigative Services | $23,170.85 |
| Mediation | $9,450.00 |
| Computer Research (Westlaw, Pacer, Lexis) | $4,475.37 |
| Publications | $577.50 |
| Filing Fees | $200.00 |
| Federal Express | $40.45 |
| | |
| **TOTAL** | **$37,914.17** |

# TAB 5

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| MARY ESPOSITO, Individually and on Behalf of All Other Persons Similarly Situated,<br><br>        Plaintiff,<br><br>   v.<br><br>AMERICAN RENAL ASSOCIATES HOLDINGS, INC., JOSEPH A. CARLUCCI, JONATHAN L. WILCOX, SYED T. KAMAL, JONATHAN J. McDONOUGH, CENTERBRIDGE CAPITAL PARTNERS L.P., MERRILL LYNCH, PIERCE, FENNER, & SMITH, INC., BARCLAYS CAPITAL INC., GOLDMAN, SACHS & CO., WELLS FARGO SECURITIES, LLC, SUNTRUST ROBINSON HUMPHREY, and LEERINK PARTNERS LLC,<br><br>        Defendants. | Civil Action No. 16 Civ. 11797 (ADB)<br><br>**CLASS ACTION** |

## ORDER AND FINAL JUDGMENT

**WHEREAS**, the Parties to the above-described class action (the "Action") entered into

the Stipulation of Settlement dated as of January 30, 2018 (the "Stipulation"); and

**WHEREAS**, the Court appointed Errol Rudman and Rudman Partners, L.P. ("Lead

Plaintiffs") as class representatives, and Kirby McInerney LLP as Lead Plaintiffs' Counsel; and

**WHEREAS**, solely for purposes of settlement, the Parties have agreed to the certification

of a Settlement Class defined as, collectively, the following: (a) all Persons that purchased or

otherwise acquired ARAH securities between April 20, 2016 and August 18, 2016, inclusive,

including (b) all Persons that purchased or otherwise acquired ARAH securities pursuant or

traceable to ARAH's Form S-1/A, as amended, and the Form 424B Prospectus (together, the

"Registration Statement") filed in connection with the Company's April 20, 2016 offering, but excluding Defendants, their spouses, and anyone (other than a tenant or employee) sharing the household of any Defendant, and any Persons who submit a valid and timely request for exclusion pursuant to the Notice; and

WHEREAS, on February 8, 2018, the Court entered the Order Preliminarily Approving Class Action Settlement and Providing for Notice and Settlement Hearing ("Preliminary Approval Order"), which, *inter alia*:  (i) preliminarily approved the settlement; (ii) approved the forms and manner of notice of the Action and settlement to members of the Settlement Class ("Settlement Class Members"); (iii) directed that appropriate notice of the Action and settlement be given to the Settlement Class; and (iv) set a hearing date to consider final approval of the settlement; and

WHEREAS, notice of the settlement was provided to Settlement Class Members in accordance with the Court's Preliminary Approval Order, including by individual mailed notice to all Settlement Class Members who could be reasonably identified and by publication of a summary notice in *The Wall Street Journal,* or, if significantly less expensive, *The Financial Times* or *Investor's Business Daily*, and over a national newswire service; and

WHEREAS, notice of the settlement was mailed to federal officials and state officials as described in 28 U.S.C. §1715; and

WHEREAS, on June 14, 2018, at 2:00 p.m., at the United States District Court for the District of Massachusetts, 1 Courthouse Way, Boston, Massachusetts, 02210, the Court held a hearing to determine whether the settlement was fair, reasonable, and adequate to the Settlement Class ("Settlement Hearing"); and

WHEREAS, based on the foregoing, having considered the papers filed and proceedings held in connection with the settlement, having considered all of the other files, records, and proceedings in the Action, and being otherwise fully advised; and

WHEREAS, unless otherwise defined herein, all capitalized words contained herein shall have the same meanings as they have in the Stipulation;

THE COURT HEREBY FINDS AND CONCLUDES that:

A.      This Court has jurisdiction over the subject matter of the Action and over all Parties to the Action, including all Settlement Class Members.

B.      This Order incorporates the definitions in the Stipulation, and all terms used in this Order have the same meanings as set forth in the Stipulation, unless otherwise defined herein.

C.      The Notice and Summary Notice given to the Settlement Class in accordance with the Preliminary Approval Order was the best notice practicable under the circumstances of this Action, and constituted due and sufficient notice of the proceedings and matters set forth therein, including of the settlement, to all Persons entitled to notice.  The notices fully satisfied the requirements of due process, 15 U.S.C. §§ 77z-1(a)(7) and §78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995, Rule 23 of the Federal Rules of Civil Procedure, and all other applicable law and rules.

D.      The notice to federal officials and state officials, as given, complied with 28 U.S.C. §1715.

E.      The settlement set forth in the Stipulation (i) is in all respects fair, reasonable, and adequate to the Settlement Class, (ii) was the product of informed, arms'-length negotiations among competent, able counsel, before a nationally known, professional mediator, and (iii) was

- 3 -

made based upon a record that is sufficiently developed and complete to have enabled the Lead Plaintiffs and Defendants to adequately evaluate and consider their positions.

F.        Lead Plaintiffs have fairly and adequately represented the interests of the Settlement Class Members in connection with the settlement.

G.        The Persons who have timely and validly requested exclusion from the Settlement Class are identified in Exhibit 1 attached hereto ("Excluded Persons").

H.        Lead Plaintiffs and the Settlement Class Members, and all and each of them, are hereby bound by the terms of the settlement set forth in the Stipulation.

I.        During the course of the Action, all Parties and their respective counsel appearing herein have complied with their obligations under Rule 11(b) of the Federal Rules of Civil Procedure.

**NOW, THEREFORE, IT IS HEREBY ORDERED AND ADJUDGED** that:

1.        Pursuant to Federal Rule of Civil Procedure 23, the Court hereby (i) certifies, for settlement purposes only, the Settlement Class, and (ii) approves the settlement set forth in the Stipulation as fair, reasonable and adequate to the Settlement Class.  Accordingly, for settlement purposes, the Court authorizes and directs implementation of all terms and provisions of the Stipulation.

2.        All Parties to this Action, and all Settlement Class Members, are bound by the settlement as set forth in the Stipulation and this Order.  Excluded Persons identified in Exhibit 1 are no longer parties to this Action, and are not bound by the Stipulation or the settlement.

3.        Judgment shall be, and hereby is, entered dismissing the Action with prejudice, on the merits, and without taxation of costs in favor of or against any Party.

Case 1:16-cv-11797-ADB   Document 106   Filed 06/15/18   Page 5 of 10

4.      Lead Plaintiffs and all Settlement Class Members are hereby conclusively deemed to have fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged ARAH, Joseph A. Carlucci, Jonathan L. Wilcox, Syed T. Kamal, Jonathan J. McDonough, Centerbridge Capital Partners, L.P., Merrill Lynch, Pierce, Fenner & Smith Incorporated, Barclays Capital Inc., Goldman Sachs & Co. LLC (formerly known as Goldman, Sachs & Co.), Wells Fargo Securities, LLC, SunTrust Robinson Humphrey, Inc., and Leerink Partners LLC., all and each of them, and all and each of their respective past and present parent, subsidiary, and affiliated corporations and entities, the predecessors and successors and assigns in interest of any of them, associates (all as defined in SEC Rule 12b-2 promulgated pursuant to the Securities Exchange Act of 1934), and all and each of their respective past and present officers, directors, employees, managers, members, agents, affiliates, partners, representatives, spouses, heirs, executors, trustees, administrators, and insurers (including the Insurer), and legal or other representatives; and the predecessors, successors, heirs, executors, administrators, advisors, and assigns of each of the foregoing (all of them are the "Released Parties"), with respect to any and all manner of claims, including any Unknown Claims, debts, demands, rights, interests, actions, suits, causes of action, cross-claims, counter-claims, charges, judgments, obligations, setoffs, or liabilities for any obligations of any kind whatsoever (however denominated), whether class, individual or otherwise in nature, for fees, costs, penalties, damages whenever incurred, and liabilities of any nature whatsoever (including, without limitation, direct or indirect claims or demands for rescission, damages, interest, attorneys' fees, and any other costs, expenses or liabilities whatsoever, including joint and several), whether based on federal, state, local, statutory or common law, in equity, or on any other law, rule, regulation, ordinance, contract, or the law of any foreign jurisdiction, whether fixed or

contingent, known or unknown, liquidated or unliquidated, suspected or unsuspected, asserted or unasserted, matured or unmatured, which Settlement Class Members or any of them, whether directly, representatively, derivatively, or in any other capacity, now have, ever had, or ever will have against Released Parties, arising from or relating in any way to, directly or indirectly, (1) the purchase, sale, or other acquisition or disposition, or holding, of ARAH securities during the Settlement Class Period, and/or (2) any conduct alleged in the Action or that could have been alleged in the Action against any of Defendants or the other Released Parties.

5.      Lead Plaintiffs and all Settlement Class Members are hereby barred and permanently enjoined from commencing, instituting, prosecuting, continuing to prosecute, soliciting, encouraging, or participating in the prosecution of any action or proceeding in any court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind, asserting any of the Released Claims.

6.      This Court hereby approves the Plan of Allocation as set forth in the Full Notice as fair and equitable, and overrules all objections to the Plan of Allocation, if any, in their entirety.  The Court directs Lead Plaintiffs' Counsel and the Claims Administrator to proceed with the processing of Claim Forms and the administration of the settlement pursuant to the terms of the Plan of Allocation and, upon completion of the claims processing procedure, to present to this Court a proposed final distribution order for the distribution of the Net Settlement Fund to eligible Settlement Class Members, as provided in the Stipulation and Plan of Allocation.

7.      This Court hereby awards Lead Plaintiffs' Counsel reimbursement of their out-of-pocket expenses in the amount of $37,914.17, and attorneys' fees equal to 33% of the Settlement Fund, with interest to accrue on all such amounts at the same rate and for the same

periods as accrued by the Settlement Fund from the date of this Final Judgment to the date of

actual payment of said attorneys' fees and expenses to Lead Plaintiffs' Counsel as provided in

the Stipulation. The foregoing amounts shall be paid to Lead Plaintiffs' Counsel from the

Settlement Fund pursuant to the terms of the Stipulation. The Court finds the amount of

attorneys' fees awarded herein to be fair and reasonable based on: (a) the work performed and

costs incurred by Lead Plaintiffs' Counsel; (b) the complexity of the case; (c) the risks

undertaken by Lead Plaintiffs' Counsel and the contingent nature of their employment; (d) the

quality of the work performed by Lead Plaintiff's Counsel in this Action and their standing and

experience in prosecuting similar class action securities litigation; (e) awards to successful

plaintiffs' counsel in other, similar litigation; (f) the benefits achieved for Settlement Class

Members through the settlement; and (g) the absence of a significant number of objections from

Settlement Class Members to the application for an award of attorneys' fees or reimbursement of

expenses to Lead Plaintiffs' Counsel. The Court also finds that the requested reimbursement of

expenses is proper and that the expenses incurred by Lead Plaintiffs' Counsel were reasonable

and necessary in the prosecution of this Action on behalf of Settlement Class Members. Lead

Plaintiffs are also awarded the sum of $5,000 each, as reasonable costs and expenses directly

relating to the representation of the Settlement Class as provided in 15 U.S.C. §§ 77z- 1(a)(4)

and 78u-4(a)(4), such amounts to be paid from the Settlement Fund.

8. Lead Plaintiffs' Counsel may apply, from time to time, for any fees and/or

expenses incurred by them solely in connection with the administration of the Settlement Fund

and distribution of the Net Settlement Fund to Settlement Class Members.

9. All payments of attorneys' fees and reimbursement of expenses to Lead Plaintiffs'

Counsel in the Action shall be made from the Settlement Fund, and the Released Parties shall

Case 1:16-cv-11797-ADB Document 106 Filed 06/15/18 Page 8 of 10

have no liability or responsibility for the payment of any of Lead Plaintiffs' Counsel's attorneys' fees or expenses.

10. Except as otherwise expressly provided herein, the Stipulation and settlement, whether or not consummated, and any proceedings taken pursuant to it:

a. shall not be offered or received against any of Defendants for any purpose, including without limitation as evidence of, or construed as or deemed to be evidence of, any presumption, concession or admission by any of Defendants with respect to the truth of any fact alleged by Lead Plaintiffs, the validity of any claim that had been or could have been asserted against any of Defendants in the Action or in any proceeding, or the lack of merit of any defense that had been or could have been asserted to such claim, or of any liability, negligence, fault or wrongdoing of Defendants;

b. shall not be offered or received against any of Defendants for any purpose, including without limitation as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any Defendant;

c. shall not be offered or received against any of Defendants for any purpose, including without limitation as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of Defendants, in any other civil, criminal or administrative action or proceeding; and/or

d. shall not be construed against any of Defendants for any purpose, including without limitation as a presumption, concession or admission that the consideration to be given hereunder represents the amount that could be or would have been recovered after trial.

- 8 -

Case 1:16-cv-11797-ADB   Document 106   Filed 06/15/18   Page 9 of 10

11.     The Court hereby retains and reserves jurisdiction over: (a) implementation of this settlement and any distributions from the Settlement Fund; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees, interest, and expenses in the Action; (d) the Action, until the Effective Date; (e) all Parties, for the purpose of enforcing and administering the Stipulation and the terms set forth therein; and (f) any other matters solely related to the distribution of the proceeds of the settlement.

12.     In the event that this judgment does not become Final in accordance with ¶ IV(A)(13) of the Stipulation, and the Effective Date in accordance with ¶ IV(I)(1) of the Stipulation does not occur, then the judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation, and this Order shall be vacated. In such event, all orders entered and releases delivered in connection with the settlement, including without limitation any orders certifying the Settlement Class, shall be null and void, except to the extent provided by and in accordance with the Stipulation. In such event, the Parties shall return to their positions as of November 28, 2017.

13.     The Escrow Agent shall maintain the Settlement Fund in accordance with the requirements set forth in the Stipulation. No Defendant, or any other of the Released Parties, shall have any liability, obligation, or responsibility whatsoever for the administration of the Settlement Fund or disbursement of the Net Settlement Fund. Lead Plaintiffs' Counsel, Lead Plaintiffs, the Escrow Agent, and the Claims Administrator shall have no liability to any Settlement Class Member with respect to any aspect of the administration of the Settlement Fund, including, but not limited to, the processing of Claim Forms and the distribution of the Net Settlement Fund to the Settlement Class Members consistent with the Plan of Allocation.

Case 1:16-cv-11797-ADB   Document 106   Filed 06/15/18   Page 10 of 10

14.     This Court's ruling on the Plan of Allocation and Lead Plaintiffs' Counsel's motion for attorneys' fees and/or reimbursement of expenses shall not disturb or affect this Order or the finality of this Order.  More specifically, neither appellate review nor modification of the Plan of Allocation set forth in the Full Notice, nor any action in regard to the motion by Lead Plaintiffs' Counsel for attorneys' fees and/or reimbursement of expenses and the award of costs and expenses, shall affect the finality of any other portion of this Final Judgment Order, nor delay the Effective Date of the Stipulation, and each shall be considered separate for the purposes of appellate review of this Final Judgment Order.

15.     Without further approval from the Court, Lead Plaintiffs' Counsel and Defendants' Counsel are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the settlement that: (i) are not materially inconsistent with this Final Judgment Order; and (ii) do not materially limit the rights of Settlement Class Members in connection with the settlement.  Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date:   June 15, 2018.
        Boston, Massachusetts


                                /s/ Allison D. Burroughs
                                ALLISON D. BURROUGHS
                                United States District Judge


- 10 -

# TAB 6

**LABATON SUCHAROW LLP**
Carol C. Villegas *(pro hac vice)*
Alec T. Coquin (*pro hac vice*)
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
Email: cvillegas@labaton.com
         acoquin@labaton.com

*Attorneys for Lead Plaintiff and Lead Counsel
for the Class*

**BERMAN TABACCO**
Nicole Lavallee (SBN 165755)
A. Chowning Poppler (SBN 272870)
44 Montgomery Street, Ste. 650
San Francisco, CA 94104
Telephone: (415) 433-3200
Facsimile: (415) 433-6382
Email: nlavallee@bermantabacco.com
         cpoppler@bermantabacco.com

*Liaison Counsel for the Class*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| In re EXTREME NETWORKS, INC. SECURITIES LITIGATION<br><br>This Document Relates to:<br><br>All Actions. | Master File No. 5:15-cv-04883-BLF-SVK<br><br>**DECLARATION OF NICOLE LAVALLEE FILED ON BEHALF OF BERMAN TABACCO IN SUPPORT OF APPLICATION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES**<br><br>Date:   June 20, 2019  1:30 p.m.<br>Dept.:  Courtroom 4, 5th Floor<br>Judge:  Hon. Beth Labson Freeman |

CASE NO. 5:15-CV-04883-BLF-SVK
DECLARATION OF NICOLE LAVALLEE FILED ON BEHALF OF BERMAN TABACCO IN SUPPORT OF
APPLICATION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES

I, NICOLE LAVALLEE, declare as follows under penalty of perjury, pursuant to 28 U.S.C. § 1746:

1. I am the managing partner of the San Francisco office of Berman Tabacco. I submit this declaration in support of Lead Counsel's motion for an award of attorneys' fees and payment of expenses, on behalf of all Plaintiffs' Counsel who contributed to the prosecution of the claims in the above-captioned action (the "Action"), from inception through April 15, 2019 (the "Time Period"). I have personal knowledge of the facts set forth herein and, if called upon, could and would testify thereto.

2. My firm, which served as Liaison Counsel in the Action, advised Lead Counsel Labaton Sucharow LLP on various matters throughout the litigation, which are described in detail in the Declaration of Carol C. Villegas in Support of Lead Plaintiff's Motion for Final Approval of Class Action Settlement and Plan of Allocation and Lead Counsel's Motion for an Award of Attorneys' Fees and Payment of Expenses, submitted herewith.

3. The information in this declaration regarding my firm's time and expenses is taken from time and expense reports and supporting documentation prepared and/or maintained by the firm in the ordinary course of business. These reports were reviewed by me, in connection with the preparation of this declaration. As a result of this review, reductions were made to time in the exercise of billing judgment. As a result of this review and the adjustments made, I believe that the time reflected in the firm's lodestar calculation and the expenses for which payment is sought as set forth in this declaration are reasonable in amount and were necessary for the effective and efficient prosecution and resolution of the litigation. In addition, I believe that the expenses are all of a type that would normally be charged to a fee-paying client in the private legal marketplace.

4. After the reductions referred to above, the schedule attached hereto as Exhibit A is a summary indicating the amount of time spent by the attorneys and professional support staff members of my firm who were involved in the prosecution of the Action and the lodestar calculation based on my firm's current rates. For personnel who are no longer employed by my

firm, the lodestar calculation is based upon the rates for such personnel in his or her final year of employment by my firm. The schedule was prepared from daily time records regularly prepared and maintained by my firm, which are available at the request of the Court. Time expended in preparing this application for fees and payment of expenses has not been included in this request.

5. The hourly rates for the attorneys and professional support staff of my firm included in Exhibit A are their usual and customary rates.

6. The total number of hours expended on this litigation by my firm during the Time Period is 123.10 hours. The total lodestar for my firm for those hours is $70,142.00.

7. Attached as Exhibit B is a task-based summary of the work performed by the attorneys and professional staff members who performed services in this Action.

8. My firm's lodestar figures are based upon the firm's hourly rates, which rates do not include charges for expense items. Expense items are recorded separately and are not duplicated in my firm's hourly rates.

9. As detailed in Exhibit C, my firm has incurred a total of $2,552.13 in expenses and charges in connection with the prosecution of the litigation. These expenses and charges are summarized by category in Exhibit C.

10. The following is additional information regarding certain of my firm's expenses:

(a) Filing, Witness and Other Fees: $915.00. These expenses have been paid to courts in connection with *pro hac vice* motions.

(b) Work-Related Transportation, Hotels & Meals: $95.30. In connection with the prosecution of this case, the firm has paid for work-related transportation expenses, meals and travel expenses related to, among other things, attending court conferences and hearings.

(c) Court Hearing and Deposition Reporting: $276.25. These expenses have been paid to court reporters in connection with transcripts of court hearings or to court reporting services, in connection with the depositions taken in the Action.

CASE NO. 5:15-CV-04883-BLF-SVK
DECLARATION OF NICOLE LAVALLEE FILED ON BEHALF OF BERMAN TABACCO IN SUPPORT
OF APPLICATION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES     2

(d)    Online Legal and Factual Research: $47.41. The firm conducted research using databases maintained by vendors such as PACER, Bloomberg and Westlaw. These databases were used to obtain access to financial information, factual information, and to conduct legal research. This expense represents the expense incurred by my firm for use of these services in connection with this litigation. The charges for these vendors vary depending upon the type of services requested.

11.    The expenses pertaining to the Action are reflected on the books and records of my firm. These books and records are prepared from expense vouchers, check records and other source materials and are an accurate record of the expenses.

12.    With respect to the standing of my firm, attached hereto as Exhibit D is a biography of my firm, as well as biographies of the firm's attorneys who worked on this litigation and who are currently employed by the firm.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 3rd day of May, 2019, at San Francisco.

_____
NICOLE LAVALLEE

# Exhibit A

# EXHIBIT A

## *IN RE EXTREME NETWORKS, INC. SEC. LITIG.*

### Berman Tabacco

### Inception through April 15, 2019

| *NAME* | | *HOURS* | *RATE* | *LODESTAR* |
|---|---|---|---|---|
| Beaulieu, Karen | FA | 1.00 | $395.00 | $395.00 |
| Becker, Kathy | PL | 20.70 | $370.00 | $7,659.00 |
| Giblin, Wendy (former) | OC | 14.30 | $615.00 | $8,794.50 |
| Lavallee, Nicole | P | 19.50 | $920.00 | $17,940.00 |
| Poppler, Chowning | A | 63.30 | $525.00 | $33,232.50 |
| Scarsciotti, Jeannine | FA | .80 | $505.00 | $404.00 |
| Soboleva, Yelena | PL | 2.20 | $225.00 | $495.00 |
| Tabacco, Joseph | P | 1.30 | $940.00 | $1,222.00 |
| **TOTAL** | | **123.10** | | **$70,142.00** |

| | | | | |
|---|---|---|---|---|
| Partner | (P) | Financial Analyst | (FA) |
| Of Counsel | (OC) | Investigator | (I) |
| Associate | (A) | Paralegal | (PL) |

CASE NO. 5:15-CV-04883-BLF-SVK
DECLARATION OF NICOLE LAVALLEE FILED ON BEHALF OF BERMAN TABACCO IN SUPPORT OF
APPLICATION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES

# TAB 7

**EXHIBIT A**

*Glock v. FTS International, Inc., et al.*, No. 4:20-cv-03928
Robbins Geller Rudman & Dowd LLP
Inception through December 18, 2020

| NAME | | HOURS | RATE | LODESTAR |
|---|---|---|---|---|
| Cochran, Brian E. | (P) | 146.30 | 760 | $ 111,188.00 |
| Love, Andrew S. | (P) | 115.20 | 1,150 | 132,480.00 |
| O'Mara, Brian O. | (P) | 560.20 | 870 | 487,374.00 |
| Pintar, Theodore J. | (P) | 130.70 | 1,100 | 143,770.00 |
| Robbins, Darren J. | (P) | 32.70 | 1,325 | 43,327.50 |
| Saham, Scott H. | (P) | 625.15 | 995 | 622,024.25 |
| Abel, Lawrence A. | (A) | 18.50 | 630 | 11,655.00 |
| Albert, Michael | (A) | 24.80 | 540 | 13,392.00 |
| Sciarani, Kevin | (A) | 522.00 | 540 | 281,880.00 |
| Worley, Jr., Regis C. | (A) | 42.00 | 600 | 25,200.00 |
| Bays, Lea M. | (OC) | 4.50 | 775 | 3,487.50 |
| Hines, Nicole Y. | (SA) | 794.50 | 415 | 329,717.50 |
| Feldman, James C. | (FA) | 2.50 | 600 | 1,500.00 |
| Sader, Brad C. | (FA) | 4.10 | 600 | 2,460.00 |
| Yurcek, Christopher J. | (FA) | 6.40 | 750 | 4,800.00 |
| Ponce Rivera, Helen | (FAI) | 10.50 | 75 | 787.50 |
| Barhoum, Anthony J. | (EA) | 9.80 | 430 | 4,214.00 |
| Cabusao, Reggie F. | (EA) | 3.70 | 335 | 1,239.50 |
| Villalovas, Frank E. | (EA) | 3.00 | 420 | 1,260.00 |
| Roelen, Scott R. | (RA) | 12.40 | 295 | 3,658.00 |
| Brandon, Kelley T. | (I) | 4.50 | 290 | 1,305.00 |
| Lyons, James L. | (I) | 2.00 | 290 | 580.00 |
| Peitler, Steven J. | (I) | 61.50 | 290 | 17,835.00 |
| Lewis, Bradley P. | (LS) | 69.20 | 150 | 10,380.00 |
| Torres, Michael | (LS) | 25.90 | 375 | 9,712.50 |
| Ulloa, Sergio | (LS) | 27.40 | 290 | 7,946.00 |
| Paralegals | | 428.10 | 275-350 | 121,620.00 |
| Document Clerks | | 2.40 | 150 | 360.00 |
| **TOTAL** | | **3,689.95** | | **$ 2,395,153.25** |

| | | |
|---|---|---|
| (P) Partner | (FA) Forensic Accountant | (I) Investigator |
| (A) Associate | (FAI) Forensic Accounting Intern | (LS) Litigation Support |
| (OC) Of Counsel | (EA) Economic Analyst | |
| (SA) Staff Attorney | (RA) Research Analyst | |

# TAB 8

**EXHIBIT H - LODESTAR REPORT**

**KIRBY McINERNEY LLP**
**HOURS BY CATEGORY FROM INCEPTION TO OCTOBER 9, 2019**

*Lazan v. Quantum Corp., et al.* **, No. 18 Civ. 00923-RS (N.D. Cal.)**

Categories:

| | | |
|---|---|---|
| (1) New Case Research | (4) Mediation | (7) Conditional Class Certification/Preliminary Settlement Approval and Notice to Class |
| (2) Motions and Legal Research | (5) Discovery | (8) Final Approval |
| (3) Pleadings and Factual Research | (6) Settlement | (9) Case Management and Litigation Strategy/Analysis |

| | Status | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | Hourly Rate | Total Hours | Total Lodestar |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Attorneys** | | | | | | | | | | | | | |
| Ira Press | (P) | 8.50 | 44.75 | 48.50 | 74.75 | 47.50 | 40.25 | 10.75 | 14.50 | 10.00 | $ 995.00 | 299.50 | $ 298,002.50 |
| Christopher Studebaker | (P) | | 33.50 | 27.50 | 29.00 | 54.75 | 9.25 | 48.00 | 0.75 | 19.25 | $ 900.00 | 222.00 | $ 199,800.00 |
| Henry Telias | (OC) | | | 14.50 | | 233.50 | | | | | $ 950.00 | 248.00 | $ 235,600.00 |
| Beverly Tse Mirza | (OC) | | | | 30.00 | 59.50 | 47.00 | 50.50 | 21.00 | 0.25 | $ 700.00 | 208.25 | $ 145,775.00 |
| Karina Kosharskyy | (OC) | | | | 67.75 | | | | | | $ 650.00 | 67.75 | $ 44,037.50 |
| Emily Finestone | (A) | | | | | 69.75 | | | | | $ 475.00 | 69.75 | $ 33,131.25 |
| Peter Brueggen | (SA) | | | | | 233.40 | | | | | $ 475.00 | 233.40 | $ 110,865.00 |
| | | | | | | | | | | | | | |
| **Total Attorney Time** | | 8.50 | 78.25 | 90.50 | 201.50 | 698.40 | 96.50 | 109.25 | 36.25 | 29.50 | | 1348.65 | $ 1,067,211.25 |
| | | | | | | | | | | | | | |
| **Analysts** | | | | | | | | | | | | | |
| Orie Braun | (SAN) | | | 164.00 | 2.00 | 4.00 | | | | | $ 475.00 | 170.00 | $ 80,750.00 |
| Elaine Mui | (SAN) | | | | | | | 20.50 | 44.50 | | $ 475.00 | 65.00 | $ 30,875.00 |
| Nicholas Topousis | (AN) | 3.00 | 13.50 | | | | | | | | $ 275.00 | 16.50 | $ 4,537.50 |
| | | | | | | | | | | | | | |
| **Paralegals/Admin Clerks** | | | | | | | | | | | | | |
| Sarah Lynch | (PL) | 2.50 | 29.50 | | | | | | | | $ 250.00 | 32.00 | $ 8,000.00 |
| Margaret Carroll | (SPL) | | | | 5.00 | 4.50 | | 10.75 | | 3.25 | $ 300.00 | 23.50 | $ 7,050.00 |
| Robert Familiar | (SPL) | | | | | 1.00 | | | 8.00 | 5.00 | $ 300.00 | 14.00 | $ 4,200.00 |
| Elizabeth Ortiz | (PL) | | | | | 3.00 | | | 6.75 | 0.25 | $ 275.00 | 10.00 | $ 2,750.00 |
| Ricardo Wright | (AC) | | 13.00 | | | | | | | | $ 125.00 | 13.00 | $ 1,625.00 |
| | | | | | | | | | | | | | |
| **Total Professional Staff Time** | | 5.50 | 56.00 | 164.00 | 7.00 | 12.50 | 0.00 | 31.25 | 59.25 | 8.50 | | 344.00 | $ 139,787.50 |
| | | | | | | | | | | | | | |
| **TOTALS:** | | 14.00 | 134.25 | 254.50 | 208.50 | 710.90 | 96.50 | 140.50 | 95.50 | 38.00 | | 1692.65 | $ 1,206,998.75 |

Status:

| | | |
|---|---|---|
| **(P) - Partner** | **(SA) - Staff Attorney** | **(SPL) - Senior Paralegal** |
| **(OC) - Of Counsel** | **(SAN) - Senior Analyst** | **(PL) - Paralegal** |
| **(A) - Associate** | **(AN) - Analyst** | **(AC) - Administrative Clerk** |

# TAB 9

Robert V. Prongay (#270796)
Lionel Z. Glancy (#134180)
Lesley F. Portnoy (#304851)
GLANCY PRONGAY & MURRAY LLP
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 432-1495
rprongay@glancylaw.com
lportnoy@glancylaw.com

*Liaison Counsel for Lead Plaintiff Globis Capital Advisors L.L.C.
and the Proposed Plaintiff Class*

[Additional Counsel on Signature Page]

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN LAZAN, | Case No. 3:18-cv-00923-RS |
| Plaintiff, | Hon. Richard Seeborg |
| v. | |
| | **JUDGMENT AND ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT** |
| QUANTUM CORPORATION, *et. al.*, | |
| Defendants. | |
| ALEXANDER E. NABHAN, | |
| Plaintiff, | |
| v. | |
| QUANTUM CORP., *et al.*, | |
| Defendants. | |

1

[Proposed] Judgment and Order Granting Final Approval of Class Action Settlement
Case No. 3:18-cv-00923-RS

WHEREAS, a consolidated class action is pending in this Court entitled *Lazan, et al. v. Quantum Corp., et al.*, Case No. 3:18-cv-00923-RS (the "Action");

WHEREAS, (a) Lead Plaintiff Globis Capital Advisors L.L.C., on behalf of itself and the putative Settlement Class (defined below), and (b) Defendants Quantum Corporation ("Quantum"), Jon W. Gacek ("Gacek"), and Fuad Ahmad ("Ahmad") (collectively, "Settling Defendants"; and, together with Lead Plaintiff, the "Parties"), have entered into a Stipulation of Settlement dated June 28, 2019 (the "Stipulation") that provides for the complete dismissal with prejudice of the claims, both known and unknown, that have been or could have been asserted against Defendants in the Action on the terms and conditions set forth in the Stipulation, subject to the approval of this Court (the "Settlement");

WHEREAS, unless otherwise defined in this Judgment, the capitalized terms herein shall have the same meaning as they have in the Stipulation;

WHEREAS, by Order dated July 26, 2019 (the "Preliminary Approval Order"), this Court: (a) preliminarily approved the Settlement; (b) certified the Settlement Class solely for purposes of effectuating the Settlement; (c) ordered that notice of the proposed Settlement be provided to potential Settlement Class Members; (d) provided Settlement Class Members with the opportunity either to exclude themselves from the Settlement Class or to object to the proposed Settlement; and (e) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, due and adequate notice has been given to the Settlement Class;

WHEREAS, the Court conducted a hearing on November 14, 2019 (the "Settlement Hearing") to consider, among other things, (a) whether the terms and conditions of the Settlement are fair, reasonable, and adequate to the Settlement Class, and should therefore be approved; and (b) whether a judgment should be entered dismissing the Action with prejudice as against the Defendants; and

WHEREAS, the Court having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments

2

received regarding the Settlement, and the record in the Action, and good cause appearing therefor;

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

1.     **Jurisdiction** – The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and each of the Settlement Class Members.

2.     **Incorporation of Settlement Documents** – This Judgment incorporates and makes a part hereof: (a) the Stipulation filed with the Court on July 2, 2019; and (b) the Notice, the Summary Notice, and the Postcard Notice, all of which were filed with the Court on July 2, 2019.

3.     **Class Certification for Settlement Purposes** – The Court hereby affirms its determinations in the Preliminary Approval Order certifying, for the purposes of the Settlement only, the Action as a class action pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure of behalf of the Settlement Class consisting of all Persons[1] who purchased Quantum common stock during the period from April 18, 2016 through February 8, 2018, inclusive (the "Settlement Class Period"), and who were damaged thereby.  Excluded from the Settlement Class are: Defendants; the Officers and directors of Quantum at all relevant times, as well as members of their Immediate Families and their legal representatives, heirs, successors, or assigns; and any entity in which Defendants have or had a controlling interest.

4.     **Adequacy of Representation** – Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, the Court hereby affirms its determinations in the Preliminary Approval Order certifying Lead Plaintiff as the Class Representative for the Settlement Class and appointing Lead Counsel as Class Counsel for the

---

[1] "Person" or "Persons" means an individual, corporation, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives, or assigns.

3

Settlement Class. Lead Plaintiff and Lead Counsel have fairly and adequately represented the Settlement Class both in terms of litigating the Action and for purposes of entering into and implementing the Settlement and have satisfied the requirements of Federal Rules of Civil Procedure 23(a)(4) and 23(g), respectively.

5. **Notice** – The Court finds that the dissemination of the Postcard Notice, the online posting of the Notice, and the publication of the Summary Notice complied with the requirements of the Federal Rules of Civil Procedure, satisfied the requirements of due process, as well as the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78-u4(a)(7), and constituted due and sufficient notice of the matters set forth herein. The Court finds that a full opportunity has been afforded to Class Members to object to the Settlement and/or to participate in the Settlement Hearing. Furthermore, the Court hereby affirms that due and sufficient notice has been given to the appropriate State and Federal officials pursuant to the Class Action Fairness Act, 28 U.S.C § 1715.

a. Pursuant to, and in full compliance with, the Federal Rules of Civil Procedure, this Court hereby finds and concludes that due and adequate notice was directed to all Persons who are Settlement Class Members advising them of the Plan of Allocation and of their right to object thereto, and a full and fair opportunity was accorded to all Persons and entities who are Class Members to be heard with respect to the Plan of Allocation.

b. The Court hereby finds and concludes that the formula for the calculation of the claims of Authorized Claimants, as set forth in the Notice, provides a fair and reasonable basis upon which to allocate the net proceeds of the Settlement among Class Members, with due consideration having been given to administrative convenience and necessity.

6. **Final Settlement Approval and Dismissal of Claims** – Pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation: the amount of the Settlement; the Releases provided for therein; and the dismissal with prejudice of the claims asserted against Defendants in the Action), and finds that the

[Proposed] Judgment and Order Granting Final Approval of Class Action Settlement
Case No. 3:18-cv-00923-RS

Settlement is, in all respects, fair, reasonable, and adequate to the Settlement Class. The Parties are directed to implement, perform, and consummate the Settlement in accordance with the terms and provisions contained in the Stipulation.

7. The Action and all of the claims asserted against Defendants in the Action by Lead Plaintiff and the other Settlement Class Members are hereby dismissed with prejudice. The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

8. **Binding Effect** – The terms of the Stipulation and of this Judgment shall be forever binding on Defendants, Lead Plaintiff, and all other Settlement Class Members (regardless of whether or not any individual Settlement Class Member submits a Claim Form or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective successors and assigns.

9. **Releases** – The Releases set forth in paragraphs 5 and 6 of the Stipulation, together with the definitions contained in paragraph 1 of the Stipulation relating thereto, are expressly incorporated herein in all respects. The Releases are effective as of the Effective Date. Accordingly, this Court orders that:

a. Without further action by anyone, and subject to paragraph 10 below, upon the Effective Date of the Settlement, Lead Plaintiff and each of the other Settlement Class Members, on behalf of themselves and all other Plaintiffs' Released Parties, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived, discharged, and dismissed each and every Released Plaintiffs' Claim against the Defendants and the other Defendants' Released Parties, and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any of the Defendants' Released Parties. This release shall not apply to any Excluded Claims (as that term is defined in paragraph 1(p) of the Stipulation).

b. Without further action by anyone, and subject to paragraph 10 below, upon the Effective Date of the Settlement, Defendants, on behalf of themselves and all other

5

Defendants' Released Parties, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Defendants' Claims against Lead Plaintiff and the other Plaintiffs' Released Parties, and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Plaintiffs' Released Parties.

10. Notwithstanding paragraphs 9(a)–(b) above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

11. **<u>Rule 11 Findings</u>** – The Court finds and concludes that the Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the institution, prosecution, defense, and settlement of the Action.

12. **<u>No Admissions</u>** – Neither this Judgment, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), nor the negotiations leading to the execution of the Stipulation, nor any proceedings taken pursuant to or in connection with the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith):

a. shall be offered against any of the Defendants' Released Parties as evidence of, or construed as or deemed to be evidence of, any presumption, concession, or admission by any of the Defendants' Released Parties with respect to the truth of any fact alleged by Lead Plaintiff or any other of Plaintiffs' Released Parties, or the validity of any claim that was or could have been asserted against any of the Defendants' Released Parties, or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind with respect to any of the Defendants' Released Parties, or in any way referred to for any other reason as against any of the

6

Defendants' Released Parties, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation;

b.      shall be offered against any of the Plaintiffs' Released Parties, as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Plaintiffs' Released Parties that any of their claims are without merit, that any of the Defendants' Released Parties had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiffs' Released Parties, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; or

c.      shall be construed against any of the Released Parties as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; provided, however, that the Parties and the Released Parties and their respective counsel may refer to this Judgment and the Stipulation to effectuate the protections from liability granted hereunder and thereunder or otherwise to enforce the terms of the Settlement.

13.      **Retention of Jurisdiction** – Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over: (a) the Parties for purposes of the administration, interpretation, implementation, and enforcement of the Settlement; (b) the disposition of the Settlement Fund; (c) any motion for an award of attorneys' fees and/or Litigation Expenses by Lead Counsel in the Action that will be paid from the Settlement Fund; (d) any motion to approve the Plan of Allocation; (e) any motion to approve the Class Distribution Order; and (f) the Settlement Class Members for all matters relating to the Action.

14.      **Plan of Allocation** – This Court hereby approves the Plan of Allocation as set forth in the Notice as fair and equitable, and overrules all objections to the Plan of Allocation, if any, in their entirety. The Court directs Lead Plaintiff's Counsel and the Claims Administrator to

7

[Proposed] Judgment and Order Granting Final Approval of Class Action Settlement
Case No. 3:18-cv-00923-RS

proceed with the processing of Claim Forms and the administration of the settlement pursuant to the terms of the Plan of Allocation and, upon completion of the claims processing procedure, to present to this Court a proposed final distribution order for the distribution of the Net Settlement Fund to eligible Settlement Class Members, as provided in the Stipulation and Plan of Allocation.

15. **Lead Counsel's Attorneys' Fees and Reimbursement of Litigation Expenses** – This Court hereby awards Lead Plaintiff's Counsel attorneys' fees equal to 25% of the Settlement Fund net of their out-of- pocket expenses in the amount of $101,324.55, for a total of $2,012,168.86, with interest to accrue on such amount at the same rate and for the same periods as accrued by the Settlement Fund from the date of this Judgment to the date of actual payment of said attorneys' fees and expenses to Lead Plaintiff's Counsel as provided in the Stipulation. The foregoing amount shall be paid to Lead Plaintiff's Counsel from the Settlement Fund pursuant to the terms, conditions and obligations of the Stipulation. Lead Plaintiff's Counsel may make payments of fees and expenses to counsel for other plaintiffs as Lead Plaintiff's Counsel deems appropriate based on their relative contribution to the prosecution and resolution of the Action. Neither the Plan of Allocation submitted by Lead Plaintiffs' Counsel nor the portion of this Judgment regarding the attorneys' fee and litigation expenses application including any modification or change in the award of attorneys' fees and litigation expenses that may hereafter be approved, shall in any way disturb or affect this Judgment or the Releases provided hereunder and shall be considered separate from this Judgment.

16. **Modification of the Agreement of Settlement** – Without further approval from the Court, Lead Plaintiff and Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Settlement Class Members in connection with the Settlement. Without further order of the Court, Lead Plaintiff and Defendants may agree to reasonable extensions of time to carry out any provisions of the Settlement.

8

[Proposed] Judgment and Order Granting Final Approval of Class Action Settlement
Case No. 3:18-cv-00923-RS

17. **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation or the Effective Date of the Settlement otherwise fails to occur, this Judgment shall be vacated, rendered null and void, and be of no further force and effect, except as otherwise provided by the Stipulation, and this Judgment shall be without prejudice to the rights of Lead Plaintiff, the other Settlement Class Members and Defendants, and the Parties shall revert to their respective positions in the Action as of February 20, 2019, as provided in the Stipulation.

18. **Entry of Final Judgment** – There is no just reason to delay the entry of this Judgment as a final judgment in this Action. Accordingly, the Clerk of the Court is expressly directed to immediately enter this final judgment in this Action.

SO ORDERED this 27th day of November, 2019.

_____
The Honorable Richard Seeborg
United States District Judge

9

[Proposed] Judgment and Order Granting Final Approval of Class Action Settlement
Case No. 3:18-cv-00923-RS

# TAB 10

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

---------------------------------------------------------X

PATRICIA LOWRY, individually and on
behalf of all others similarly situated,

                Plaintiff,

    -against-

RTI SURGICAL HOLDINGS, INC.,
CAMILLE I. FARHAT, BRIAN K.
HUTCHISON, JONATHON M. SINGER,
ROBERT P. JORDHEIM, and JOHANNES
W. LOUW,

                Defendants.

---------------------------------------------------------X

Civil Action No. 20 C 01939 (MFK)

CLASS ACTION

## ORDER AND JUDGMENT

WHEREAS, this matter came before the Court for hearing on January 24, 2022, pursuant

to the Preliminary Approval Order entered September 22, 2021, on the application of the Parties

for final approval of the Settlement as set forth in the Stipulation of Settlement (the "Stipulation");

and

WHEREAS, the Court has heard all persons properly appearing and requesting to be heard,

read and considered the motions and supporting papers, and found good cause appearing;

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

1.     This Order incorporates by reference the definitions in the Stipulation, and all

capitalized terms used in this Order that are not otherwise identified herein have a meaning

assigned to them as set forth in the Stipulation.

2.     The Court has jurisdiction over the subject matter of the action and over all parties

to the Action, including all Class members.

3.     On January 24, 2022, the Court held a Final Approval Hearing, after due and proper notice, to consider the fairness, reasonableness and adequacy of the proposed Settlement. In reaching its decision in this Action, the Court considered the Parties' Stipulation, the Court file in this case, and the presentations by Lead Counsel on behalf of the Plaintiff and the Class and counsel for Defendants in support of the fairness, reasonableness, and adequacy of the Settlement.

4.     In the Preliminary Approval Order, the Court found that the requirements of Federal Rules of Civil Procedure 23(a) and 23(b)(3) were satisfied, warranting conditional certification of the Class. The Court finds that such requirements continue to be satisfied and that the Class defined in the Preliminary Approval Order shall remain certified, consisting of:

> All individuals and entities who purchased or otherwise acquired RTI Surgical Holdings, Inc. common stock from March 7, 2016 through March 27, 2020, both dates inclusive and were damaged thereby.

5.     Excluded from the Class are Defendants, the officers and directors of RTI Surgical Holdings, Inc. at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which any of the above have or had a controlling interest.

6.     In the Preliminary Approval Order, the Court preliminarily approved the Notice and the Summary Notice and found that their proposed form, content and plan of dissemination to Class members satisfied the requirements of Rule 23(e) of the Federal Rules of Civil Procedure, due process, and the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u4(a)(7). The Court reaffirms that finding and holds that the best practicable notice was given to Class members under the circumstances and constitutes due and sufficient notice of the Settlement, Stipulation in support thereof, and Final Approval Hearing to all persons affected by and/or entitled to participate in the Settlement or the Final Approval Hearing. Furthermore, the

2

Court hereby affirms that due and sufficient notice has been given to the appropriate State and Federal officials pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C § 1715.

7. The Court has determined that the Settlement is fair, reasonable, and adequate and is hereby finally approved in all respects. In making this determination, the Court has considered factors with respect to fairness, which include, *inter alia*, the complexity, expense and likely duration of the litigation; the reaction of the class to the settlement; the risks of establishing liability; the risks of establishing damages; the risk of maintaining the class action through the trial; the risks of collection; and the reasonableness of the settlement fund to a possible recovery in light of all the attendant risks. The Court has considered the submissions of the Parties along with the record in this Action, all of which show that the proposed Settlement is fair, reasonable and adequate.

8. The Court has also considered each of the factors identified in Federal Rule of Civil Procedure 23(e)(2), and finds that those factors likewise demonstrate that the proposed Settlement is fair, reasonable and adequate.

9. The Settlement provides that Defendants will cause $10,500,000 in cash to be paid into a Settlement Fund for the benefit of the Class. Among other things, the recovery of an individual Class member depends on the number of RTI shares that the Class member purchased and sold, and the prices at which other Class members who filed claims purchased and sold those shares.

10. The Court has considered, separately from its consideration of the fairness, reasonableness and adequacy of the Settlement reflected in the Stipulation as a whole, the Plan of Allocation proposed by Lead Counsel. The Court finds that the proposed Plan of Allocation is fair, just, reasonable, and adequate, and is therefore finally approved in all respects.

3

11. The Court notes that there were no objections filed to the Settlement from Class members.

12. In addition to finding the terms of the Settlement to be fair, reasonable, and adequate, the Court determines that there was no fraud or collusion between the Parties or their counsel in negotiating the Settlement's terms, and that all negotiations were made at arm's length. Furthermore, the terms of the Settlement make it clear that the process by which the Settlement was achieved was fair.

13. This Order and Judgment shall be binding on all Class members, including Plaintiff. Further, the Action is hereby dismissed with prejudice. The Parties are to bear their own costs, except as otherwise provided in the Stipulation.

14. Upon the Effective Date, Plaintiff, each Class member, and anyone claiming through or on behalf of any of them, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged all claims against the Released Persons, whether or not any individual Class member executes and delivers the Proof of Claim and Release form.

15. Upon the Effective Date, Plaintiff, each Class member and anyone claiming through or on behalf of any of them, by operation of the Judgment, shall be forever barred and enjoined from commencing, instituting, or continuing to prosecute any action or any proceeding, in any court of law or equity, arbitration, tribunal, administrative forum, or other forum of any kind asserting any of Plaintiff's claims against any of the Released Persons.

16. Upon the Effective Date, Defendants and anyone claiming through or on behalf of any of them, shall hereby be deemed to have, and by operation of this Order shall be, released and permanently barred and enjoined from instituting, commencing, or prosecuting any claim

against Plaintiff, Class members or Lead Counsel related to this Action or the prosecution thereof.

17.     The Court finds and concludes that throughout this Action, the Defendants, Plaintiff, and their respective counsel complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure. The Court further finds that Plaintiff and Lead Counsel adequately represented Class members for purposes of entering into and implementing the Settlement.

18.     Separate from its consideration of the Settlement set forth in the Stipulation, the Court hereby awards Lead Counsel attorneys' fees of $3,150,000, plus reimbursement of their expenses in the amount of $60,943.44, together with the interest earned thereon for the same time period and at the same rate as that earned on the Gross Settlement Fund until paid. The Court finds that the amount of fees awarded is appropriate and that the amount of fees awarded is fair and reasonable given the time and labor expended by counsel, the complexity of the litigation, the risk of the litigation, the quality of representation, the fee requested in relation to the recovery under the settlement, and public policy.

19.     Separate from its consideration of the Settlement set forth in the Stipulation, the Court hereby awards the Plaintiff a reimbursement award pursuant to §78u-4(a)(4) of the PSLRA of $5,000.

20.     Without affecting the finality of this Final Approval Order and Judgment, the Court reserves continuing and exclusive jurisdiction over all matters relating to the administration, implementation, effectuation, and enforcement of the Settlement.

21.     There is no just reason for delay in the entry of this Order and Judgment, and immediate entry thereof by the Clerk of the Court is expressly directed.

**SO ORDERED**.

Dated: 1/26/2022

Honorable Matthew F. Kennelly
United States District Judge

# TAB 11

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

PENSION TRUST FUND FOR OPERATING
ENGINEERS, Individually and on Behalf of All
Others Similarly Situated,

                                Plaintiff,

          v.

DEVRY EDUCATION GROUP, INC., DANIEL
HAMBURGER, RICHARD M. GUNST,
PATRICK J. UNZICKER, AND
TIMOTHY J. WIGGINS,

                            Defendants.

Case No. 1:16-CV-05198

Hon. Mary M. Rowland

## ORDER AWARDING ATTORNEYS' FEES AND EXPENSES

This matter came before the Court for hearing on December 6, 2019 (the "Final Approval Hearing") on Lead Counsel's motion for an award of attorneys' fees and payment of expenses. The Court having considered all matters submitted to it at the Final Approval Hearing and otherwise; and it appearing that notice of the Final Approval Hearing substantially in the form approved by the Court was mailed to all Settlement Class Members who could be identified with reasonable effort, and that a summary notice of the hearing substantially in the form approved by the Court was published in *The Wall Street Journal* and was transmitted over *PR Newswire* pursuant to the specifications of the Court; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and expenses requested,

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.      This Order incorporates by reference the definitions in the Stipulation of Settlement, dated August 29, 2019 (the "Settlement Agreement"), and all capitalized terms not otherwise defined herein shall have the same meanings as set forth in the Settlement Agreement.

2.      The Court has jurisdiction to enter this Order and over the subject matter of the Action and all Parties to the Action, including all Settlement Class Members.

3.      Notice of Lead Counsel's motion for an award of attorneys' fees and payment of expenses was given to all Settlement Class Members who could be identified with reasonable effort. The form and method of notifying the Settlement Class of the motion satisfied the notice requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); constituted the best notice practicable under the circumstances; and constituted due, adequate, and sufficient notice to all Persons entitled thereto.

4.      Lead Counsel is hereby awarded, on behalf of all Plaintiffs' Counsel, attorneys' fees in the amount of $7,425,000, plus interest at the same rate earned by the Settlement Fund (which is 27% of the Settlement Fund), and payment of litigation expenses in the amount of $184,192.69, plus accrued interest, which sums the Court finds to be fair and reasonable.  Lead Counsel shall allocate the attorneys' fees awarded amongst Plaintiffs' Counsel in a manner which it, in good faith, believes reflects the contributions of such counsel to the institution, prosecution, and settlement of the Action.

5.      Lead Plaintiff Utah Retirement Systems is hereby awarded $10,000.00 from the Settlement Fund, pursuant to the PSLRA, as reimbursement for its reasonable costs and expenses directly related to its representation of the Settlement Class.

6.      The award of attorneys' fees and expenses may be paid to Lead Counsel from the Settlement Fund immediately upon entry of this Order, subject to the terms, conditions, and obligations of the Settlement Agreement, which terms, conditions, and obligations are incorporated herein.

7.      In making this award of attorneys' fees and expenses to be paid from the Settlement Fund, the Court has analyzed the factors considered within the Seventh Circuit and found that:

(a)      The Settlement has created a fund of $27,500,000 in cash, pursuant to the terms of the Settlement Agreement, and numerous Settlement Class Members who submit acceptable Claim Forms will benefit from the Settlement created by the efforts of Plaintiffs' Counsel;

2

(b)     The fee sought by Lead Counsel has been reviewed and approved as reasonable by the Lead Plaintiff, a sophisticated institutional investor that was directly involved in the prosecution and resolution of the Action and who has a substantial interest in ensuring that any fees paid to counsel are duly earned and not excessive;

(c)     The amount of attorneys' fees awarded are fair and reasonable and are consistent with fee awards approved in cases within the Seventh Circuit with similar recoveries;

(d)     Plaintiffs' Counsel have conducted the litigation and achieved the Settlement with skill, perseverance, and diligent advocacy and are highly experienced in the field of securities class action litigation;

(e)     Plaintiffs' Counsel devoted more than 6,600 hours, with a lodestar value of $3,486,985.50, to achieve the Settlement;

(f)     Plaintiffs' Counsel undertook the Action on a contingent basis, and have received no compensation during the Action, and any fee and expense award has been contingent on the result achieved;

(g)     The Action involves complex factual and legal issues and, in the absence of settlement, would involve lengthy proceedings whose resolution would be uncertain; and

(h)     67,813 copies of the Notice were mailed to potential Settlement Class Members and nominees stating that Lead Counsel would apply for attorneys' fees in an amount not to exceed 27% of the Settlement Fund and expenses in an amount not to exceed $225,000, and there were no objections to the requested attorneys' fees and expenses.

3

8.      Any appeal or any challenge affecting this Court's approval regarding any of the attorneys' fees and expense applications shall in no way disturb or affect the finality of the Judgment.

9.      In the event that the Settlement is terminated or the Effective Date of the Settlement otherwise fails to occur, this Order shall be rendered null and void to the extent provided by the Settlement Agreement.

10.     There is no just reason for delay in the entry of this Order, and immediate entry by the Clerk of the Court is expressly directed.

DATED this 6th day of December, 2019

                                        BY THE COURT:

                                        _____
                                        Honorable Mary M. Rowland
                                        UNITED STATES DISTRICT JUDGE

4

# TAB 12

# Exhibit 5

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| LAWRENCE ROUGIER, *et al.*, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiffs, <br><br> v. <br><br> APPLIED OPTOELECTRONICS, INC., CHIH-HSIANG (THOMPSON) LIN, and STEFAN J. MURRY, <br><br> Defendants. | Case No. 4:17-cv-2399-VDG-CAB |

**DECLARATION OF SHANNON L. HOPKINS ON BEHALF OF**
**LEVI & KORSINSKY, LLP IN SUPPORT OF UNOPPOSED APPLICATION**
**FOR AN AWARD OF ATTORNEYS' FEES AND EXPENSES**

I, SHANNON L. HOPKINS, declare as follows, pursuant to 28 U.S.C. §1746:

1.      I am a partner of the law firm of Levi & Korsinsky, LLP. I am submitting this declaration in support of my firm's application for an award of attorneys' fees and expenses in connection with services rendered in the above-entitled action (the "Action") from inception through August 26, 2020 (the "Time Period").

2.      My firm, which served as lead counsel in the Action, was involved in all aspects of the litigation, such as reviewing: (i) documents filed publicly by Applied Optoelectronics, Inc. ("AOI" or the "Company") with the SEC; (ii) publicly available information, including press releases, news articles, and other public statements issued by or concerning the Company; (iii) research reports issued by financial and industry analysts concerning the Company; (iv) other publicly available information and data concerning the Company and its subsidiaries, including information concerning AOI's customers; (v) interviews conducted with former employees of

AOI; (vi) reports and exhibits prepared by Plaintiffs' expert relating to the Company's securities for class certification purposes; (vii) over 54,000 documents (over 300,000 pages) produced by Defendants in response to eighty-nine (89) Fed. R. Civ. P. 34 requests for production served by Plaintiffs over the course of four sets of requests; (viii) Defendants' responses to Fed. R. Civ. P. 33 interrogatories; (ix) Defendants' responses to Fed. R. Civ. P. 36 requests for admission; (x) Defendants' privilege logs; (xi) over 34,000 documents produced by third parties in response to twenty-six (26) Fed. R. Civ. P. 45 subpoenas; and (xii) the applicable law governing the claims and potential defenses in this Action, and the law as it relates to third party discovery in different jurisdictions (including enforcement proceedings in District Courts in the Northern District of California and the Western District of Washington).

3. Also, in connection with the litigation, my firm performed substantial legal tasks, including, among other things: (i) drafting the First Amended Complaint ("FAC"); (ii) voluminous briefing related to Defendants' motion to dismiss the FAC and prevailing against the motion to dismiss in its entirety; (iii) preparing a motion for leave to add parties and file a Second Amended Complaint ("SAC") with additional plaintiffs to protect the Class against any potential standing defenses; (iv) opposing Defendants' motion for interlocutory appeal of the Court's decision on the motion to dismiss pursuant to 28 U.S.C. § 1292(b); (v) serving interrogatories, requests for admission, and requests for the production of documents on Defendants; (vi) issuing 26 subpoenas on third parties; (vii) filing two successful motions to transfer motions to compel to this District; (viii) briefing two motions to compel against third parties and successfully arguing one to a full grant; (ix) extensive negotiations with Defendants regarding their compliance with discovery, including numerous meet and confers, voluminous deficiency letters, and scrutiny of lengthy privilege logs; (x) extensive efforts in connection with class certification including preparing and defending Plaintiffs' depositions, consulting with a market efficiency and damages expert, filing

a successful opening motion and a reply in connection with class certification proceedings before Judge Bryan, successfully opposing Defendants' objection to Judge Bryan's Memorandum and Recommendation, and opposing Defendants' petition pursuant to Fed. R. Civ. P. 23(f) in the Court of Appeals for the Fifth Circuit; (xi) engaging in hard-fought, and arm's-length settlement negotiations facilitated and supervised by Ms. Yoshida, including extensive pre-mediation briefing, a full day mediation session, and follow-up negotiations; and (xii) negotiating and drafting the Stipulation and related settlement documents, preparing the preliminary approval papers, working with Plaintiffs' damages experts to prepare the proposed Plan of Allocation, and overseeing the Court-approved notice process.

4. The information in this Declaration regarding my firm's time and expenses is taken from time and expense records prepared and maintained by the firm in the ordinary course of business. These records (and backup documentation where necessary) were reviewed by others at my firm, under my direction, to confirm both the accuracy of the entries as well as the necessity for and reasonableness of the time and expenses incurred in the Action. The review also confirmed the firm's guidelines and policies regarding expenses were followed. As a result of this review, reductions were made to both time and expenses in the exercise of billing judgment.[1] As a result of this review and the adjustments made, I believe that the time reflected in the firm's lodestar calculation and the expenses for which payment is sought are reasonable in amount and were necessary for the effective and efficient prosecution and resolution of the Action. In addition, I believe that the expenses are all of a type that would normally be charged to a fee-paying client in the private legal marketplace.

---

[1] Among other decisions, lead counsel did not claim time for attorneys and professional support staff members who billed less than five hours in this Action.

5. The schedule attached hereto as Exhibit A is a summary indicating the amount of time spent by attorneys and professional support staff members of my firm who were involved in the prosecution of the Action. Exhibit A presents a comparison of lodestar calculations based on: (i) my firm's current hourly rates that are based on the prevailing market rates for practitioners in complex securities litigation; and (ii) adjusted rates to reflect the market rates that were found to be reasonable in this District almost thirteen years ago in *In re Enron Corp. Sec., Deriv., & "ERISA" Litig.*, 586 F. Supp. 2d 732, 780 (S.D. Tex. 2008) ("*Enron*") (Houston/Dallas salary survey in 2007 found highest partner rate was $900 per hour and the highest associate rate was $460 per hour). For personnel who are no longer employed by my firm, the lodestar calculation is based upon the rates for such personnel in his or her final year of employment by my firm. The schedule was prepared from daily time records regularly prepared and maintained by my firm, which are available at the request of the Court. Time expended after the entry of the Order Granting Preliminary Approval of Class Action Settlement, Approving Form and Manner of Notice, and Setting Date for Hearing on Final Approval of Settlement, on August 26, 2020, has been excluded in order to exclude time spent in preparing the application for fees and payment of expenses, the motion for final approval, and associated documents.

6. The total number of hours spent on this Action reported by my firm during the Time Period is 9,547.36. The total lodestar amount for reported attorney/professional staff time based on current market rates is $5,122,159.00, and $4,528,805.75 when adjusted to reflect the rates that were accepted by the *Enron* court. The lodestar figures are based upon hourly rates, which do not include charges for expense items. Expense items are recorded separately and are not duplicated in the hourly rates.

7. As detailed in Exhibit B, my firm has incurred a total of $165,855.33 in expenses in connection with the prosecution of the Action. The expenses are reflected on the books and

4

records of my firm. These books and records are prepared from expense vouchers, check records, and other source materials and are an accurate record of the expenses incurred.

8. With respect to the standing of my firm, attached hereto as Exhibit C is a brief biography of my firm as well as biographies of the firm's partners and of counsels.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 20th day of October, 2020.

/s/ *Shannon L. Hopkins*

Shannon L. Hopkins

*Rougier v. Applied Optoelectronics, Inc., et al.,*
No. 4:17-cv-2399-VDG-CAB (S.D. Tex.)

**EXHIBIT A**

**LODESTAR REPORT**

FIRM: LEVI & KORSINSKY, LLP
REPORTING PERIOD: INCEPTION THROUGH AUGUST 26, 2020

| Professional | Status | Hourly Rate | Hours | Lodestar |
|---|---|---|---|---|
| Ed Korsinsky | P | 8 | $ 1,050.00 | $ 8,400.00 |
| Joseph Levi | P | 25 | $ 1,050.00 | $ 26,250.00 |
| Gregory Nespole | P | 56.5 | $ 1,000.00 | $ 56,500.00 |
| Shannon Hopkins | P | 674.35 | $ 1,000.00 | $ 674,350.00 |
| Sebastian Tornatore | OC | 122 | $ 800.00 | $ 97,600.00 |
| Alexander Krot | A | 25.25 | $ 675.00 | $ 17,043.75 |
| Stephanie Bartone | A | 16.25 | $ 650.00 | $ 10,562.50 |
| James Grohsgal | A | 273.5 | $ 635.00 | $ 173,672.50 |
| Gregory Potrepka | A | 1353.65 | $ 600.00 | $ 812,190.00 |
| Andrew Rocco | A | 1594.75 | $ 575.00 | $ 916,981.25 |
| Marion Passmore | A | 346.75 | $ 550.00 | $ 190,712.50 |
| Cecille Cargill | A | 36 | $ 495.00 | $ 17,820.00 |
| Michael Keating | A | 19.6 | $ 450.00 | $ 8,820.00 |
| Briggs Fenwick/Perry | SA | 325.9 | $ 475.00 | $ 154,802.50 |
| Christina Chelliah | SA | 379 | $ 475.00 | $ 180,025.00 |
| Jennifer Parker | SA | 1158.25 | $ 475.00 | $ 550,168.75 |
| Kema Pridgen | SA | 781.5 | $ 475.00 | $ 371,212.50 |
| Steven Ekechuku | SA | 47 | $ 475.00 | $ 22,325.00 |
| Tatyana Grubnik | SA | 66 | $ 475.00 | $ 31,350.00 |
| Darienne Grey | SA | 234.3 | $ 450.00 | $ 105,435.00 |
| Veronica Roman | SA | 436.21 | $ 400.00 | $ 174,484.00 |
| Jose Suarez | SA | 167.5 | $ 350.00 | $ 58,625.00 |
| Karolina Campbell | SA | 694.05 | $ 350.00 | $ 242,917.50 |
| Jenn Tash | PL | 44.35 | $ 325.00 | $ 14,413.75 |
| Mallory Papp | I | 319.5 | $ 325.00 | $ 103,837.50 |
| Samantha Halliday | PL | 182.95 | $ 325.00 | $ 59,458.75 |
| Cassidy Mills | I | 63 | $ 265.00 | $ 16,695.00 |
| Ettienna Gallaher | PL | 82.25 | $ 265.00 | $ 21,796.25 |
| Sean Flanagan | I | 14 | $ 265.00 | $ 3,710.00 |
| **Total:** | | | **9547.36** | **$ 5,122,159.00** |

CaseCase2:4:17-c0v25082393Doncument121501-5 FiFeild0e9d/0082/2070/2i0 inТX9SD104PaageD1 0f#41749

**ADJUSTED LODESTAR REPORT**

FIRM: LEVI & KORSINSKY, LLP
REPORTING PERIOD: INCEPTION THROUGH AUGUST 26, 2020

| Professional | Status | Hourly Rate | Hours | | Lodestar | |
|---|---|---|---|---|---|---|
| Ed Korsinsky | P | 8 | $ | 900.00 | $ | 7,200.00 |
| Joseph Levi | P | 25 | $ | 900.00 | $ | 22,500.00 |
| Gregory Nespole | P | 56.5 | $ | 900.00 | $ | 50,850.00 |
| Shannon Hopkins | P | 674.35 | $ | 900.00 | $ | 606,915.00 |
| Sebastian Tornatore | OC | 122 | $ | 700.00 | $ | 85,400.00 |
| Alexander Krot | A | 25.25 | $ | 460.00 | $ | 11,615.00 |
| Stephanie Bartone | A | 16.25 | $ | 460.00 | $ | 7,475.00 |
| James Grohsgal | A | 273.5 | $ | 460.00 | $ | 125,810.00 |
| Gregory Potrepka | A | 1353.65 | $ | 460.00 | $ | 622,679.00 |
| Andrew Rocco | A | 1594.75 | $ | 460.00 | $ | 733,585.00 |
| Marion Passmore | A | 346.75 | $ | 460.00 | $ | 159,505.00 |
| Cecille Cargill | A | 36 | $ | 460.00 | $ | 16,560.00 |
| Michael Keating | A | 19.6 | $ | 450.00 | $ | 8,820.00 |
| Briggs Fenwick/Perry | SA | 325.9 | $ | 460.00 | $ | 149,914.00 |
| Christina Chelliah | SA | 379 | $ | 460.00 | $ | 174,340.00 |
| Jennifer Parker | SA | 1158.25 | $ | 460.00 | $ | 532,795.00 |
| Kema Pridgen | SA | 781.5 | $ | 460.00 | $ | 359,490.00 |
| Steven Ekechuku | SA | 47 | $ | 460.00 | $ | 21,620.00 |
| Tatyana Grubnik | SA | 66 | $ | 460.00 | $ | 30,360.00 |
| Darienne Grey | SA | 234.3 | $ | 450.00 | $ | 105,435.00 |
| Veronica Roman | SA | 436.21 | $ | 400.00 | $ | 174,484.00 |
| Jose Suarez | SA | 167.5 | $ | 350.00 | $ | 58,625.00 |
| Karolina Campbell | SA | 694.05 | $ | 350.00 | $ | 242,917.50 |
| Jenn Tash | PL | 44.35 | $ | 325.00 | $ | 14,413.75 |
| Mallory Papp | I | 319.5 | $ | 325.00 | $ | 103,837.50 |
| Samantha Halliday | PL | 182.95 | $ | 325.00 | $ | 59,458.75 |
| Cassidy Mills | I | 63 | $ | 265.00 | $ | 16,695.00 |
| Ettienna Gallaher | PL | 82.25 | $ | 265.00 | $ | 21,796.25 |
| Sean Flanagan | I | 14 | $ | 265.00 | $ | 3,710.00 |
| **Total:** | | | **9,547.36** | | **$ | 4,528,805.75** |

| | | | |
|---|---|---|---|
| Partner | (P) | Staff Attorney (SA) | |
| Of Counsel | (OC) | Intern | (I) |
| Associate | (A) | Paralegal (PL) | |

*Rougier v. Applied Optoelectronics, Inc., et al.,*
No. 4:17-cv-2399-VDG-CAB (S.D. Tex.)

## EXHIBIT B

## EXPENSE REPORT

FIRM: LEVI & KORSINSKY, LLP
REPORTING PERIOD: INCEPTION THROUGH OCTOBER 20, 2020

| CATEGORY | | TOTAL AMOUNT |
|---|---|---|
| Expert Fees | | $ 108,315.00 |
| Investigation Fees | | $ 13,437.50 |
| Travel and Meals | | $ 13,539.72 |
| Mediation Fees | | $ 10,500.00 |
| Court Reporting | | $ 2,907.99 |
| Process Server | | $ 6,604.35 |
| UPS/Fed-ex | | $ 1,200.66 |
| Photocopying | | $ 2,867.25 |
| Filing Fees | | $ 1,894.00 |
| Legal Research | | $ 966.36 |
| Document Hosting & Management | | $ 3,622.50 |
| **TOTAL** | | **$ 165,855.33** |

# TAB 13

United States District Court
Southern District of Texas
**ENTERED**
November 24, 2020
David J. Bradley, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|  |  |
|---|---|
| LAWRENCE ROUGIER, *et al.*, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>APPLIED OPTOELECTRONICS, INC., CHIH-HSIANG (THOMPSON) LIN, and STEFAN J. MURRY,<br><br>Defendants. | Case No. 4:17-cv-2399-VDG-CAB |

**ORDER AWARDING ATTORNEYS' FEES AND**
**LITIGATION EXPENSES**

**THIS CAUSE** came before the Court for hearing on November 24, 2020, at 9:00 a.m. (the "Settlement Hearing") on Lead Counsel's Unopposed Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses. The Court having considered all matters submitted to it at the Settlement Hearing and otherwise; and it appearing that notice of the Final Approval Hearing substantially in the form approved by the Court was mailed to all Settlement Class Members who could be identified with reasonable effort, and that a summary notice of the hearing substantially in the form approved by the Court was published in *Investor's Business Daily* and was transmitted over *Globe Newswire* pursuant to the specifications of the Court; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and expenses requested,

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.      This Order incorporates by reference the definitions in the Stipulation and Agreement of Settlement, (the "Stipulation") filed with the Court on August 3, 2020 (ECF 143-2), and all capitalized terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation.

2.      This Court has jurisdiction to enter this Order and over the subject matter of the Action and over all Parties to the Action, including all Settlement Class Members.

3.      Notice of Lead Counsel's Unopposed Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses was given to all Settlement Class Members who could be identified with reasonable effort. The form and method of notifying the Settlement Class of the motion satisfied the notice requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); constituted the best notice practicable under the circumstances; and constituted due, adequate, and sufficient notice to all persons entitled thereto.

4.      Lead Counsel are hereby awarded, on behalf of all Plaintiffs' Counsel, attorneys' fees in the amount of $ 5,301,199.00     , plus interest at the same rate earned by the Settlement Fund, and payment of litigation expenses in the amount of $ 167,289.09     , which sums the Court finds to be fair and reasonable. Lead Counsel shall allocate the attorneys' fees awarded among Plaintiffs' Counsel in a manner which they, in good faith, believe reflects the contributions of such counsel to the institution, prosecution, and settlement of the Action.

5. The award of attorneys' fees and expenses may be paid to Lead Counsel from the Settlement Fund immediately upon entry of this Order, subject to the terms, conditions, and obligations of the Stipulation, which terms, conditions, and obligations are incorporated herein.

6. In making this award of attorneys' fees and expenses to be paid from the Settlement Fund, the Court has considered and found that:

(a) Plaintiffs' Counsel devoted more than 9,784.76 hours, with a lodestar value of $5,301,199, to achieve the Settlement;

(b) The Action involves complex factual and legal issues and, in the absence of settlement, would involve lengthy proceedings whose resolution would be uncertain;

(c) Plaintiffs' Counsel have conducted the litigation and achieved the Settlement with skill, perseverance, and diligent advocacy and are highly experienced in the field of securities class action litigation;

(d) Plaintiffs' Counsel represented Plaintiffs and the Settlement Class to the preclusion of other employment;

(e) The amount of attorneys' fees awarded is fair and reasonable and consistent with fee awards approved in similar cases within this Circuit and across the country;

(f) Plaintiffs' Counsel undertook the Action on a contingent basis, and have received no compensation during the Action, and any fee and expense award has been contingent on the result achieved;

(g) The Settlement has created a fund of $15,500,000 in cash, pursuant to the terms of the Stipulation, and numerous Settlement Class Members who submit

acceptable Claim Forms will benefit from the Settlement created by the efforts of Plaintiffs' Counsel;

(h) Had Plaintiffs' Counsel not achieved the Settlement there would remain a significant risk that Plaintiffs and the other members of the Settlement Class may have recovered less or nothing from Defendants;

(i) The fee sought by Lead Counsel has been reviewed and approved as reasonable by the Plaintiffs who were directly involved in the prosecution and resolution of the Action and who have significant interests in ensuring that any fees paid to counsel are duly earned and not excessive; and

(j) 135,734 copies of the Notice were sent to potential Settlement Class Members and nominees in advance of the deadline for filing claims, with an additional 20,412 copies of the Notice sent thereafter to potential Settlement Class Members and nominees whose identities were not previously known, stating that Lead Counsel would apply for attorneys' fees in an amount not to exceed one-third (33 and 1/3%) of the Settlement Fund and expenses in an amount not to exceed $630,000, and there were no objections to the requested attorneys' fees and expenses.

7. Lead Plaintiff and Class Representative Lawrence Rougier is hereby awarded $ 15,000.00 and Plaintiffs and Class Representatives Richard Hamilton, Kenneth X. Luthy, Roy H. Cetlin, and John Kugel are hereby awarded $ 10,000.00 each from the Settlement Fund as reimbursement for their reasonable costs directly related to their representation of the Settlement Class.

4

8.      Any appeal or challenge affecting this Court's approval regarding any of the attorneys' fees and expense applications shall in no way disturb or affect the finality of the Judgement.

9.      In the event that the Settlement is terminated or the Effective Date of the Settlement otherwise fails to occur, this Order shall be rendered null and void to the extent provided by the Stipulation.

10.     There is no just reason for delay in the entry of this Order, and immediate entry by the Clerk of the Court is expressly directed.

DATED this ___24th__ day of ___November___, 2020

BY THE COURT:

_____
Honorable Vanessa D. Gilmore
UNITED STATES DISTRICT JUDGE

# TAB 14

**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**(COLUMBIA DIVISION)**

|  |  |
|---|---|
| *In re SCANA Corporation Securities Litigation* | Civil Action No. 3:17-CV-2616-MBS <br><br> <u>CLASS ACTION</u> |

**DECLARATION OF JAMES W. JOHNSON IN SUPPORT OF LEAD COUNSEL'S**
**MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES**
<u>**FILED ON BEHALF OF LABATON SUCHAROW LLP**</u>

I, James W. Johnson, hereby declare under penalty of perjury as follows:

1.        I am a partner of the law firm of Labaton Sucharow LLP ("Labaton Sucharow").[1] My firm serves as Lead Counsel for Lead Plaintiffs and the Settlement Class in the above-captioned action (the "Action").   I submit this declaration in support of Lead Counsel's application for an award of attorneys' fees in connection with services rendered in the Action, as well as for payment of litigation expenses incurred in connection with the Action.  I have personal knowledge of the facts set forth herein and, if called upon, could and would testify thereto.

2.        My firm, as one of the Lead Counsel firms, was involved in all aspects of the prosecution and settlement of the Action, as set forth in the Joint Declaration of John C. Browne and James W. Johnson in Support of (I) Lead Plaintiffs' Motion for Final Approval of Class Action Settlement and Plan of Allocation and (II) Lead Counsel's Motion for Award of Attorneys' Fees and Litigation Expenses, submitted herewith.

---

[1] Unless otherwise defined in this Declaration, all capitalized terms have the meanings set out in the Stipulation and Agreement of Settlement, dated December 20, 2019 (ECF No. 214-2).

3.     The schedule attached hereto as Exhibit A is a detailed summary indicating the amount of time spent by attorneys and professional support staff employees of my firm who, from inception of the Action through and including March 31, 2020, devoted ten or more hours to the Action, and the lodestar calculation for those individuals based on my firm's current hourly rates.  For personnel who are no longer employed by my firm, the lodestar calculation is based upon the hourly rates for such personnel in his or her final year of employment by my firm.  The schedule was prepared from daily time records regularly prepared and maintained by my firm.  No time expended on the application for fees and expenses has been included.

4.     The hourly rates shown in Exhibit A are the current rates set by the firm for each individual.  The hourly rates are comparable to rates accepted by courts for lodestar cross-checks in other securities class action litigation fee applications.

5.     After the deduction noted above, the total number of hours expended on this Action by my firm from its inception through and including March 31, 2020, is 16,697.1.  The total lodestar for my firm for that period is $8,540,972.00.

6.     My firm's lodestar figures are based upon the firm's hourly rates, which do not include expense items.  Expense items are recorded separately, and these amounts are not duplicated in my firm's hourly rates.

7.     As detailed in Exhibit B, my firm is seeking payment for a total of $334,246.34 in expenses incurred from inception of the Action through and including April 15, 2020.

8.     The Litigation Expenses reflected in Exhibit B are the actual expenses or reflect "caps" based on the application of the following criteria:

(a)     Out-of-town travel – airfare is at coach rates; hotel charges per night are capped at $350 for higher-cost cities and $250 for lower-cost cities (the relevant cities and how they are categorized are reflected on Exhibit B); and meals are capped at $25 per

person for breakfast, $35 per person for lunch, $75 per person for dinner, and at cost for in-room hotel meals.

(b)    Out-of-Office Working Meals – capped at $25 per person for breakfast, $35 per person for lunch, and $75 per person for dinner.

(c)    In-Office Working Meals – capped at $20 per person for lunch and $30 per person for dinner.

(d)    Internal Copying/Printing – charged at $0.20 per page for black & white copies, and $0.40 per page for color copies.

(e)    On-Line Research – charges reflected are for out-of-pocket payments to the vendors for research done in connection with this Action.  On-line research is billed to each case based on a set charge by the vendor.  There are no administrative charges by my firm included in these figures.

9.    With respect to the standing of my firm, attached hereto as Exhibit C is a firm résumé, which includes information about my firm and biographical information concerning its partners and of counsel.

I declare, under penalty of perjury, that the foregoing facts are true and correct.  Executed on April 22, 2020.

_____
JAMES W. JOHNSON

3

# Exhibit A

**EXHIBIT A**

*In re SCANA Corporation Securities Litigation*
Civil Action No. 3:17-CV-2616-MBS

**LABATON SUCHAROW LLP**

**TIME REPORT**

Inception through and including March 31, 2020

| NAME | HOURS | HOURLY RATE | LODESTAR |
|---|---|---|---|
| **Partners** | | | |
| Keller, C. | 121.0 | $1,100 | $133,100.00 |
| Johnson, J. | 1,017.5 | $1,075 | $1,093,812.50 |
| Zeiss, N. | 54.1 | $950 | $51,395.00 |
| Rogers, M. | 329.5 | $895 | $294,902.50 |
| Vasilchenko, I. | 1,747.7 | $800 | $1,398,160.00 |
| McConville, F. | 171.1 | $775 | $132,602.50 |
| **Of Counsel** | | | |
| Rosenberg, E. | 68.5 | $775 | $53,087.50 |
| McGovern, J. | 50.0 | $775 | $38,750.00 |
| Esmay, J. | 23.8 | $725 | $17,255.00 |
| **Associates** | | | |
| Cividini, D. | 218.6 | $625 | $136,625.00 |
| Schmidt, M. | 215.1 | $500 | $107,550.00 |
| Christie, J. | 964.4 | $475 | $458,090.00 |
| Halloran, J. | 160.9 | $475 | $76,427.50 |
| Hane, C. | 457.6 | $465 | $212,784.00 |
| Leggio, P. | 1,741.0 | $450 | $783,450.00 |
| **Staff Attorneys** | | | |
| Gill, C. | 1,055.7 | $410 | $432,837.00 |
| Pospischil, D. | 882.3 | $410 | $361,743.00 |
| Dolinger, L. | 875.7 | $410 | $359,037.00 |
| Whitfield, L. | 874.7 | $410 | $358,627.00 |
| Davis, O. | 677.1 | $390 | $264,069.00 |

4

| NAME | HOURS | HOURLY RATE | LODESTAR |
|---|---|---|---|
| Kussin, T. | 142.5 | $390 | $55,575.00 |
| Patrikios, P. | 1,166.6 | $360 | $419,976.00 |
| Haque, N. | 2,416.5 | $335 | $809,527.50 |
| **Research Analysts** | | | |
| Ahn, E. | 21.9 | $340 | $7,446.00 |
| Rivera, E. | 21.0 | $290 | $6,090.00 |
| O'Neill, G. | 37.7 | $175 | $6,597.50 |
| **Investigators** | | | |
| Pontrelli, J. | 252.5 | $550 | $138,875.00 |
| Wroblewski, R. | 31.0 | $450 | $13,950.00 |
| Crowley, M. | 171.4 | $435 | $74,559.00 |
| **Paralegals** | | | |
| Mundo, S. | 556.3 | $335 | $186,360.50 |
| Schneider, P. | 51.7 | $335 | $17,319.50 |
| Boria, C. | 33.2 | $335 | $11,122.00 |
| Chan-Lee, E. | 29.0 | $335 | $9,715.00 |
| Rogers, D. | 21.7 | $335 | $7,269.50 |
| Molloy, M. | 26.0 | $325 | $8,450.00 |
| Alayo, J. | 11.8 | $325 | $3,835.00 |
| **TOTALS** | **16,697.1** | | **$8,540,972.00** |

# TAB 15

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**

| | |
|---|---|
| *In re SCANA Corporation Securities Litigation* | Civil Action No. 3:17-CV-2616-MBS<br><br>**ORDER AND OPINION ON ATTORNEYS' FEES** |

This is a class action complaint alleging that Defendants violated Section 10(b) of the Exchange Act and Rule 10b-5 (Count One) and Section 20(a) of the Exchange Act (Count Two) (the "Action"). Contemporaneously herewith, the Court has issued orders approving Lead Plaintiff's motion for approval of its Settlement with Defendants as well as the Plan of Allocation describing the manner in which members of the Settlement Class will be reimbursed under the Settlement. This matter is now before the Court on Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses, which motion was filed on April 22, 2020.

The Court held a Settlement Fairness Hearing on July 9, 2020 pursuant to Fed. R. Civ. P. 23(e)(2). The Court, having considered all matters submitted to it at the Settlement Fairness Hearing and otherwise; and it appearing that notice of the Settlement Fairness Hearing substantially in the form approved by the Court was mailed to all Settlement Class Members who or which could be identified with reasonable effort, and that a summary notice of the hearing substantially in the form approved by the Court was published in the *Wall Street Journal* and was transmitted over the *PR Newswire* pursuant to the specifications of the Court; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and Litigation Expenses requested, the Court finds and concludes as follows:

1.      This Order incorporates by reference the definitions in the Stipulation and Agreement of Settlement dated December 20, 2020 (the "Stipulation") and all capitalized terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation.

2.      The Court has jurisdiction to enter this Order and over the subject matter of the Action and all parties to the Action, including all Settlement Class Members.

3.      Notice of Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses was given to all Settlement Class Members who could be identified with reasonable effort. The form and method of notifying the Settlement Class of the motion for an award of attorneys' fees and Litigation Expenses satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Private Securities Litigation Reform Act of 1995 (15 U.S.C. § 78u-4(a)(7)), due process, and all other applicable law and rules; constituted the best notice practicable under the circumstances; and constituted due and sufficient notice to all persons and entities entitled thereto.

4.      Plaintiffs' Counsel are hereby awarded attorneys' fees in the amount of 14% of the Settlement Fund, which sum the Court finds to be fair and reasonable. Plaintiffs' Counsel are also hereby awarded $725,723.12[1] in payment of Plaintiffs' Counsel's litigation expenses to be paid from the Cash Settlement Fund, which sum the Court finds to be fair and reasonable. Lead Counsel shall allocate the attorneys' fees awarded amongst Plaintiffs' Counsel in a manner which they, in good faith, believe reflects the contributions of such counsel to the institution, prosecution, and settlement of the Action.

5.      In making this award of attorneys' fees and expenses to be paid from the Settlement Fund, the Court has considered and found that:

---

[1] This sum was provided to the Court at the Fairness Hearing.

a.      The Settlement has created a fund of $192,500,000, consisting of $160,000,000 in cash and $32,500,000 paid in freely-tradable Dominion Energy common stock, or cash at the option of SCANA, and that numerous Settlement Class Members who submit acceptable Claim Forms will benefit from the Settlement that occurred because of the efforts of Plaintiffs' Counsel;

b.      The requested fee has been reviewed and approved as reasonable by Lead Plaintiffs, sophisticated institutional investors that actively supervised the Action;

c.      Over 281,000 copies of the Notice were mailed to potential Settlement Class Members and nominees stating that Lead Counsel would apply for an award of attorneys' fees in an amount not to exceed 14% of the Settlement Fund and for payment of Litigation Expenses in an amount not to exceed $1,200,000, and no objections to the requested attorneys' fees and expenses were received;

d.      Lead Counsel conducted the litigation and achieved the Settlement with skill, perseverance, and diligent advocacy;

e.      The Action raised a number of complex issues;

f.      Had Lead Counsel not achieved the Settlement there would remain a significant risk that Lead Plaintiffs and the other members of the Settlement Class may have recovered less or nothing from Defendants;

g.      Plaintiffs' Counsel devoted over 41,000 hours, with a lodestar value of over $19.9 million, to achieve the Settlement; and

h.      The amount of attorneys' fees awarded and expenses to be paid from the Settlement Fund are fair and reasonable and consistent with awards in similar cases.

3

6.      Lead Plaintiff West Virginia Investment Management Board is hereby awarded $34,048.82 from the Settlement Fund as reimbursement for its reasonable costs and expenses directly related to its representation of the Settlement Class.

7.      Lead Plaintiff Stichting Blue Sky Global Equity Active Low Volatility Fund and Stichting Blue Sky Active Large Cap Equity USA Fund (collectively, "Blue Sky") is hereby awarded $7,783.39 from the Settlement Fund as reimbursement for its reasonable costs and expenses directly related to its representation of the Settlement Class.

8.      Any appeal or any challenge affecting this Court's approval regarding any attorneys' fees and expense application shall in no way disturb or affect the finality of the Court's orders approving the Settlement or Plan of Allocation.

9.      Exclusive jurisdiction is hereby retained over the parties and the Settlement Class Members for all matters relating to this Action, including the administration, interpretation, effectuation or enforcement of the Stipulation and this Order.

10.     In the event that the Settlement is terminated or the Effective Date of the Settlement otherwise fails to occur, this Order shall be rendered null and void to the extent provided by the Stipulation.

For the reasons stated, Lead Plaintiffs' motion for approval of attorneys' fees and Litigation Expenses (ECF No. 228) is **granted**.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina
July 22, 2020

4

# TAB 16

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| | ) |
| IN RE SALIX PHARMACEUTICALS, LTD. | ) Case No. 14 Civ. 8925 (KMW)<br>) CLASS ACTION<br>)<br>) |

**DECLARATION OF SALVATORE J. GRAZIANO IN SUPPORT OF LEAD
COUNSEL'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND
REIMBURSEMENT OF LITIGATION EXPENSES FILED ON
BEHALF OF BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**

I, SALVATORE J. GRAZIANO, declare as follows:

1.      I am a partner of the law firm of Bernstein Litowitz Berger & Grossmann LLP, the Court-appointed Lead Counsel in the above-captioned action (the "Action"). I submit this declaration in support of Lead Counsel's application for an award of attorneys' fees and reimbursement of litigation expenses. I have personal knowledge of the facts set forth herein and, if called upon, could and would testify thereto.

2.      My firm, as Lead Counsel, was involved in all aspects of the litigation and its settlement as set forth in my Declaration in Support of: (I) Lead Plaintiff's Motion for Final Approval of Settlement and Plan of Allocation, and (II) Lead Counsel's Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses.

3.      The schedule attached hereto as Exhibit 1 is a detailed summary indicating the amount of time spent by attorneys and professional support staff employees of my firm who, from inception of the Action through May 31, 2017, billed ten or more hours to the Action, and the lodestar calculation for those individuals based on my firm's current billing rates. For personnel who are no longer employed by my firm, the lodestar calculation is based upon the billing rates for such personnel in his or her final year of employment by my firm. The schedule was prepared from contemporaneous daily time records regularly prepared and maintained by

my firm.  Time expended on the application for fees and reimbursement of expenses has not been included.

4.      The hourly rates for the attorneys and professional support staff in my firm included in Exhibit 1 are the same as the regular rates charged for their services, which have been accepted in other securities or shareholder litigation.

5.      The total number of hours reflected in Exhibit 1 from inception through and including May 31, 2017, is 29,758.25.  The total lodestar reflected in Exhibit 1 for that period is $12,349,533.75, consisting of $11,718,620.00 for attorneys' time and $630,913.75 for professional support staff time.

6.      My firm's lodestar figures are based upon the firm's billing rates, which rates do not include charges for expense items.  Expense items are billed separately and such charges are not duplicated in my firm's billing rates.

7.      As detailed in Exhibit 2, my firm is seeking reimbursement for a total of $1,924,023.98 in expenses incurred in connection with the prosecution of this Action from its inception through and including May 31, 2017.

8.      The expenses reflected in Exhibit 2 are the expenses actually incurred by my firm or reflect "caps" based on the application of the following criteria:

(a) Out-of-town travel - airfare is at coach rates, hotel charges per night are capped at $350 for large cities and $250 for small cities (the relevant cities and how they are categorized are reflected on Exhibit 2); meals are capped at $20 per person for breakfast, $25 per person for lunch, and $50 per person for dinner.

(b) Out-of-Office Meals - Capped at $25 per person for lunch and $50 per person for dinner.

2

(c) In-Office Working Meals - Capped at $20 per person for lunch and $30 per person for dinner.

(d) Internal Copying - Charged at $0.10 per page.

(e) On-Line Research - Charges reflected are for out-of-pocket payments to the vendors for research done in connection with this litigation. On-line research is billed to each case based on actual time usage at a set charge by the vendor. There are no administrative charges included in these figures.

9. The expenses incurred in this Action are reflected on the books and records of my firm. These books and records are prepared from expense vouchers, check records and other source materials and are an accurate record of the expenses incurred.

10. With respect to the standing of my firm, attached hereto as Exhibit 3 is a brief biography of my firm and attorneys in my firm who were involved in this Action.

I declare under penalty of perjury that the foregoing is true and correct. Executed on June 19, 2017.

_/s Salvatore J. Graziano_
Salvatore J. Graziano

#108924.1

3

**EXHIBIT 1**

*In re Salix Pharmaceuticals, Ltd.,*
Case No. 14 Civ. 8925 (KMW)

**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**

**TIME REPORT**

Inception through May 31, 2017

| NAME | HOURS | HOURLY RATE | LODESTAR |
|---|---|---|---|
| **Partners** | | | |
| Max W. Berger | 196.50 | $995 | $195,517.50 |
| Michael Blatchley | 400.00 | $700 | 280,000.00 |
| Salvatore J. Graziano | 485.75 | $945 | 459,033.75 |
| Avi Josefson | 26.00 | $800 | 20,800.00 |
| Mark Lebovitch | 32.75 | $875 | 28,656.25 |
| John Rizio-Hamilton | 797.50 | $750 | 598,125.00 |
| Gerald H. Silk | 171.50 | $945 | 162,067.50 |
| Katherine M. Sinderson | 817.25 | $700 | 572,075.00 |
| | | | |
| **Associates** | | | |
| David L. Duncan | 113.50 | $600 | 68,100.00 |
| Scott Foglietta | 317.00 | $500 | 158,500.00 |
| Adam Hollander | 660.00 | $600 | 396,000.00 |
| Angus Fei Ni | 568.00 | $450 | 255,600.00 |
| David Schwartz | 232.25 | $575 | 133,543.75 |
| Katherine A. Stefanou | 493.00 | $500 | 246,500.00 |
| | | | |
| **Staff Attorneys** | | | |
| Erwin Abalos | 1,752.50 | $375 | 657,187.50 |
| Sheela Aiyappasamy | 599.75 | $375 | 224,906.25 |
| Pedro Ariston | 1,676.25 | $340 | 569,925.00 |
| Jim Briggs | 1,497.50 | $340 | 509,150.00 |
| Girolamo Brunetto | 87.75 | $340 | 29,835.00 |
| Ryan Candee | 614.00 | $395 | 242,530.00 |
| Brian Chau | 985.50 | $375 | 369,562.50 |
| Anne T. Cirasuolo | 514.00 | $395 | 203,030.00 |
| Chris Clarkin | 719.00 | $375 | 269,625.00 |
| Alex Dickin | 1,874.50 | $340 | 637,330.00 |
| George Doumas | 625.00 | $395 | 246,875.00 |
| Michael Graff | 761.25 | $340 | 258,825.00 |

| NAME | HOURS | HOURLY RATE | LODESTAR |
|---|---|---|---|
| Daniel Gruttadaro | 1,544.00 | $340 | 524,960.00 |
| Keith Guilfoyle | 803.00 | $395 | 317,185.00 |
| Stephen Imundo | 1,699.50 | $395 | 671,302.50 |
| Merlyne Jean-Louis | 738.75 | $340 | 251,175.00 |
| Laura Lefkowitz | 594.75 | $395 | 234,926.25 |
| Danielle Leon | 810.00 | $340 | 275,400.00 |
| Maureen McCarren | 605.50 | $395 | 239,172.50 |
| John Moore | 449.50 | $340 | 152,830.00 |
| Jeff Powell | 635.00 | $395 | 250,825.00 |
| Prashantha Ratnayake | 611.25 | $395 | 241,443.75 |
| Daniel Renehan | 865.75 | $395 | 341,971.25 |
| Madeleine Severin | 564.00 | $375 | 211,500.00 |
| Christina Suarez | 216.25 | $375 | 81,093.75 |
| Catherine Van Kampen | 333.00 | $395 | 131,535.00 |
| | | | |
| **Financial Analysts** | | | |
| Nick DeFilippis | 21.00 | $500 | 10,500.00 |
| Sharon Safran | 91.25 | $325 | 29,656.25 |
| Adam Weinschel | 112.75 | $415 | 46,791.25 |
| | | | |
| **Investigators** | | | |
| Chris Altiery | 114.50 | $245 | 28,052.50 |
| Lisa C. Williams (Burr) | 271.50 | $290 | 78,735.00 |
| | | | |
| **Paralegals** | | | |
| Martin Braxton | 19.50 | $245 | 4,777.50 |
| Jose Echegaray | 704.00 | $245 | 172,480.00 |
| Ellen Jordan | 370.00 | $245 | 90,650.00 |
| Matthew Mahady | 52.00 | $310 | 16,120.00 |
| Gary Weston | 178.75 | $325 | 58,093.75 |
| | | | |
| **Litigation Support** | | | |
| Babatunde Pedro | 142.50 | $275 | 39,187.50 |
| Andrea R. Webster | 18.50 | $310 | 5,735.00 |
| Jessica M. Wilson | 106.50 | $275 | 29,287.50 |
| | | | |
| **Managing Clerk** | | | |
| Errol Hall | 67.25 | $310 | 20,847.50 |
| | | | |
| **TOTALS** | **29,758.25** | | **$12,349,533.75** |