**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| LAZAR MACOVSKI, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>GROUPON, INC., RICH WILLIAMS, and MELISSA THOMAS,<br><br>Defendants. | Case No. 1:20-cv-02581<br><br>Honorable Matthew F. Kennelly |

**REPLY MEMORANDUM IN FURTHER SUPPORT OF: (I) LEAD PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND PLAN OF ALLOCATION; AND (II) LEAD COUNSEL'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES**

Court-appointed lead plaintiff, Fadi E. Rahal ("Lead Plaintiff"), and lead counsel, Glancy Prongay & Murray LLP and Kirby McInerney LLP (collectively, "Lead Counsel"), respectfully submit this memorandum in further support of: (i) Lead Plaintiff's Motion for Final Approval of Class Action Settlement and Plan of Allocation (ECF Nos. 117-18, 121); and (ii) Lead Counsel's Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses. ECF Nos. 119-21.[1] This memorandum updates the Court on the status of the notice program and the Settlement Class's reaction thereto, including the fact that there has not been a single objection to the Settlement, Plan of Allocation, or request for attorneys' fees and reimbursement of Litigation Expenses, and no requests for exclusion from the Settlement Class.

## I. PRELIMINARY STATEMENT

After over two years of hard-fought litigation, including a successful mediation facilitated by a well-respected neutral, Lead Plaintiff submitted a $13,500,000 all cash, non-reversionary settlement for Court approval. The reaction of the Settlement Class confirms that the Settlement is an excellent result. Following an extensive notice program, which included disseminating the Notice and Claim Form (collectively, the "Notice Packet") to 15,460 potential Settlement Class Members or their nominees by first-class mail or email, and publishing the Summary Notice in *Investor's Business Daily* and on the *PR Newswire*, not a single objection has been filed or request for exclusion received.[2] The Settlement Class's overwhelmingly positive reaction strongly

---

[1] Unless otherwise defined herein, all capitalized terms have the meanings set forth in the Stipulation and Agreement of Settlement dated June 24, 2022 (the "Stipulation"). ECF No. 110-1.

[2] *See* Supplemental Declaration of Jessie Mahn Regarding: (I) Mailing of Notice and Proof of Claim Form;(II) Call Center Services; (III) The Settlement Website; and (IV) Requests for Exclusion and Objections Received to Date ("Suppl. Mahn Decl.") at ¶¶4-8 (15,654 Notice Packets were mailed, of which a total of 206 were undeliverable, and 12 Notice Packets were emailed); *see also* ECF No. 121-1, ¶12 and Ex. B (confirming publication of Summary Notice).

supports approval of the Settlement and the Plan of Allocation, as well as the request for attorneys' fees and reimbursement of Litigation Expenses.

## II. THE SETTLEMENT CLASS'S UNIVERSALLY POSITIVE REACTION SUPPORTS APPROVAL OF THE SETTLEMENT, PLAN OF ALLOCATION, AND THE REQUESTED ATTORNEYS' FEES AND LITIGATION EXPENSES

### A. The Court-Approved Notice Program Has Been Implemented

Pursuant to the Court's July 6, 2022, Order Preliminarily Approving Settlement and Providing for Notice (the "Preliminary Approval Order"), Epiq Class Action & Claims Solutions, Inc. ("Epiq") was authorized to act as the Claims Administrator in connection with the Settlement. ECF No. 113, ¶7. In that capacity, Epiq disseminated a total of 15,460 copies of the Notice Packet to potential Settlement Class Members and their nominees. *See* Suppl. Mahn Decl., ¶¶4-8. The Notice advised Settlement Class Members of the Settlement and the request for an award of attorneys' fees and reimbursement of Litigation Expenses. *See* ECF No. 121-1, Ex. A at ¶¶2, 5, 69. The Notice further advised Settlement Class Members that the last day for requesting exclusion from the Settlement or filing an objection to the Settlement, the Plan of Allocation, and/or the request for an award of attorneys' fees and reimbursement of Litigation Expenses was September 22, 2022. *See* ECF No. 159-1, Ex. A at p. 3 and ¶¶70, 76.

On September 8, 2022, fourteen (14) days prior to the objection deadline, Lead Plaintiff and Lead Counsel filed their opening papers in support of the Settlement, Plan of Allocation, and the fee and expense application. The motions were supported by the declarations of Lead Plaintiff, Lead Counsel, and the Claims Administrator. These papers are available on the public docket and on the settlement website (www.GrouponSecuritiesSettlement.com). *See* ECF Nos. 117-21; Suppl. Mahn Decl. at ¶11.

The exclusion and objection deadlines have now passed. Importantly, not a single Settlement Class Member requested exclusion from the Settlement Class, and there has not been a

single objection to the Settlement, the Plan of Allocation, the request for attorneys' fees, the request for reimbursement of litigation expenses, or the PSLRA award to Lead Plaintiff. *See* Suppl. Mahn Decl. at ¶¶13-15. The lack of objections and requests for exclusion weighs heavily in favor of the Court granting the requested relief.

### B. The Settlement Class's Reaction Supports Approval Of The Settlement, Plan Of Allocation, And Fee And Expense Request

In this Circuit, "the reaction of members of the class to the settlement" is one of the factors to consider in analyzing whether a settlement is fair, reasonable, and adequate. *See, e.g.*, *Wong v. Accretive Health, Inc.*, 773 F.3d 859, 863 (7th Cir. 2014); *Gautreaux v. Pierce*, 690 F.2d 616, 631 (7th Cir. 1982).[3] "The absence of objection to a proposed class settlement is evidence that the settlement is fair, reasonable and adequate." *Retsky Family Ltd. Partnership v. Price Waterhouse LLP*, 2001 WL 1568856, at *3 (N.D. Ill. Dec. 10, 2001).

Here, the lack of objections and requests for exclusion demonstrate that the proposed Settlement is fundamentally fair, reasonable, and adequate. *See, e.g.*, *Id.*; *Ewald v. West Asset Mgmt., Inc.*, 2007 WL 3171397, at *2 (E.D. Wis. 2007) ("the complete lack of any objections or exclusions of class members is further evidence of the fairness, reasonableness, and adequacy of the settlement."); *Daluge v. Cont'l Cas. Co.*, 2018 WL 6040091, at *3 (W.D. Wis. Oct. 25, 2018) ("The lack of opposition to the settlement, coupled with the positive reaction by class members . . . further supports a finding that the settlement is fair and reasonable."); *Mangone v. First USA Bank*, 206 F.R.D. 222, 226-27 (S.D. Ill. 2001) (finding "the Settlement was strongly supported by the Class as evidenced by the extremely low percentage of opt outs and objections.").

The favorable reaction of the Settlement Class also supports approval of the Plan of Allocation. *See, e.g.*, *Beezley v. Fenix Parts, Inc.*, 2020 WL 13528159, *1 (N.D. Ill. Aug. 18,

---

[3] Unless otherwise noted, all internal quotations and citations are omitted.

2020) (approving plan of allocation in securities class action where "[t]he Notice, which included the Plan of Allocation, was available to potential Settlement Class Members and nominees on the Settlement Website and no objections to the proposed plan were submitted."); *Mauss v. NuVasive, Inc.*, 2018 WL 6421623, at *4 (S.D. Cal. Dec. 6, 2018) (concluding that the proposed plan of allocation was fair and reasonable after noting "[t]he Plan of Allocation was described in detail in the notice and no class member objected."); *In re Veeco Instruments Inc. Sec. Litig.*, 2007 WL 4115809, at *14 (S.D.N.Y. Nov. 7, 2007) ("not one class member has objected to the Plan of Allocation which was fully explained in the Notice sent to all Class Members. This favorable reaction of the Class supports approval of the Plan of Allocation."); *Gupta v. Power Sols. Int'l, Inc.*, 2019 WL 13209568, *1 (N.D. Ill. May 13, 2019) (approving plan of allocation in securities class action where there were "no objections").

Finally, the reaction of the Settlement Class should also be considered with respect to Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses. *See Silverman v. Motorola Sols., Inc.*, 739 F.3d 956, 959 (7th Cir. 2013) (lack of objections from institutional investors supports class counsel's fee award in securities class action settlement); *McDaniel v. Qwest Communications Corp.*, 2011 WL 13257336, at *4 (N.D. Ill. Aug. 29, 2011) ("The number and quality of objections are often deemed indicative of the class's reaction to a request for attorneys' fees."); *Spano v. Boeing Co.*, 2016 WL 3791123, at *1 (S.D. Ill. Mar. 31, 2016) ("This Court finds the lack of any significant number of objections to be a sign of the Class's overwhelming support for Class Counsel's request.").

Here, the Notice, which was mailed or emailed to 15,460 potential Settlement Class Members and nominees, explained that: (i) Lead Counsel would apply to the Court for an award of attorneys' fees in an amount not to exceed 33⅓% of the Settlement Fund; and (ii) seek

4

reimbursement for Litigation Expenses incurred by Lead Counsel in an amount not to exceed $350,000, which may include an application for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiff directly related to his representation of the Settlement Class in an amount not to exceed $5,000.[4] *See* ECF No. 121-1, Ex. A at ¶5. There were no objections to the requested attorneys' fee award or the Litigation Expenses. "An absence of objection is a 'rare phenomenon,' *In re Rite-Aid Corp. Sec. Litig.*, 396 F.3d 294, 305 (3d Cir. 2005), and indicates the appropriateness of the fee request." *McDaniel*, 2011 WL 13257336, at *4 (cleaned up); *Standard Iron Works v. ArcelorMittal*, 2014 WL 7781572, at *2 (N.D. Ill. Oct. 22, 2014) ("The Settlement Class in this case includes approximately 5,300 direct purchasers, many of which are sophisticated business entities. The absence of objections indicates that the fee is fair and reasonable and consistent with prevailing market rates.); *Retsky*, 2001 WL 1568856, at *4 ("Furthermore, no member of the plaintiff class has objected to the request for attorney's fees. This also suggests that the requested attorney's fees are reasonable."); *see also Fogarazzo v. Lehman Bros.*, Inc., 2011 WL 671745, at *2 (S.D.N.Y. Feb. 23, 2011) (granting PSLRA awards to four Lead Plaintiffs in the aggregate amount of $32,000 where "[n]o objections to these awards was received from any members of the Class.").

## IV.    CONCLUSION

Based on the foregoing and the entire record herein, Lead Plaintiff and his counsel respectfully request that the Court: (i) approve the Settlement and Plan of Allocation as fair, reasonable, adequate, and in the best interest of the Settlement Class; (ii) award attorneys' fees to

---

[4] The actual Litigation Expense reimbursement request, in the amount of $250,227.53 for Plaintiff's Counsels' out-of-pocket expenses, plus $5,000 for the Lead Plaintiff, is significantly lower than the $350,00 estimate set forth in the Notice. *Compare* ECF No. 120, at 1 with ECF No. 121-1, Ex. A at ¶5.

Lead Counsel in the amount of 33⅓% of the Settlement Fund, together with expenses in the amount of $250,227.53; and (iii) award $5,000 to Lead Plaintiff for reimbursement of the costs he incurred as a direct result of his representation of the Settlement Class.[5]

Dated: October 6, 2022

Respectfully Submitted,
**GLANCY PRONGAY & MURRAY LLP**

By: *s/ Leanne H. Solish*
Robert V. Prongay
Kara M. Wolke
Joseph D. Cohen
Leanne H. Solish
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Email: rprongay@glancylaw.com
     kwolke@glancylaw.com
     jcohen@glancylaw.com
     lsolish@glancylaw.com

**KIRBY MCINERNEY LLP**
Thomas W. Elrod
Andrew M. McNeela
Ira M. Press
250 Park Avenue, Suite 820
New York, NY 10177
Telephone: (212) 371-6600
Email: telrod@kmllp.com
     amcneela@kmllp.com
     ipress@kmllp.com

*Co-Lead Counsel for Lead Plaintiff*

**POMERANTZ LLP**
Louis C. Ludwig
10 South LaSalle Street, Suite 3505
Chicago, IL 60603
Telephone: (312) 377-1181
Email: lcludwig@pomlaw.com

*Liaison Counsel for Lead Plaintiff*

---

[5] The Settlement is conditioned on the entry of the Judgment Approving Class Action Settlement in substantially the form submitted to the Court. *See* Stipulation, ¶¶30, 31(e), 34.

6

## CERTIFICATE OF SERVICE

I hereby certify that on October 6, 2022, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all registered ECF participants.

*s/ Leanne H. Solish*
Leanne H. Solish