**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| LAZAR MACOVSKI, Individually and On Behalf of All Others Similarly Situated, | Case No. 1:20-cv-02581 |
| Plaintiff, | Honorable Matthew F. Kennelly |
| v. | |
| GROUPON, INC., RICH WILLIAMS, and MELISSA THOMAS, | |
| Defendants. | |

**SUPPLEMENTAL JOINT DECLARATION OF LEANNE H. SOLISH AND THOMAS W. ELROD IN SUPPORT OF: (I) LEAD PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND PLAN OF ALLOCATION; AND (II) LEAD COUNSEL'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES**

We, Leanne H. Solish and Thomas W. Elrod, declare, pursuant to 28 U.S.C. § 1746, as follows:

1. We, Leanne H. Solish and Thomas W. Elrod, are partners in the law firms of Glancy Prongay & Murray LLP ("GPM") and Kirby McInerney LLP ("Kirby McInerney"), respectively.[1] GPM and Kirby McInerney are the Court-appointed Lead Counsel for lead plaintiff Fadi E. Rahal ("Lead Plaintiff") and the Settlement Class. We have personal knowledge of the matters set forth herein based on our participation in the prosecution and settlement of the claims asserted in this Action.

2. Lead Counsel previously moved the Court to obtain reimbursement of out-of-pocket litigation expenses in the amount of $250,227.53, which represented approximately 1.85% of the $13.5 million Settlement Amount. *See* Joint Declaration ¶¶ 106-07. During the October 13, 2022, telephonic settlement fairness hearing, the Court directed Lead Counsel to make a supplemental submission concerning five categories of litigation expenses. *See* ECF No. 123 ("A supplemental submission by plaintiff's counsel regarding certain expenses as explained on the record is due by 10/21/2022.").

3. We respectfully submit this Supplemental Joint Declaration to address the Court's questions regarding the five categories of litigation expenses below. As a threshold matter, we attest that each of the vendors described herein is an independent third-party in which Lead Counsel does not have any corporate/partnership affiliation or economic interest. In addition, for

---

[1] Unless otherwise defined, all capitalized terms herein have the same meanings as set forth in the Stipulation and Agreement of Settlement dated June 24, 2022 (ECF No. 110-1) and/or the Joint Declaration of Leanne H. Solish and Thomas W. Elrod in Support of: (I) Lead Plaintiff's Motion for Final Approval of Class Action Settlement and Plan of Allocation; and (II) Lead Counsel's Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses. ECF No. 121.

the Court's convenience, we are including firm resumes for each of the vendors, along with copies of their invoices.[2] Lastly, in the course of preparing this submission, Lead Counsel determined that they inadvertently paid a vendor an additional $0.50 in connection with one invoice. Accordingly, Lead Counsel reduces its request for reimbursement of out-of-pocket expenses by $0.50, or from $250,227.53 to $250,227.03.

4.      **Document Management:**  In the course of this litigation, Lead Counsel incurred $13,733.52 in expenses related to Document Management.  This figure represents 5.5% of the total expenses for which Lead Counsel seek reimbursement.  Specifically, Lead Counsel retained Transperfect Legal Solutions ("Transperfect") to provide document management services in connection with this litigation, including the forensic collection of Lead Plaintiff's ESI, as well as e-discovery consulting and hosting services.  Transperfect's invoices total $13,733.52 and are attached hereto as Exhibit A.   Attached as Exhibit B is a true and correct copy of Transperfect's firm resume.

5.      **Experts – Accounting:**  In the course of this litigation, Lead Counsel incurred $11,744.00 in expenses related to experts focused on accounting issues, including Groupon's AEBITDA Guidance.  This figure represents 4.7% of the total expenses for which Lead Counsel seek reimbursement.

a.      Lead Counsel retained Uri Ronnen, Ph.D., CPA, to assist Lead Counsel in investigating potential accounting issues during the preparation of the amended complaints.  Dr.

---

[2] Lead Counsel has redacted from the invoices tax-payer identification numbers, bank account details, and protected attorney work product.  For instance, we have redacted from the invoices from the investigator, L.R. Hodges & Associates, Ltd. ("L.R. Hodges"), the names of former Groupon employees who were interviewed.  Counsel for Defendants consented to these redactions. Lead Counsel will file unredacted versions of these invoices under seal if so directed by the Court.

Ronnen's invoice totals $4,049.00 and is attached hereto as Exhibit C. Attached as Exhibit D is a true and correct copy of Dr. Ronnen's professional resume.

b. Lead Counsel retained Friedman LLP ("Friedman")[3] during discovery to assist with the review of discovery materials and with the expectation that Harris Devor, CPA (Advisory Partner) would serve as a testimonial expert on accounting issues as the litigation progressed. Friedman's invoice totals $7,695.00 and is attached hereto as Exhibit E. Attached as Exhibit F is a true and correct copy of Harris Devor's firm resume.

6. **Experts – Damages:** In the course of this litigation, Lead Counsel incurred $18,860.00 in expenses related to experts focused on damages issues. This figure represents 7.5% of the total expenses for which Lead Counsel seek reimbursement.

a. Lead Counsel retained Fideres Partners LLP ("Fideres") to perform preliminary damages assessments for the original and expanded class periods. Fideres's invoices total $450.00 and are attached hereto as Exhibit G. Attached as Exhibit H is a true and correct copy of Fideres's firm resume.

b. Lead Counsel retained Financial Markets Analysis, LLC ("FMA") to perform a damages analysis and a preliminary market efficiency analysis following the filing of the Second Amended Complaint and at the beginning of fact discovery in this matter. FMA's invoice totaled $10,800.00 and is attached hereto as Exhibit I. Attached as Exhibit J is a true and correct copy of FMA's firm resume.

c. Lead Counsel retained Adam Werner, PhD. of Crowninshield Financial Research, Inc. ("Crowninshield") to prepare a formal damage analysis prior to the mediation

---

[3] Subsequent to this engagement, Friedman was acquired by Marcum LLP, a national accounting and advisory services firm.

3

session and to provide consulting services on damages issues throughout settlement discussions. Crowninshield's invoices total $7,610.00 and are attached hereto as Exhibit K. Attached as Exhibit L is a true and correct copy of Crowninshield's firm resume.

7. **Experts – Market Efficiency and Plan of Allocation:** In the course of this litigation, Lead Counsel incurred $139,673.00 in expenses related to experts focused on market efficiency and the plan of allocation. This figure represents 55.8% of the total expenses for which Lead Counsel seek reimbursement. Specifically, Lead Counsel retained Stanford Consulting Group, Inc. ("SCG") to provide expert services in connection with this litigation. Zachary Nye, Ph.D., a Vice President and a financial economist at SCG, was hired to serve as Lead Plaintiff's market efficiency expert in connection with Lead Plaintiff's planned motion for class certification. Lead Plaintiff's original deadline to file a class certification motion was April 1, 2022. That deadline was, however, extended until May 31, 2022, at the request of the Parties. *See* ECF Nos. 100, 101. Prior to the original deadline, Dr. Nye prepared an expert report in support of the motion. The filing of Lead Plaintiff's class certification motion was subsequently mooted by the mediated classwide resolution of this Action.

8. SCG also worked with Lead Counsel to craft the plan of allocation. SCG's invoices total $139,673.00 and are attached hereto as Exhibit M.[4] Attached as Exhibit N is a true and correct copy of SCG's firm resume, and attached as Exhibit O is a true and correct copy of Dr. Nye's current CV.

9. **Investigations:** In the course of this litigation, Lead Counsel incurred $33,833.45 in expenses related to investigative services. This figure represents 13.5% of the total expenses

---

[4] Lead Counsel inadvertently paid SCG an additional $0.50 in connection with Invoice #4. Accordingly, as noted above, Lead Counsel respectfully reduces its request for reimbursement of out-of-pocket expenses by this $0.50, or from $250,227.53 to $250,227.03.

for which Lead Counsel seek reimbursement. Lead Counsel retained L.R. Hodges to perform investigative services in connection with this litigation. This work included supporting Lead Counsel's efforts to amend the operative pleadings by locating and interviewing former Groupon employees to develop and refine factual allegations. Lead Counsel also worked with L.R. Hodges after the litigation progressed into discovery. L.R. Hodges's invoices total $33,833.45 and are attached hereto as Exhibit P.[5] Attached as Exhibit Q is a true and correct copy of L.R. Hodges's firm resume.

10.     Exhibit R hereto is a summary of the foregoing litigation expenses, including the allocation of payment by law firm.

11.     Lead Counsel is prepared to answer any questions the Court may have regarding the invoices, and we respectfully request the Court approve our request for reimbursement of $250,227.03 in out-of-pocket litigation expenses.

We certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October 21, 2022.

*/s/ Leanne H. Solish*
Leanne H. Solish

Executed on October 21, 2022.

*/s/ Thomas W. Elrod*
Thomas W. Elrod

---

[5] L.R. Hodges apportioned each monthly invoice across two invoices split equally between GPM and Kirby McInerney.

**PROOF OF SERVICE**

I, the undersigned say:

I am not a party to the above case and am over eighteen years old.

On October 21, 2022, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Northern District of Illinois, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on October 21, 2022.


*s/ Leanne H. Solish*
Leanne H. Solish